1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS SCHMITZ, et al.,                    No.  2:20–cv–00195–JAM–CKD PS

12              Plaintiffs,                      ORDER

13        v.                                     (ECF No. 125)

14   A. ASMAN, et al.,

15              Defendants.

16

17        The court is in receipt of plaintiffs' January 4, 2021 motion for leave to include in their

18   forthcoming Third Amended Complaint a claim for punitive damages against defendant Dr.

19   Stephen DeNigris.  (ECF No. 125.)  This motion was timely filed in compliance with the

20   instructions in the undersigned's November 16, 2020 order dismissing this claim without

21   prejudice for failure to first seek leave of court as required by California Civil Procedure Code

22   § 425.13.  (ECF No. 85 at 42, 45.)  However, in part due to the court's oversight regarding the

23   mechanics of section 425.13, and because the motion must be properly noticed for hearing so that

24   Dr. DeNigris has a full opportunity to respond, the court denies the instant motion without

25   prejudice.

26        The court's November 16, 2020 order permitted plaintiffs "to file documents attempting to

27   make the 'substantial probability' showing" required under section 425.13 within 15 days of the

28   district court's order adopting the undersigned's findings and recommendations on defendants'

                                          1

motion to dismiss plaintiffs' Second Amended Complaint.[1]  (ECF No. 85 at 45.)  That order also made any Third Amended Complaint plaintiffs might choose to file due within 30 days of the district court's order.  (Id.)  On December 22, 2020, the district court adopted the findings and recommendations in full.  (ECF No. 124.)  Accordingly, plaintiffs' Third Amended Complaint is currently due by January 21, 2021.

Plaintiffs' instant motion complies with the court's order "to file documents" to make the required showing under section 425.13, but on further review, section 425.13 sets forth a particular procedure for obtaining leave of court to include a punitive damages claim against a health care provider.  Specifically, "[t]he court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to Section 3294 of the Civil Code."  Cal. Civ. Proc. Code § 425.13(a).  In keeping with this statutory text, California courts require plaintiffs to file a motion to amend the complaint to include a punitive claim.  See Coll. Hosp. Inc. v. Superior Court, 8 Cal. 4th 704, 717 (1994) (in bank) ("By its own terms, section 425.13(a) requires the plaintiff to specially move to amend the complaint . . . ."); Cooper v. Superior Court, 56 Cal. App. 4th 744, 746 (Ct. App. 1997) ("[A]fter the complaint is filed, a plaintiff who wishes to seek punitive damages must make a motion for leave to file an amended complaint advancing the punitive claim.").

Therefore, it would be improper for the court to rule on the instant motion for an order to allow punitive damages, which does not include a copy of the proposed amended complaint containing the allegations supporting the punitive damages claim.[2]  The absence of a proposed amended complaint is more than a mere technical defect, as in order to assess the sufficiency of plaintiffs' section 425.13 evidentiary showing, the court must consider both (1) the factual

---

[1] Earlier in the decision, the court inadvertently stated a deadline of 30 days from the district court's order.  (ECF No. 85 at 42.)  The court appreciates plaintiffs' choice to comply with the intended shorter deadline and apologizes for any confusion.

[2] Instead, plaintiffs state that their forthcoming TAC "will be amended to include allegations in this motion."  (ECF No. 125 at 2.)

1    allegations contained in the proposed amended complaint and (2) the evidence provided in the

2    supporting and opposing affidavits.  Coll. Hosp. Inc., 8 Cal. 4th at 719 (stating that the court must

3    deny the section 425.13(a) motion where (1) "the facts asserted in the proposed amended

4    complaint are legally insufficient to support a punitive damages claim" and (2) "where the

5    evidence provided in the 'supporting and opposing affidavits' either negates or fails to reveal the

6    actual existence of a triable claim"; "The section 425.13(a) motion may be granted only where the

7    plaintiff demonstrates that both requirements are met.").

8          To accommodate the procedure required by section 425.13, the court finds it necessary to

9    postpone the issue of the punitive damages pleading until after the Third Amended Complaint has

10   been filed.  **Any Third Amended Complaint plaintiffs wish to file remains due by**

11   **January 21, 2021.**  However, such Third Amended Complaint shall not include a claim for

12   punitive damages against Dr. DeNigris, as no leave of court will yet have been granted.  After

13   filing the Third Amended Complaint, plaintiffs may subsequently file a section 425.13 motion to

14   amend that complaint to add a claim for punitive damages against Dr. DeNigris and supporting

15   factual allegations.  Plaintiffs shall notice any subsequent section 425.13 motion to amend for

16   hearing before the undersigned in conformance with the court's local rules, see E.D. Cal. R. 230,

17   and shall attach to the motion a copy of the proposed Fourth Amended Complaint.[3]  Dr. DeNigris

18   will then have an opportunity to oppose the motion in due course.

19   ////

20   ////

21   ////

22   ////

23   ////

24   _____

25   [3] Plaintiffs are further advised that a section 425.13 motion to amend is reviewed similarly to a motion for summary judgment in that "the motion requires the plaintiff to demonstrate that he

26   possesses a legally sufficient claim which is 'substantiated,' that is, supported by competent, admissible evidence."  Coll. Hosp. Inc., 8 Cal. 4th at 719.  "[S]ubstantiation of a proposed

27   punitive damages claim occurs only where the factual recitals are made under penalty of perjury and set forth competent admissible evidence within the personal knowledge of the declarant."  Id.

28   at 719-20.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiffs' motion for punitive damages (ECF No. 125) is DENIED without prejudice to

3        its refiling as a motion to amend, after the forthcoming Third Amended Complaint has

4        been filed; and

5    2.  Any Third Amended Complaint plaintiffs wish to file remains due by January 21, 2021.

6    IT IS SO ORDERED.

7
     Dated:  January 7, 2021
8                                                    _____
                                                     CAROLYN K. DELANEY
9                                                    UNITED STATES MAGISTRATE JUDGE

10

11
     19.schm.1095
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4