PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
WILLIAM L. MCCASLIN (State Bar No. 249976)
william.mccaslin@mcnamaralaw.com
McNamara, Ney, Beatty, Slattery,
Borges & Ambacher LLP
639 Kentucky Street, First Floor
Fairfield, CA 94533
Telephone: (707) 427-3998
Facsimile:  (707) 427-0268

Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, WANIE, and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>A. ASMAN, et al.,<br><br>　　　　Defendants. | Case No. 2:2020CV00195<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AND FOR RELIEF FROM ORDER DISMISSING WITH PREJUDICE CAUSES OF ACTION FOR DELIBERATE INDIFFERENCE AND DEPRIVATION OF FAMILIAL RELATIONS AGAINST DEFENDANTS ASMAN AND BRADLEY**<br><br>Judge: Honorable Carolyn K. Delaney<br>Action Filed:  7/16/2020 |

**INTRODUCTION**

Plaintiffs THOMAS SCHMITZ and DIANNE MALLIA filed a motion to amend their complaint for a fourth time and for relief from an order dismissing with prejudice causes of action against Defendants ASMAN and BRADLEY. [ECF No. 145.] Defendants oppose the relief sought and submit the following brief in opposition.

**PERTINENT PROCEDURAL HISTORY**

On November 16, 2020, this Court partially granted Defendants' 12(b)(6) motion to dismiss, dismissing certain Defendants without leave to amend, but also granting Plaintiffs leave to file an amended

complaint to address the dismissed claims and Defendants that were dismissed with leave to amend. [ECF No. 85.] After further briefing by the parties, these Findings and Recommendations were then adopted in full by the District Court on December 22, 2020. [ECF No. 124.] Plaintiffs were granted leave of thirty (30) days to file an amended complaint. [*Id.*]

Plaintiffs then timely filed a Third Amended Complaint (TAC) on January 21, 2021. [ECF No. 130.] Defendants then filed another 12(b)(6) motion to dismiss certain claims and Defendants on February 18, 2021. [ECF No. 140.] Other Defendants not represented by the undersigned, including specifically Defendants LIZARRAGA and KUICH answered Plaintiffs' TAC on April 1, 2021. [ECF No. 144.] On April 14, 2021, Plaintiffs' then filed the instant motion to amend the TAC under FRCP 15(a)(2), and for reconsideration of this Court's Order [ECF No. 124.] in regards to the dismissal of Defendants ASMAN and BRADLEY, under FRCP 60(B)(2), citing new evidence as the reason. [ECF No. 145.]

## LEGAL ARGUMENT

### I. PLAINTIFFS' MOTION FOR LEAVE TO AMEND SHOULD BE DENIED.

"A party may amend its pleading once as a matter of course before being served with a responsive pleading. ... In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon*, Inc., 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the Foman factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id*. However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id*. A court's discretion to deny leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Here, three of the *Foman* factors support denying leave to amend: futility; repeated failure to cure deficiencies; and undue prejudice.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'   2
MOTION TO AMEND COMPLAINT

### A.  Allowing Amendment Would Be Futile.

"Futility alone can justify the denial of a motion to amend." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (same). A proposed amended complaint is futile if it will be immediately subject to dismissal. *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011). The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Id*.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff is required to set forth "enough facts to state a claim for relief that is plausible on its face," which allows "the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court accepts as true factual allegations and construes them in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A court does not accept legal conclusions pleaded in the guise of factual allegations, nor does a court accept formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 676; *Twombly*, 550 U.S. at 555; *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Here, allowing Plaintiffs to file the proposed Fourth Amended Complaint would be futile because it would be subject to dismissal. Plaintiffs fail to state claims for wrongful death, deliberate indifference, or loss of familial relations against ASMAN, and Plaintiffs are barred from recovering punitive damages for the wrongful-death claim.

### 1.  **The Proposed Wrongful-Death Claim Is Subject to Dismissal**.

The wrongful-death claim alleged against ASMAN in the proposed Fourth Amended Complaint is subject to dismissal because ASMAN is immune from suit under Government Code § 845.6, and Plaintiffs fail to state a claim.

#### a.  **ASMAN has immunity under Government Code § 845.6**.

Plaintiffs' proposed wrongful-death claim is based on allegations that had Defendant ASMAN done something to confirm Schmitz's well-being when he performed his required security check, Schmitz's life would have been saved because an automated external defibrillator would have been applied, and an opiate antidote administered. (ECF No. 145 at 313-14.) But under California Government Code § 845.6, a public

DEFENDANTS' OPPOSITION TO PLAINTIFFS'    3
MOTION TO AMEND COMPLAINT

employee is generally not "liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his [or her] custody." A public employee is liable, however, for an injury proximately caused to a prisoner where: (1) "the employee is acting within the scope of his [or her] employment," (2) "the employee knows or has reason to know that the prisoner is in need of immediate medical care," and (3) "he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6. California courts have construed the provision to create limited liability only "when: (1) the public employee knows or has reason to know [of the] need, (2) of immediate medical care, and (3) fails to take reasonable action to summon such medical care." *Scalia v. County of Kern*, 308 F.Supp.3d 1064 (E.D. Cal. 2018) (citing *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1070, (2013)) (internal quotation marks omitted). Here, Plaintiffs do not allege that ASMAN knew, or had reason to know, that Schmitz was in need of immediate medical care. Thus, ASMAN is immune from any liability for failure to furnish or obtain medical care that allegedly led to Schmitz's death.

b.     **Plaintiffs fail to state a wrongful-death claim**.

"The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." *Quiroz v. Seventh Ave. Cntr.*, 140 Cal. App. 4th 1256, 1263 (2006) (internal citation omitted). And the elements of negligence are "a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." *Vasilenko v. Grace Family Church*, 3 Cal. 5th 1077, 1083 (2017).

Plaintiffs fail to allege any facts in the proposed Fourth Amended Complaint that show ASMAN breached a duty to Schmitz, or that any breach of duty proximately caused Schmitz's death. Plaintiffs' allegations that ASMAN's monitoring of Schmitz violated professional standards and CDCR policy, and that ASMAN permitted a window covering in Schmitz's cell in violation of policy do not save their claim. (ECF No. 145 at 309-10, 313, 339.) Plaintiffs fail to plead how these policy violations caused Schmitz's death. *Vasilenko*, 3 Cal. 5th at 1083.

Moreover, Plaintiffs put forth allegations based on information and belief that "the standard for post orders of floor officers caring for mentally ill inmates was for the officers to perform irregularly scheduled 30 minute checks." (ECF No. 145 at 309.) Plaintiffs then base their wrongful-death claim on ASMAN's failure to properly conduct counts dictated by these "professional standards and CDCR policy," which they

allege resulted in Schmitz's death. (Id. at 340.) But conclusory allegations raised "on information and belief," not accompanied by any specific factual allegations regarding a defendant's involvement in the actions giving rise to the lawsuit, are insufficient to defeat a motion to dismiss. *See Blantz v. Calif. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926 (9th Cir. 2013).

Also, contrary to Plaintiffs' allegation that Schmitz's death "took hours" (ECF 145 at 310, 311), the coroner's amendment to the death certificate submitted as an attachment to the proposed Fourth Amended Complaint, shows that Schmitz died within minutes of the rupture or leakage of ingested bindles of methamphetamine (id. at 8). In determining whether a complaint states a claim for relief, a court "may consider facts contained in documents attached to the complaint." *See Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psych.*, 228 F.3d 1043, 1049 (9th Cir. 2000). Documents attached to a complaint that contradict allegations can defeat a claim. *Smith v. Wang*, 627 Fed. App'x 677, 677-78 (9th Cir. 2015). Therefore, even if ASMAN had complied with the alleged thirty-minute monitoring policy, unless he happened to check on Schmitz within the exact few minutes between the leakage of methamphetamine and Schmitz's nearly immediate death, compliance with the policy would not have prevented Schmitz's death.

2. **The Proposed Fourth Amended Complaint Fails to State a Claim for Deliberate Indifference against ASMAN**.

The allegations in the proposed Fourth Amended Complaint are devoid of any facts that ASMAN knew that Schmitz had a serious medical need, that ASMAN willfully ignored Schmitz's medical need, and that Schmitz was harmed by ASMAN's indifference. The allegation that the coroner's report states that Schmitz's death "took hours" is inaccurate. (ECF No. 145 at 311.) The coroner's amendment to the death certificate, attached as an exhibit to the proposed Fourth Amended Complaint, states that Schmitz died from a massive overdose of methamphetamines, and that he died within minutes of the leakage or rupture of ingested bindles of methamphetamines. (ECF No. 145 at 7-8.) This documents contradicts Plaintiffs' allegations, and can defeat their claim. *Smith*, 627 Fed. App'x at 677-78.

Even assuming for purposes of this motion that ASMAN failed to comply with the DOM, as argued above, the failure to follow policy is not relevant to a deliberate-indifference inquiry. Thus, Plaintiffs' deliberate-indifference claim against ASMAN will be subject to dismissal for failure to state a claim. *Jett*, 439 F.3d at 1096.

DEFENDANTS' OPPOSITION TO PLAINTIFFS'     5
MOTION TO AMEND COMPLAINT

3.  **The Proposed Fourth Amended Complaint Fails to State a Claim for Violation of the Fourteenth Amendment Against ASMAN**.

As outlined above, none of the allegations against ASMAN, even if true, are so egregious or outrageous as to be "conscience shocking" in violation of the Fourteenth Amendment. *County of Sacramento*, 523 U.S. at 846. Therefore, the Fourteenth Amendment claim against ASMAN in the proposed Fourth Amended Complaint will be subject to dismissal for failure to state a claim.

4.  **Punitive Damages Are Barred for the Wrongful-Death Claim**.

In the proposed Fourth Amended Complaint, Plaintiffs seek punitive damages against "each individually named Defendant." (ECF 145 at 343.) Plaintiffs are barred from requesting punitive damages against ASMAN for the wrongful-death claim. First, the Court previously dismissed Plaintiffs' request for punitive damages for the wrongful-death cause of action with prejudice. (ECF No. 124 at 3.) Second, California law bars punitive-damages recovery in wrongful-death actions. *See, e.g., In re Paris Air Crash*, 622 F.2d 1315, 1318 n.2 (9th Cir. 1980); *Tarasoff v. Regents of the Univ. of Calif.*, 17 Cal. 3d 425, 450 (1976); *Rufo v. Simpson*, 86 Cal. App. 4th 573, 616 n.14 (2001); *Ford Motor Co. v. Superior Court*, 120 Cal. App. 3d 748, 751 (1981); *Cortez v. Macias*, 110 Cal. App. 3d 640, 657 (1980). Accordingly, the request for punitive damages against ASMAN for the wrongful-death claim will be subject to dismissal.

**B.    Amendment Would be Prejudicial to ASMAN.**

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)."). Allowing Plaintiffs to file the proposed Fourth Amended Complaint would be prejudicial to ASMAN because he would be required to defend against claims that have already been dismissed with prejudice.

**C.    Plaintiffs Have Had Repeated Attempts to Cure Deficiencies.**

Leave to amend may be denied for repeated failure to cure deficiencies by previous amendment. See *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). Here, Plaintiffs have already filed four complaints: the original complaint, and three amended complaints. (ECF Nos. 1, 6, 44, 130.) At some point Plaintiffs need to settle on an operative complaint, and that time is now. The "newly discovered evidence" Plaintiffs wish to include in the proposed Fourth Amended Complaint does not change the substance of Plaintiffs' claims, and, as argued above, it will again be subject to dismissal.

## II. PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED.

Plaintiffs move under Federal Rule of Civil Procedure 60(b)(2) for reconsideration of the order dismissing with prejudice the claims against ASMAN for deliberate indifference and deprivation of familial relations based on "newly discovered evidence." (ECF No. 124 at 2.) Plaintiffs' Rule 60(b) motion should be denied because it is procedurally defective, and the "newly discovered evidence" would not have prevented dismissal of the claims.

### A. Plaintiffs' Motion under Rule 60(b) is Procedurally Defective.

A complaint dismissed in part does not constitute an appealable judgment in the action for the purposes of reconsideration under Fed. R. Civ. P. 60(b). See *Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1171 n.1 (9th Cir. 1984). Here, the Eight and Fourteenth Amendment claims against ASMAN were dismissed without leave to amend, but no judgment has been entered. (ECF No. 124 at 2.) Accordingly, Plaintiffs' motion should be denied as procedurally defective.

### B. The "Newly Discovered" Evidence Would Not Have Changed the Court's Dismissal of Claims against ASMAN with Prejudice.

Defendants acknowledge that under Federal Rule of Civil Procedure 54(b), a court may revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Additionally, a court has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction." *Santa Monica Baykeeper*, 254 F.3d at 887. But even if this Court considers Plaintiffs' motion under Rule 54, it should be denied because the "newly discovered evidence" would not have changed the Court's dismissal of the claims against ASMAN.

Plaintiffs argue that the January 2021 Office of Inspector General (OIG) report about Schmitz's death, and OIG reports about other inmate deaths, are "newly discovered evidence," warranting reconsideration of the dismissal of the deliberate-indifference and Fourteenth Amendment claims against ASMAN. (ECF No. 145 at 3-4.) To justify reconsideration, Plaintiffs "must make three showings" about this evidence: the evidence must be "newly discovered," the movant must have exercised "due diligence" to discover the evidence, and the evidence "must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833

F.2d 208, 211 (9th Cir. 1987). Here, ASMAN acknowledges that the January 2021 OIG reports are arguably "newly discovered" and that with due diligence Plaintiffs likely could not have discovered the reports earlier than they purportedly did. But the OIG reports are not "of such magnitude" that their production earlier would have been likely to change the dismissal with prejudice of the claims against ASMAN for deliberate indifference and violation of the Fourteenth Amendment right to familial relations.

        1.      **The Deliberate Indifference Claim Would Have Been Dismissed**.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quotation omitted). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).

Deliberate indifference is a high legal standard. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). It "requires more than ordinary lack of due care." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Prison officials are not deliberately indifferent to a prisoner's medical needs unless a litigant can plead and prove that the official acted "wantonly." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiffs alleging deliberate indifference must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries. *Lemire v. Calif. Dep't of Corr. & Rehab*, 726 F.3d 1062, 1074 (9th Cir. 2013).

Here, the "newly discovered" information contained in the OIG report noting a fifteen-minute discrepancy between the time indicated in the coroner report that ASMAN conducted a security check, and the time recorded in the housing log would not save Plaintiffs' deliberate-indifference claim. (ECF No. 145 at 3.) Adding this information to the complaint still leaves Plaintiffs' allegations devoid of any facts that ASMAN knew that Schmitz had a serious medical need, that ASMAN willfully ignored Schmitz's medical need, and that Schmitz was harmed by ASMAN's indifference. Even assuming that ASMAN's security

check failed to comply with policy or standards, it is not relevant to a deliberate-indifference inquiry. *Jones v. Meddly*, No. 1:17-cv00109-SAB (PC), 2019 U.S. Dist. LEXIS 122784, at *5 n.4 (E.D. Cal. July 19, 2019) ("a violation of policy would not change the Court's conclusion" in finding no deliberate indifference); *Murphy v. Gilman*, No. 1:03-CV-145, 2006 U.S. Dist. LEXIS 89208, 2006 WL 3613754, at *2 (W.D. Mich. Dec. 11, 2006) (violation of policy directives not relevant for inquiry into an Eighth Amendment claim of deliberate indifference).

Also, the information in the OIG report that nurses delayed in applying an automated external defibrillator and did not adequately document that they administered an opiate antidote (ECF No. 145 at 3, 345) would not save Plaintiffs' deliberate indifference claim against ASMAN. Plaintiffs conclude that these findings indicate that Schmitz must have been alive during ASMAN's time on duty because both of these actions "would only help a person who had a chance to survive." (*Id*. at 3-4.) ASMAN disputes this unsupported conclusory assumption. Nothing in the OIG report indicates that Schmitz was alive when the nurses, or when Defendants BRADLEY and ASMAN discovered his body. (*Id*. at 345-46.) But even assuming that Schmitz was alive during ASMAN's watch, this allegation would not save Plaintiffs' deliberate-indifference claim because Plaintiffs' did not allege that ASMAN knew that Schmitz had a serious medical need, that ASMAN willfully ignored Schmitz's medical need, and that Schmitz was harmed by ASMAN's indifference.

Furthermore, the other OIG reports of "officers failing to complete proper inmate safety checks" would not save Plaintiffs' claims. Plaintiffs' argument that this evidence shows that ASMAN's action was not a "one-time mistake but an intentional act consistent with common practice" is conclusory and unsupported by the OIG reports. (ECF No. 145 at 4.) ASMAN is not named in any of these reports. (ECF No. 145 at 347-58.) And the unrelated incidents are not relevant to establish whether ASMAN was deliberately indifferent to Schmitz's medical needs on the day of his death. *See Salinas v. Wang*, No. 1:19-cv-00157-HBK (PC), 2021 U.S. Dist. LEXIS 51420, at *3 (E.D. Cal. Mar. 17, 2021) ("third-party prisoner complaints in deliberate indifference cases are not relevant to whether a defendant was deliberately indifferent to plaintiff, and they are likely inadmissible and of limited probative value.") Any "common practice" among officers has no bearing on whether ASMAN was deliberately indifferent to Schmitz's medical needs.

### 2. **The Fourteenth Amendment Claim Would Have Been Dismissed**.

The right to familial relations between family members is protected by due process. *See, e.g., Stanley v. Illinois*, 405 U.S. 645, 651 (1972). Only official conduct that "shocks the conscience," however, is cognizable as a due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (citing *Rochin v. Cal.*, 342 U.S. 165, 172-73 (1952)). The threshold question in such cases is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id*. at 847, n.8. The type of conduct which is most likely to rise to the "conscience-shocking level" is "conduct intended to injure in some way unjustifiable by any government interest." *Id*. at 849.

In determining whether conduct shocks the conscience, the court must first ask whether the circumstances were such that actual deliberation was practical. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). Where actual deliberation was practical, "deliberate indifference" may suffice to shock the conscience. *Id*. On the other hand, when a snap judgment is made during an escalating situation, conduct may only be found to shock the conscience if it was done with a purpose to harm unrelated to legitimate law enforcement objectives. *Id*. at 1140; *see Wilkinson v. Torres*, 610 F.3d 546, 554-55 (9th Cir. 2010).

As outlined above, none of the "newly discovered evidence" would establish that ASMAN's conduct was so egregious or outrageous as to be "conscience shocking" in violation of the Fourteenth Amendment. *County of Sacramento*, 523 U.S. at 846.

### III. CONCLUSION

Plaintiffs' motion for reconsideration should be denied because it is procedurally defective, and the "newly discovered evidence" would not have changed the dismissal of Plaintiffs' deliberate-indifference and Fourteenth Amendment claims against ASMAN. Also, leave to amend should be denied because amendment would be futile and prejudicial to ASMAN, and Plaintiffs have had repeated attempts to cure deficiencies by previous amendments.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT   10

Dated: May 5, 2021

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: */s/ Peter J. Hirsig*
Peter J. Hirsig
William L. McCaslin
Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, WANIE, and CDCR

## CERTIFICATE OF SERVICE VIA E-MAIL

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action. My electronic notification address is: janis.wooley@mcnamralaw.com.

On this date, I electronically served the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT** based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**Attorneys For Plaintiff Pro Per:**

Dianne Mallia
1753 Woodleaf Circle
Roseville, CA 95747

E-Mail: tsfoot49@gmail.com

**Attorneys For Plaintiff in Pro Per:**

Thomas J. Schmitz
1753 Woodleaf Circle
Roseville, CA 95747

E-Mail: tsfoot49@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 5, 2021 at Fairfield, California.

_____
Janis Wooley