BRUCE E. SALENKO, Bar No. 106267
VANESSA N. RAVEN, Bar No. 294276
SPENCER B. PAVELCHIK, Bar No. 309312
LOW McKINLEY & SALENKO, LLP
2150 River Plaza Drive, Suite 250
Sacramento, CA 95833
Telephone:   (916) 231-2400
Facsimile:    (916) 231-2399

Attorneys for Defendant STEPHEN DENIGRIS, M.D., PH.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ON BEHALF OF ESTATE OF WILLIAM SCHMITZ, DECEASED, BY AND THROUGH THOMAS J. SCHMITZ AND DIANNE MALLIA, AS SUCCESSORS IN INTEREST; THOMAS SCHMITZ, INDIVIDUALLY; AND DIANNE MALLIA, INDIVIDUALLY,<br><br>           Plaintiff(s),<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); AND DOES 1 THROUGH 30,<br><br>           Defendant(s). | Case No.: 2:20-cv-195-JAM-CKD<br><br>**DEFENDANT STEPHEN DENIGRIS, M.D.'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AND FOR RELIEF FROM ORDER DISMISSING WITH PREJUDICE CAUSES OF ACTION FOR DELIBERATE INDIFFERENCE AND DEPRIVATION OF FAMILIAL RELATIONS AGAINST DEFENDANTS ASMAN AND BRADLEY**<br><br>**DATE:**     No Hearing Date Scheduled<br>**TIME:**      N/A<br>**DEPT:**      N/A<br>**TRIAL:**    No Trial Date Set<br>**JUDGE ASSIGNED:** Honorable Carolyn K. Delaney |

## I. INTRODUCTION

Defendant Stephen DeNigris, M.D., by and through his counsel of record, hereby submits this Opposition to Plaintiffs' Motion to Amend Complaint and for Relief from Order Dismissing with Prejudice Causes of Action for Deliberate Indifference and Deprivation of Familial Relations against Defendants Asman and Bradley (hereinafter referred to as the "Motion).

This Opposition is filed on the basis that Dr. DeNigris will be prejudiced if plaintiffs are granted the leave they seek, that plaintiffs proposed Fourth Amended Complaint (PFAC) is futile because it fails to state claims upon which relief can be granted, and/or because plaintiffs filed the Motion is bad faith.

## II. PROCEDURAL HISTORY

Plaintiffs filed their first Complaint on January 27, 2020. (ECF No. 1.) Plaintiffs filed their First Amended Complaint on February 26, 2020. (ECF No. 6.) Plaintiffs filed a second Amended Complaint on July 16, 2020, which was the first complaint that added Dr. DeNigris as a defendant. (ECF No. 44.)

The Second Amended Complaint asserted the following causes of action against Dr. DeNigris: deliberate indifference in violation of the Eighth Amendment, deprivation of familial relations in violation of their Fourteenth Amendment substantive due process rights, wrongful death, negligence, coercion, medical battery, and assault. Plaintiffs included a claim for punitive damages to each of these causes of action.

Dr. DeNigris filed a Motion to Dismiss the Second Amended Complaint on August 31, 2020 on the basis that plaintiffs failed to state a claim upon which relief can be granted for the following causes of action: deliberate indifference, deprivation of familial relations, coercion, medical battery, and assault. (ECF No. 64.)

Magistrate Judge Carolyn Delaney issued an Order and Findings and Recommendations on November 16, 2020. (ECF No. 85.) The Order granted Dr. DeNigris' Motion to Dismiss those five

causes of action, but granted plaintiffs leave to amend. The court cautioned plaintiffs that renewed claims against the dismissed defendants that were identical or substantially similar to those contained in their Second Amended Complaint would likely be subject to dismissal without leave to amend. The court also cautioned plaintiffs that an amended complaint supersedes the previous complaint and renders the previous complaint without function. Judge Delaney's Order was adopted in full by District Judge John Mendez on December 22, 2020. (ECF No. 124.)

On January 7, 2021, the court issued an Order concerning plaintiffs' claim for punitive damages against Dr. DeNigris. (ECF No. 126.) The Order outlined the particularities required by California Code of Civil Procedure § 425.13, which requires plaintiffs to file a motion to amend a complaint to include a claim for punitive damages. The court ordered plaintiffs to not include a claim for punitive damages against Dr. DeNigris in their Third Amended Complaint, and stated they may subsequently file a § 425.13 motion to amend that complaint to add a claim for punitive damages with supporting factual allegations.

Plaintiffs filed their Third Amended Complaint on January 21, 2021, which pled the following causes of action against Dr. DeNigris: deliberate indifference, negligence, coercion, medical battery, and assault. (ECF No. 130.) Plaintiffs specifically included a claim for punitive damages against Dr. DeNigris under the deliberate indifference, coercion, medical battery, and assault causes of action. Their prayer for relief sought punitive damages against each individually named defendant.

Dr. DeNigris filed a Motion to Partially Dismiss Plaintiffs' Third Amended Complaint on February 12, 2021 on the basis that plaintiffs failed to state a claim upon which relief can be granted for the following causes of action: deliberate indifference, coercion, medical battery, and assault. (ECF No. 138.)

In their instant Motion, plaintiffs have requested leave to file a PFAC on the basis of newly discovered evidence: Office of Inspector General (OIG) reports published in January 2021 and complete medical records from the California Department of Corrections and Rehabilitation (CDCR) which they first received in January 2021. (ECF No. 145.) They allege that the newly discovered evidence strengthens their causes of actions against the supervisory defendants responsible for the medical record system, and that it warrants reconsideration of the dismissal of the deliberate indifference cause of action against defendants Bradley and Asman.

A PFAC was included as exhibit F in Plaintiffs' Motion, which pleads the following causes of action against Dr. DeNigris: deliberate indifference, deprivation of familial relations, wrongful death, negligence, coercion, medical battery, and assault. Plaintiffs' Motion does not acknowledge or explain why they plead two causes of action, deprivation of familial relations and wrongful death, against Dr. DeNigris that were not pled in their Third Amended Complaint.

### III. LEGAL STANDARDS

A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after the service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a).

The grant or denial of an opportunity to amend is within the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court has broad discretion to grant or deny leave to amend, particularly where the court has already given plaintiff one or more opportunities to amend their complaint. *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). Futility of amendment can, by itself, justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

The Court in *Foman* identified five non-exclusive reasons where leave need not be freely given: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Liberality in granting leave to amend is subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Additional limitations include whether there has been undue delay and whether plaintiff has previously amended their complaint. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

## IV. ARGUMENT

### A. Plaintiffs' Motion To Amend Should Be Denied Because It Will Prejudice Dr. DeNigris And Delay The Litigation

Dr. DeNigris will be prejudiced if plaintiffs are granted leave to amend their Third Amended Complaint and file the PFAC because it includes additional causes of action for wrongful death and deprivation of familial relations. Plaintiffs' cause of action for deprivation of familial relations is based on an issue of federal law that is not closely connected with the other causes of action plaintiffs allege. Dr. DeNigris has already incurred substantial litigation costs in filing two motions to dismiss, and will incur further costs if his litigation strategy must again be reassessed in light of another amended complaint that asserts additional causes of action.

The factual allegations upon which plaintiffs base these two new causes of action were already available and known to them because plaintiffs asserted them in their Second Amended Complaint.

A district court does not abuse its discretion by denying leave to amend based on undue delay and prejudice where the facts underlying the proposed amendment were previously available to plaintiff. *Strugala v. Flagstar Bank, FSB*, 839 Fed.Appx. 69, 72 (9th Cir. 2020). Plaintiffs do not allege any new factual allegations in the PFAC regarding the wrongful death or deprivation of familial relations causes of action against Dr. DeNigris, and he should not suffer the burden of defending against a cause of action plaintiffs had previously asserted against him but failed to assert on their current operative complaint.

Undue delay and prejudice have been found where plaintiffs failed to carefully read statutes under which they were proceeding, and leave to amend was denied on the basis defendants would have incurred substantial litigation costs if forced to respond to an amended complaint. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). Dr. DeNigris will suffer undue delay and prejudice if plaintiffs are granted leave to reassert two causes of action in the PFAC that appear to have not been included in their Third Amended Complaint due to their own failure to carefully read what they filed.

### B. **Plaintiffs' Motion To Amend Was Submitted In Bad Faith Against Dr. DeNigris As To The Fourth And Sixth Causes Of Action And Should Be Denied**

Plaintiffs did not assert the wrongful death or deprivation of familial relations causes of action against Dr. DeNigris in their Third Amended Complaint. Plaintiffs now assert those causes of action in their PFAC without any reasoning or justification in their Motion as to why they should be granted leave to assert those causes of action. Plaintiffs' attempt to amend their complaint to include these causes of action without even acknowledging the proposed change can only be understood by Dr. DeNigris as a bad-faith attempt to slip something by the court.

The general rule is that an amended complaint supersedes the original complaint and renders it without legal effect; claims that were voluntarily dismissed from a prior complaint are waived if not re-pled. *Lacey v. Maricopa County* 693 F.3d 896, 927-928 (9th Cir. 2012).

6

Plaintiffs' cause of action for deprivation of familial relations against Dr. DeNigris as pled in their Second Amended Complaint was previously dismissed with leave to amend by this court. Plaintiffs' failure to re-plead this cause of action, when they were specifically granted leave to do so, was voluntary. The cause of actual for deprivation of familial relations was thus waived when not re-pled in the Third Amended Complaint. Plaintiffs' attempt to reintroduce a waived claim without explanation is a bad-faith attempt to revive a voluntarily dismissed cause of action.

Similarly, Plaintiffs asserted a cause of action against Dr. DeNigris for wrongful death in their Second Amended Complaint, but did not assert wrongful death against Dr. DeNigris in their Third Amended Complaint.

The Third Amended Complaint superseded the Second Amended Complaint and rendered it without legal effect, as plaintiffs were so warned by this court. As this point in time, Plaintiffs do not assert a cause of action against Dr. DeNigris for wrongful death or deprivation of familial relations. Plaintiffs have provided no explanation why the general rule that an amended complaint supersedes the previous complaint and renders it without legal effect should not apply in this case. Dr. DeNigris takes this lack of forthrightness as evidence of a bad-faith motive rather than an attempt to rectify an oversight. Dr. DeNigris only provided care and treatment to decedent on one occasion, more than eight months before his death. Dr. DeNigris reasonably assumed plaintiffs decided to not pursue these causes of action against him because of the distant and tenuous connection between his treatment of decedent and decedent's death.

These causes of action were not addressed when Dr. DeNigris filed his Motion to Partially Dismiss Plaintiffs' Third Amended Complaint because they were not asserted against him. If Plaintiffs are granted leave to file their PFAC in its current form, Dr. DeNigris will be severely prejudiced by the need to address these allegations when he thought they had been voluntarily dismissed and against him.

Bad faith is a proper ground for denying leave to amend. *Sorosky v. Burroughs Corp.* 826.F.2d 794, 805 (9th Cir. 1987). In this instance, plaintiffs' bad-faith attempt to introduce two additional causes of action against Dr. DeNigris warrant denial of their request for leave to amend.

### C. Plaintiffs' Proposed Fourth Amended Complaint Does Not Cure Previous Deficiencies And Should Be Denied As Futile

Futile amendments should not be permitted. *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1292 (9th Cir. 1983). The only explanation plaintiffs provided in their Motion that could conceivably support the filing of the PFAC with respect to the causes of action against Dr. DeNigris, two of which were previously unpled, is that the "added or modified allegations would further support or clarify the [Third] Amended Complaint." In *Klamath*, the court held that when the stated purpose of the amendment was to "clarify the point," this was insufficient to demonstrate that the proposed amendment would affect the outcome of the lawsuit, and was futile. *Id*. Plaintiffs' weak assertion that the PFAC would "clarify" the Third Amended Complaint is similarly futile here—they do not assert new factual allegations that set forth a claim for relief that is plausible on its face.

The language plaintiffs include in their PFAC concerning the deliberate indifference, coercion, medical battery, and assault causes of action against Dr. DeNigris is substantially identical to the language used in their Third Amended Complaint and in their Second Amended Complaint. It would be futile to grant leave to plaintiffs to amend their Third Amended Complaint as pled in their PFAC because it is merely a restatement of the earlier claims. It is proper to deny a motion to amend on a finding that the new claims merely restated earlier claims and that permitting amendment would impose a prejudicial burden on defendant. *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).

Failure to cure a deficiency in a previously dismissed claim by proposing to amend the claim with virtually identical language constitutes sufficient grounds to deny leave to amend.

*Moore v. Kayport Package Exp.*, 885 F.2d 531, 538 (9th Cir. 1989). The language plaintiffs use to assert the deprivation of familial rights cause of action in the PFAC is identical to the language used in their Second Amended Complaint when this claim was dismissed with leave to amend. Leave to amend should not be granted due to plaintiffs' failure to cure this deficiency.

Plaintiffs' vague assertion that the PFAC would clarify the Third Amended Complaint is not sufficient to overcome the bar against allowing amendment due to futility. A district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for their failure to fully develop their contentions originally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Plaintiffs have not amended their pleadings in any significant manner against Dr. DeNigris that would overcome this court's previous dismissal with leave to amend of the deliberate indifference, deprivation of familial relations, coercion, medical battery, and assault causes of action from their Second Amended Complaint. The legal basis for these claims remains less than tenuous, and granting leave to amend would be an exercise in futility.

In *Williams v. California*, the court denied plaintiffs' request for further leave to amend on the basis it would be futile when they had already had two chances to articulate clear and lucid theories underlying their claims and failed to do so. *Williams v. California*, 764 F.3d 1002, 1018 (9th Cir. 2014). Plaintiffs have already had two chances to articulate clear and lucid theories underlying their causes of action that were dismissed with leave to amend against Dr. DeNigris from their Second Amended Complaint and have failed to do so. Any further leave to amend would be futile and the Motion should be denied.

/ / /

## V.  CONCLUSION

As demonstrated in this Opposition to Plaintiffs' Motion to Amend, justice does not require this court grant leave to plaintiffs to amend their complaint for a fourth time. Justice in fact requires the Motion to Amend be denied on grounds of futility and due to the prejudice Dr. DeNigris would suffer were it granted.

Wherefore, Dr. DeNigris respectfully requests this court deny plaintiffs' Motion to Amend. If the court finds sufficient reasons to grant the Motion as to any cause of action for any other defendant, Dr. DeNigris respectfully requests that any Order be specifically tailored to grant leave to amend their Third Amended Complaint only with respect to such causes of action and defendants as it deems proper given the breadth of the issues and number of defendants in this case.

Dated: May 5, 2021

**LOW McKINLEY & SALENKO, LLP**

By  */s/ Spencer B. Pavelchik*
        _____
        SPENCER B. PAVELCHIK

10

Defendant Stephen DeNigris, M.D.'s Opposition to Plaintiffs' Motion to Amend Complaint and for Relief From Order Dismissing with Prejudice Causes of Action for Deliberate Indifference and Deprivation of Familial Relations Against Defendants Asman and Bradley

Case Name:   Schmitz v. DeNigris
Case No.:    2:20-cv-195-JAM-CKD

**PROOF OF SERVICE**
(CCP 1013; CRC 3.1300, 10.503)

I, Artis Redding, declare:

I am over the age of eighteen years and not a party to the within cause; am employed in the County of Sacramento, California; and my business address is 2150 River Plaza Dr., Ste. 250, Sacramento, CA  95833.

On May 5, 2021, I served the within, Defendant Stephen DeNigris, M.D.'s Opposition to Plaintiffs' Motion for Leave to Amend Complaint and for Relief From Order Dismissing with Prejudice Causes of Action for Deliberate Indifference and Deprivation of Familial Relations Against Defendant Asman and Bradley which was produced on recycled paper, on the parties in said cause by:

| XX | **BY ELECTRONIC SERVICE**: Only by e-mailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received with a reasonable time after the transmission.  We will provide a physical copy, upon request only, when we return to the Office at the conclusion of the national emergency. |
|---|---|

Thomas J. Schmitz
1753 Woodleaf Circle
Roseville, CA  95747
tsfoot49@gmail.com
Counsel for Plaintiff Pro Se

Dianne Mallia
1753 Woodleaf Circle
Roseville, CA  95747
deedamallia@gmail.com
Counsel for Plaintiff Pro Se

1
PROOF OF SERVICE

1  I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct, and that this declaration was executed on May 5, 2021, at
3  Sacramento, California.

4  */s/ Artis Redding*
   _____
5  Artis Redding