ROB BONTA, State Bar No. 202668
Attorney General of California
JAY M. GOLDMAN, State Bar No. 168141
Supervising Deputy Attorney General
JENNIFER J. NYGAARD, State Bar No. 229494
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0802
 Fax:  (510) 622-2270
 E-mail:  Jennifer.Nygaard@doj.ca.gov
*Attorneys for Defendant Bradley*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| THOMAS SCHMITZ, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>A. ASMAN, et al.,<br><br>                              Defendants. | 2:20-cv-00195-JAM-CKD<br><br>**DEFENDANT BRADLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER DISMISSING WITH PREJUDICE CAUSES OF ACTION FOR DELIBERATE INDIFFERENCE AND DEPRIVATION OF FAMILIAL RELATIONS AGAINST DEFENDANTS ASMAN AND BRADLEY**<br><br>Date:         November 17, 2021<br>Time:         10:00 a.m.<br>Courtroom: 24, 8th Floor<br>Judge:        The Honorable Carolyn K. Delaney<br>Trial Date:  Not Scheduled<br>Action Filed: January 27, 2020 |

## INTRODUCTION

Plaintiffs Thomas Schmitz and Dianne Mallia (Plaintiffs) move for relief from the September 24, 2021 order finding that the claims against Defendants Asman and Bradley for deliberate indifference and deprivation of familial relations remain dismissed with prejudice. (ECF No. 165.) Plaintiffs seek reconsideration of the order dismissing these claims based on the Ninth Circuit decision in *Gordon v. Cty. of Orange*, 6 F.4th 961 (2021), which, Plaintiffs argue,

definitively set the precedence that inadequate safety checks are a violation of pre-trial detainees' constitutional rights. (ECF No. 165 at 3.) Plaintiffs seek leave to reassert these claims in a fourth amended complaint. (*Id*. at 19.)

The Court should deny Plaintiffs' motion on the basis that: 1) *Gordon* is distinguishable, and was decided before the September 24, 2021 order was issued; and 2) if *Gordon* is applicable, allowing Plaintiffs to reassert these claims in a fourth amended complaint would be futile and unduly prejudicial to Defendant Bradley because he would be entitled to qualified immunity.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), a court may revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Additionally, a court has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction." *Santa Monica Baykeeper*, 254 F.3d at 887.

Rule 54(b) does not address the standards which a court should apply when assessing a motion to revise an interlocutory order, and the Ninth Circuit has not provided a governing standard; however, courts in this district look to the standards for reconsideration under Rule 59(e) (motion to alter or amend a judgment) and Rule 60(b) (relief from judgment) for guidance. *Doutherd v. Montesdeoca*, No. 2:17-CV-02225-KJM-JDP, 2021 U.S. Dist. LEXIS 86433, 2021 WL 1784917, at *2 (E.D. Cal. May 5, 2021). "Reconsideration is ordinarily appropriate only when controlling law has changed, if new evidence has become available, or when necessary to correct a clear error or prevent manifest injustice." *Id*.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Civ. L.R. 230(j)(3).

## STATEMENT OF FACTS

Plaintiffs filed a motion for relief from the December 22, 2020 order dismissing the § 1983 claims against Defendants Asman and Bradley with prejudice on April 14, 2021. (ECF No. 145.)

The magistrate judge's Findings and Recommendations were issued on August 3, 2021. (ECF No. 156.)

Plaintiffs filed objections to the magistrate's Findings and Recommendations on August 17, 2021.  (ECF No. 158.)

The district judge adopted the magistrate's findings and recommendations in full on September 24, 2021.  (ECF No. 161.)

## ARGUMENT

**I.  *GORDON* IS DISTINGUISHABLE BECAUSE IT APPLIES TO PRE-TRIAL DETAINEES, AND IT WAS DECIDED BEFORE THE SEPTEMBER 24, 2021 ORDER.**

In *Gordon*, a deputy sheriff conducted a required safety check of a Gordon, a pretrial detainee, from a corridor six feet elevated from the ground, and about twelve to fifteen feet away from the detainee's bunk. *Gordon*, 6 F.4th at 967.  The deputy admitted that from his vantage point he was unable to ascertain whether Gordon "was breathing, alive, sweating profusely, drooling, or had any potential indicators of a physical problem." *Id*.

The "gravamen of the action" in *Gordon* was whether a pretrial detainee "had a constitutional right to direct-view safety checks when he was known to require medical attention." *Id*. at 972.  The Ninth Circuit explained that "[i]t has long been held that 'a prison official who is aware that an inmate is suffering from a serious acute medical condition violates the Constitution when he stands idly by rather than responding with reasonable diligence to treat the condition.'" *Id*. (citing *Sandoval v. County of San Diego*, 985 F.3d 657, 679-80 (9th Cir. 2021); *Clement v. Gomez*, 298 F.3d 898, 902, 904-05 (9th Cir. 2002); and *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989)).  The Ninth Circuit stated, however, that it was "not aware of any precedent expressly recognizing a detainee's right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment." *Id*.  The Ninth Circuit found that although some lower courts had recognized a right to direct-view safety checks even where medical attention was not required, the deputy was entitled to qualified immunity because the due process right to an adequate safety check for pretrial detainees was not clearly established at the time of the incident. *Id*. at 972-73.  The Ninth Circuit then stated "[w]e now

hold that pre-trial detainees do have a right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment." *Id*. at 973.  Because the deputy was entitled to qualified immunity, the Ninth Circuit did not decide whether he had conducted an adequate safety check. *Id*.  However, the Ninth Circuit warned law enforcement and prison personnel that "the recognition of this constitutional right will protect future detainees." *Id*.

*Gordon* is distinguishable from this case because it addressed pre-trial detainees' due-process rights to direct-view safety check, whereas here, Schmitz's rights as a prisoner are analyzed under the Eighth Amendment.

Even if *Gordon* is controlling, the Ninth Circuit issued its decision on July 26, 2021—a week before the magistrate's findings and recommendations were issued, three weeks before Plaintiffs filed their objections to the magistrate's findings and recommendations, and nearly two months before the district judge's order adopting the findings and recommendations was issued. (ECF Nos. 156, 158, 161.)  Thus, there has been no change in controlling law since the September 24, 2021 order. *Doutherd*, 2021 WL 1784917, at *2.

Although Plaintiffs argue that the *Gordon* "findings were not available at the time Plaintiffs prepared their prior complaints and [Proposed Fourth Amended Complaint]," they provide no explanation for why they could not have brought the case to the Court's attention earlier.  For example, Plaintiffs could have filed a notice of supplemental authority before the magistrate's findings and recommendations were issued, could have addressed *Gordon* in their objections to the findings and recommendations, or could have elsewise brought the case to the district judge's attention before the September 24, 2021 order.  Thus, Plaintiffs' motion violates the local rules because they have not shown new circumstances that did not exit at their time their prior motion was pending.  Civ. L.R. 230(j)(3).

II. **ALLOWING AMENDMENT WOULD BE FUTILE AND SUBJECT DEFENDANT BRADLEY TO UNDUE PREJUDICE BECAUSE HE WOULD BE ENTITLED TO QUALIFIED IMMUNITY UNDER *GORDON*.**

"A party may amend its pleading once as a matter of course before being served with a responsive pleading. ... In all other cases, a party may amend its pleading only with the opposing

4

party's written consent or the court's leave." Fed. R. Civ. P. 15(a).  In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009).  A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id*.  However, a strong showing with respect to one of the other factors may warrant denial of leave to amend.  *Id*.  A court's discretion to deny leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (referencing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974) (proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6))).

Qualified immunity, in actions brought pursuant to 42 U.S.C. § 1983, "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The doctrine attempts to strike a balance between the twin interests in holding irresponsible public officials accountable and protecting reasonable officials "from harassment, distraction, and liability."  *Id*.  "[T]he Supreme Court has 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'"  *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

Here, if the Ninth Circuit's warning to "prison personnel" in *Gordon* extends the right to direct-view safety checks to prisoners under the Eighth Amendment[1], the right was not clearly established until after the incident in this case. Thus, like the deputy in *Gordon*, Defendant Bradley would be entitled to qualified immunity. Accordingly, allowing Plaintiffs to reassert the § 1983 claims against Defendant Bradley in a fourth amended complaint would be futile because the claims would be subject to dismissal based on qualified immunity, and requiring Defendant Bradley to further litigate claims that he is qualifiedly immune from would subject him to undue prejudice. *See Cotti v. Chang*, No. 18-cv-02980-BLF, 2020 U.S. Dist. LEXIS 89781, at *48 (N.D. Cal. May 21, 2020) (after finding some of the defendants were entitled to qualified immunity, court concluded that leave to amend would be futile, and it would be unduly prejudicial to require defendants to continue litigating the claims).

## CONCLUSION

Plaintiffs' motion for relief from the September 24, 2021 order should be denied. *Gordon* is distinguishable because it governs pre-trial detainees' rights to due process, not prisoner's rights under the Eighth Amendment. And even if *Gordon* is controlling, granting Plaintiffs leave to reassert the § 1983 claims in a fourth amended complaint would be futile and subject Defendant Bradley to undue prejudice because he would be entitled to qualified immunity under *Gordon*.

Dated: November 3, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General

**/S/ Jennifer J. Nygaard**
JENNIFER J. NYGAARD
Deputy Attorney General
*Attorneys for Defendant Bradley*

SF2020200637
91436159.docx

---

[1] Since *Gordon*, neither the Ninth Circuit nor any district court within the Ninth Circuit has applied *Gordon* to a prisoner's claim under the Eighth Amendment.

# CERTIFICATE OF SERVICE

Case Name: ***Schmitz, Thomas, et al. v. A. Asman, et al.***   Case No. **2:20-cv-00195-JAM-CKD**

I hereby certify that on November 3, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT BRADLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER DISMISSING WITH PREJUDICE CAUSES OF ACTION FOR DELIBERATE INDIFFERENCE AND DEPRIVATION OF FAMILIAL RELATIONS AGAINST DEFENDANTS ASMAN AND BRADLEY**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On November 3, 2021, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Thomas Schmitz**
**404 Atkinson St.**
**Roseville, CA 95678**
*In Pro Se*

**Dianne Mallia**
**404 Atkinson St.**
**Roseville, CA 95678**
*In Pro Se*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 3, 2021, at San Francisco, California.

| K. Figueroa-Lee | |
|---|---|
| Declarant | Signature |