1   PETER J. HIRSIG (State Bar No. 197993)
    peter.hirsig@mcnamaralaw.com
2   WILLIAM L. McCASLIN (State Bar No. 249976)
    william.mccaslin@mcnamaralaw.com
3   McNamara, Ney, Beatty, Slattery,
    Borges & Ambacher LLP
4   639 Kentucky Street, First Floor
    Fairfield, CA 94533
5   Telephone: (707) 427-3998
    Facsimile: (707) 427-0268
6
7   Attorneys for Defendants ADAMS, ANDALUZ, ASHE,
    ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH,
    CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON,
8   LEIDNER, PONCIANO, RAMKUMAR, REKART,
    ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK,
9   TOCHE, WANIE, and CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND REHABILITATION (CDCR)
10

11                    UNITED STATES DISTRICT COURT

12                   EASTERN DISTRICT OF CALIFORNIA

13

14   On behalf of Estate of WILLIAM          Case No. 2:2020CV00195
     SCHMITZ, deceased, by and through
15   THOMAS J. SCHMITZ and DIANNE            **DEFENDANT ASMAN'S OPPOSITION TO**
     MALLIA, as Successors in Interest;     **PLAINTIFFS' MOTION FOR RELIEF**
16   THOMAS SCHMITZ, Individually; and      **FROM ORDER DISMISSING WITH**
     DIANNE MALLIA, Individually,           **PREJUDICE CAUSES OF ACTION FOR**
17                                          **DELIBERATE INDIFFERENCE AND**
                    Plaintiffs,             **DEPRIVATIONS OF FAMILIAL**
18                                          **RELATIONS AGAINST DEFENDANTS**
            vs.                             **ASMAN AND BRADLY**
19
20   CALIFORNIA DEPARTMENT OF               Date:   November 17, 2021
     CORRECTIONS AND                        Time:   10:00 a.m.
21   REHABILITATION (CDCR); CDCR            Dept:   24
     Correction Officer ADAM ASMAN;        Judge:  Honorable Carolyn K. Delaney
22   CDCR Correctional Officer ERIK         Action Filed:  7/16/2020
     BRADLEY; CDCR Correctional Officer
23   DAVID BRUNKHORST; CDCR Physician
     and Surgeon ALEX ANDALUZ, M.D.;
24   CDCR Physician and Surgeon
     MARIANNA KATE ASHE, M.D.; CDCR
25   Physician and Surgeon JEVON JOHNSON;
     CDCR Physician and Surgeon ROBERT
26   JOHNSON; CDCR Physician and Surgeon
     SUJATHA RAMKUMAR, MD; CDCR
27   Physician and Surgeon MICHAEL SMITH,
     MD; CDCR Physician and Surgeon
28   CHRISTOPHER SMITH; CDCR Clinical
     Psychology intern REBECCA

DEFENDANT ASMAN'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RELIEF FROM
ORDER

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

ROBINSON; CDCR Licensed Clinical Social Worker ERIC BRANMAN; CDCR Licensed Clinical Social Worker VIOLKA WANIE; Mule Creek State Prison Chief Medical Executive SCOTT A. HEATLEY, M.D.; Mental Health Administrator of Quality Management DR. LAURA CEBALLOS; Deputy Director of CDCR's Statewide Mental Health Program KATHERINE TEBROCK; Mule Creek State Prison Chief Executive Officer (Medical) RAINBOW BROCKENBOROUGH; Mule Creek State Prison Warden and Chief Executive Officer JOE A. LIZARRAGA; CDCR Physician and Surgeon ROBERT RUDAS, MD; Physician and Surgeon STEPHEN DENIGRIS, MD, PhD; Statewide Chief Psychiatrist for CDCR MICHAEL GOLDING, M.D.; CDCR Senior Psychiatrist Specialist JACOB ADAMS; CDCR Secretary SCOTT KERNAN; CDCR Secretary RALPH DIAZ; CDCR Chief Psychiatrist of Telepsychiatry KEVIN KUICH; CDCR Director of the Division of Adult Institutions CONNIE GIBSON; CDCR Undersecretary of Health Care Services DIANA TOCHE; CDCR Assistant Deputy Director of the Statewide Mental Health Program BRITTANY BRIZENDINE; CDCR Associate Director of Statewide Planning and Policy ANGELA PONCIANO; CDCR Chief Psychologist of Quality Management JOHN REKART; CDCR Senior Psychologist Specialist DAVID LEIDNER; and Does 1 through 30,

Defendants.

## I. INTRODUCTION

Plaintiffs THOMAS SCHMITZ and DIANNE MALLIA filed a motion to amend their complaint for a fourth time and for relief from an order dismissing with prejudice causes of action against Defendants ASMAN and BRADLEY. [ECF No. 145.] Defendant ASMAN opposes the relief sought and submits the following brief in opposition.

## II. PERTINENT PROCEDURAL HISTORY

On November 16, 2020, this Court partially granted Defendants' 12(b)(6) motion to dismiss, dismissing certain Defendants without leave to amend, but also granting Plaintiffs leave

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

to file an amended complaint to address the dismissed claims and Defendants that were dismissed with leave to amend. [ECF No. 85.] After further briefing by the parties, these Findings and Recommendations were then adopted in full by the District Court on December 22, 2020. [ECF No. 124.] Plaintiffs were granted leave of thirty (30) days to file an amended complaint. [*Id.*]

Plaintiffs then timely filed a Third Amended Complaint (TAC) on January 21, 2021. [ECF No. 130.] Defendants then filed another 12(b)(6) motion to dismiss certain claims and Defendants on February 18, 2021. [ECF No. 140.] Other Defendants not represented by the undersigned, including specifically Defendants LIZARRAGA and KUICH answered Plaintiffs' TAC on April 1, 2021. [ECF No. 144.] On April 14, 2021, Plaintiffs' then filed a motion to amend the TAC under FRCP 15(a)(2), and for reconsideration of this Court's Order [ECF No. 124.] in regards to the dismissal of Defendants ASMAN and BRADLEY, under FRCP 60(B)(2), citing new evidence as the reason. [ECF No. 145.]

On August 3, 2021, based on the Magistrate's Findings and Recommendations, recommendation was made to grant in part and deny in part Plaintiffs' motion. [ECF No. 156.] The two causes of action (deliberate indifference and deprivation of familial relations) were to remain dismissed with prejudice against Defendants ASMAN and BRADLEY, and leave to amend those two causes of action was denied.  [*Id*. at 36.] Other causes of action were granted leave to amend. [*Id.*]

On October 20, 2021, Plaintiffs' then filed the instant motion, a second relief motion seeking reconsideration of the dismissed causes of action (for deliberate indifference and deprivation of familial relations) against Defendants ASMAN and BRADLEY. [ECF No. 165.] The basis for this reconsideration motion is a July 26, 2021 Ninth Circuit Court decision in *Gordon v. County of Orange*, No. 19-56032 (9th Cir. 2021.) For the reasons cited herein, Defendant ASMAN requests this Court deny Plaintiffs' motion for reconsideration.

### III. LEGAL ARGUMENT

**A.** *Gordon v. County of Orange* **Applies Only to Pre-Trial Detainees Under The Fourteenth Amendment.**

The *Gordon* case was based on allegations that a pre-trial detainee received inadequate

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

medical care under the due process clause of the Fourteenth Amendment while he was detained at the Orange County Central Men's Jail. Central to this analysis, and similar to the analysis as to Defendants BRADLEY AND ASMAN, was whether the pretrial detainee had a constitutional right to direct-view safety checks to determine if they needed medical treatment [*Id.* at p. 19.] *Gordon* noted the long held belief that a prison official must not stand idly by when aware of an inmate's suffering, but also recognized there was no precedent "expressly recognizing a detainee's right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment." [*Id.* at p. 19.]

However, the Court then held, "Nevertheless, Deputy Denney is entitled to qualified immunity because the due process right to an adequate safety check for pretrial detainees was not clearly established at the time of the incident. We now hold that pre-trial detainees do have a right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment. [*Id.* at pp. 20-21.] Further, the *Gordon* Court, after determining the Deputy was entitled to qualified immunity, noted, "However, law enforcement and prison personnel should heed this warning because the recognition of this constitutional right will protect *future detainees*." [Id. at p. 21, *italic* emphasis added]

1.   A Pretrial Detainee With No Prior Known Medical History Is Not The Same As An Inmate With A Known Medical History.

For purposes of the holding of *Gordon*, there is an important difference between a pretrial detainee and an inmate. A pretrial detainee is an individual who has just been arrested or detained, and who may have not had a medical evaluation made as part of the usual and customary practices in a correctional facility. Thus, in the instant case through the lens of the *Gordon* holding, Defendant ASMAN is not monitoring a pretrial detainee that has just been received in the facility and has not had any type of medical evaluation. Rather, Defendant ASMAN is monitoring an inmate that has access to the institution's healthcare system and is regularly evaluated in accordance with those regulations. Thus, the concern that a pretrial detainee may have a deteriorating health condition that is not being treated, such as in *Gordon*, should not be occurring unless that inmate is being housed in an area exclusive to EOP inmates that have a higher need for more constant monitoring, which

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

1  has not been alleged in this case.

2  Based on the important difference that *Gordon* applies to a pretrial detainee (of which the

3  medical history is unknown), the holding that *future detainees* have a right to direct-view safety

4  checks sufficient to evaluate medical needs should not apply to the monitoring of inmates which

5  have access to regular medical care that are also not currently housed in a location exclusive to

6  EOP level care inmates. For this reason, *Gordon* is distinguished from the facts of the instant matter

7  insofar as the holding regarding direct-view safety checks to pretrial detainees of an unknown

8  medical history is not analogous to safety checks of already housed inmates not located in EOP

9  level care areas. Based on this, *Gordon*'s holding does not in any manner preclude dismissing

10  Defendant ASMAN's deliberate indifference and deprivation of familial relations causes of action.

11  2.  *Gordon* Cannot Be Retroactively Applied To The Instant Matter.

12  In the *Gordon* case, the Deputy is ultimately determined to be entitled to qualified immunity

13  because "the due process right to an adequate safety check for pretrial detainees was not clearly

14  established *at the time of the incident*." [*Id*. at p. 20., *italic* emphasis added] Similarly, even if

15  *Gordon* were to be expanded to be applied to the monitoring of inmates, not just pretrial detainees,

16  by a correctional officer, that would apply to "protect future detainees," as is expressly stated by

17  the Ninth Circuit Court [*Id*. at p. 21]

18  Retroactive applications of court decisions have been noted by the United States Supreme

19  Court to regard fairness to the party that's conduct is at issue, noting:

20  Elementary considerations of fairness dictate that individuals should
    have an opportunity to know what the law is and to conform their
21  conduct accordingly; settled expectations should not be lightly
    disrupted. For that reason, the principle that the legal effect of
22  conduct should ordinarily be assessed under the law that existed
    when the conduct took place has timeless and universal appeal.
23
   (*Landgraf v. USI Film Productions*, 511 U.S. 244, 265-266 (1994).)
24
25  In this case, similar to a new law, the precedential effect thus should apply to "protect future

26  detainees," as is expressly stated by the *Gordon* Court, rather than to apply to past incidents of

27  which the alleged bad actors had no knowledge of any court's potential to later hold this conduct

28  to be a constitutional violation. In light of the subjective standard applied under the qualified

immunity defense contended by Defendant ASMAN, any precedential holding, as in *Gordon*, cannot be applied retroactively as there would be no way for the alleged bad actors to subjectively be aware that their conduct was a constitutional violation. For this reason, *Gordon* cannot be applied retroactively, as Defendant ASMAN would not be on notice of this constitutional violation at the time of the incident, and thus would still be protected under qualified immunity.

### B.   *Gordon v. County of Orange* Is Not "New" Evidence.

The *Gordon* case was published on July 26, 2021, before the Magistrate Judge's Findings and Recommendations were made on August 3, 2021 [ECF No. 156] and before those Findings and Recommendations were adopted by Honorable Judge Mendez on September 23, 2021 [ECF No. 161]. Based on these dates, the *Gordon* case is not "new" evidence, and thus, this motion should be denied.

### C.   Allowing Amendment For Deliberate Indifference And Deprivation of Familial Relations Would Be Futile.

Under *Foman v. Davis*, 371 U.S. 178 (1962) and *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009), a district court must grant leave to amend unless one or more factors are present, including the factor "futility of amendment." Here, there are no new additional facts alleged by Plaintiffs in support of the motion, only citation to a "new" case, which does not change the claims or allegations in any manner. For this reason, the same analysis now twice applied by this Court in dismissing causes of action against Defendant ASMAN for deliberate indifference and deprivation of familial relations should still apply to dismiss those causes of action against Defendant ASMAN, causing any request for leave to file further amendments to be futile.

/ / /

/ / /

/ / /

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

**IV. CONCLUSION**

Based on the reasons noted herein, Defendant ASMAN respectfully requests that this Court deny Plaintiffs' motion for relief and deny any request for leave to include the dismissed causes of action of deliberate indifference and deprivation of familial relations against Defendant ASMAN in a Fourth Amended Complaint as futile.

Dated:  November 3, 2021          MCNAMARA, NEY, BEATTY, SLATTERY,
                                              BORGES & AMBACHER LLP


                                    By:    /s/ *W.L. McCaslin*
                                              Peter J. Hirsig
                                              William L. McCaslin
                                              Attorneys for Defendants