BRUCE E. SALENKO, Bar No. 106267
VANESSA N. RAVEN, Bar No. 294276
SPENCER B. PAVELCHIK, Bar No. 309312
LOW McKINLEY & SALENKO, LLP
2150 River Plaza Drive, Suite 250
Sacramento, CA 95833
Telephone:   (916) 231-2400
Facsimile:   (916) 231-2399

Attorneys for Defendant STEPHEN DENIGRIS, M.D., PH.D.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| ON BEHALF OF ESTATE OF WILLIAM SCHMITZ, DECEASED, BY AND THROUGH THOMAS J. SCHMITZ AND DIANNE MALLIA, AS SUCCESSORS IN INTEREST; THOMAS SCHMITZ, INDIVIDUALLY; AND DIANNE MALLIA, INDIVIDUALLY,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR); AND DOES 1 THROUGH 30,<br><br>Defendants. | Case No.: 2:20-cv-195-JAM-CKD<br><br>**DEFENDANT STEPHEN DENIGRIS, M.D.'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT**<br><br>ACTION FILED:  1/27/2020<br>DATE:  March 2, 2022<br>TIME:  10:00 a.m.<br>DEPT:  24<br>TRIAL:  TBD<br>JUDGE  Hon. Carolyn K. Delaney |

COMES NOW Defendant, STEPHEN DENIGRIS, M.D., PH.D., and replies to Plaintiffs' Opposition to Defendant's Motion to Partially Dismiss Plaintiff's Fourth Amended Complaint as follows:

A. **Plaintiffs Have Not Adequately Shown That Dr. DeNigris Was Acting Under Color Of State Law**

The starting presumption is that conduct by private actors is not a state action, and plaintiff has the burden to establish that the private individual is a state actor. *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011).

There are four separate tests used to determine whether an independent person is acting under color of state law: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus. *Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir. 2003). It is Plaintiff's burden to show how Dr. DeNigris, as a private physician, fits into one of these tests, but at bottom, the inquiry is whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law. *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 748 (9th Cir. 2020).

Here, Dr. DeNigris did not exercise power that was made possible only because he was clothed with the authority of state law. Dr. DeNigris did not exercise any power in a manner any different than that of an ordinary physician performing a procedure on a non-imprisoned patient, as evidenced by the fact that he obtained both verbal and written consent before performing the procedure. (ECF No. 173 at 737-738.) In other words, Decedent had the ability to refuse the procedure, just like any other patient.

*West v. Atkins* is not analogous to this case because the physician in *West* was directly contracted with the state to provide medical services, and the Court noted that the *West* physician was obliged to treat prisoners. *West v. Atkins,* 487 U.S. 42 (1988). Dr. DeNigris was not directly contracted with the state and was under no obligation to treat prisoners. Dr. DeNigris is a specialist who only provides services when necessary and requested. Plaintiffs have not met their burden to demonstrate that Dr. DeNigris was acting under color of state law when he performed decedent's endoscopy.

### B. Plaintiffs Failed To State A Claim For Deliberate Indifference To Serious Medical Needs Against Dr. DeNigris

A claim for deliberate indifference must plead facts showing that the course of treatment the doctor chose was medically unacceptable under the circumstances and that the doctor chose this course in conscious disregard of an excessive risk to their patient's health. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiffs do not demonstrate in their Fourth Amended Complaint or their Opposition that Dr. DeNigris' treatment of decedent in performing the endoscopy was medically unacceptable. They merely plead facts stating that the endoscopy Dr. DeNigris performed was not medically indicated. (ECF No. 173 at 756.)

Even if one concedes for the purpose of this argument that the procedure was not medically indicated, by its plain language, the performance of a procedure that is not medically indicated is not equivalent to the performance of a procedure that is medically unacceptable.

In addition to pleading that a doctor's treatment was medically unacceptable, a claim for deliberate indifference to serious medical needs must also show that the doctor knew of and disregarded an excessive risk to the inmate's health. *Id*; see also *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiffs' factual allegations regarding risks to decedent's health are conclusory and only recite the standard risks associated with an endoscopy, which was noted on the signed consent form to be an extremely safe and effective means of examining the gastrointestinal tract. (ECF No. 173 at 739, 761.) Plaintiffs do not allege and have failed to show that the endoscopy presented an excessive risk to decedent's health.

The factual allegations set forth in Plaintiffs' Fourth Amended Complaint are not sufficient to demonstrate that a routine screening endoscopy on a patient with hepatitis C was medically unacceptable.

Plaintiffs cite numerous sources regarding the indications for an endoscopy. (ECF No. 173 at

747-756.) However authoritative Plaintiffs' sources may appear, the standard of care applicable to physicians can only be proved by expert testimony. *Lattimore v. Dickey*, 231 Cal.App.4th 959, 968 (2015). A doctor's failure to possess or exercise the requisite learning or skill in a particular case at the time of the treatment in question is a question for experts and can be established only by their testimony, which is conclusive as to medical matters. *Carmichael v. Reitz*, 17 Cal.App.3d 958, 976 (1971). Plaintiffs reference to Dr. DeNigris' performance of an endoscopy, which is a specialized medical procedure, is not within the common knowledge of laymen, and any of Plaintiffs' assertions based on their sources cannot be established in this case without the requisite foundation laid and expert testimony.

Plaintiffs have not pled facts sufficient to meet either of the two required prongs to state a claim that Dr. DeNigris was deliberately indifferent to decedent's serious medical needs. Defendant requests the Court grant Dr. DeNigris' motion to dismiss Plaintiffs' cause of action for deliberate indifference, without leave to amend.

### C. Plaintiffs Have Failed To State A Claim Against Dr. DeNigris For Substantive Due Process – Loss Of Parent/Child Relationship

Plaintiffs' claim for loss of parent/child relationship in violation of their Fourteenth Amendment due process rights is dependent on a showing of deliberate indifference, which, as explained in the preceding section, Plaintiffs failed to show.

Official conduct that shocks the conscience in depriving family members of a liberty interest in the companionship and society of a family member is cognizable as a violation of due process. *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). A showing of deliberate indifference to a prisoner's serious medical needs may rise to the conscience-shocking level that is required for a substantive due process violation. *Lemire v. California Dept. of Corrections and Rehabilitation*, 726 F.3d 1062, 1075 (9th Cir. 2013). Conduct that is deliberately indifferent can

rise to the conscience-shocking level if the official had time to deliberate before acting or failing to act in a deliberately indifferent manner. *Id.*

Dr. DeNigris performed decedent's endoscopy after it was requested, approved, and consented to by decedent. (ECF No. 173 at 686, 694, 733, 738.) As set forth above, Plaintiffs have not shown how the endoscopy was medically unacceptable or presented an excessive risk to decedent, and they have not alleged any facts regarding Dr. DeNigris' performance of the endoscopy that shock the conscience.

Per the Complaint, Decedent's death was caused by a methamphetamine overdose on January 21, 2019. (ECF No. 173 at 3, 356, 560.) Plaintiffs' assertion that the endoscopy contributed to decedent's death, when it was performed more than eight months before he died from an overdose of methamphetamine, is not plausible.

Plaintiffs did not plead facts sufficient to demonstrate that Dr. DeNigris acted with deliberate indifference to decedent's medical needs, and that such actions shocked the conscience. Nor have they shown a plausible causal relationship between Dr. DeNigris' conduct and their loss of decedent's companionship. Plaintiffs' cause of action for loss of parent/child relationship against Dr. DeNigris should be dismissed without leave to amend.

**D. Plaintiffs Failed To State A Cause Of Action Against Dr. DeNigris For Coercion**

To bring a claim for coercion against a defendant in violation of California Civil Code § 52.1, known as "the Bane Act," a plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference was by threats, intimidation, or coercion. *Estate of Osuna v. County of Stanislaus*, 392 F.Supp.3d 1162 (E.D. Cal. 2019).

Plaintiffs have not alleged facts that show Dr. DeNigris intentionally interfered with any of decedent's state or federal constitutional or legal rights. Plaintiffs have not shown that Dr.

DeNigris in any way threatened, intimidated, or coerced decedent into undergoing the endoscopy. The endoscopy was planned and consented to by decedent before he ever met Dr. DeNigris. (ECF No. 173 at 715, 717, 723, 733.) Dr. DeNigris then confirmed informed consent with the decedent prior to the procedure, and decedent signed a written consent form. (ECF No. 173 at 738, 739.)

Plaintiffs cite numerous cases, such as *Cornell v. City & County of San Francisco*, 17 Cal.App.5th 766 (2017), to argue that specific allegations of threats, intimidation, or coercion are unnecessary to plead a Bane Act violation where the factual allegations state a valid cause of action for violation or deprivation of a constitutional right. However, *Cornell* and most of the cases cited by Plaintiffs concern allegations of deprivation of Fourth Amendment rights pertaining to the alleged use of excessive force, unlawful arrest, or seizure. Allegations of the use of excessive force or unlawful arrest are not at issue in this case and are not analogous to Plaintiffs' allegations of coercion.

Plaintiffs also argue that pleading a cause of action for deliberate indifference is sufficient to support pleading a Bane Act violation. Plaintiffs cite *Flores v. County of Fresno*, WL 4339825 (E.D. Cal. 2020) to argue they need only allege that defendant knowingly deprived decedent of a constitutional right or protection through acts that are inherently coercive and threatening. Plaintiffs did not sufficiently plead a cause of action against Dr. DeNigris for deliberate indifference, and they have not alleged facts that would support anything beyond a conceivable cause of action for negligence. Additionally, Plaintiffs have not alleged, as required by the holding in *Flores*, that Dr. DeNigris knowingly deprived decedent of a constitutional right or protection through acts that were inherently coercive and threatening.

Plaintiffs do not allege that Dr. DeNigris interfered with or tried to prevent decedent from doing something he had the right to do, nor do they allege facts sufficient to show that Dr. DeNigris forced plaintiff to do something that he was not required to do. The allegation that Dr. DeNigris

withheld information is not sufficient on its face to show that Dr. DeNigris interfered with any of decedent's rights by threats, intimidation, or coercion. In the absence of any factual allegations that Dr. DeNigris intimidated or threatened decedent into undergoing the endoscopy, especially considering that the allegations acknowledge Dr. DeNigris only briefly met decedent on one occasion, Plaintiffs' stated cause of action for coercion does not cross the threshold from conceivable to plausible. Because Plaintiffs have not shown that Dr. DeNigris threatened, intimidated, or coerced decedent into the endoscopy, their cause of action for coercion against Dr. DeNigris should be dismissed without leave to amend.

### E. Plaintiffs Have Not Stated A Plausible Cause Of Action For Medical Assault And Battery Against Dr. DeNigris

*i. The Factual Allegations Do Not Support An Assault Claim*

Civil assault is a demonstration of unlawful intent to inflict immediate injury on another person then present that causes that person fear of personal injury. *Lowry v. Standard Oil Co. of Cal.*, 63 Cal.App.2d 1, 6-7 (1944). Plaintiffs have not demonstrated that Dr. DeNigris intended to inflict immediate injury on decedent, nor have they demonstrated that decedent was in fear of immediate injury by Dr. DeNigris.

Plaintiffs note that the endoscopy has "an obvious effect of causing pain," and that it carries many risks, including death. (ECF No. 173 at 891.) The only place in Plaintiffs' complaint where Defendant can identify a reference to the prospect of an injury to decedent is when they quote the informed consent form decedent signed before the endoscopy, which noted a possible complication of the endoscopy was an injury to the gastrointestinal tract. (ECF No. 173 at 739.)

Plaintiffs' Fourth Amended Complaint alleges that decedent was put in fear for his personal safety from the risks and pain of the endoscopy, and that he had a greater fear of the risk of bleeding to his throat if he refused the endoscopy. (ECF No. 173 at 761, 763, 883.) These allegations are conclusory, speculative, and do not reflect how a reasonable person would react to the prospect of

an endoscopy. There are no sufficient, plausible allegations that show Decedent was placed in immediate fear of pain being inflicted upon him by Dr. DeNigris, or that Dr. DeNigris was going tot inflict an immediate bodily injury. Thus, Plaintiffs have not sufficiently plead a cause of action for assault against Dr. DeNigris, and this cause of action should be dismissed without Plaintiffs being provided yet another opportunity to amend their complaint.

        ii.        *<u>The Factual Allegations Do Not Support A Claim For Medical Battery</u>*

A battery, as defined in California, is any intentional, unlawful and harmful contact by one person with the person of another. *Daley v. Regents of University of California*, 39 Cal.App.5th 595, 602 (Ct. App. 2019). A medical battery occurs when a doctor performs an operation to which the patient has not consented. *Cobbs v. Grant*, 8 Cal.3d 229, 240 (1972).

Decedent signed an informed consent form for the endoscopy that explained the procedure, risks, complications, and alternatives. (ECF No. 173 at 737-739.)

Plaintiffs allege that decedent's consent to the endoscopy was based on fraud and thus invalid. (ECF No. 173 at 887.) Plaintiffs also allege that decedent would not have consented to the endoscopy to screen for esophageal varices if he knew he did not have a medical illness that could cause esophageal varices. (ECF No. 173 at 759, 887.)

To support their allegations of medical battery, Plaintiffs cite case law from *Rains v. Superior Court*, which held that "a physician's intentional misrepresentation that an otherwise offensive touching is medically necessary vitiates the consent given in ignorance of the true nontherapeutic character of the touching." *Rains v. Superior Court*, 150 Cal.App.3d 933, 940 (9th Cir. 1984). The touching at issue in *Rains* involved defendant psychiatrists obtaining plaintiffs' consent to physical violence and physical abuse upon their persons due to the psychiatrists' having coercively persuaded the plaintiffs that such physical abuse was necessary to cure them. *Id* at 936. In *Rains*, the defendant psychiatrists obtained consent from plaintiffs for violent programs that

lasted at least six months to one year. *Id* at 936-937. The defendants' purpose for obtaining plaintiffs' consent to and participation in these programs were for personal and financial advantages. *Id*. The *Rains* court noted that physicians should not enjoy immunity to liability from battery claims where they intentionally deceive patients into submitting to otherwise offensive touching to achieve a nontherapeutic purpose known only to the physician. *Id* at 941. "If a physician, for the sole secret purpose of generating a fee, intentionally misrepresented to a patient that an unneeded operation was necessary, it is beyond question that the consent so obtained would be legally ineffective." *Id.*

Physical and violent abuse on a person's body is an offensive touching. It is not clear from Plaintiffs' allegations in this case how the performance of an endoscopy would be an "otherwise offensive touching." Plaintiffs' allegations note that decedent was informed of and agreed to the endoscopy as early as February 12, 2018, and on several occasions thereafter. (ECF No. 173 at 686, 693-694, 696, 715-717.) Dr. DeNigris did not become involved in "persuading" decedent or obtaining his consent until May 4, 2018. (ECF No. 173 at 723, 737-739). The only reasonable inference is that Dr. DeNigris played a small, if any, role in decedent's decision to consent to the endoscopy.

Plaintiffs note that Dr. DeNigris was an independent contractor who was paid by the day, and also claim Dr. DeNigris had financial motivation to commit fraud by performing a medical procedure in the absence of a medical indication, overbilling, and "upcoding". (ECF No. 173 at 778-783, 785.) Conversely, Plaintiffs plainly acknowledge that Dr. DeNigris would have received the same payment or financial gain regardless of whether he performed the endoscopy on decedent, and have not demonstrated that Dr. DeNigris made any misrepresentations to decedent that constitute a fraudulent obtainment of his consent. Plaintiffs allegations of billing fraud are wild speculation and a desperate attempt to sully Dr. DeNigris' reputation, but do not in any way relate

to the consent obtained for the procedure. These billing fraud allegations are conclusory, inaccurate, and irrelevant for showing a medical battery cause of action, or any of the other causes of action pled against Dr. DeNigris.

### F. Conclusion

Wherefore, and for all the reasons stated in Defendant's Motion to Partially Dismiss Plaintiffs' Fourth Amended Complaint, Defendant's respectfully requests that this court dismiss the causes of action for deliberate indifference, substantive due process – loss of parent/child relationship, coercion, medical assault and battery.

Defendant further requests that these causes of action be dismissed without leave to amend in light of the fact Plaintiffs have now had several opportunities to amend their complaint to adequately plead each cause of action, and any further amendments would cause unreasonable delay.

Dated: February 23, 2022

**LOW McKINLEY & SALENKO, LLP**

By_____
    SPENCER B. PAVELCHIK

Case Name:   Schmitz v. DeNigris
Case No.:    2:20-cv-195-JAM-CKD

# PROOF OF SERVICE
(CCP 1013; CRC 3.1300, 10.503)

I, Artis Redding, declare:

I am over the age of eighteen years and not a party to the within cause; am employed in the County of Sacramento, California; and my business address is 2150 River Plaza Dr., Ste. 250, Sacramento, CA 95833.

On February 23, 2022, I served the within Defendant Stephen DeNigris, M.D.'s Reply to Plaintiffs' Opposition to Defendant's Motion to Partially Dismiss Plaintiffs' Fourth Amended Complaint, which was produced on recycled paper, on the parties in said cause by:

| XX | **BY ELECTRONIC SERVICE**: Only by e-mailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (Covid-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received with a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the Office at the conclusion of the national emergency. |
|---|---|

Thomas J. Schmitz
404 Atkinson St.
Roseville, CA 95678
tsfoot49@gmail.com
Counsel for Plaintiff Pro Se

Dianne Mallia
404 Atkinson St.
Roseville, CA 95678
deedamallia@gmail.com
Counsel for Plaintiff Pro Se

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 23, 2022, at

1   / / /

2   Sacramento, California.

3                               */s/ Artis Redding*
                               _____
4                                   Artis Redding