UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195-JAM-CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| A. ASMAN, et al., | (ECF No. 196) |
| Defendants. | |

On April 15, 2022, defendants Kevin Kuich and Joe Lizarraga filed what is effectively an ex parte application[1] for the court to order plaintiffs, who are proceeding pro se in this action, to disclose whether any attorney has assisted them in this case. (ECF No. 196.) Defendants argue that some of plaintiffs' filings—particularly their recent motion to strike defendants' answer and affirmative defenses—contain "telltale signs that manifest the participation of a legal professional" which lead defense counsel to suspect that an attorney drafted some or all of the filings on plaintiffs' behalf. (Id. at 2.) Defense counsel wrote to plaintiffs to inquire whether an attorney was assisting plaintiffs without disclosing such assistance to the court, and plaintiffs' response did not answer the question. (Id. at 3-5; ECF No. 196.3 at 6-7.) Defendants now ask the

---

[1] Although defendants' filing includes a Notice of Motion (ECF No. 196.1), the motion was not noticed for hearing, and the filing was docketed rather inexplicably as a Memorandum in Support of plaintiffs' currently pending Motion to Strike defendants' answer and affirmative defenses (ECF No. 182). (See ECF No. 196.)

1

court to order plaintiffs to answer the question, and to admonish plaintiffs and any background attorneys of the prohibitions against attorneys "ghostwriting" the filings of pro se litigants. (ECF No. 196 at 8-9.)

Without in any way countenancing the practice of "ghostwriting," the court declines to issue an order to show cause at this point. See Doe v. City of Newport Beach, No. SA CV15-00608 JAK (KESx), 2016 WL 11757785, at *5 (C.D. Cal. Apr. 20, 2016) ("Ghost writing occurs where a party 'appears pro se, asserts complete ignorance of the law, and then presents a brief which, however insufficient, was manifestly written by someone with some legal knowledge.'" (quoting Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971)).

The court agrees with the overarching concerns and rationales expressed in the authorities defendants cite. Plaintiffs are cautioned that, going forward, "[i]f a brief is prepared in any substantial part by a member of the bar, it must be signed by him [or her]." Ellis, 448 F.2d at 1328. "[A]n attorney's substantial assistance in drafting a pro se plaintiff's filings raises concerns regarding fairness and ethics in the legal profession." Casumpang v. Hawaiian Com. & Sugar Co., No. CIV. 12-00694 ACK-BMK, 2013 WL 6191087, at *7 (D. Haw. Nov. 25, 2013), aff'd, 712 F. App'x 709 (9th Cir. 2018); see ABA Model Rule of Prof. Conduct 8.4(c) (attorneys should not "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation"). However, on this record, the court declines to expend scarce judicial resources investigating whether an attorney substantially assisted in plaintiffs' previous filings.

Accordingly, defendants Kuich and Lizarraga's ex parte application (ECF No. 196) is DENIED. No response from plaintiffs is required. Findings and recommendations on the pending motions to dismiss and motion to strike will issue in due course.

Dated: April 19, 2022

_CAROLYN K. DELANEY_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.schm.0195