UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ADAM ASMAN, et al., <br><br> Defendants. | No. 2:20-cv-00195-DAD-CKD PS <br><br> <u>ORDER</u> AND <br><br> <u>FINDINGS AND RECOMMENDATIONS</u> <br><br> (ECF Nos. 226, 227, 242, 246) |

Four motions filed by individual defendant Stephen DeNigris, Ph.D., are before the court. For the reasons set forth below, the undersigned grants defendant's motion to serve additional discovery (ECF No. 242) and vacates the hearing set for March 1, 2023. The parties' joint statement on Dr. DeNigris' further discovery motion (ECF No. 246) is due no later than March 1, 2023.

The undersigned will recommend that defendant's motion for judgment on the pleadings as to punitive damages (ECF No. 227) be denied. The undersigned will deny the motion for protective order pertaining to defendant's personal financial information (ECF No. 226) without prejudice to renewal in compliance with Local Rule 251.

**I.     Background**

This action arises from the January 2019 death of William Schmitz ("William"), during his incarceration at Mule Creek State Prison ("MCSP"), under the authority of the California

1

Department of Corrections and Rehabilitation ("CDCR"). Plaintiffs[1] Thomas Schmitz and Dianne Mallia, William's father and mother, bring this action individually and as successors in interest to William's estate.

William died in his prison cell of a methamphetamine overdose after ingesting large quantities of the substance, allegedly as a result of his psychosis and generally poor mental health. Pertinent to these motions, plaintiffs allege MCSP doctors had misdiagnosed William with cirrhosis / end stage liver disease, after which plaintiff underwent an unnecessary endoscopy ("EGD") performed by defendant, Dr. DeNigris, a private contracting physician. Plaintiffs allege the unnecessary EGD caused William pain and worsened his mental state.

Plaintiffs filed the operative complaint, the Fourth Amended Complaint ("4AC"), on December 17, 2021. (ECF No. 173.) Plaintiffs proceed with the following claims against Dr. DeNigris:

- Deliberate Indifference to Serious Medical Needs, Health and Safety (42 U.S.C. § 1983) [First Cause of Action]
- Substantive Due Process – Loss of Parent/Child Relationship (42 U.S.C. § 1983) [Fourth Cause of Action]
- State Law Wrongful Death [Sixth Cause of Action]
- State Law Negligence [Seventh Cause of Action]
- State Law Bane Act Claim [Eighth Cause of Action]
- Medical Battery [Ninth Cause of Action][2]

Plaintiffs proceed on claims for punitive damages in the claims brought under 42 U.S.C. § 1983—the First and Fourth Causes of action. (See ECF No. 201 at 3.)

////

////

---

[1] Plaintiffs proceed pro se, and this action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).

[2] Plaintiffs' Tenth Cause of Action in the 4AC was dismissed with prejudice on July 26, 2022. (ECF No. 201.)

2

**II.     Motion for Judgment on the Pleadings (ECF No. 227)**

**A. Procedural Background**

On November 15, 2022, Dr. DeNigris moved for judgment on the pleadings as to plaintiffs' prayer for punitive damages. (ECF No. 227.) This motion is fully briefed with plaintiffs' opposition (ECF Nos. 234) and defendant's reply (ECF No. 236.). This motion was taken under submission pursuant to Local Rule 230(g). (ECF No. 239.)

**B. Applicable Legal Standards**

A motion for judgment on the pleadings under Rule 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Fajardo v. Cty. of L.A., 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and ... 'the same standard of review' applies to motions brought under either rule." Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, a motion for judgment on the pleadings should not be granted if the complaint is based on a cognizable legal theory and contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The court limits its review to the content of the pleadings and matters properly subject to judicial notice. See Intri-Plex Tech., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007).

**C. Discussion**

Dr. DeNigris argues the 4AC lacks a plausible basis for an award of punitive damages. (ECF No. 227-1 at 5.) Taken as a whole, defendant argues, the 4AC contradicts plaintiffs' claim that Dr. Nigiris intentionally performed an unwarranted procedure. (ECF No. 236 at 5-6.)

In conjunction with a claim under 42 U.S.C. § 1983, punitive damages may be awarded when a defendant's conduct "was driven by evil motive or intent, or when it involved reckless or callous indifference to the constitutional rights of others." Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005). "The standard… mirrors the standard for punitive damages under common law tort cases," which extends to "malicious, wanton, or oppressive acts or omissions." Id. Conduct is

3

oppressive "if done in a manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity as by misuse or abuse of authority or power, or by taking advantage of some weakness or disability or the misfortunes of another person." Id. at 809.

Dr. DeNigris notes that the 4AC pleads (1) the cirrhosis diagnosis was erroneously added to plaintiff's medical records and had not been corrected, resulting in medical records that were inaccurate or inconsistent; and (2) plaintiffs admit that if William had actually had cirrhosis, then it would have been appropriate to do the EGD.

In resolving this motion, the court accepts as true all non-conclusory alleged facts and does not weigh those facts or determine the most probable outcome. The 4AC fairly pleads that Dr. DeNigris learned from the medical records that performing the EGD was medically unacceptable under the circumstances, and nevertheless proceeded with the procedure. (4AC ¶¶ 731-32, 743.) The 4AC pleads sufficient factual matter, accepted as true, to state a claim to relief for punitive damages that is plausible on its face. Based on the pleadings, the undersigned does not conclude as a matter of law that defendant acted without the requisite mental state to support punitive damages. See Dang, 422 F.3d at 809.

### III. Motion for Protective Order (ECF No. 226)

#### A. Procedural Background

On November 15, 2022, Dr. DeNigris moved for a protective order pertaining to discovery of his personal financial records, as relevant to the claims for punitive damages. (ECF No. 226.) This motion is fully briefed with plaintiffs' opposition (ECF Nos. 233) and defendant's reply (ECF No. 237). This motion was taken under submission pursuant to Local Rule 230(g). (ECF No. 239.)

#### B. Applicable Legal Standards

Federal Rule of Civil Procedure 26 provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court [….] *The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action*.

Fed. R. Civ. P. 26(c)(1) (emphasis added).

### C. Discussion

Through this motion for a protective order, Dr. DeNigris challenges plaintiffs' Request for Production of Documents, Set Two, as unjustifiably invasive, burdensome, irrelevant, excessive, harassing, and violative of defendant's right to privacy. Dr. DeNigris argues that there is no reason for disclosure of his personal financial records dating back to 2017. Defendant asks the court to defer production of the information until after a finding of liability or, in the alternative, until after dispositive motions are resolved. If the court denies these requests, defendant asks the court to "limit the scope of the requested discovery and issue a protective order…" (ECF No. 226-2 at 2.)

Defendant argues that plaintiffs have failed to allege specific facts (not conclusory statements) sufficient to support a claim for punitive damages, and thus that defendant is not required to disclose information concerning his financial condition. (ECF No. 226-2 at 5.) As set forth above, though, plaintiffs alleged that Dr. DeNigris learned from the medical records that performing the EGD was medically unacceptable and still proceeded with the procedure. (4AC ¶¶ 731-32, 743.)

Defendant asks the court to join "a growing trend among district courts to stay the production of financial information pending the result of summary judgment motions." (ECF No. 226-2 at 8.) Defendant does not, however, cite a case with such a result. Contrary to defendant's argument, plaintiffs have alleged adequate facts in the 4AC to support a claim for punitive damages. Defendant fails to show that production of financial information should be stayed. While claiming there is a growing trend among district courts to stay production of financial information pending resolution of dispositive motions, defendant does not cite a case with that result.

In E.E.O.C. v. California Psychiatric Transitions, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009), cited by defendant, the district court noted the majority of federal courts allow discovery of information relating to a defendant's financial condition in advance of trial without making a prima facie showing of entitlement to punitive damages. "The countervailing approach is that

5

1 plaintiff must first allege specific facts sufficient to support a claim for punitive damages." Id. As
2 set forth, the countervailing approach is satisfied here.

3 Dr. DeNigris fails to cite any persuasive authority for deferring production of the
4 information until after a finding of liability or after dispositive motions are resolved. Other district
5 courts have declined to stay production pending resolution of dispositive motions, particularly
6 where, as here, no dispositive motion is pending. See L.S. v. Oliver, No. 19-cv-746-JLS-LL, 2019
7 WL 4849174, at *3 (S.D. Cal. Oct. 1, 2019); Toranto v. Jaffurs, No. 16-cv-1709-JAH (NLS),
8 2018 WL 6062516, at *4 (S.D. Cal. Nov. 20, 2018).

9 Dr. DeNigris next asks the court to limit the scope of discovery on punitive damages.
10 Defendant argues that requests for financial records dating back to 2017 are overbroad in scope,
11 and that the types of documents requested are excessive. Defendant states plaintiffs can obtain a
12 picture of defendant's financial condition without all the requested information. (ECF No. 226-2
13 at 9-10.)

14 "Courts have typically held two years' worth of financial information to be sufficient."
15 L.S., 2019 WL 4849174, at *4. The undersigned is inclined to find that requests for records dating
16 back to 2017 are overbroad where other district courts hold that two years of information is
17 sufficient.

18 However, Dr. DeNigris has not complied with Local Rule 141(c), which states "[a]ll
19 stipulations and motions seeking the entry of a protective order shall be accompanied by a
20 proposed form of order." Defendant's motion for a protective order also fails to certify that
21 defendant in good faith attempted to confer with plaintiffs in an effort to resolve the dispute
22 without court action, as required by Fed. R. Civ. P. 26(c)(1). In fact, at the time of filing the
23 motion, Dr. DeNigris represented that plaintiffs did not oppose a protective order "for
24 Defendant's financial documents and restriction to dates and documents." (ECF No. 226-5 at 3.)

25 The parties are hereby ordered to meet and confer on an appropriate stipulated protective
26 order. To the extent the parties agree on the details of the protective order, Dr. DeNigris shall
27 "submit a proposed stipulated protective order signed by all parties and the person possessing the
28 information in accordance with L.R. 143." Local Rule 141.1(b)(1). To the extent the parties

cannot agree on the terms of the protective order, the court will entertain a renewed motion for a protective order that complies with Local Rule 141(c).

## IV. Motion for Leave to Serve Additional Discovery (ECF No. 242)

On January 25, 2023, Dr. DeNigris filed a motion for leave to serve additional discovery on plaintiffs. (ECF No. 242.) Plaintiffs did not file a timely opposition to the motion, which the court construes as a non-opposition to the motion. Finding oral argument to be unnecessary, the court takes this matter under submission pursuant to Local Rule 230(g).

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1).

Dr. DeNigris requests permission to serve 35 additional special interrogatories on plaintiffs for the purpose of better understanding plaintiffs' claims against defendant. (ECF No. 242-1 at 3-5.) The March 1, 2023, hearing on this motion is vacated and the unopposed motion is granted.

## V. Further Discovery Motion (ECF No. 246)

On January 30, 2023, Dr. DeNigris filed a motion for an order to determine the sufficiency of plaintiff's responses to Set One of defendant's Request for Admissions. In the alternative, in this motion, defendant moves to compel further responses to Set One of defendant's Request for Admissions. (ECF No. 246.)

With written objections, plaintiffs have opposed this motion in writing. Plaintiffs object to this motion as procedurally improper for failure to comply with Local Rule 251. (ECF No. 251.)

This motion contains no indication as to whether counsel attempted to confer with plaintiffs regarding the argued inadequacy of plaintiffs' responses. Defendant's motion, while properly noticed for hearing, does not reflect the procedures set forth in Local Rule 251. Instead of the adversarial briefing typical for non-discovery matters, discovery motions in this court generally are heard based on a Joint Statement re Discovery Disagreement. See L.R. 251(b) & (c). Accordingly, plaintiffs' brief and attachments will be disregarded.

The parties' joint statement regarding the motion to compel is due no later than March 1, 2023. See L.R. 251(a) & (c). The parties are expected to make a good faith effort to meet and confer, and to cooperate in the preparation of the Joint Statement. See L.R. 251(b) & (c). If cooperation cannot be obtained, defendant is directed to the procedure outlined in Local Rule 251(d).

**ORDERS**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The parties shall meet and confer on an appropriate stipulated protective order regarding defendant's personal financial information.
2. Dr. DeNigris' motion for a protective order (ECF No. 226) is denied without prejudice to renewal in compliance with Local Rule 251.
3. The March 1, 2023, hearing on defendant's motion to serve additional discovery is VACATED and the motion to serve additional discovery (ECF No. 242) is GRANTED; Dr. DeNigris may serve an additional 35 special interrogatories on plaintiffs.
4. The parties' joint statement on Dr. DeNigris' further discovery motion (ECF No. 246) is due no later than March 1, 2023.

**RECOMMENDATION**

In addition, it is HEREBY RECOMMENDED that Dr. DeNigris' motion for judgment on the pleadings as to punitive damages (ECF No. 227) be denied.

These findings and the above recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

////

8

waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 16, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.schmitz20cv195.drd