UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS SCHMITZ, et al.,

Plaintiffs,

v.

ADAM ASMAN, et al.,

Defendants.

No. 2:20-cv-00195-DAD-CKD PS

ORDER

(ECF No. 238)

Plaintiffs[1] have moved to strike the answer filed by defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborough, Ceballos, Diaz, Gibson, Heatley, J. Johnson, R. Johnson, Kernan, Leidner, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Wainie. The court previously took the motion under submission pursuant to Local Rule 230(g). For the reasons set forth below, the undersigned will grant in part and deny in part the motion.

**I. Background**

This action arises from the January 2019 death of William Schmitz ("William"), during his incarceration at Mule Creek State Prison ("MCSP"), under the authority of the California

[1] Plaintiffs proceed pro se, and this action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).

Department of Corrections and Rehabilitation ("CDCR"). William died in his prison cell of a methamphetamine overdose after ingesting large quantities of the substance, allegedly as a result of his psychosis and poor mental health. Plaintiffs Thomas Schmitz and Dianne Mallia, William's father and mother, bring this action individually and as successors in interest to William's estate.

Plaintiffs filed the operative complaint ("4AC") on December 17, 2021. (ECF No. 173.) The 4AC spans 133 pages comprising 892 paragraphs, with an additional 705 pages of attached exhibits. (See id.) These defendants filed their 510-page answer on December 22, 2022. (ECF No. 232.) On January 3, 2023, plaintiffs moved to strike portions of the answer. (ECF No. 238.) These answering defendants opposed the motion and plaintiffs filed a reply. (ECF No. 241, 245.).

## II. Applicable Legal Standards for a Motion to Strike

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

The Ninth Circuit has made clear that Rule 12(f) is not to be used "as a means to dismiss some or all of a pleading[.]" Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010). District courts in this circuit have held a portion of a pleading should not be stricken "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); see also Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005). Courts often require a moving party for a Rule 12(f) motion to make a showing of prejudice. Greene v. Solano Cty. Jail, No. CIV-S-04-0917-WBS-DAD-P, 2004 WL 7334559, at *1 (E.D. Cal. Nov. 15, 2004).

A motion to strike material from a pleading is "heavily disfavored." Edwards v. Juan Martinez, Inc., 506 F. Supp. 3d 1061, 1077 (D. Nev. 2020); see also Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) ("[m]otions to strike… are viewed with disfavor and are infrequently granted"). The movant's burden has been described as a "substantial" burden, e.g., Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019), a "demanding"

burden, e.g., Home Quest Mortg., LLC v. Am. Family Mut. Ins. Co., 393 F. Supp. 2d 1096, 1099 (D. Kan. 2005), a "heavy" burden, e.g., Sierra Club v. Young Life Campaign, Inc., 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001), a "sizable" burden, e.g., Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W.V. 1993), and a "formidable" burden, e.g., Smith v. Wash. Post Co., 962 F. Supp. 2d 79, 84 (D.D.C. 2013).

In "short and plain terms," an answer must admit or deny each of the material allegations raised in the complaint. Fed R. Civ. P. 8(b)(1). Denials must "fairly respond to the substance of the allegation." Fed R. Civ. P. 8(b)(2). Parties are also permitted to plead lack of sufficient knowledge or information, which is treated as a denial of the allegation addressed. Fed. R. Civ. P. 8(b)(5).

## III. Discussion

### A. Claimed Vague Responses

As to paragraphs 113, 118, 127, 131, 251, 252, 373 and 426, plaintiffs assert defendants' answer gives vague responses regarding the scope of defendants' knowledge of matters described by plaintiffs pertaining to the Coleman case[2] or the Gibson Dunn[3] report. (ECF No. 238 at 6.) Plaintiffs argue defendants failed to answer specifically what in each paragraph they are denying. Plaintiffs also argue defendants fail to indicate whether they are making their denials generally or based on lack of knowledge.

As to these paragraphs, defendants admitted they were "generally aware" of the Coleman case and its findings, or the Gibson Dunn report, or some aspect of either, and denied the remaining allegations in each paragraph. Plaintiffs take issue with either defendants' lack of specificity or lack of conformity to the particular language used by plaintiffs, but Rule 8(b)(4)

---

[2] The ongoing "Coleman" litigation has carried the names of various California governors over the years and stems from a 1995 decision finding Eighth Amendment deliberate indifference violations due to the CDCR being "significantly and chronically understaffed in the area of mental health care services." Coleman v. Wilson, 912 F. Supp. 1282, 1307 (E.D. Cal. 1995).

[3] As pleaded in the 4AC, the Gibson Dunn report is a report commissioned to review the claims of the Golding report, which was a report by Dr. Golding, CDCR's Chief Psychiatrist. (ECF No. 173 at ¶¶ 5, 6, 133.)

permits a party that intends in good faith to deny only part of an allegation to "admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). Where the response fairly meets the substance of the averment being denied, lack of specificity is not a basis for striking. See Albert's Organics, Inc. v. Holzman, No. 19-CV-07477-PJH, 2020 WL 3892861, at *3 (N.D. Cal. July 10, 2020). The court finds the challenged responses fairly meet the substance of the allegations, if not in the manner plaintiffs would prefer. Absent a finding of bad faith, factual material in a pleading must be tested through the normal mechanisms for adjudicating the merits. PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 859 n.3 (9th Cir. 2007).

The court also declines to strike based on defendants' use of general denials, plus alternative or additional denials based on claimed lack of information to admit or deny. See Albert's Organics, Inc., 2020 WL 3892861, at *3 (noting "discovery… will clarify the denial"). Statements in the alternative are permissible in pleadings. See Fed. R. Civ. P. 8(d)(2). Pleading lack of knowledge "has the effect of a denial." See Fed. R. Civ. P. 8(b)(5). Plaintiffs fail to meet their heavy burden to strike the challenged portions of these responses.

**B. Objections in the Answer**

As to paragraphs 5-7, 13, 103, 116, 133, 146-48, 157, 163, 164, 200, 204, 209, 237-39, 243, 245, footnote 10, 262, 355, 387, 430, 495, 561, 599, 813, 832 and 838, plaintiffs argue defendants improperly based their denials on objections, which should be stricken. Defendants argue in response that their objections are permissible because they have provided an admission or denial for each allegation, in addition to any objections. (ECF No. 241 at 12.) Defendants argue their stated objections are permissible as additional argument. In reply, plaintiffs argue the objections should be stricken as immaterial. (ECF No. 245 at 4.)

A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being plead." Whittlestone, 618 F.3d at 974 (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993). The court does not find the content of the objections could have no possible bearing on the subject matter of the litigation. Plaintiffs do not meet their heavy burden to strike the objections. See Albert's Organics, Inc., 2020 WL 3892861, at *2 (declining to strike "argumentative or editorializing content" in responsive plea).

**C. Multiple Denials to Individual Allegations**

Plaintiffs assert the answering defendants improperly deny dozens of allegations based on "lack sufficient information" and then, further in alternative, generally deny the allegations of the paragraph. (ECF No. 238 at 8.) Plaintiffs again argue they have a right to know if the defendants are making a denial due to lack of sufficient information or not. As set forth above, though, pleading lack of knowledge has the effect of a denial, and statements in the alternative are permissible. Plaintiffs fail to meet their heavy burden to strike responses due to multiple or alternative denials.

**D. Allegations Describing or Quoting Attachments**

The 4AC contains numerous allegations that describe or quote other court proceedings or external investigations or reports regarding mental health care in the CDCR. As plaintiffs note, in ruling on another motion to strike filed in this case, the court declined to strike portions of an answer to force defendants to admit or deny allegations that consist of quotations from other sources. "If and when one of those sources plays a part in the litigation, there can be no dispute that the document 'says what it says.'" (See ECF No. 200 at 36-37.) Plaintiffs renew their argument that defendants should not be allowed to claim lack of knowledge to these allegations, but the court will deny the motion to strike on this asserted ground and will not require amended responses, consistent with the prior order.

**E. Sections I and II of the Answer**

Prior to responding to the individual paragraphs in the 4AC, defendants' answer sets forth Sections I and II, which together comprise about two pages. (See ECF No. 232 at 2-3.) Plaintiffs argue Section I needlessly complicates issues by providing conflicting and directly opposing answers to allegations. (ECF No. 238 at 16.) Plaintiffs also argue Sections I and II are redundant, immaterial, and needlessly complicate the pleadings. (Id. at 16-17.)

Defendants respond that the purpose of Section I is clarify that any specific factual admissions in the answer are not intended to admit liability to the claims asserted by plaintiffs. (ECF No. 241 at 13.) According to defendants, both Sections I and II contain "several general statements as to the manner of pleading of the allegations asserted in the [4AC] and how they

related to defendants' answer or specific allegations…" (Id.) In the court's view, Sections I and II read as an introduction to these defendants' answer. (See ECF No. 232 at 2-3.) Even if portions of Sections I or II are, arguably, unnecessary, the court does not find the matter stated could have no possible bearing on the subject matter of the litigation. Finding no prejudice to plaintiffs, the court declines to strike anything from Sections I and II of the answer. See Albert's Organics, Inc., No. 19-CV-07477-PJH, 2020 WL 3892861, at *2.

**F. Affirmative Defenses**

Defendants' answer pleads 30 affirmative defenses. (ECF No. 232 at 503-08.) Plaintiffs move to strike 27 of them. (ECF No. 238 at 17-24.) Plaintiffs argue many asserted affirmative defenses are not actually affirmative defenses, but rather, attacks on plaintiffs' prima facie case, or mere statements of a doctrine or legal theory without any indication as to how the doctrine may apply in this case.

A defense that points out a defect in a plaintiff's prima facie case, or "merely negates an element" is not an affirmative defense. Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). If an affirmative defense is a negative defense and should instead be included as a denial in the answer, some courts find a motion to strike should be granted. Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc., No. 1:15-CV-01137-MJS-HC, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016) (citing Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010)); see Whittlestone, 618 F.3d at 973-74 (allegations are properly stricken as redundant if they appear elsewhere in a pleading).

Because it is difficult to find prejudice in the mislabeling of a denial as an affirmative defense, however, courts are split on whether it is appropriate to strike affirmative defenses that are in fact denials—or to let them remain, with the knowledge that they are actually denials. Compare G & G Closed Cir. Events LLC v. Almeda, No. CV-18-00672-PHX-ESW, 2018 WL 4539974, at *2 (D. Ariz. Sept. 21, 2018) (agreeing with Wright & Miller and sister district cases that denials improperly pled as affirmative defenses should not be stricken for that reason alone), with Garcia v. Mickey Fine Enterprises, Inc., No. EDCV 21-1056 JGB (SHKx), 2022 WL 2168886, at *2 (C.D. Cal. Jan. 7, 2022) (striking purported affirmative defenses without leave to

amend); Sherwin-Williams, 2016 WL 615335, at *8 (citing collected cases). Consistent with a prior order in this case, and partly in consideration of plaintiffs' pro se status (see ECF No. 200), the court will strike several denials from the list of affirmative defenses. The court will also strike, with leave to amend, several affirmative defenses that are insufficiently pleaded.

**Affirmative defense 1** is a denial, as it asserts the 4AC fails to state facts sufficient to constitute a cause of action against the answering defendants. There is a split of authority over whether failure to state a claim should be stricken when asserted as an affirmative defense. These defendants persuasively argue the defense of "failure to state a claim upon which relief can be granted" is allowed to be raised "in any pleading allowed or ordered under Rule 7(a)." Fed. R. Civ. P. 12(h)(2)(A). See Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp.2d 925, 945 (N.D. Cal. 2012) (noting split of authority and declining to strike because failure to state a claim is a defense expressly allowed by the federal rules). Finding no prejudice to plaintiffs, the court declines to strike this affirmative defense in this instance.

**Affirmative defense 2** is an assertion of contributory negligence, which the Federal Rules expressly recognize as an affirmative defense. See Fed. R. Civ. P. 8(c)(1). **Affirmative defense 3** is an assertion of comparative fault which sets forth essentially the same affirmative defense as contributory negligence. See Snap! Mobile, Inc. v. Croghan, No. 18-CV-04686-LHK, 2019 WL 884177, at *5 fn. 2 (N.D. Cal. Feb. 22, 2019). Although plaintiffs argue these defenses are denials, the court finds they are well-known affirmative defenses of which plaintiffs have been adequately put on notice. The court declines to strike affirmative defenses 2 and 3.

**Affirmative defense 4**, that plaintiffs failed to mitigate their damages, is also an affirmative defense. For this well-known defense, a generalized statement gives fair notice. Mollica v. Cnty. of Sacramento, No. 2:19-CV-02017-KJM-DB, 2021 WL 2853863, at *6 (E.D. Cal. July 8, 2021). Thus, the motion to strike will be denied as to affirmative defense 4.

**Affirmative defense 5** is assumption of risk. Defendants assert specific facts to support this defense in opposition to the motion, but no such facts were pleaded in the answer. The pleading itself does not provide fair notice. See Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046, 1049-50 (N.D. Cal. 2004); Shellabarger v. Dicharry, No. 2:13-CV-00188-TLN, 2014 WL

5797194, at *4-5 (E.D. Cal. Nov. 6, 2014). The court will STRIKE affirmative defense 5 with leave to amend.

**Affirmative defense 6** is the statute of limitations. In most cases, asserting a defense of statute of limitations without any facts or statutory or other authority fails to give fair notice. In an argument previously rejected in this case (see ECF No. 200 at 43-44), defendants cite Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam), in which the Ninth Circuit found a limitations defense adequate where the single applicable statute had been cited in a brief filed in advance of the answer. Here, defendants concede they have not identified the applicable statutes of limitations. Accordingly, the court will STRIKE affirmative defense 6 with leave to amend.

**Affirmative defense 7** sets forth collateral estoppel and res judicata. Courts have found that pleading such defenses without notice of the underlying factual basis fails to provide fair notice. See, e.g., Campbell v. Tanton, No. 2:18-CV-0671-KJM-CKD-P, 2021 WL 675313, at *3 (E.D. Cal. Feb. 22, 2021); Rodriguez v. Brown, No. 1:15-CV-01754-LJO-EPG-PC, 2017 WL 1090161, at *3 (E.D. Cal. Mar. 22, 2017). Defendants' answer merely names these doctrines and does not allege any facts explaining how a defense based upon res judicata or upon collateral estoppel applies. Thus, the court will STRIKE affirmative defense 7 with leave to amend.

**Affirmative defenses 8, 9, and 15** set forth the doctrines of equitable estoppel and/or waiver. **Affirmative defenses 10 & 25** set forth acquiescence and consent, respectively. Defendants cite cases in which parties were permitted to plead these defenses without factual support. In this instance, though, consistent with courts that have required the pleading of facts in order to give fair notice, the court will sustain the motion to strike. See, e.g., Tollefson v. Aurora Fin. Grp., Inc., No. C20-0297JLR, 2021 WL 462689, at *3 (W.D. Wash. Feb. 9, 2021) (consent); Seville Classics, Inc. v. Neatfreak Grp., Inc., No. CV-1606460-SJO-RAO-X, 2017 WL 3473932, at *6 (C.D. Cal. Feb. 14, 2017) (waiver and acquiescence); O'Hanlon v. J.P. Morgan Chase Bank, N.A., No. CV-15-06640-DDP-PJW-X, 2016 WL 777859, at *4 (C.D. Cal. Feb. 25, 2016) (equitable estoppel). The court will STRIKE affirmative defenses 8, 9, 10, 15, and 25 with leave to amend.

////

**Affirmative defenses 11 and 21** set forth the doctrines of unclean hands and in pari delicto, respectively. Defendants argue defenses 11 and 21 are fairly raised by decedent's ingestion of bindles of controlled substances. As pleaded, though, these defenses are fact-barren and do not give fair notice, notwithstanding defendants' attempts to provide post hoc explanation. See Qarbon.com Inc., 315 F.Supp.2d at 1049-50 (unclean hands); J & J Sports Prods., Inc. v. Ramirez Bernal, No. 1:12-CV-01512-AWI, 2014 WL 2042120, at *6 (E.D. Cal. May 16, 2014) (in pari delicto). Thus, the court will STRIKE affirmative defenses 11 and 21 with leave to amend.

**Affirmative defense 12** is a further assertion of contributory negligence, which the court finds duplicative of affirmative defense 2, and therefore redundant. See Brooks v. Tapestry, Inc., No. 2:21-CV-00156-TLN-JDP, 2022 WL 3229779, at *5 (E.D. Cal. Aug. 10, 2022) (striking affirmative defense as duplicative); see also Est. of Sanchez v. Cnty. of Stanislaus, No. 1:18-CV-00977-DAD-BAM, 2019 WL 4201442, at *2 (E.D. Cal. Sept. 5, 2019) (same). The court will STRIKE affirmative defense 12 without leave to amend.

**Affirmative defense 13** alleges the sole and proximate cause of plaintiffs' alleged injury and damages is a result of plaintiffs' or their agents' own failures and misgivings. This is an attack on the prima facie case rather than an affirmative defense. See Joe Hand Promotions, Inc. v. Garcia, No. 1:11-CV-02030-LJO-DLB, 2012 WL 1413940, at *3 (E.D. Cal. Apr. 23, 2012), report and recommendation adopted, 2012 WL 1720244 (E.D. Cal. May 15, 2012). Accordingly, the court will STRIKE affirmative defense 13 without leave to amend.

**Affirmative defense 14** similarly alleges plaintiffs or their agents negligently committed conduct and actions which were the true cause of any alleged damage in excess of the amount of damages sought. As an attack on the prima facie case, see Joe Hand Promotions, Inc., 2012 WL 1413940, at *3, the court will STRIKE affirmative defense 14 without leave to amend.

**Affirmative defense 16**, lack of standing, is fact-barren as pleaded. Moreover, as defendants recognize, standing is an essential element of a plaintiff's claim. Plaintiffs bear the burden of proving their standing. See Washington Envtl. Council v. Bellon, 732 F.3d 1131, 1139 (9th Cir. 2013). Because lack of standing is a jurisdictional defect, the issue is non-waivable and

can be raised at any time. Id. For this reason, the court will STRIKE affirmative defense 16 without leave to amend.

**Affirmative defense 17** denies that plaintiffs suffered any injury and **affirmative defense 18** states plaintiffs' damages are speculative. As attacks on the prima facie case, affirmative defenses 17 and 18 will be STRICKEN without leave to amend.

**Affirmative defense 19** names the doctrine of bad faith, without any further explanation or supporting facts. Defendants argue defense 19 is raised because plaintiffs filed the suit in bad faith. Merely reciting this legal doctrine, without alleging facts supporting its application in the case, fails to provide fair notice of the affirmative defense. See Qarbon.com, 315 F.Supp.2d at 1049. The court will STRIKE affirmative defense 19 with leave to amend.

**Affirmative defense 20**, laches, is fact-barren as pleaded. This does not provide fair notice. See Reiffer v. HGM Holdings LLC, No. 1:18-cv-1058-LJO-BAM, 2019 WL 283706, at *3 (E.D. Cal. Jan. 22, 2019) (laches, stated in conclusory terms without supporting facts, does not give fair notice); Saunders v. Fast Auto Loans, Inc., No. 2:15-cv-2624 WBS CKD, 2016 WL 1627035, at *6 (E.D. Cal. Apr. 25, 2016) (same). The court will STRIKE affirmative defense 20 with leave to amend.

**Affirmative defense 22** pleads that plaintiffs, who proceed pro se, have no entitlement to attorney fees. A lack of entitlement to an award of attorney fees is not an affirmative defense because it does not preclude the liability of any defendant. See Barnes, 718 F. Supp. 2d at 1174. Therefore, affirmative defense 22 will be STRICKEN without leave to amend.

**Affirmative defense 23** is indemnification. Indemnification is not a true affirmative defense. See Fabian v. LeMahieu, No. 4:19-CV-00054-YGR, 2020 WL 3402800, at *6 (N.D. Cal. June 19, 2020); J & J Sports Prods., Inc. v. Vizcarra, No. 11–1151 SC, 2011 WL 4501318, at *3 (N.D. Cal., Sep.27, 2011). The court will STRIKE affirmative defense 23 without leave to amend.

**Affirmative defense 24** pleads that plaintiffs' injuries occurred, resulted, and were caused by the natural course of a disease or condition or were the natural and expected results of reasonable treatment rendered for the disease or condition. In opposition to the motion to strike, defendants cite cases where affirmative defenses were found to give fair notice based, in part, on

the inclusion of specific California statutes. Here, defendants did not identify any specific statutes when pleading this affirmative defense. The court will STRIKE affirmative defense 24 with leave to amend.

**Affirmative defense 27** states the 4AC fails to state a claim for punitive damages. Challenges to damages do not constitute proper affirmative defenses. Campbell, 2021 WL 675313, at *3 (striking such a challenge from the answer). Defendants can contest punitive damages in the ordinary course without pleading it as an affirmative defense. See Rodriguez, 2017 WL 1090161, at *2. Thus, the court will STRIKE affirmative defense 27 without leave to amend.

**Affirmative defense 30** is a statement that defendants may assert additional defenses. Defendants' right to add defenses is preserved through Rule 15 of the Federal Rules of Civil Procedure. Because it is duplicative of rights already preserved by the Federal Rules, a "reservation of affirmative defenses" is not an affirmative defense. Hartford Underwriters Ins. Co. v. Kraus USA, Inc., 313 F.R.D. 572, 578 (N.D. Cal. 2016). Therefore, the court will STRIKE affirmative defense 30 without leave to amend.

## IV. Conclusion and Order

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to strike the answer filed by defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborough, Ceballos, Diaz, Gibson, Heatley, J. Johnson, R. Johnson, Kernan, Leidner, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Wainie (ECF No. 238) is GRANTED IN PART, as follows:
    a. Affirmative defenses 5, 6-11, 15, 19-21, 24 and 25 are stricken with leave to amend.
    b. Affirmative defenses 12-14, 16-18, 22, 23, 27, 30 are stricken without leave to amend.
    c. In all other respects, the motion is denied.

////

2. These defendants shall file any amended answer within thirty (30) days of the date of this order.

Dated: March 16, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.schmitz20cv195.12(f)answ