UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195-DJC-CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | (ECF Nos. 255, 264) |
| Defendants. | |

Plaintiffs Thomas Schmitz and Dianne Mallia[1] brought this civil rights action under 42 U.S.C. § 1983. Pursuant to Federal Rules of Civil Procedure 42(b) and 26(d), defendants move to bifurcate trial and for a partial stay of discovery. Defendants seek to bifurcate trial of issues of liability and compensatory damages from trial of the amount of punitive damages. Defendants also seek to stay discovery related exclusively to punitive damages until after the first phase of trial. (ECF No. 264.) Pursuant to Local Rule 230(g), the court takes the motion under submission on the record and briefs on file. The May 10, 2023, hearing is vacated.

Also before the court is defendant Denigris' renewed motion for a stay, or, in the alternative, for a protective order pertaining to plaintiff's discovery of financial information

---

[1] Because plaintiffs proceed pro se, this matter is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).

1

relevant to punitive damages. (ECF No. 255.) This motion is fully briefed and was previously taken under submission without appearance and argument pursuant to Local Rule 230(g). (ECF Nos. 259, 260, 274.)

For the reasons set forth below, the undersigned grants bifurcation and a partial stay of discovery. Discovery of matters pertaining solely to punitive damages amounts will be stayed pending resolution of dispositive motions. At this early juncture, the undersigned declines to make a recommendation to the trial judge regarding bifurcation of trial.

Within 30 days, the parties shall meet and confer on discovery deadlines. Within 14 days thereafter, the parties shall file a joint status report for the court's entry of a pretrial scheduling order.

**I.     Relevant Background**

This action arises from the January 2019 death of William Schmitz ("William"), during his incarceration at Mule Creek State Prison, under the authority of the California Department of Corrections and Rehabilitation. William died in his prison cell of a methamphetamine overdose after ingesting large quantities of the substance while allegedly suffering from psychosis and poor mental health. Plaintiffs bring this suit individually and as successors in interest to their son's estate.

Plaintiffs filed the operative fourth amended complaint ("4AC") on December 17, 2021, asserting constitutional claims, state law claims, and claims for punitive damages. (ECF No. 173.) Plaintiffs seek punitive damages for alleged violations of Williams' and plaintiffs' rights under the Eighth and Fourteenth Amendments. Defendants have answered the complaint. (ECF Nos. 210, 217, 271.)

Defendant Dr. Denigris previously moved for a protective order pertaining to discovery of his personal financial information. (ECF No. 226.) On February 17, 2023, the court denied the motion without prejudice to renewal. (ECF No. 253.) On March 15, 2023, Dr. Denigris renewed the motion for a protective order. (ECF No. 255.)

On March 27, 2023, defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborogh, Ceballos, Diaz, Gibson, Heatley, J. Johnson, R. Johnson, Kernan, Leidner,

Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Wainie filed the motion to bifurcate trial and to stay discovery, seeking to stay discovery related exclusively to punitive damages amounts until after the first phase of a bifurcated trial. (ECF No. 264.) Defendants Denigris, Kuich, and Lizarraga joined the motion. (ECF Nos. 266, 267.) Plaintiffs opposed the motion and defendants filed a reply. (ECF No. 269, 272.)

**II.     Legal Standards**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying [the] time and place ... for ... discovery." Fed. R. Civ. P. 26(c)(1). The court has broad discretion to dictate the sequence of discovery. Fed. R. Civ. P. 26(d); Crawford-El v. Britton, 523 U.S. 574, 599 (1998) (Rule 26 vests a district court with broad discretion to dictate the sequence of discovery); Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) ("district court has wide discretion in controlling discovery").

A court may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under Rule 42(b), courts have "power to limit discovery to the segregated issues." Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970). "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." Id. The decision whether to bifurcate proceedings is within a court's sound discretion. See Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004).

**III.    Discussion**

Defendants propose bifurcation of trial and discovery with discovery on issues related only to punitive damages amounts to occur after any finding of liability at a trial of this case. (ECF No. 264 at 11-12.) Defendants request an order that only discovery pertinent to the first phase of the trial may proceed at this time. (Id.) Defendants argue such a stay is appropriate because most of the moving defendants are either supervisory officials who never had contact with William, or health care providers who saw him once or twice. (Id. at 8.) Defendants argue

that deferral of discovery relevant only to punitive damages amounts will further judicial economy and efficient use of the parties' resources. (Id. at 12.) Defendants argue that such a stay will protect their financial privacy by avoiding unnecessary disclosure of such information. (Id.) Defendants also argue a protective order would be insufficient, in part, because plaintiffs proceed pro se and therefore it is impossible to have a protective order "for attorneys eyes only." (ECF No. 272 at 7.) Defendants argue a stay is particularly appropriate because of the large number of defendants against whom plaintiffs assert claims. (ECF No. 264 at 11-12.)

Plaintiffs argue that a motion for bifurcation of trial is premature at this time. (ECF No. 268 at 2.) Plaintiffs argue no party will suffer prejudice if the court rules only on the question of staying discovery at this time. (Id. at 2.) Plaintiffs argue the cases cited by defendants do not support bifurcation of trial prior to the completion of discovery. (Id. at 2-3.) Plaintiffs argue staying discovery related to punitive damages pending conclusion of the first phase of trial would not promote an economy of resources and would cause them prejudice because the case could not proceed to an immediate trial on punitive damages if discovery has not already taken place. (Id. at 4-5.) Plaintiffs argue financial discovery should be permitted without delay because most federal courts permit such discovery without requiring a prima facie case on the issue of punitive damages. (Id. at 3-4.)

District courts in this and other circuits routinely allow discovery of information relating to a defendant's financial condition in advance of trial without requiring a special showing. See, e.g., E.E.O.C. v. California Psychiatric Transitions, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009). Nevertheless, a district court has discretion to make an individualized determination under the facts of the case. See Crawford-El, 523 U.S. at 599 (under Rule 26(d), the district court may set the timing and sequence of discovery); Ziemkiewicz v. R±L Carriers, Inc., No. CIV.A. RDB-13-00438, 2013 WL 2299722, at *3 (D. Md. May 24, 2013) (bifurcating discovery with respect to the issues of liability and possible punitive damages with punitive damages discovery to be conducted after the court's ruling on dispositive motions); Bassil v. Webster, No. 2:20-CV-05099-SB-PDX, 2021 WL 1235258, at *2 (C.D. Cal. Jan. 15, 2021) (bifurcating discovery on issues of liability and damages with damages discovery to take place after adjudication of

dispositive motions); Garcia v. City of Imperial, 270 F.R.D. 566, 573 (S.D. Cal. 2010) (delaying disclosure of defendants' personal financial information until plaintiffs made a showing of entitlement to punitive damages), objections sustained in part on another point, No. 08-CV-2357 BTM PCL, 2010 WL 3719081 (S.D. Cal. Sept. 17, 2010).

In support of their request to delay discovery on punitive damages amounts until after the first phase of trial, defendants cite Lallemand v. Cnty. of Los Angeles, No. LA-CV-1700781-JAK-SSX, 2018 WL 6136816 (C.D. Cal. June 12, 2018). In Lallemand, the court balanced the need for the discovery of financial information and the privacy rights of the individual defendants and delayed disclosure until after a fact-finder found a basis to award punitive damages. (Id. at 14.) To prevent prejudice, the district court ordered the individual defendants to "gather the responsive information sufficiently far in advance of the trial so that there would be no delay..." (Id.) The court in Deats v. Cnty. of Orange, No. CV-096322-PSG-PJW-X, 2010 WL 11549563 (C.D. Cal. Nov. 24, 2010) took a similar approach, ordering

> If the jury concludes that punitive damages are appropriate, the Court will order that the Deputy Defendants immediately produce all relevant financial information for Plaintiff to examine, thereby addressing Plaintiff's concern [that defendants would not be promptly provide their financial information].

Id. at *2.

Plaintiffs object to the procedure taken by the courts in Lallemand and Deats, questioning whether defendants would promptly provide the correct information. (ECF No. 269.) Plaintiffs argue they should be afforded time to "review and look for deficiencies." (Id. at 5.)

Although the motion to bifurcate is not prematurely filed, the undersigned declines to make a recommendation to the trial judge regarding bifurcation of the trial at this time, and thus will deny the motion to bifurcate the trial without prejudice to its renewal. The undersigned will grant the motion to bifurcate discovery "for convenience [and] to expedite and economize." Fed. R. Civ. P. 42(b); see also Fed. R. Civ. P. 26(d); Crawford-El, 523 U.S. at 599 ("the district court may set the timing and sequence of discovery"); Moreno v. NBCUniversal Media, LLC, No. CV-13-1038-BRO-VBK-X, 2013 WL 12123988, at *3 (C.D. Cal. Sept. 30, 2013) (bifurcating discovery proceedings pending resolution of summary judgment motion as "conducive to

expedition and economy"). Discovery on punitive damages amounts, if necessary, will be conducted after the court's ruling on dispositive motions.

Bifurcation and a partial stay of discovery in this case will promote judicial economy and conservation of resources even though no motion for summary judgment is currently pending. See Ziemkiewicz, 2013 WL 2299722, at *3. Defendants' moving papers state plaintiffs have served written discovery directed at obtaining private financial information to at least 19 of the original 25 moving defendants. (ECF No. 264 at 9.) Including the defendants who joined the present motion, there are a total of 28 individual moving defendants. "[S]ummary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial[.]" Crawford-El, 523 U.S. at 600. In light of the large number of defendants from whom plaintiffs seek financial information, bifurcation of discovery will promote judicial economy and conservation of resources by preventing potentially unnecessary discovery requests and motions. Such an approach also balances plaintiffs' need for discovery of the financial information and the privacy rights of the individual defendants. See Garcia, 270 F.R.D. at 573.

## IV.    Conclusion and Order

In accordance with the above, IT IS HEREBY ORDERED that:

1. The May 10, 2023, hearing on defendants' motion to bifurcate trial and to partially stay discovery is vacated.

2. Defendants' motion to bifurcate trial and to partially stay discovery (ECF No. 264) is granted in part, to the extent that discovery is bifurcated and discovery on issues solely pertaining to punitive damages amounts is stayed pending resolution of dispositive motions.

3. Defendant Dr. Denigris' renewed motion for a protective order (ECF No. 255) is granted in part, consistent with this the terms of this order.

4. Within 14 days of this order, if they have not already done so, the parties shall discuss their obligations to transmit mandatory disclosures to the other parties, as required by Federal Rule of Civil Procedure 26. The parties shall also confer on phase one discovery deadlines.

5. Within 14 days after conferring, the parties shall file a joint status report with the court for the entry of a pretrial scheduling order. This report shall address the relevant portions of Local

Rule 240(a), shall include the parties' statement(s) of the case, and may address any other matters the parties believe are important for scheduling purposes.

Dated: May 3, 2023

                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

8.schmitz20cv195.r42