UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | (ECF No. 238) |
| Defendants. | |

Plaintiffs[1] move the court to determine the sufficiency of responses to plaintiff Dianne Mallia's Request for Admission, Set One, served to defendant, Stephen Denigris, M.D., PH.D., pursuant to Rule 36 of the Federal Rules of Civil Procedure. (ECF No. 281.) The parties' joint statement addressing the discovery dispute is before the court. (Id.) The court previously took the motion under submission pursuant to Local Rule 230(g). For the reasons set forth below, the court will grant the motion, in part, as to RFA Nos. 4, 16, and 18.

**I.    Background**

This action arises from the January 2019 death of William Schmitz ("William"), during his incarceration at Mule Creek State Prison ("MCSP"), under the authority of the California

---

[1] Plaintiffs proceed pro se, and this action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).

1

Department of Corrections and Rehabilitation ("CDCR"). William died in his prison cell of a methamphetamine overdose after ingesting large quantities of the substance, allegedly as a result of his psychosis and poor mental health. Plaintiffs Thomas Schmitz and Dianne Mallia, William's father and mother, bring this action individually and as successors in interest to William's estate. Plaintiffs filed the operative complaint ("4AC") on December 17, 2021. (ECF No. 173.)

Pertinent to the present matter, plaintiffs allege MCSP doctors misdiagnosed William with cirrhosis / end stage liver disease, after which plaintiff underwent an unnecessary endoscopy ("EGD") performed by defendant Dr. DeNigris, a private contracting physician. (ECF No. 173 at ¶¶ 669-23, 785.) Plaintiffs allege Dr. DeNigris knew William did not have end stage liver disease, and knew that William did not need an EGD, but withheld that information in order to obtain William's consent for the procedure. (Id., ¶¶ 765-66.) Plaintiffs allege the alleged unnecessary EGD caused William pain and worsened his mental state. (Id., ¶¶ 788-91.)

**II.     Applicable Legal Standards**

Under Federal Rule of Civil Procedure 36,

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1).

If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. Id. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Id.

The requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). If the court finds an objection is not justified, "it must order that an

2

answer be served." Id. On finding that an answer does not comply with Rule 26, the court may order either that the matter is admitted or that an amended answer be served. Id.

### III. Discussion

#### A. Objections with Substantive Responses

Plaintiffs challenge defendant's use of "overbroad" and "vague and ambiguous" objections. Plaintiffs argue they provided definitions for the terms claimed to be vague and ambiguous, but defendant maintained the objections. (ECF No. 281 at 19-21.)

Subject to and without waiving their objections, defendant provided substantive responses to most of the RFAs. Where defendant gave substantive responses, the included objections are not a basis to find the responses insufficient. E.g., Daniels v. G4S Secure Sols. USA, Inc., No. 8:20-CV-00283-JGB-JDE-X, 2021 WL 1537040, at *4 (C.D. Cal. Jan. 21, 2021) (noting even general objections, which are disfavored, do not themselves make responses insufficient). Where defendant provided a substantive response with objections, the court will deny the motion if the response given is adequate. E.g., A.A. v. Cnty. of Riverside, No. EDCV-14-2556-VAP-SPX, 2016 WL 10576643, at *5 (C.D. Cal. Sept. 23, 2016) (permitting substantive responses with objections that fairly respond to the substance of the matter); All Star Seed v. Nationwide Agribusiness Ins. Co., No. 12-CV-146-L BLM, 2012 WL 5197669, at *4-5 (S.D. Cal. Oct. 19, 2012) (finding it "unnecessary to rule on the validity of each objection" where responses to RFAs were sufficient).

#### B. Individual RFAs

##### 1. RFA No. 4

**RFA No. 4**: "Admit that there is a risk of death to an endoscopy."

**Defendant's Response**: "Objection is made on grounds the request is overbroad and vague and ambiguous as to "risk." Subject to and without waiver of said objections, Defendant responds: Dr. DeNigris has made a reasonable effort and diligent inquiry, and the information he knows or can readily obtain is insufficient to enable him to admit or deny. Dr. DeNigris has made a good faith investigation of sources reasonably available to him in formulating responses to request for admissions. Under this good faith investigation, Dr. DeNigris admits there are

extremely rare complications during the performance of a diagnostic endoscopy that are severely minimized in the presence of a dedicated anesthetist."

**Ruling**:

Plaintiffs complain that defendant's response does not specifically acknowledge whether one of the "extremely rare complications" is death. Through that omission, defendant's response claims inability to admit or deny the "risk of death" aspect of the request. At the same time, defendant argues in the joint statement that this response gave "greater specificity than requested," which the court does not find to be the case due to omission of the "risk of death" aspect of the request. Defendant shall provide an amended response either addressing the "risk of death" aspect of the request or clarifying that defendant claims inability to admit or deny the "risk of death" aspect of the request based on his good faith investigation of sources reasonably available to him.

### 2. RFA Nos. 15 and 21

**RFA No. 15**: "Admit that it was not common practice to screen for esophageal varices prior to starting antiviral therapy for Hepatitis C on May 4, 2018."

**RFA No. 21**: "Admit that the amount of work performed for the endoscopy on William Schmitz on May 4, 2018 was consistent with the level of effort normally performed for an endoscopy."

**Defendant's Response**: In response to RFA Nos. 15 and 21, defendant lodged objections and provided the following substantive response: "… Dr. DeNigris admits he was a proceduralist who performed Decedent's endoscopy on May 4, 2018, upon the request, direction, and referral from Robert Rudas, M.D. Decedent consented to the procedure, including the use of general anesthesia, and there were no complications." (ECF No. 281 at 13-15.)

**Ruling**: As to RFA Nos. 15 and 21, the court sustains defendant's objections for vagueness and ambiguity and accepts the related explanations for defendant's inability to admit or deny. Specifically, defendant's objections to use of the terms and phrases "common practice" and "level of effort normally performed" are appropriate objections. Although plaintiffs clarified that "common practice" means "something that is done a lot and considered normal" and "level of

4

effort" means "measure of attempt" (ECF No. 281 at 20), the further definitions did not cure the vagueness and ambiguity. As to RFA No. 15, the court also sustains defendant's objection that the request is overbroad to the extent it asks defendant to identify the "common practice" of all physicians.

### 3.  RFA Nos. 16 and 18

**RFA No. 16**: Admit there was no valid medical reason to perform an endoscopy on William Schmitz on May 4, 2018.

**RFA No. 18**: "Admit there was no indication to screen William in three years with an endoscopy."

**Defendant's Response**: In response to RFA Nos. 16 and 18, defendant lodged objections and provided the following substantive response: "… Dr. DeNigris admits he was a proceduralist who performed Decedent's endoscopy on May 4, 2018, upon the request, direction, and referral from Robert Rudas, M.D. Decedent consented to the procedure, including the use of general anesthesia, and there were no complications." (ECF No. 281 at 13-15.)

**Ruling**:  Contrary to defendant's argument, these RFAs do not call for pure legal conclusions. See Daniels v. G4S Secure Sols. USA, Inc., No. 8:20-CV-00283-JGB-JDE-X, 2021 WL 1537040, at *8 (C.D. Cal. Jan. 21, 2021) (courts distinguish a pure legal question from one that relates to the facts of the case, and the latter is a proper subject for Rule 36 RFAs). These RFAs also do not require premature expert opinion as to the standard of care for the referral for the procedure; instead, they require defendant's opinion based on defendant's treatment of plaintiff on May 4, 2018. See Atcherley v. Clark, No. 1:12-CV-00225-LJO-DLB, 2014 WL 5880160, at *3 (E.D. Cal. Nov. 12, 2014) (recognizing the difference between requiring a defendant to respond about medical care provided by the defendant vs. quality of care from other defendants). The court overrules these objections.[2]

---

[2] Defendant argues plaintiffs did not meet and confer on their challenges regarding legal conclusions or premature expert opinions, making the present request for relief deficient. (ECF No. 281 at 88.) The argument is well-taken to the extent that the court finds plaintiffs filed their motion before meeting their burdens under Federal Rule of Civil Procedure 37(a)(i) and Local Rule 251 as to their challenges for legal conclusion and premature expert opinion. In this instance, the court declines to require plaintiffs to re-file their motion. Plaintiffs are cautioned

5

Defendant also claims inability to admit or deny because of the vague and ambiguous terms "no valid medical reason" and "no indication." (ECF No. 281 at 14, 16.) While the court recognizes the challenged terms are, arguably, not defined with precision, a party responding to a discovery request "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized." Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kansas 1996); see also Atcherley, 2014 WL 5880160, at *3.

Under the complaint's allegations, defendant performed an endoscopy on May 4, 2018, and recommended a follow up endoscopy in three years. (ECF No. 173 at ¶¶ 732, 757.) Defendant argues that as a proceduralist, he was not involved in ordering the referral for the endoscopy. Defendant has not adequately explained why the requested information regarding the endoscopy defendant performed is outside of defendant's purview. Defendant shall provide amended responses to RFA Nos. 16 and 18. Defendant need not respond about the order of referral, but rather, only regarding defendant's treatment of plaintiff on May 4, 2018.

### C.  RFA Nos. 3, 5, 10, 13, 19, 20, 22-25

Defendant argues plaintiffs failed to adequately meet and confer on any RFAs other than those already addressed above. The parties agree plaintiffs also originally identified defendant's responses to RFA Nos. 3, 5, 10, 13, 19, 20, and 22-25 as having unsatisfactory responses in an email dated March 19, 2023. Nevertheless, defendant contends plaintiffs subsequently ceased meet and confer efforts and abandoned their arguments as to these RFAs. (ECF No. 281 at 79.)

Plaintiffs indicate there was no agreed limiting of RFAs. (ECF No. 281 at 232.) However, the burden of ensuring that proper meet-and-confer discussions take place is on the moving party. See Local Rule 251(b). It should be clear to the non-moving party which objections or responses are at issue and which objections or responses remain at issue. When a party fails to comply with Local Rule 251, discovery motions are generally denied without prejudice to re-filing. Akkawi v. Sadr, No. 2:20-cv-01034 MCE AC, 2022 WL 2442234, at *1 (E.D. Cal. July 5, 2022).

---

regarding a moving party's burden to ensure that proper meet-and-confer discussions take place, and the court expects that plaintiffs will satisfy the burden for all challenges in any future motions.

6

In this instance, the court has reviewed defendant's responses to RFA Nos. 3, 5, 10, 13, 19, 20, and 22-25 notwithstanding the dispute regarding the adequacy of meet and confer. The court finds defendant provided substantive responses that fairly respond to the substance of the matter in their responses to RFA Nos. 3, 5, 10, 13, 19, 20, and 22-25.[3] Because defendant provided adequate substantive responses, plaintiffs' motion is denied as to these RFAs.

### IV.     Conclusion and Order

In accordance with the above, IT IS HEREBY ORDERED that plaintiffs' motion to determine the sufficiency of responses to plaintiff Dianne Mallia's Request for Admission, Set One, served to defendant Stephen Denigris, M.D., PH.D. (ECF No. 238) is GRANTED IN PART to the extent that defendant shall provide amended responses to RFA Nos. 4, 16, and 18 within 14 days; in all other respects, the motion is denied.

Dated:  June 20, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.schmitz20cv195.r36

---

[3] Plaintiffs challenge defendant's claimed inability to admit or deny several of the RFAs exactly as the RFAs are written. (ECF No. 281 at 21-25.) As to these RFAs, defendant's responses comply with Federal Rule of Civil Procedure 36(a)(4) which allows a party to qualify an answer and to admit only a part of a matter. The responses contain sufficient explanation for the claimed inability to fully admit or deny. There is no inherent conflict in claiming inability to admit or deny a complete RFA and also providing a partial admission and qualification.