UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | PRETRIAL SCHEDULING ORDER |
| ADAM ASMAN, et al., | |
| Defendants. | |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

After considering the parties' joint status report (ECF No. 283), the Court issues the following pretrial scheduling order.

NATURE OF THE CASE

Plaintiffs Dianne Mallia and Thomas Schmitz, individually and as successors of interest, assert the following causes of action in the operative Fourth Amended Complaint: Deliberate Indifference to Serious Medical Needs, Health and Safety in Violation of the Eight Amendment; Supervisory Liability based on Customs, Practices or Policies; Failure to Supervise, Investigate

1

and Discipline; Loss of Parent/Child Relationship in Violation of the Fourteenth Amendment; Wrongful Death; Negligence; Interference with Constitutional rights by Coercion, and Medical Battery against various defendants. Plaintiffs generally contend that constitutionally inadequate mental health care and treatment and/or negligence caused their son, William, to suffer injuries and also caused his death as detailed in the Fourth Amended Complaint.

Defendants deny any and all liability on each and every cause of action asserted against them. Defendants generally contend that Williams' own conduct caused or contributed to the claimed injuries and/or that the injuries and alleged damages were caused by the natural course of a disease or condition or were the natural and expected results of reasonable treatment rendered for the disease or condition. Defendants have asserted in their respective answers the defenses of failure to state a cause of action, comparative negligence, failure to mitigate, failure to comply with applicable statute of limitations and/or requirements for government presentation, contributory negligence, estoppel and acquiesce, qualified immunity, amongst others.

SERVICE OF PROCESS

All named Defendants have been served and have appeared. No further service is permitted except with leave of Court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named Defendants have answered Plaintiff's complaint. No further joinder of parties or amendments to pleadings are permitted except with leave of Court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

The parties indicate they have exchanged initial disclosures and commenced written discovery.

////

////

////

<u>DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES</u>

All non-expert discovery, except for any phase two discovery discussed below, shall be completed[1] by **May 17, 2024**. Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, including Local Rule 251. Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Delaney's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/. Additionally, subject to the Court's availability, the Court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Delaney's courtroom deputy clerk at (916) 930-4004 to inquire regarding Judge Delaney's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

---

[1] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

1    EXPERT DISCLOSURES AND DISCOVERY

2    The parties shall disclose any expert witnesses in accordance with the specifications of
3    Federal Rule of Civil Procedure 26(a)(2) no later than **September 30, 2024**. Any rebuttal expert
4    disclosures shall be made in accordance with the specifications of Federal Rule of Civil
5    Procedure 26(a)(2) no later than **October 30, 2024**. Expert disclosures shall be filed with the
6    Court and served upon all other parties. All expert discovery shall be completed (see fn. 3) by
7    **February 28, 2025**. The same procedures for fact–discovery disputes apply to expert–discovery
8    disputes.

9    An expert witness not timely disclosed will not be permitted to testify unless the party
10   offering the witness demonstrates that: (a) the necessity of the witness could not have been
11   reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing
12   counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly
13   proffered for deposition. Failure to provide the information required by Federal Rule of Civil
14   Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's
15   testimony or other appropriate sanctions.

16   PHASE TWO DISCOVERY

17   Discovery on issues solely pertaining to punitive damages amounts has been stayed
18   pending resolution of dispositive motions by order dated May 3, 2023. The Court will set a
19   schedule for phase two discovery upon resolution of dispositive motions. Also following
20   resolution of dispositive motions, defendants anticipate renewing their motion for bifurcation of
21   trial into phase one for determination of liability, compensatory damages, and entitlement to
22   punitive damages, and phase two for determination of amount of punitive damages, if necessary.

23   LAW AND MOTION

24   All law and motion, except as to discovery-related matters, shall be completed (i.e. heard)
25   by **August 29, 2025**. Counsel and/or parties proceeding without counsel are cautioned to refer to
26   the Local Rules regarding the requirements for noticing such motions on the Court's regularly
27   scheduled law and motion calendar, including, but not limited to, Local Rule 230. Judge Delaney
28   generally hears civil motions on Wednesdays at 10:00 a.m. This paragraph does not preclude

motions for continuances, motions for bifurcation of trial, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above. Conversely, motions in limine are procedural devices designed to address the admissibility of evidence.  THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

All parties request a jury trial. The final pretrial conference and jury trial will take place before the assigned district judge, the Hon. Daniel J. Calabretta, District Judge. The undersigned declines to set final pretrial conference and trial dates at this juncture. Instead, the Court orders the parties to submit a Notice of Trial Readiness on one of the following timelines:

A. After resolution of any dispositive motions and completion of any phase two discovery on punitive damages amounts, the parties are to submit the Notice not later than thirty (30) days after the close of phase two discovery; or

B. If the parties do not intend to file dispositive motions, the parties are ordered to file the Notice not later than one hundred twenty (120) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference. The Notice shall also estimate how many

court days each party will require to present its case, including opening statements and closing arguments. The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial Readiness, the court will issue an order that sets forth dates for a final pretrial conference and trial.

### OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

### SETTLEMENT CONFERENCE

Should the parties wish to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy clerk to inquire as to the availability of another magistrate judge for a settlement conference.

### MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated: June 20, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.schmitz20cv195.sched.o