

FILED

JUL 25 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

THOMAS J. SCHMITZ
DIANNE MALLIA
404 Atkinson St,
Roseville, CA 95678
(707) 694-8158
tsfoot49@gmail.com
deedamallia@gmail.com
PRO SE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THOMAS SCHMITZ, et al., | NO. 2:20-cv00195-DJC-CKD |
|---|---|
| Plaintiffs, | PLAINTIFFS' MOTION FOR RELIEF FROM ORDER DISMISSING WITH PREJUDICE CAUSES OF ACTION FOR DELIBERATE INDIFFERENCE AND DEPRIVATION OF FAMILIAL RELATIONS AGAINST DEFENDANT ASMAN |
| vs. | |
| A ASMAN, et al., | |
| Defendants. | |
| | Judge: The Honorable Carolyn K. Delaney |
| | Trial Date: Not Scheduled |
| | Action Filed: January 27, 2020 |

I.  **Introduction**

On November 16, 2020, the court issued an order on motion to partially dismiss plaintiffs' Second Amended Complaint.(ECF No. 85) The order included that motion to dismiss Causes of Action for deliberate indifference and deprivation of familial relations be granted as to Defendant ASMAN and those claims be dismissed with prejudice.(ECF No. 85 at 46) On December 22, 2020, the district court adopted the findings and recommendations in full. (ECF No. 124.) Plaintiffs filed a Third Amended Complaint(TAC).(ECF No. 130) On April 14, 2021, Plaintiffs filed a motion to amend the TAC which also requested partial reconsideration of the Second Dismissal order.(ECF No. 145) On August 3, 2021, the magistrate judge filed findings

and recommendations on the motion. (ECF No. 156) On September 24, 2021, the district court adopted the findings and recommendations in full. (ECF No. 161) The order included that the Causes of Action for deliberate indifference and deprivation of familial relations as to Defendants ASMAN remain dismissed with prejudice. Plaintiffs filed a motion for reconsideration of the original order that dismissed with prejudice plaintiffs' constitutional claims against defendants Adam Asman and Erik Bradley. (ECF no. 165). The court denied the motion. (ECF 172)

Based on recent discovery, in which **Defendant Asman admits to knowledge of William Schmitz as a mentally ill inmate, the very reason the court dismissed the previous claims,** Plaintiffs respectfully request reconsideration of the dismissed causes of action against Defendants Asman under Fed. R. Civ. P. 54(b) and local rule 230(j).

## II. Legal Standard

Federal Rule of Civil Procedure 54(b) governs the reconsideration of interlocutory orders of the district court. The Eastern District's local rules also govern applications for reconsideration and require the moving party to provide "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" or "what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j).

As this court wrote "While these standards provide guidance, "[a] district court may reconsider and revise a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." Hydranautics v. FilmTec Corp., 306 F.Supp.2d 958, 968 (S.D. Cal. 2003); see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance.") And some courts apply a less rigid standard for motions to revise interlocutory orders under Rule 54(b) than to motions to reconsider final judgments under Rule 60(b). See, e.g., Persistence Software, Inc. v. Object People, Inc., 200 F.R.D. 626, 627 (N.D. Cal. 2001) (citing Fed.R.Civ.P. 60(b) Advisory Committee Notes).(ECF No. 156)

### III. PRIOR FINDINGS RE: Defendant ASMAN

The court findings pertinent to this motion are as follows:

Previously, Plaintiffs submitted their proposed Fourth Amended Complaint (P4AC) and motion for reconsideration. (ECF No. 145) In the P4AC, Pro se plaintiffs compared the failure of Defendant ASMAN to the *Lemire* case as his failure to supervise William was extremely similar and he was a CCCMS[1] inmate, just like in *Lemire*. William was **unsupervised for over twice the time** in *Lemire*. Pro se Plaintiffs, thinking it obvious that the custody staff knows the custody and mental health classifications level of the inmates they are supervising, since the classifications directly indicates how the custody staff needs to monitor each inmate, in good faith alleged that Defendant ASMAN "knew that mentally ill CCCMS inmates including William Schmitz and other similarly situated required direct supervision to protect their physical safety"(ECF No. 145 at 331, ¶ 344) and Defendant ASMAN "had actual and constructive knowledge that William Schmitz was a mentally ill CCCMS inmate locked in a cell by himself" (ECF 145 at 339-340 ¶ 372)

However, the court found these allegations that Defendant ASMAN knew William was a CCCMS inmate as "conclusory" and therefore drew a distinction between Defendant ASMAN not properly performing checks from the case in *Lemire* where the building was known to be specifically for CCCMS inmates.[2] In other words, it seems the court would have found the deliberate indifference adequately pled, not only to survive the motion to dismiss but also

---

[1] CCCMS is Correctional Clinical Case Management System, which per the Program guide requires an inmate to have current symptoms and/or requires treatment for the current Diagnostic and Statistical Manual diagnosed Axis I serious mental disorders listed below:
Schizophrenia (all subtypes)
Delusional Disorder
Schizophreniform Disorder
Schizoaffective Disorder
Brief Psychotic Disorder
Substance-Induced Psychotic Disorder (exclude intoxication and withdrawal) Psychotic Disorder Due To A General Medical Condition
Psychotic Disorder Not Otherwise Specified Major Depressive Disorders
Bipolar Disorders I and II

[2] Plaintiffs included the following footnote in their prior motion for reconsideration "Plaintiffs still strongly believe that Defendants ASMAN and BRADLEY, as the custody staff responsible for monitoring inmates including William, had to know William was CCCMS inmate and that the evidentiary phase will reveal exactly how they knew." (ECF 165 at footnote 2)

summary judgement, had defendants more convincingly alleged factual allegations that Defendant ASMAN knew William was a CCCMS inmate.

In part, the court found:

> Next, plaintiffs argue that the new allegations that Asman and Bradley knowingly failed to complete thorough welfare/security checks on William-in Asman's case for his entire shift- inherently describe knowledge of creating a substantial risk to inmate safety. (ECF No. 152 at 3, 11-12.) However, "subjective knowledge that [an inmate] could have been monitored more closely or more thoroughly is not commensurate with subjective knowledge that [the inmate] faced a substantial risk due to a lack of close or thorough monitoring." Wereb, 727 F.Supp.2d at 910, 913 (granting summary judgment for individual defendants who did not conduct any in-person visual checks on pretrial detainee during his detention). Even "deliberately avoid[ing] acquiring subjective knowledge by failing to monitor" an inmate has been rejected as insufficient to demonstrate deliberate indifference under the Eighth Amendment standard. Id. at 913. This is because the subjective knowledge requirement stems from the Constitution's prohibition against "cruel and unusual 'punishments,' not merely cruel and unusual conditions." Id. (citing Farmer, 511 U.S. at 837). Prison officials who lack actual knowledge of a risk "cannot be said to have inflicted punishment." Farmer, 511 U.S. at 844. The Proposed 4AC's allegations state a claim of negligence, but they do not amount to a deliberate indifference claim. See Lemire, 726 F.3d at 1082 ("Even gross negligence is insufficient to establish deliberate indifference to serious medical needs."); Wereb, 727 F.Supp.2d at 914 (although officers charged with monitoring decedent "were collectively negligent," deliberate indifference is distinct from negligence and requires "focus on each [i]ndividual [d]efendant's subjective knowledge"). (ECF 156 at 17-18)
>
> The absence of allegations that William's cell was on a floor designated for inmates with mental health issues makes this case distinct from the cases on which plaintiffs rely in attempting to reassert their deliberate indifference claims. In Rocha v. Kernan, the court found a deliberate indifference claim adequately pleaded against a correctional officer who failed to perform safety checks on the decedent, but there it was alleged that the decedent was housed in "the 'Support Care Unit,' an EOP-level housing unit." 2019 WL 2949031, at *2, *12-13 (C.D. Cal. Mar. 13, 2019) (finding it "reasonable to conclude that an officer that failed to check on a *specialized population of inmates* at the required intervals would know that he was exposing the inmates to a substantial risk" (emphasis added); specifically noting allegation that the officer "knew that inmates housed in the Support Care Unit were at a greater risk for suicide"). Similarly, the Ninth Circuit's conclusion in Lemire v. CDCR that prison officials could be found (by a jury) to have acted with deliberate indifference in deciding to leave a building of inmates unsupervised for 3.5 hours was premised on the fact that the building in question was "the designated facility" at that prison for housing CCCMS inmates. 726 F.3d 1062, 1069, 1076-77 (9th Cir. 2013)." (ECF 156 at 16-17)

In the Findings & Recommendations (ECF 171), the court again emphasized :

> As explained in the court's prior rulings in this case, claims (like those in plaintiffs' case) brought on behalf of convicted prisoners under the Eighth Amendment are governed by a "subjective deliberate indifference" standard. Sandoval v. Cty. of San Diego, 985 F.3d 657, 667 (9th Cir. 2021).  (ECF 171 at 6)

IV.   **New Circumstances**

**Response to Request for Admission**

On July 19, 2023, Plaintiffs received **DEFENDANT ADAM ASMAN'S RESPONSES TO PLAINTIFF'S REQUEST, FOR ADMISSIONS, SET ONE**  (see Declaration  Schmitz exhibit A)  The Response included:

"**REQUEST TO ADMISSION NO. 9:**

Admit that YOU had no knowledge that William Schmitz was diagnosed with a mental illness.

**RESPONSE TO REQUEST TO ADMISSION NO. 9:**

Objection. Argumentative as phrased. Vague and ambiguous as to mental illness. Vague and ambiguous as to informed by whom. Subject to and without these objections, Defendant responds: Admit that defendant was not privy to William Schmitz private and confidential medical information. **Defendant was only aware that William Schmitz was in with CCCMS classification.** Defendant does not recall being informed by William Schmitz about his mental health diagnosis." (Emphasis added) (EXHIBIT A at 4-5)

V.   **Manifest Injustice**

Discovery has now revealed that Defendant Asman has been aware of William's **classification as a CCCMS inmate fulfilling the subjective requirement to the level sought sought by this court.**   Pro se Plaintiffs previously alleged that Defendant Asman "had actual and

constructive knowledge that William Schmitz was a mentally ill CCCMS inmate locked in a cell by himself" (ECF 145 at 339-340 ¶ 372). Pro Se Plaintiffs should be able to proceed with claims that meet requirements for deliberate indifference as they have recently acquired this new information and should not be punished by the lack of detailed disclosures and extremely poor investigation into their son's death that did not disclose Defendant Asman knowledge of William as a CCCMS inmate until now and prevented Pro se Plaintiffs from alleging this information to the level of certainty this court required.

## VI. Conclusion

Plaintiff's respectfully request leave to proceed with the previously dismissed Causes of Action for deliberate indifference and deprivation of familial relations against Defendant Asman.

Dated: July 25, 2023                                  Respectfully submitted,

*Thomas J. Schmitz*

*Dianne Mallia*

PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS,
HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
M. SMITH, C. SMITH, TIEBROCK, TOCHE, WAINE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ASMAN et al,<br><br>Defendants. | Case No. 2:20-CV-00195-JAM-CKD<br><br>**DEFENDANT ADAM ASMAN'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**<br><br>Action Filed:  7/16/2020 |

PROPOUNDING PARTY:   Plaintiff DIANNE MALLIA, individually

RESPONDING PARTY:   Defendant ADAM ASMAN

SET NUMBER:   ONE (Nos. 1-33)

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. ASMAN'S RESPONSES TO PL'S RFA,
SET ONE

requests were asked for, or if any statement contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Responding party is responding to all of the requests to the extent that information has become known to her. However, responding party's discovery, investigation, and preparation for trial of this matter has not been completed as of the date of these responses and, therefore, responding party does not purport to state anything more than information currently known and discovered by her.

Responding party reserves the right to continue discovery and investigation in this matter regarding facts, witnesses and supporting data. Consequently, to the extent that the requests herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they are responded to fully and so far as information is currently available to responding party; and responding party is not precluded from presenting at trial information discovered after the date of these responses.

This Preliminary Statement is incorporated into each and every response set forth below.

**RESPONSES**

**REQUEST FOR ADMISSION NO. 1:**

Admit that all documents disclosed by YOU are true and accurate copies of the original documents.

**RESPONSE TO REQUEST TO ADMISSION NO. 1:**

Objection. Officer Adam Asman is not the duly authorized Custodian of Records and is not authorized to certify the records, pursuant to Federal Rules of Civil Procedure 44. Subject to and without waiving of said objections, Defendant responds: Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that William Schmitz was assigned to Building 8, Floor 2 from 9/29/2018 until the date of his death. (BATES DEF000150).

**RESPONSE TO REQUEST TO ADMISSION NO. 2:**

Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU worked Second Watch in Building 8, Floor 2 a total of 60 days between 9/29/2018- 1/21/2019. (BATES DEF009613-009615).

**RESPONSE TO REQUEST TO ADMISSION NO. 3:**

Admit that Officer Asman was assigned to work worked Second Watch in Building 8, Floor 2 a total of 60 days between 9/29/2018- 1/21/2019, denied that he did not perform duties outside of Building 8, Floor 2 during his shift from time to time as needed.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Building 8 was a developmental disabilities placement (DDP) Housing unit.

**RESPONSE TO REQUEST TO ADMISSION NO. 4:**

Objection. Vague as to time. The request seeks irrelevant information that is not reasonably calculated to lead to admissible evidence. William Schmitz was not in the Development Disability Program. Subject to and without these objections, Defendant responds: Admit that as of 2019 Building 8 housed inmates from the Development Disability Program and was a developmental disabilities placement (DDP) Housing unit. Denied that all inmates housed in Building 8 had DDP classification.

**REQUEST TO ADMISSION NO. 5:**

Admit that YOU never participated in an interdisciplinary treatment team (IDTT) meeting for William Schmitz.

**RESPONSE TO REQUEST TO ADMISSION NO. 5**

Objection. Defendant objects to the extent that this request seeks information that is not relevant to any party's claim or defense and is not proportionate to the needs of this case. Subject to and without these objections, Defendant responds: Admit that in 2018 and 2019 when defendant had shifts as a floor officer in Building 8 floor 2, he was not present at IDDT meetings for William Schmitz, if any were held.

**REQUEST TO ADMISSION NO. 6:**

Admit that YOU never received information from an interdisciplinary treatment team (IDTT) meeting about William Schmitz.

DEF. ASMAN'S RESPONSES TO PL'S RFA, SET ONE       3

**RESPONSE TO REQUEST TO ADMISSION NO. 6**

Objection. Defendant objects to the extent that this request seeks information that is not relevant to any party's claim or defense and is not proportionate to the needs of this case. Vague and ambiguous as to "formation." Subject to and without these objections, Defendant responds: Admit that in 2018 and 2019 when defendant had shifts as a floor officer in Building 8 floor 2, he does not recall being informed of discussions or plans from IDDT meetings for William Schmitz, if any were held.

**REQUEST TO ADMISSION NO. 7:**

Admit that YOU were never informed YOU should closely monitor William Schmitz for drug use.

**RESPONSE TO REQUEST TO ADMISSION NO.7 :**

Objection. Vague and ambiguous as to informed by whom. Overbroad. Vague and ambiguous as to "closely monitor." Subject to and without these objections, Defendant responds: Admit that Officer Asman was not never informed to closely monitor inmate Schmitz. Officer Asman would monitor all inmates for prevention of contraband or use of illegal substance by inmates.

**REQUEST TO ADMISSION NO. 8:**

Admit that YOU were never informed that William Schmitz had auditory hallucinations.

**RESPONSE TO REQUEST TO ADMISSION NO. 8:**

Objection. Argumentative as phrased. Vague and ambiguous as to informed by whom. Subject to and without these objections, Defendant responds: Admit that defendant was not privy to William Schmitz private and confidential medical information. Defendant does not recall being informed by William Schmitz that the latter had auditory hallucinations.

**REQUEST TO ADMISSION NO. 9:**

Admit that YOU had no knowledge that William Schmitz was diagnosed with a mental illness.

**RESPONSE TO REQUEST TO ADMISSION NO. 9:**

Objection. Argumentative as phrased. Vague and ambiguous as to mental illness. Vague

DEF. ASMAN'S RESPONSES TO PL'S RFA, SET ONE        4

1  and ambiguous as to informed by whom. Subject to and without these objections, Defendant
2  responds: Admit that defendant was not privy to William Schmitz private and confidential medical
3  information. Defendant was only aware that William Schmitz was in with CCCMS classification.
4  Defendant does not recall being informed by William Schmitz about his mental health diagnosis.

**REQUEST TO ADMISSION NO. 10:**

Admit that YOUR employment record states YOU worked Second Watch in Building 8, Floor 2 from 06:00 to 14:00 on 1/21/2019. (BATES DEF009613-009615.)

**RESPONSE TO REQUEST TO ADMISSION NO. 10:**

Objection. The Document speaks for itself. Subject to and without these objections, Defendant responds: Admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the log book notes YOU were on duty at 0600. (BATES DEF004937.

**RESPONSE TO REQUEST TO ADMISSION NO. 11:**

Objection. Vague as to time. Vague and ambiguous as to "on duty." The Document speaks for itself. Subject to and without these objections, Defendant responds: Admit as to January 21, 2019, at 6 a.m.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOUR responsibilities on 1/21/2019 included those contained in the General Duties and Responsibilities Handbook. (DEF009616).

**RESPONSE TO REQUEST TO ADMISSION NO. 12:**

Objection. Vague as to time. Subject to and without these objections, Defendant responds: Admit to the extent that defendant as not performing specific tasks during a portion of his shift on January 21, 2019.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the General Duties and Responsibilities Handbook states, in part: "You will make security checks at least once each hour. Security checks will include checking inmate activities and welfare as well as the security of the building." (DEF009628).

///

DEF. ASMAN'S RESPONSES TO PL'S RFA, SET ONE     5

**RESPONSE TO REQUEST TO ADMISSION NO. 13**

Objection. The document speaks for itself. Subject to and without these objections, Defendant responds: Admit that the Handbook states in part: "You will make security checks at least once each hour. Security checks will include checking inmate activities and welfare as well as the security of the building. Equipment should be checked for missing parts, doors should be checked to make sure that they are secure, etc."

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU were one of the custody staff that managed William Schmitz's day-to-day routine starting 9/29/201 until the date of his death.

**RESPONSE TO REQUEST TO ADMISSION NO. 14:**

Objection. Vague and ambiguous as to managing day –to-day routine. Vague and ambiguous as to time. Subject to and without these objections, Defendant responds: Admit that between 11/01/2018 until the time of William's death defendant was assigned from time to time as a floor officer in Building 8, Floor 2, second watch.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOUR post orders for 1/21/2019 state in part "You are responsible for the security of your assigned area and the custody, control, discipline and welfare of all inmates assigned therein." (BATES 009144).

**RESPONSE TO REQUEST TO ADMISSION NO. 15:**

Objection. The document speaks for itself. Subject to and without these objections, Defendant responds: Admit.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOUR post orders for 1/21/2019 state in part "Provide constant custodial supervision of inmates." (BATES 009144.)

**RESPONSE TO REQUEST TO ADMISSION NO. 16:**

Objection. The document speaks for itself. Subject to and without these objections, Defendant responds: Admit.

///

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU were never consulted regarding William Schmitz's behavior, functioning or health care status.

**RESPONSE TO REQUEST TO ADMISSION NO. 17:**

Objection. Vague and ambiguous, as to "consulted", "functioning", "health status." Defendant further objects that this request is impermissibly compound and seeks irrelevant information and is not proportionate to the needs of this case. Subject to and without these objections, Defendant responds: For the period of 2028 and 2019 while on shift for floor 2 in building 8, I do not recall any issues with William Schmitz that would necessitate that I request medical assistance for William Schmitz.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOUR duty statement as a MCSP Correctional officer includes to "prevent…injury by inmates or parolees to themselves."

**RESPONSE TO REQUEST TO ADMISSION NO. 18:**

Objection. The document speaks for itself. Subject to and without these objections, Defendant responds: Admit that duty statement state in part: "25%" inspect quarters of inmates for incoming and outgoing mail; promote acceptable attitudes and behavior of inmates or parolees; prevent escapes and injury by inmates or parolees to themselves, employees, and to property; search for and recapture escaped inmates; receive, check, and issue guns, ammunition, and other supplies and equipment; keep firearms in good working condition; make reports on work performed."

**REQUEST FOR ADMISSION NO. 19:**

Admit that Per Cal. Code Regs. Tit. 15, § 3271 YOU were responsible for the "safe custody" of William.

**RESPONSE TO REQUEST TO ADMISSION NO. 19:**

Objection. The document speaks for itself. The request call for a legal conclusion.

**REQUEST FOR ADMISSION NO. 20:**

ADMIT that the CDCR DOM mandates that all inmates are accurately accounted for at all times.



**RESPONSE TO REQUEST TO ADMISSION NO. 20:**

Objection. The document speaks for itself. The request call for a legal conclusion.

**REQUEST FOR ADMISSION NO. 21:**

ADMIT that the CDCR DOM mandates that a physical count of all inmates are performed a minimum of four times each day.

**RESPONSE TO REQUEST TO ADMISSION NO. 21:**

Objection. The document speaks for itself. The request call for a legal conclusion.

**REQUEST FOR ADMISSION NO. 22:**

Admit that according to CDCR DOM "physical count" means to count a living, breathing person and physically see that person.

**RESPONSE TO REQUEST TO ADMISSION NO. 22:**

Objection. The document speaks for itself. The request call for a legal conclusion.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the CDCR DOM mandates, "An informal count is a physical count and positive identification of inmates… Informal counts shall be conducted by all employees supervising inmates. These informal counts shall be completed on an hourly basis. Informal counts shall be conducted to ensure inmates are present in their assigned areas, such as housing units…"

**RESPONSE TO REQUEST TO ADMISSION NO. 23:**

Objection. The document speaks for itself. The request call for a legal conclusion. Subject to and without these objections, Defendant responds: Admit that the CDCR DOM section 52020.5.5 in 2019 stated:

> "An informal count is a physical count and positive identification of inmates who are present at their program/work assignments. Informal counts shall be conducted by all employees supervising inmates.
>
> These informal counts shall be completed on an hourly basis. Any discrepancies shall be reported immediately. Informal counts shall be conducted to ensure inmates are present in their assigned areas, such as housing units, work centers, minimum support facilities, and community work crews."

///

DEF. ASMAN'S RESPONSES TO PL'S RFA, SET ONE    8

**REQUEST FOR ADMISSION NO. 24:**

Admit that on 1/21/2019 YOU signed in on the daily roster (FLSA) at 0600 and signed out at 14:00.

**RESPONSE TO REQUEST TO ADMISSION NO. 24:**

Admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOUR responsibilities on 1/21/2019 did not include knowing William Schmitz status as a participant in the Mental Health Services Delivery System (MHSDS).

**RESPONSE TO REQUEST TO ADMISSION NO. 25:**

Objection. Vague and ambiguous and to "responsibilities". Subject to and without these objections, Defendant responds: Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit YOU received no disciplinary action regarding YOUR activities on 1/21/2019.

**RESPONSE TO REQUEST TO ADMISSION NO. 26:**

Objection. The request is not relevant to any party's claim or defense or proportional to the needs of the case. Vague and ambiguous as to "disciplinary action." Defendant further objects that the request seeks information protected by Pen. Code, § 832.7. Subject to and without waiving these objections: Admit.

**REQUEST FOR ADMISSION NO. 26 (misnumbered):**

Admit YOU never accessed William Schmitz SOMS records.

**RESPONSE TO REQUEST TO ADMISSION NO. 26 (misnumbered):**

Objection. The request is not relevant to any party's claim or defense or proportional to the needs of the case. Subject to and without waiving these objections: Defendant has not contemporaneous recollection of whether he accessed William Schmitz SOMS records and is thus unable to admit or deny the request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the "Daily Dayroom and Yard Hours Worksheet" for Facility B on 1/21/2019 does not describe any post number as redirected to a different area.

DEF. ASMAN'S RESPONSES TO PL'S RFA, SET ONE    9

**RESPONSE TO REQUEST TO ADMISSION NO. 27:**

Objection. The document speaks for itself. Object that the request asks this defendant to interpret a document that he did not create. The request is vague and unambiguous as to "post number redirected." Subject to and without waiving these objections: Admit that the document does not mention "post numbers." The document states as to 8:00 "No yard/DayRoom per searches in minimum dorms."

**REQUEST FOR ADMISSION NO. 28:**

Admit that on 4/28/2018 and 5/1/2018, YOU read the memo "Cell Inspections and Removal of Window Coverings and/or Privacy Screens". (BATES DEF009387).

**RESPONSE TO REQUEST TO ADMISSION NO. 28:**

Admit that defendant is familiar with and has read the memo "Cell Inspections and Removal of Window Coverings and/or Privacy Screens". Defendant has no independent recollection as to the exact date he has read the memo, but admits that his training record shows he read it on the dates specified.

**REQUEST FOR ADMISSION NO. 29:**

Admit that memo "Cell Inspections and Removal of Window Coverings and/or Privacy Screens" states: "The purpose of this memo is to reiterate the importance of conducting regular cell inspections and ensuring staff have a clear line of sight into inmate cells. This is an important task, as it ensures clear observation of the inmate population, which helps maintain institutional safety and security. If a staff's line of sight into a cell is impeded, a cell inspection shall be conducted to remove any cell and/or window coverings blocking staff's view into the cell."

**RESPONSE TO REQUEST TO ADMISSION NO. 29:**

Object. The document speaks for itself. Subject to and without waiving these objections: Admit.

**REQUEST FOR ADMISSION NO. 30:**

Admit that on 4/28/2018 and 5/1/2018, YOU read the memo "Inmate Count Expectations". (BATES DEF009385.)

///

DEF. ASMAN'S RESPONSES TO PL'S RFA, SET ONE     10

**RESPONSE TO REQUEST TO ADMISSION NO. 30:**

Admit that defendant is familiar with and has read the memo "Inmate Count Expectations". Defendant has no independent recollection as to the exact date he has read the memo, but admits that his training record shows he read it on the dates specified.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU never saw any water outside WILLIAM SCHMITZ cell prior to 1/21/2019.

**RESPONSE TO REQUEST TO ADMISSION NO. 31:**

Based on the information reasonable available, defendant is unable to admit or deny and he does not recall.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU saw a cell window covering on William Schmitz cell on 1/21/2019.

**RESPONSE TO REQUEST TO ADMISSION NO. 32:**

Object. Vague and ambiguous as to "window covering." Subject to and without waiving these objections: Admit that he saw William Schmitz's cell window had a sign partially covering it on 1/21/2019.

**REQUEST FOR ADMISSION NO. 33:**

Admit that William Schmitz never left his cell on 1/21/2019.

**RESPONSE TO REQUEST TO ADMISSION NO. 33:**

Based on the information reasonably available, defendant is unable to admit or deny. Defendant was not present as a floor officer throughout the day of 1/21/2019 at Building 8, floor 2.

Dated: July 19, 2023

MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP

By: /s/ Peter J. Hirsig
Peter J. Hirsig
Maria Zhurnalova-Juppunov
Daniel R. Mayer
Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, WAINE, and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR)

## CERTIFICATE OF SERVICE VIA E-MAIL

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action. My electronic notification address is: tami.martin@mcnamaralaw.com.

On this date, I electronically served the foregoing **DEFENDANT ADAM ASMAN'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE** based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**Attorneys For Plaintiff Pro Per:**

Dianne Mallia
404 Atkinson Street
Roseville, CA 95678

E-Mail: deedamallia@gmail.com

**Attorneys For Plaintiff in Pro Per:**

Thomas J. Schmitz
404 Atkinson Street
Roseville, CA 95678

E-Mail: tsfoot49@gmail.com

**Attorneys for Defendant Stephen Denigris:**

**Tiffany Cenzianne Sala**
Low McKinley & Salenko, LLP
2150 River Plaza Dr. Suite 250
Sacramento, CA 95833
(916) 231-2400

Email: tcs@lmblaw.net
       jc@lmblaw.net
       bes@lmblaw.net

**Attorneys for Defendants Eric Bradley, David Brunkhorst,**

Jennifer Nygaard
California Dept. of Justice
Office of the Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612
Phone: 510-879-0802
Fax: 510-622-2270
E-Mail: jennifer.nygaard@doj.ca.gov
        jay.goldman@doj.ca.gov
        lucille.santos@doj.ca.gov

**Attorney for Defendants Kevin Kuich, Joe A. Lizarraga**

Michael A. Terhorst, Sr.
Beeson Terhorst LLP
510 Bercut Drive, Suite V
Sacramento, CA 95811
Phone: 707-301-7504

E-Mail: michael@beesonterhorst.com
        Jeff@beesonterhorst.com
        mercedes@beesonterhorst.com

DEF. ASMAN'S RESPONSES TO PL'S RFA, SET ONE    12



I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on July 19, 2023 at Pleasant Hill, California.

*Tami Martin*
_____
Tami Martin

DEF. ASMAN'S RESPONSES TO PL'S RFA, SET ONE    13

AFFIDAVIT OF THOMAS J. SCHMITZ, D.P.M.

The undersigned hereby assert the following:

The following exhibits are included with **PLAINTIFFS' MOTION FOR RELIEF FROM ORDER DISMISSING WITH PREJUDICE CAUSES OF ACTION FOR DELIBERATE INDIFFERENCE AND DEPRIVATION OF FAMILIAL RELATIONS AGAINST DEFENDANT ASMAN.** I personally received the following document on July 19, 2023 via Email.

Exhibit A-
**DEFENDANT ADAM ASMAN'S RESPONSES TO PLAINTIFF'S REQUEST, FOR ADMISSIONS, SET ONE**

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 25th Day of JULY 2023.

*[signature]*
Thomas J. Schmitz, DPM

Affidavit of Thomas J. Schmitz, D.P.M