THOMAS J. SCHMITZ
DIANNE MALLIA
404 Atkinson St,
Roseville, CA 95678
(707) 694-8158
tsfoot49@gmail.com
deedamallia@gmail.com
PRO SE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | NO. 2:20-cv00195-DJC-CKD |
| Plaintiffs, | Objections to Magistrate Judge's Findings and Recommendations. |
| vs. | |
| A ASMAN, et al., | |
| Defendants. | |

## I. Introduction

On November 7, 2023, the Court issued FINDINGS AND RECOMMENDATIONS that defendant Dr. DeNigris' motion for partial summary judgment (ECF No. 291) be GRANTED and judgment be entered in Dr. DeNigris' favor on plaintiffs' First, Fourth, Eighth, and Ninth Causes of Action in the 4AC. (ECF 313) Plaintiffs' respectfully object to the proposed findings and recommendations of the Magistrate Judge and in accordance with Fed. R. Civ. P. 72(b) request a de novo determination by the United States District Judge assigned to this case. [1]

## II. EXTENSION OF TIME

The Magistrate Judge construed plaintiffs request for an extension of time as a request for an extension of time to obtain further evidence to oppose the motion for summary judgment. (ECF 313 at 10)   However, the court deemed the extension futile as "Similarly, even if plaintiffs came forward with expert opinion that defendant failed to obtain William's informed consent, that would not create a triable issue of fact for deliberate indifference."(ECF 313 at 12) Further the court found "Plaintiffs have not raised a triable issue of fact that defendant knew performing the endoscopy at issue posed a substantial risk of serious harm to plaintiff. Plaintiffs also have not raised a triable issue of fact regarding the obviousness of any of risks that defendant allegedly ignored. See Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003); Gibson, 290 F.3d at 1197 (acknowledging that a plaintiff may demonstrate that officers "must have known" of a risk of harm by showing the obvious and extreme nature of a detainee's abnormal behavior).

Further, in footnote 3. "The court recognizes plaintiffs allege conduct more blameworthy than a failure to inform William of risks. As set forth, though, in order to create a triable issue of fact on deliberate indifference, plaintiffs would need, at a minimum, **competent evidence from**

---

[1] Plaintiffs have also filed a motion to reconsider based on additional evidence.  However, pro se plaintiffs do not want to waive the right to appeal the District Court's order by failing to file objections.

2

PLAINTIFFS' Objections to Magistrate Judge's Findings and  Recommendations

NO. 2:20-cv00195-DJC-CKD

**which a fact-finder could infer that defendant knew performing the endoscopy posed a substantial risk of serious harm to plaintiff, or that the risks were so obvious that he must have known. "** (emphasis added) (ECF 313 at 13)

Pro se Plaintiffs do believe that there is a triable fact that has been raised regarding Defendant Dr. DeNigris knowledge of the risk of an endoscopy as alleged in the 4AC.[2]

### III. PRIOR FINDINGS RE: DELIBERATE INDIFFERENCE CLAIM

The court prior court findings pertinent to this motion are as follows:

The Court found in denying Defendant DeNigris motion to dismiss the 4AC that: Although the EGD was but a 4-minute procedure (4AC ¶ 787), plaintiffs allege in detail the many risks inherent in the administration of anesthesia for the sedated insertion of a scope down one's esophagus. (Id. ¶¶ 739-740, quoting informed consent forms describing risks including perforation of gastrointestinal tract wall, bleeding, paralysis, or death.) They also allege that Dr. DeNigris knew of these risks, both because they are commonly known to specialists like him and because he and William discussed those risks when they both signed the consent forms for the procedure. (Id. ¶¶ 735-740, 744.) **Such risks are necessarily "excessive" risks when the patient has no pre-existing medical need for an EGD/ endoscopy in the first place**—as plaintiffs allege was the case for William. Accordingly, without opining on whether these allegation will be borne out, the court finds that the 4AC sufficiently pleads that Dr. DeNigris performed the EGD in conscious disregard of the excessive risks it posed to William's health. See Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."). (ECF 200 at 15)

### IV. Evidence regarding Defendant's knowledge of endoscopy risks

---

[2] Pro Se plaintiffs understand the need for an expert in regard to the other allegations which is why an extension is needed. The court did not find perjury against Defendant DeNigris; however there still is existence of Defendant DeNigris's original interrogatory answers that provide his under-oath statements that William did not have cirrhosis and that the procedure was being performed due to William initiating hepatitis treatment. Pro se Plaintiffs believe the trier of fact will not simply ignore those interrogatory answers, which Defense's expert seems to do or was not even provided to review.

3

### A. Presented in Opposition

Pro se Plaintiffs believed they had presented competent evidence of Defendant Dr. DeNigris knowledge of the risks of the endoscopy, which as this court stated previously "Such risks are necessarily 'excessive' when the patient has no pre-existing medical need for an EGD/ endoscopy in the first place" (ECF at 200).

Evidence presented was in the Opposition under section "4. Risks of an Endoscopy" (ECF 301 at 13-15). Pertinent from that section includes:

> Below are exact allegations from the 4AC now followed by the information supporting the allegation in parenthesis.
>
> 735.   William was given Propofol as the anesthesia medication. (ECF 291-5 at 424)
>
> 736.   As a physician, Defendant Dr. DENIGRIS knows that risks of Propofol include death. (ECF 291-5 at 463)
>
> 737.   On 5/4/2018 Defendant Dr. DENIGRIS signed an informed consent form for endoscopy that states he was the "Physician explaining procedure, risks, complications, and alternatives" to William. (ECF 291-5 at 427)
>
> 738.   On 5/4/2018 William signed the same informed consent form for Endoscopy. (ECF 291-5 at 427)
>
> 739.   The Informed consent for Endoscopy signed by both Defendant Dr. DENIGRIS and William on 5/4/2018 includes all of the following:
>
> "**Principal Risks and Complications of Gastrointestinal Endoscopy**… all of the following complications are possible. 1. **Perforation**: Passage of the instrument may result in an injury to the gastrointestinal tract wall with possible leakage of gastrointestinal contents into the body cavity…2. **Bleeding**…may require transfusions, repeat endoscopy to stop the bleeding or possible a surgical operation. 3. **Medication phlebitis**: Medications used for sedation may irritate the vein in which they are injected…Discomfort in the area may persist for several weeks to several months. 4. **Other Risks include but are not limited to…** Drug reactions,…Instrument failure and death…" (ECF 291-5 at 427)
>
> 740.   On 5/4/2018, William signed the Consent for Anesthesia Services which included all of the following:
>
> "I acknowledge that my doctor has explained to me that I will have the procedure…It has been explained to me that all forms of anesthesia involve some

4

PLAINTIFFS' Objections to Magistrate Judge's Findings and Recommendations
NO. 2:20-cv00195-DJC-CKD

risk…**unexpected severe complications with anesthesia** can occur and include the remote possibility of infection, bleeding, drug reactions, blood clots, loss of sensation, loss of limb function, **paralysis**, stroke, heart attack, **or death**..." (emphasis added) (ECF 291-5 at 428)

741.    The same form explained the "expected results" of William receiving the "Monitored Anesthesia Care (with sedation)" was "Reduced anxiety and pain, partial or total amnesia." (ECF 291-5 at 428).    (ECF 301 at 13-15)

**Pro Se Plaintiffs citing the support from ECF 291-5 is enough evidence to support Defendant Dr. DeNigris' knowledge of the risks of an endoscopy and that certainly a fact-finder could find that when William was subjected to these risks, in the absence of a medical indication[3], it was necessarily "excessive".**

V. <u>Conclusion</u>

Plaintiff's respectfully object to the findings and recommendations as there is evidence of Defendant DeNigris's knowledge of the risks of the endoscopy.  Pro se plaintiffs should be granted the time extension to complete discovery and present expert opinion..

Dated: November 16, 2023                    Respectfully submitted,

                                            Thomas J. Schmitz

                                            Dianne Mallia

---

[3] Again the absence of indication will be shown with rebuttal expert opinion if Pro Se plaintiffs were given the opportunity to complete discovery as scheduled.

PLAINTIFFS' Objections to Magistrate Judge's Findings and Recommendations

NO. 2:20-cv00195-DJC-CKD