UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al,, | No. 2:20-cv-00195-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | |
| Defendants. | |

Plaintiffs Dianne Mallia and Thomas Schmitz, individually and as successors of interest, proceed without counsel under 42 U.S.C. § 1983. In the operative fourth amended complaint ("4AC"), plaintiffs allege constitutionally inadequate medical and mental health treatment and/or negligence by various defendants caused their son, William, to suffer harm and injuries including his death. On November 15, 2023, defendant, Stephen DeNigris, M.D., PH.D., filed a motion for summary adjudication of plaintiffs' negligence claim, the Seventh Cause of Action in the 4AC.[1] For the reasons set forth below, the undersigned vacates the hearing set for December 27, 2023, and grants plaintiffs a 60-day extension of time to obtain an expert opinion and to file an amended opposition to the motion for summary judgment filed on November 15, 2023.

---

[1] In findings and recommendations filed on November 7, 2023, the undersigned recommended that a partial summary judgment motion filed by Dr. DeNigris on August 11, 2023 (ECF No. 291) be granted as to plaintiffs' First, Fourth, Eighth, and Ninth Causes of Action in the 4AC. (ECF No. 313.)

1

Defendant's motion for summary judgment filed on November 15, 2023, relies on the expert opinions of Dr. Arenson that defendant, at all times, met the applicable standard of care. (E.g., ECF No. 314-1 at 12-15.)[2] In plaintiffs' opposition to the motion for summary judgment, among other matters raised and argued, plaintiffs request additional time under Rule 56(d) of the Federal Rules of Civil Procedure to present additional facts in support of their opposition. (E.g., ECF No. 319 at 116.) Plaintiff Mallia's affidavit states, in part, the following:

> Plaintiffs are unable to present facts essential to justify our position as we have not deposed Defense expert Dr. Arenson and not had time to attain an expert to specifically counter his opinions. Fact discovery has not been completed in this case. Further, we are pro se plaintiffs and Plaintiff Dr. Schmitz has been ill. We are up against four separate groups of attorneys and numerous defendants. Although we are doing our best, it is very difficult to keep up with all of the various legal requirements. We believe we are entitled for our case to be decided on the merits and not because we are caught by surprise with inadequate time to respond to the best of our ability.

(Id.)

In reply, defendant argues, in relevant part, that plaintiffs "waived any argument as to the factual foundation of Dr. Arenson's opinions" by failing to raise this issue when defendant first proffered the declaration in support of defendant's prior motion for summary judgment. (ECF No. 325 at 7.) Defendant argues that plaintiffs have had ample notice, since August 11, 2023, of Dr. Arenson's opinions and their need to obtain conflicting expert testimony in order to oppose the motion. (Id. at 12.) Defendant argues that to impute plaintiffs' impediment onto defendant would be to violate his due process right to adequately mount a meaningful defense, seek the benefit of a dispositive motion, and have timely disposed an unsubstantial claim. (Id. at 13-14.) Moreover, defendant emphasizes, plaintiffs raise no foundational issue in their opposition, and thus have no grounds to depose Dr. Arenson. (Id. at 7-12.)

In support of these arguments, defendant cites St. Mary Med. Ctr. v. Superior Ct., 50 Cal.App.4th 1531 (1996)[3] and California Code of Civil Procedure, § 437c, the state statutory

---

[2] Page numbers referenced in the parties' briefing are those assigned by CM/ECF at the top of the page.

[3] In St. Mary Med. Ctr., the state court of appeal addressed "whether or not the provisions of

2

1   equivalent to Rule 56 of the Federal rules of Civil Procedure. Defendant also cited California
2   Code of Civil Procedure, § 437c, in the pending motion for summary judgment. (ECF No. 314-1
3   at 15.) Thus, when defendant argues he is "entitled to have this motion heard in compliance with
4   statutory law" (ECF No. 325 at 14), the undersigned assumes defendant is referring to section
5   437c. However, defendant provides no explanation why state law should apply to discovery
6   matters or the procedural aspects of summary judgment as to plaintiffs' negligence claim.

"A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055 n.2 (9th Cir. 2000). Under the Erie doctrine, federal courts sitting in diversity jurisdiction apply federal procedural law and state substantive law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). The question whether plaintiffs should be granted an extension of time is a procedural matter relating to discovery, and defendant does not assert otherwise. It follows that the Federal Rules of Civil Procedure govern "the procedural aspects of summary judgment" in this case. See Caesar Elecs. Inc. v. Andrews, 905 F.2d 287, 290 n.3 (9th Cir. 1990); Barajas v. Consol. Disposal Serv., L.L.C., No. SACV1600941-AGR-AOX, 2017 WL 6181674, at *3 (C.D. Cal. Sept. 15, 2017) (rejecting application of a summary judgment standard similar to California Code of Civil Procedure 437c); Wilson v. Kauai Restaurants, Inc., No. 2:11-CV-2033 MCE GGH, 2013 WL 618151, at *1 (E.D. Cal. Feb. 19, 2013) ("[M]atters going to discovery procedural issues… are entirely federal in nature. … [S]tate discovery practices are irrelevant."). The court will apply federal law and the Federal Rules of Civil Procedure to this dispute.

Federal Rule of Civil Procedure 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. Rule 56(d) provides that the

---

Code of Civil Procedure section 2034 preclude depositions of experts who are utilized in connection with summary judgment or summary adjudication proceedings if there has not yet been an exchange of experts pursuant to that section." 50 Cal.App.4th at 1533-34. The state court held "where a party presents evidence that raises a significant question relating to the foundation of an expert's opinion filed in support of or in opposition to a motion for summary judgment or summary adjudication, a deposition limited to that subject should be allowed." Id. at 1534.

party must "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "A party requesting a continuance pursuant to [Rule 56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) (citations omitted).

Courts in the Ninth Circuit "generally disfavor summary judgment where relevant evidence remains to be discovered." Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). The burden is on the nonmoving party "to show what material facts would be discovered that would preclude summary judgment." Id. (non-moving party satisfied the burden by setting forth the particular facts expected to be uncovered through discovery, and identifying specific facts tending to show that the evidence sought actually exists). Summary judgment in the face of a request for additional discovery is appropriate where such discovery would be "fruitless" with respect to the proof of a viable claim. Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). A district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past. Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995).

There is some persuasion to defendant's argument that plaintiffs did not diligently pursue the discovery they now need. Plaintiffs have been on notice as to the necessity of expert opinions at least since defendant filed his motion for partial summary judgment on August 11, 2023, and plaintiffs do not indicate they have taken any steps to obtain the expert opinion. Nevertheless, in furtherance of the policy preference for deciding cases on their merits, the undersigned will allow some leniency for pro se plaintiffs and a relatively brief extension of time to attain the necessary expert opinions on the standard of care.[4] See Klingele, 849 F.2d at 412. An extension of time of

---

[4] As to the matter of the deposition plaintiffs seek to take, Federal Rule of Civil Procedure 26 ordinarily protects discovery of facts known or opinions held by "an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). District courts in the Ninth Circuit have held that "[s]ubmitting sworn testimony is incompatible with retaining the status of a mere consulting expert immune from discovery." Sims v. Metropolitan Life Ins. Co., No. C–05–02980, 2006 WL 3826716 at *2 (N.D. Cal. 2006); see also id. at 3 (limiting the scope of discovery to statements in the declarations); Positive Techs., Inc. v. Sony Elecs., Inc., No. 11-CV-2226 SI KAW, 2013 WL 1402337, at *2 (N.D. Cal. Apr. 5, 2013). Here, though, plaintiffs

60 days for this purpose will not result in prejudice to defendant.

Plaintiffs must diligently seek the evidence they need. The undersigned does not intend to grant further extensions of time for this purpose absent a showing of good cause and specific facts demonstrating diligence in seeking the necessary evidence.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The hearing noticed to take place on December 27, 2023, is VACATED.

2. Plaintiffs' request for an extension of time to oppose defendant Dr. DeNigris' motion for summary judgment filed on November 15, 2023, is GRANTED in part for the purpose of allowing plaintiffs to obtain an expert opinion and file an amended opposition to the motion.

3. Plaintiffs' request for an extension of time to oppose defendant Dr. DeNigris' motion for summary judgment filed on November 15, 2023, is DENIED in part to the extent that plaintiffs seek to take the deposition of Dr. Arenson.

4. Within sixty (60) days from the date of this order, plaintiffs SHALL either file their amended opposition to the motion for summary judgment at issue, after which the court will no longer consider their opposition filed on November 29, 2023, or shall file a notice indicating they stand on the opposition already filed.

5. Defendant's amended reply in support of the November 15, 2023, motion for summary judgment, if any, is due within fourteen (14) days from the date of filing of any amended opposition by plaintiffs.

Dated:  December 15, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

schmitz20cv195.56d

---

fail to show that any facts they could obtain through a deposition of Dr. Arenson would preclude summary judgment.