UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al,, | No. 2:20-cv-00195-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| ADAM ASMAN, et al., | |
| Defendants. | |

Plaintiffs, Dianne Mallia and Thomas Schmitz, proceed without counsel under 42 U.S.C. § 1983. The motion presently before the court is filed by defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborogh, Ceballos, Heatley, J. Johnson, R. Johnson, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Waine. The moving defendants request a protective order under Federal Rule of Civil Procedure 26(c) limiting the scope of the third-party subpoena issued to Dr. Michael Golding. (ECF No. 323.) The motion for a protective order is granted in part and denied in part, as set forth below.

**I.    Background**

This action arises from the January 2019 death of William Schmitz ("William"), during his incarceration at Mule Creek State Prison ("MCSP"), under the authority of the California Department of Corrections and Rehabilitation ("CDCR"). William died in his prison cell of a

methamphetamine overdose after ingesting large quantities of the substance on January 21, 2019. His father and mother bring this action individually and as successors in interest to the estate. In the operative fourth amended complaint ("4AC"), plaintiffs allege constitutionally inadequate medical and mental health treatment and/or negligence by various defendants caused harm and injuries, including William's death.

Plaintiffs named Michael Golding, M.D., CDCR Chief Psychiatrist for Psychiatry Services, as a defendant in their original complaint. (ECF No. 1.) Plaintiffs voluntarily dismissed Dr. Golding on August 31, 2020. (ECF No. 61.)

### A.   Golding Reports and Investigatory File

In 2018, Dr. Golding submitted an unsolicited "whistleblower" report ("First Golding Report") in Coleman v. Newsom, et al., Case No. 2:90-cv-00520-KJM-DB (hereinafter "Coleman"). After assessing claims of confidentiality and harm that could result from the filing of Dr. Golding's report, the Coleman court ordered the filing of a redacted version of the report. (See Coleman, ECF No. 5986.)

Some of allegations in the First Golding Report were subject to an investigation by Charles Stevens, Esq. of Gibson, Dunn & Crutcher LLP, who was appointed by the Coleman court as a neutral expert. Dr. Golding submitted a file of documents to the neutral expert ("investigatory file"). (ECF No. 323-1 ¶ 6.) Neutral expert Mr. Stevens then produced a report on his firm's investigation (the "Gibson Dunn Report"). The Gibson Dunn Report was published on the Coleman case court docket on May 3, 2019.

On December 9, 2022, the plaintiffs in Coleman filed a notice of a second report from Dr. Golding ("Second Golding Report). The Coleman defendants' request for redaction of claimed privileged and private matter in the second report is pending. (See Coleman, ECF No. 7720.)

### B.   Plaintiffs' Subpoena and the Pending Motion

On September 29, 2023, plaintiffs gave notice of service of a subpoena to Dr. Golding. (See ECF No. 323-1 at 25-34, Subpoena.) Plaintiffs seek a variety of documents, including documents relating to communications about William, all documents authored by Dr. Golding in the Coleman case, all documents relating to Dr. Golding's communications with Receiver J.

Clark Kelso, policy documents, documents relating to knowledge of certain matters by the individual defendants in this case, documents relating to Dr. Goldings' communications with the individual defendants, and other matters. (See ECF No. 323-1 at 26-34.)

On October 9, 2023, Wendy Musell, counsel for Dr. Golding, engaged in meet and confer with all parties regarding Plaintiffs' subpoena for documents. (ECF No. 323-1 at 59-60.) Ms. Musell identified potentially responsive documents, including (1) the First Golding Report; (2) investigation materials Dr. Golding submitted to the neutral expert related to the First Golding Report; and (3) the Second Golding Report. (See id.)

On October 18, 2023, counsel for the moving defendants served objections to the subpoena. (ECF No. 323-1 at 63-77.) The parties agreed to an extension of time to December 8, 2023, for the response. (See ECF No. 323-1 at 80.)

Defendants filed the present motion on December 7, 2023. (ECF No. 323.) Plaintiffs filed a written opposition to the motion. (ECF No. 330.) Defendants filed a reply. (ECF No. 331.) The parties appeared via videoconference for a hearing on January 17, 2024. After the hearing, the court ordered the parties to file a joint statement identifying the remaining areas of dispute in the pending motion as well as the objections by Dr. Golding's counsel to the subpoena at issue. (See ECF No. 333.) The parties filed their joint statement on January 31, 2024. (ECF No. 337.) The parties agree that production of the First and Second Golding Reports is no longer at issue. (Id. at 2.)

**II.     Applicable Law**

Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 26(c) provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] [….] The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> [or]
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]"

Fed. R. Civ. P. 26(c)(1). "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

The party opposing disclosure has the burden of proving good cause for the protective order. In re Roman Cath. Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citing Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., 966 F.2d at 476 (citation omitted) (internal quotation marks omitted); see also San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002)

### III. Discussion

#### A. Golding Investigatory File

Defendants move for a protective order prohibiting production of documents comprising the file Dr. Golding produced to the Coleman neutral expert. (ECF No. 323 at 11.) Defendants

4

argue the file is irrelevant to any issue in this case and that production would unduly prejudice the Coleman defendants and interfere with the jurisdiction of the Coleman court in the class action matter. (Id.) Defendants argue the Coleman defendants were not provided the file and did not have an opportunity to respond at the time of the neutral expert investigation. (ECF no. 323 at 12.) They argue production of the file would improperly cause a re-litigation of matters not before this court and which were already litigated by the Coleman court. (Id.) Defendants argue it is unknown if and to what extent these files contain privileged, third-party private medical information protected by the inmate-patient's right to privacy, attorney-client privileged information such as communications with attorneys from the CDCR Office of Legal Affairs, and other information protected from disclosure. (Id. at 12.)

Plaintiffs respond that the files supporting Dr. Golding's report may reveal specific knowledge of the defendants regarding their knowledge of conditions that contributed to William's suffering and death. (ECF No. 330 at 16.) They argue relevant information should be produced regardless of its connection to the Coleman case. (Id.) Plaintiffs state they do not seek privileged material, but request that privileged material be described and submitted for in camera review. (Id. at 3 & 4, n.4.)

Defendants meet their burden to show that the entire Golding investigative file should not be publicly disclosed. However, plaintiffs' requests, as limited, seek relevant information proportional to the needs of the case and counsel for Dr. Golding has indicated that the materials Dr. Golding sent to the Coleman neutral expert contain responsive documents. Defendants do not show that special harm will result from production to the plaintiffs for the purpose of this case so long as privileged and sensitive third-party material is protected.

Documents responsive to the requests, as limited, shall be submitted to the court for in camera review. Counsel for moving defendants and plaintiffs may meet and confer regarding entry of a protective order under Local Rule 141.1(b).[1] In the event counsel and plaintiffs are unable to agree as to the form of such order, they shall jointly submit their respective proposed

---

[1] Notwithstanding entry of any protective order, documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 141.

5

orders to the effect described herein no later than March 6, 2024, with a joint statement, not to exceed four pages, specifying and describing the points of disagreement and divergence.

### B. Specific Requests for Production of Documents

Defendants also seek a protective order directed to Plaintiff's Request for Production of Document Nos. 1-9, 12-17, 26-27, and 30-31. (ECF No. 13-15.) Rulings on the specific requests are set forth below.

**Request Nos. 1 & 2** seek documents relating to communications with Receiver J. Clark Kelso and documents authored by Dr. Golding in the Coleman case. (ECF No. 323-1 at 30.) Defendants seek a protective order based on their arguments addressed above. While those arguments were rejected as reasons to prohibit any disclosure whatsoever, plaintiffs did not oppose the defendants' motion as to these requests. Accordingly, defendants' unopposed request is granted as to Request Nos. 1 and 2.

Defendants argue **Request Nos. 3, 4, 13, 16 & 17** should be limited to "production of the copies of relevant CDCR policies and procedures" as to the certain topics described instead of documents "related" to such policies, procedures, and/or trainings. (ECF No. 323 at 13.) Defendants argue the requests as currently phrased would encompass documents protected by attorney privilege, work product doctrine, and physician patient privileges. (Id.) Plaintiffs respond that they do not seek privileged documents. (ECF No. 330 at 17.) In reply, defendants argue plaintiff did not oppose their requested limitation.

Dr. Golding also objects to these requests as overbroad and asserts some responsive documents are privileged. (See ECF No. 337 at 10-19.) Dr. Golding welcomes in camera review by the court to determine which records should be produced. (Id.)

The court construes plaintiffs' argument as opposing the request to limit production to only copies of policies and procedures. Defendants' objection is overruled as a reason for limiting the request in the manner they suggest. Documents responsive to the request shall be submitted to the court for in camera review.

////

////

1  **Request No. 5** seeks "Any and all documents relating to CDCR psychiatrists concerns they could not meet a community standard of care while working within CDCR." (ECF No. 323-1 at 31.)

Defendants argue the request is overly broad as to time and scope, that it seeks information disproportionate to the needs of this case, and that it potentially includes information protected by the privacy right of non-parties and the attorney client privilege. (ECF No. 323 at 13.) Defendants assert information produced should be limited to "concerns" by William's treating psychiatrists for the period August 30, 2015, to January 21, 2019, in relation to their treatment of William. (Id.) Plaintiffs agree to the starting date proposed by defendants. (ECF No. 330 at 17.)

Dr. Golding also objects to this request as overbroad and asserts some responsive documents are privileged. (See ECF No. 337 at 11.) Dr. Golding welcomes in camera review by the court to determine which records should be produced. (Id.)

Defendants' objections are overruled in part and the protective order is granted in part. The request is limited to concerns by treating psychiatrists at Mule Creek State Prison for the time period August 30, 2015, to January 21, 2019. Documents responsive to the request, as limited, shall be submitted to the court for in camera review.

**Request Nos. 6 & 7** seek "any and all documents relating to CDCR nonphysicians practicing medicine" and "any and all documents relating to CDCR non-physicians overruling physician's decisions." (ECF No. 323-1 at 31.) Defendants argue information produced should be limited to August 30, 2015, to January 21, 2019, and at most, to concerns regarding Mule Creek State Prison and to the field of mental health care provision. (ECF No. 323 at 13.)

Plaintiffs agree only to the starting date proposed by defendants. (ECF No. 330 at 17.) They argue the 4AC alleges systemic conditions supervisors were aware of but did not fix. (Id.)

Dr. Golding also objects to these requests as overbroad and asserts some responsive documents are privileged. (See ECF No. 337 at 11-13.) Dr. Golding welcomes in camera review by the court to determine which records should be produced. (Id.)

////

7

Plaintiffs have not shown the information requested is proportional to the needs of the case. The protective order is granted in part as to these requests. Information to be produced is limited to August 30, 2015, to January 21, 2019, and is further limited to concerns regarding mental health care provision at Mule Creek State Prison. Documents responsive to the request, as limited, shall be submitted to the court for in camera review.

**Request Nos. 8, 9, 12, & 27** seek documents relating to individual defendant's knowledge of "Coleman mandate violations" and knowledge of inability to meet Program Guide requirements, and attempts to correct identified violations, or communications regarding same. (See ECF No. 323-1 at 31-33.) Defendants argue these requests are overbroad and seek information not proportional to the needs of this case. (ECF No. 323 at 14.) They argue plaintiffs are improperly trying to create a second forum to litigate CDCR compliance with Coleman remedial orders, which are issues that have been and are being ligated in that matter. (Id.)

Dr. Golding also objects to these requests as overbroad and asserts some responsive documents are privileged. (See ECF No. 337 at 13-16.) Dr. Golding welcomes in camera review by the court to determine which records should be produced. (Id.)

Plaintiffs respond that the documents are relevant to individual defendants' knowledge of potential conditions that created an environment in which William was likely to receive unconstitutional mental health care. (ECF No. 330 at 17-18.)

Plaintiffs seek relevant information proportional to the needs of the case. Defendants' request for a protective order is granted in part and denied in part as to these requests. Information to be produced is limited to August 30, 2015, to January 21, 2019. Documents responsive to the request, as limited, shall be submitted to the court for in camera review.

**Requests for Production Nos. 14 & 15** seek documents related to "any potential pressure felt by individuals to transfer of mentally ill inmates from EOP to CCCMS" and documents related to "mentally ill individuals being removed from psychiatric medicines due to communication error." (ECF No. 323-1 at 32.) Defendants argue the information sought encompasses third party private medical information protected from the disclosure. (ECF No. 323 at 14.) Defendants argue the requests are overbroad in time and scope, and that responsive

8

documents, if any, should be limited to such relevant to Mule Creek State Prison in 2018. (Id.)

Dr. Golding also objects to these requests as overbroad and asserts some responsive documents are privileged. (See ECF No. 337 at 13-16.) Dr. Golding welcomes in camera review by the court to determine which records should be produced. (Id.)

Plaintiffs seek relevant information proportional to the needs of the case, with a time limitation for August 30, 2015, to January 21, 2019, and a further limitation to Mule Creek State Prison. Defendants' request for a protective order is granted in part and denied in part. Documents responsive to the requests, as limited, shall be submitted to the court for in camera review.

**Request for Production No. 26** seeks documents relating to communications sent or received by Dr. Golding through health care services for Decedent from January 1, 2015, to the present. (ECF No. 323-1 at 33.) Moving defendants seek an order precluding the production of communications made after William's death that are protected by the attorney-client privilege and common defenses privilege, namely communication with the Office of the Attorney General and the Office of Legal Affairs regarding current or pending litigation. (ECF No. 323 at 14-15.)

Dr. Golding also objects to this request as overbroad and asserts some responsive documents are privileged. (See ECF No. 337 at 20-21.) Dr. Golding welcomes in camera review by the court to determine which records should be produced. (Id.)

Plaintiffs respond that Dr. Golding is in possession of at least 546 pages of documents (with duplicates) provided by CDCR responsive to this request. (ECF No. 330 at 18.) Plaintiffs argue the documents should be disclosed subject to Dr. Golding's assessment of privilege. (Id.)

Defendants' request for a protective order is granted in part and denied in part. Documents responsive to the request shall be submitted to the court for in camera review. When submitting documents responsive to this request to the court, Dr. Golding shall also produce the documents to the defendants. Within 10 days of receiving the documents, defendants may assert any privileges.

**Request for Production No. 28** seeks documents relating to Dr. Golding's communications with individual defendants relating to the vacancy rates of psychiatrists within CDCR. (ECF No. 323-1 at 33.) Defendants argue this request seeks irrelevant information

1  disproportionate to the needs of this case because William was seen by a psychiatrist more times
2  than the Program Guide requires for CCCMS patients in the two months before his death. (ECF
3  No. 323 at 14.) They argue the request is unlimited in time and would cover information
4  regarding staffing rate at institutions other than Mule Creek State Prison. (Id.)

5  Dr. Golding also objects to this request as overbroad and asserts some responsive
6  documents are privileged. (See ECF No. 337 at 20-21.) Dr. Golding welcomes in camera review
7  by the court to determine which records should be produced. (Id.)

8  With an added limitation for the time period August 30, 2015, to January 21, 2019, and an
9  added limitation to Mule Creek State Prison, plaintiffs seek relevant information proportional to
10 the needs of the case. Defendants' request for a protective order is granted in part and denied in
11 part on this request. Documents responsive to the request, as limited, shall be submitted to the
12 court for in camera review.

13 **Requests for Production Nos. 30 & 31** seek documents related to "individual defendants
14 violating" the United States constitution and violating the Business and Professions Code, section
15 2052. (ECF No. 323-1 at 34.) Defendants argue the requests improperly ask Dr. Golding to make
16 a legal conclusion as to whether a party in this action violated the law. (ECF No. 323 at 15.)
17 Plaintiffs did not oppose the defendants' motion as to these requests. Defendants' objection is
18 sustained and request for a protective order is granted as to these requests.

19 **IV.      Conclusion and Order**

20 For the reasons set forth above, IT IS HEREBY ORDERED as follows:

21 1.   Within 10 days, plaintiff and counsel for the moving defendants may meet and
22 confer regarding entry of a protective order under Local Rule 141.1(b); if counsel and plaintiffs
23 are unable to agree as to the form of such order, they may jointly submit their respective proposed
24 orders to the effect described herein no later than March 6, 2024, with a joint statement, not to
25 exceed four pages, specifying and describing the points of disagreement and divergence.

26 2.   The moving defendants' motion for a protective order (ECF No. 323) is
27 GRANTED IN PART and DENIED IN PART, as follows:
28 ////

      a. The protective order is granted as to Request Nos. 1, 2, 30, & 31.

      b. The protective order is denied as to Request Nos. 3, 4, 13, 16 & 17.

      c. The protective order is granted, in part, as to Requests Nos. 5, 6, 8, 9, 12, 14, 15, 16, 27, & 28; these requests are limited in scope as set forth above.

      d. When submitting documents responsive to Request No. 26, Dr. Golding shall also produce the documents to the defendants. Within 10 days of receiving the documents, defendants may assert any privileges.

3. Pursuant to Federal Rule of Civil Procedure 26(c)(2), within 20 days from the date of this order, Dr. Golding shall submit to the court for in camera review the non-privileged documents responsive to the requests, as limited, and any privilege log(s). **A hard copy of the materials bates stamped sequentially with the designation "IC001" shall be delivered to chambers. In addition, defendant shall scan the hard copy and submit the electronic version to CKDOrders@caed.uscourts.gov.**

4. The Clerk of the Court is directed to serve a copy of this order by mail on Wendy E. Musell at 66 Franklin Street, Suite 300, Oakland, CA, 94612.

Dated: February 16, 2024

                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

8
schmitz20cv195.26c.Golding