PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
639 Kentucky Street
Fairfield, CA 94533
Telephone: (707) 427-3998
Facsimile: (707) 427-0268

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS,
HEATLEY, J. JOHNSON, R. JOHNSON, PONCIANO,
RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH,
C. SMITH, TIEBROCK, TOCHE, and WAINE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ADAM ASMAN et al.,<br><br>Defendants. | Case No. 2:20-CV-00195-JAM-CKD<br><br>**DEFENDANTS ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, AND WAINE'S MOTION TO COMPEL THIRD-PARTY JOSEPH SCHMITZ, M.D. TO COMPLY WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS**<br><br>Date: April 17, 2024<br>Time: 10:00 a.m.<br>Dept.: 24, 8th Floor<br>Judge: Hon. Carolyn K. Delaney<br><br>Action Filed: 7/16/2020 |

TO PLAINTIFFS DIANNE MALLIA AND THOMAS SCHMITZ, IN PRO SE, and

TO JOSEPH SCHMITZ, M.D., SUBPOENAED THIRD-PARTY:

PLEASE TAKE NOTICE that the California Department of Corrections and Rehabilitation

(CDCR) and Defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborogh,

Ceballos, Heatley, J. Johnson, R. Johnson, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, And Waine ("Defendants") hereby move for an order compelling third-party Joseph Schmitz, M.D. to comply with subpoena for production of documents.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND RELEVANT ALLEGATIONS

This case arises out of the untimely death of a former CDCR inmate, William Thomas Schmitz ("Decedent"), on January 21, 2019 at Mule Creek State Prison ("MCSP") from accidental methamphetamine overdose. Plaintiffs filed their initial Complaint on January 27, 2020. (ECF No. 1.) Plaintiffs' operative complaint, the Fourth Amended Complaint ("4AC"), alleges that Decedent's death was the result of the deliberate indifference and/or negligence of a multitude of CDCR employees. (ECF No. 173.) Many of the defendants, the so called "supervisory defendants," never saw Decedent or had any direct input into Decedent's health care. Plaintiffs claim that these defendants did not correct CDCR's "culture" which allegedly allowed psychologists and social workers to make decisions above their scope of practice and allegedly allowed routine violations of the Mental Health Services Delivery System (MHSDS) Program Guide (Program Guide). (ECF No. 173, at ¶¶ 13, 14.)  Plaintiffs allege that due to that culture, Decedent was "removed" from critical antipsychotic medications and removed from the Enhanced Outpatient Program, which allegedly lead to deterioration of his mental health. (*Id*.) Plaintiffs also allege that Decedent was misdiagnosed with end-stage liver disease and subjected to unnecessary endoscopy, which plaintiffs claim contributed to his suffering and death. (*Id*, at ¶ 13.).

Plaintiffs allege that on the day he died, Decedent was housed alone "with access to illegal drugs and insufficient monitoring by CDCR guards" and was "forcibly given or ingested two bindles of methamphetamine" and died from the overdose. (*Id*. at ¶ 15.) Plaintiffs have stated in discovery that "William could not comprehend reality and, just like the numerous inadequately treated mentally ill inmates that commit suicide within CDCR and the psychotic CDCR inmate that ripped out and swallowed her own eye as described in Dr. Golding's report, it is impossible to know why William ingested the methamphetamine with the current information responding party has available." (Zhurnalova-Juppunov, Decl., ¶ 2, Exh. A, Plaintiffs' Amended Responses to defendant

Robinson's Special Interrogatories, Set One, Response No. 24.)

Plaintiffs have further alleged that "[o]ver the years, the Schmitz family tried many times to advocate for William's health and ongoing treatment with antipsychotic medications. They sent many unanswered emails and placed many unreturned phone calls to MCSP." (ECF No. 173, ¶ 332.) The 4AC quotes from three emails allegedly sent by Dr. Joseph Schmitz to CDCR employee's regarding William Schmitz during his incarceration. (ECF No., ¶¶ 320-327.) The 4AC also alleges that "The Schmitz family also sent letters documenting William's medical history that rarely, if ever, made it to it to the medical record." And contends that this did not comply with the standard of care. (ECF 173, ¶ 332.)

Plaintiffs also alleged that over the last year of his life, William Schmitz "became increasingly paranoid and told family members he had cirrhosis. William was worried about bleeding to death and the effect medicines could have on him and worsening his liver" but his family repeatedly reassured him he did not have one. (ECF 173, ¶¶ 669.) Plaintiffs' further allege that "William's family believed his concern about cirrhosis was due to his mental illness and one of many paranoid delusions." (ECF 672, ¶ 672.)

## II. PROCEDURAL HISTORY

On September 6, 2023, Defendants served a copy to all parties of Subpoenas for Document Production to Rose Swift and to Joseph Schmitz. (See Declaration of Maria Zhurnalova-Juppunov, ¶ 2, Exhs. A and B.) Personal service of the subpoena to Dr. Joseph Schmitz was affected on the same day. (See Zhurnalova-Juppunov Decl., ¶ 3, Exh. C.)[1]

On or about September 19, 2023, Defense counsel received a handwritten letter from Dr. Joseph Schmitz, dated September 13, 2023. (See Zhurnalova-Juppunov Decl., ¶ 4, Exh. D.) Dr. Schmitz did not produce any documents responsive to request for production specified in the subpoena. Dr. Joseph objected to some requests and responded that he did not possess responsive documents as to other requests. (See Exh. D.)

On September 26, 2023, Defense counsel caused a meet and confer letter to be mailed to

---

[1] Ms. Rose Swift timely produced to defendants, documents responsive to the subpoena and thus the subpoena issued to Ms. Rose Swift is not at issue in this motion.

DEFS' MTN TO COMPEL 3RD PARTY JOSEPH SCHMITZ, M.D. TO COMPLY W/SUBPOENA FOR DOC PROD - 2:20-CV-00195-JAM-CKD         2

Dr. Joseph Schmitz. (See Zhurnalova-Juppunov Decl., ¶ 5, Exh. E.) The meet and confer stated the reasons why defendants' position was Dr. Joseph Schmitz objections were meritless and asked that Dr. Joseph Schmitz advise by October 4, 2023 if he would comply with the subpoena and produce the responsive documents to avoid the necessity of defendants' filing a motion to compel. (*Id*.)

On November 13, 2023, defense counsel followed up with another letter asking Dr. Joseph Schmitz to confirm receipt of the meet and confer letter and out of abundance of caution attaching it again. (See Zhurnalova-Juppunov Decl., ¶ 13, Exh. F.)

As of the date of the filing of this motion, Defense counsel has not received further communications from Dr. Joseph Schmitz and no documents have been produced. (See Zhurnalova-Juppunov Decl., ¶ 7.)

### III. LEGAL AUTHORITY

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to command a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. . . ." Fed. R. Civ. P. 45(a)(1)(A)(iii). In response to the subpoena, the nonparty must serve objections to the request before the earlier of the time specified for compliance or fourteen days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B.) If an objection is made, the serving party may move for an order compelling compliance. Fed. R. Civ. P. 45(b)(1)(B(i).

An order compelling compliance "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. "Once the minimal showing of relevance is made, the party who resist discovery has the burden to show that discovery should be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Garces v. Gamboa*, No. 1:21-cv-00392-JLT-EPG, 2023 U.S. Dist. LEXIS 87948, at *5 (E.D. Cal. May 18, 2023.)

///

///

## IV. ARGUMENT

### A. The Documents Requested are Relevant and Proportional to the needs of this Case.

Defendants have served a subpoena for production of documents that are directly relevant to plaintiffs' claims in this lawsuit. "The scope of discovery allowed under a Rule 45 subpoena is the same as the scope of discovery allowed under Rule 26." *S. Cal. Hous. Rights Ctr. v. K3 Holdings, LLC*, No. 2:22-cv-00697-MCS-JC, 2023 U.S. Dist. LEXIS 180866, at *10 (C.D. Cal. Mar. 2, 2023) thus, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The subpoena seeks production of correspondence exchanged between Dr. Joseph Schmitz and CDCR employees regarding William Schmitz's medical and mental care and treatment at Mule Creek State Prison. (See Requests for Production Nos. 1-2.) These are directly relevant to plaintiffs' allegations, as Dr. Joseph Schmitz was decedent's brother and a member of his family that allegedly sent numerous communications to CDCR regarding the care and treatment of William Schmitz.

The subpoena seeks production of correspondence exchanged between Dr. Joseph Schmitz and plaintiffs and with William Schmitz regarding William Schmitz's medical and mental care and treatment at Mule Creek State Prison. (See Requests for Production Nos. 3-.8) Again, these requests are directly relevant to plaintiffs' allegation that William's Schmitz's mental state worsened, because of negligence on the part of defendants, that "false diagnosis of end stage liver disease and unnecessary procedures directly increased William's suffering and worsened his mental state" and he was unable to work as a porter, that there was a " failure to ensure timely access to appropriate antipsychotic medications"; that " William was removed from critical antipsychotic medications and removed from the Enhanced Outpatient Program (EOP) against his wishes", that " [o]ver the years, the Schmitz family tried many times to advocate for William's health and ongoing treatment

1  with antipsychotic medication". (See ECF No. 173, ¶¶ 13, 332, 796, 847.) Also, these communications, even if not admissible, are likely to lead to admissible evidence regarding many of the plaintiffs' allegations in this lawsuit.

Requests numbers 9-10 are likewise directly relevant to plaintiffs' claims and allegations in this lawsuit as they seek, documents, that pertain to, refer to or discuss decedent William Schmitz' medical and mental health care and treatment at Mule Creek State prison for the reasons stated above. Plaintiffs have clearly put at issue the mental and mental healthcare provided to Decedent and any documents his brother, who according to the pleadings was involved in contacting MCSP physicians, discussing with William Schmitz issue pertaining to his medical and mental health care, and communicating with other family members regarding the same. (ECF No 173, ¶ 343, ECF 301 at p. 137, attached to Zhurnalova-Juppunov Decl., as Exh. G).

Dr. Joseph Schmitz has stated that he has no documents in response to requests for production Nos. 11 to 17, and these requests are not subject to this motion.

Defendants have the right to review documents that are directly relevant to the claims and theories of liability asserted in the lawsuit and which document may lead to further admissible evidence relevant to their defense.

### B.  Dr. Joseph Schmitz's Objections Are Without Merit

#### 1.  The Requests Are Not Unduly Burdensome or Harassing

The requests are asking Dr. Joseph Schmitz to produce all documents that are within his custody or control.  There is no obligation on CDCR to retain copies of any and all letters by family members of an inmate and some of the named defendants have already retried or changed jobs and are no longer employed at CDCR. Moreover, it would be a much lesser burden for Dr. Joseph Schmitz, who needs to search only his own electronic mailbox, than it is for defendants to conduct searches through the many hundreds of emails that mention decedent's name to sort out which of those may be from family members. Defendants are entitled to discovery into the allegations regarding the many unanswered emails that have been purportedly send to MSCP

Dr. Joseph Schmitz's communications with the plaintiffs' regarding the medical and mental health care and treatment of William Schmitz are relevant to plaintiffs' claims in this case as well.

DEFS' MTN TO COMPEL 3RD PARTY JOSEPH SCHMITZ, M.D. TO COMPLY W/SUBPOENA FOR DOC PROD - 2:20-CV-00195-JAM-CKD    5

Plaintiffs have placed at issue their awareness, criticisms, approval, etc. regarding the medical care decedent was being provided for at Mule Creek State prison, as well as their awareness of decedent's complaints if any regarding the medical care and treatment he was receiving.

Dr. Joseph Schmitz does not state that no such documents exist in his custody and possession and all responsive documents should be produced.

### 2. Objections Based on Privacy Interests Regarding Decedent's Medical Records Are Without Merit

Requests for Production Nos. 1 to 10 seek communications with CDCR employees and with plaintiffs Ms. Mallia and Dr. Thomas Schmitz that discuss or pertain to William Schmitz's medical treatment at Mule Creek State Prison. The medical records themselves are not protected by the deceased interest in privacy, since the plaintiffs in this litigation have placed them at issue. Many of the claims asserted by plaintiffs Dr. Thomas Schmitz and Ms. Dianne Mallia pertain to the mental health and medical treatment decedent William Schmitz received at Mule Creek State Prison, as you must be well aware since you recently signed a declaration in support of plaintiffs' claims in this action. Thus, by placing at issue Decedent's care and treatment at Mule Creek State Prison. Plaintiffs, as Decedent's survivors, have waived any privacy interests regarding Decedent's medical records during his incarceration. See *Martinez v. City of Pittsburg* (N.D. Cal. June 13, 2018, No. 17-cv-04246-RS (KAW)) 2018 U.S.Dist.LEXIS 99397, at *7), ("The test of whether Defendants should obtain access to [Decedent]'s medical records is not relevance – the records may be highly relevant -- but the test is whether the privilege has been waived by putting the privileged information 'at issue.'" *EEOC v. Serramonte,* 237 F.R.D. 220, 224 (N.D. Cal. 2006). In other words, "privacy rights in medical records are neither fundamental nor absolute. [Citations.] When a plaintiff places his medical status at issue, the expectation to privacy to those conditions is diminished."); see also *Nehad v. Browder*, 2016 U.S. Dist. LEXIS 49252, 2016 WL 1428069, at *2-3 (S.D. Cal. Apr. 11, 2016) (decedent's medical and mental health records relevant in a wrongful death case).

///

///

### 3. Objections Based on the Subpoenaed Party's Professional Qualifications and Training are Without Merit

Objections based on the fact that Dr. Joseph Schmitz is a medical doctor have no merit. The fact that Dr. Joseph Schmitz is a licensed physician does not mean that Dr. Joseph Schmitz had a physician patient relationship with decedent during his incarceration at Mule Creek State Prison. Furthermore, even if he had, as already explained above, decedent's medical and mental health care has been placed at issue by plaintiffs' in the litigation.

## V. CONCLUSION

Based on the forgoing, Defendants respectfully request that the Court issued an order that the subpoenaed party comply with the subpoena for document production and produce copies of the responsive documents within his possession and control in an electronic format to the email address of defense counsel or via mail addressed to defense counsel law office.

Dated: February 22, 2024.        MCNAMARA, AMBACHER, WHEELER,
                                 HIRSIG & GRAY LLP

                                 By: /s/ Maria Zhurnalova-Juppunov
                                 Peter J. Hirsig
                                 Maria Zhurnalova-Juppunov
                                 Daniel R. Mayer
                                 Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE & WAINE

DEFS' MTN TO COMPEL 3RD PARTY JOSEPH SCHMITZ, M.D. TO COMPLY W/SUBPOENA FOR DOC PROD - 2:20-CV-00195-JAM-CKD        7

1                 PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

2      I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 3480 Buskirk Avenue, Suite 250, Pleasant Hill, CA 94523.

      On this date I served the foregoing **DEFENDANTS ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, AND WAINE'S MOTION TO COMPEL THIRD-PARTY JOSEPH SCHMITZ, M.D. TO COMPLY WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Pleasant Hill, California, addressed as follows:

**Plaintiff Pro Per:**

Dianne Mallia
404 Atkinson Street
Roseville, CA 95678

E-Mail: deedamallia@gmail.com

**Plaintiff in Pro Per:**

Thomas J. Schmitz
404 Atkinson Street
Roseville, CA 95678

E-Mail: tsfoot49@gmail.com

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on February 22, 2024 at Pleasant Hill, California.

                              /s/ Tami Martin
                              Tami Martin

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533
TELEPHONE: (707) 427-3998

DEFS' MTN TO COMPEL 3RD PARTY JOSEPH SCHMITZ, M.D. TO COMPLY W/SUBPOENA FOR DOC PROD - 2:20-CV-00195-JAM-CKD     8