UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195-DJC-CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | (ECF No. 338) |
| Defendants. | |

Plaintiffs move the court to determine the sufficiency of responses to discovery requests served to defendants Andaluz, Asman, Brizendine, Ceballos, Diaz, Gibson, Ramkumar, Rudas, M. Smith, and Toche. (ECF No. 338.) The parties' briefs addressing this discovery dispute are before the court. (ECF Nos. 338 (Motion), 345 (Opposition), 352 (Reply).)[1] Pursuant to Local Rule 230(g), the undersigned finds oral argument to be unnecessary. Accordingly, the hearing set for March 20, 2024, is vacated. For the reasons set forth below, the court will grant the motion as to a few of the matters raised and deny the remainder.

**I.     Background**

This action arises from the January 2019 death of William Schmitz ("William"), during his incarceration at Mule Creek State Prison ("MCSP"), under the authority of the California

---

[1] The court exercised discretion to hear this dispute under a briefing process similar to that set forth in Local Rule 230, rather than Local Rule 251. (See ECF No. 339.)

1

Department of Corrections and Rehabilitation ("CDCR"). William died in his prison cell of a methamphetamine overdose after ingesting large quantities of the substance on January 21, 2019. His father and mother bring this action individually and as successors in interest to the estate. In the operative fourth amended complaint ("4AC"), plaintiffs allege constitutionally inadequate medical and mental health treatment and/or negligence by various defendants caused harm and injuries, including William's death.

## II.     Applicable Legal Standards

Under the Federal Rule of Civil Procedure, parties

> [m]ay obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Pro. 26(b)(1).

The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."). Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012); see also Flournoy v. Maness, No. 211CV2844KJMEFBP, 2016 WL 6493970, at *2 (E.D. Cal. Nov. 2, 2016) ("As the moving party, plaintiff [also] bears the burden of informing the court of… why he believes defendants' responses are deficient [and] why defendants' objections are not justified"). "Thereafter, the party opposing discovery has the burden of showing the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted).

Although plaintiffs proceed pro se, they are "expected to abide by the rules of the court in which [they] litigate[.]" Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986). Pro se litigants are "not excused from following court rules[.]" Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("pro se litigants are bound by the rules of procedure").

////

### III. Discussion

#### A. Privilege Logs

Plaintiffs argue that despite defendants' repeated claims of privilege, few documents have been identified as being withheld as required by law. (ECF No. 338-1 at 12.) Defendants respond that they informed plaintiffs that no privilege logs would be provided until after the scope of overbroad requests was narrowed. (ECF No. 345 at 10.) This is an appropriate course of action. See United States v. Philip Morris Inc., 347 F.3d 951, 954 (D.C. Cir. 2003) ("[I]f a broad discovery request includes an allegedly privileged document, and if there is an objection to the scope of the request, the court should first decide whether the objection covers the document. If the court finds that the document is within the scope of the objection, and the court overrules the objection, it must then give the party an opportunity to list the document on a privilege log[.]"). Therefore, plaintiffs must overcome the defendants' overbroad objections in order to receive the privilege logs they seek.

#### B. Meet and Confer / Disputes Not Adequately Addressed in the Motion

The moving party bears the burden of ensuring that proper meet-and-confer discussions take place. See Local Rule 251(b). Plaintiffs were already cautioned that they must meet this burden for their discovery motions. (See ECF No. 285 at 5-6 ("the court expects that plaintiffs will satisfy the burden for all challenges in any future motions").)

As to the present motion, defendants assert plaintiffs failed to engage in good faith meet and confer as to the following:

1. Defendant Ceballos' Answers to RFP Nos. 41-97
2. Defendant Brizendine's Answers to RFP Nos. 41-97.
3. Defendant Diaz's Answers to RFP Nos. 41-97
4. Defendant Gipson's Answers to RFP Nos. 41-97
5. Defendant Toche's Answers to RFP Nos. 41-52, 54, 56, 61-64, 90

(ECF No. 345 at 6.) Plaintiffs do not clearly reply to this argument. Although they note the RFPs are identical for many defendants (ECF No. 338-1 at 6), plaintiffs have failed to establish that adequate meet and confer took place as to the matters listed above. Accordingly, the present

3

motion is denied as to these matters. See Akkawi v. Sadr, No. 2:20-cv-01034 MCE AC, 2022 WL 2442234, at *1 (E.D. Cal. July 5, 2022).

In addition, plaintiffs list several discovery requests and responses which they state are in dispute, but which are not otherwise clearly addressed in their motion. Matters merely listed as in dispute, and not otherwise clearly addressed, are not properly before the court. See Flournoy v. Maness, 2016 WL 6493970, at *2.

### C. Specific Requests to Dr. Andaluz

#### 1. RFP No. 52

Dr. Andaluz identified emails "to and from Michael Golding dated March 16, 2020" as being withheld based on claimed attorney client privilege and work product doctrine, indicating the emails pertain to "procedures and obtaining legal representation" in response to this litigation initiated by plaintiffs. (ECF No. 345 at 10.) Plaintiffs are skeptical that all of the email content is properly withheld and request in camera review of the emails. (ECF No. 338-1 at 13.)

Plaintiffs fail to articulate a compelling argument to support their skepticism. The motion is denied as to this request.

#### 2. Other RFPs

Plaintiffs' motion states RFP Nos. 41-93 to Dr. Andaluz are in dispute (ECF No. 338-1 at 7), but the motion does not clearly set forth plaintiffs' issues with the responses or the relevance of the requests. The dispute over several of the requests apparently concerns defendants' claims of privilege and lack of privilege logs, as discussed above. To the extent there are other disputes, plaintiffs have failed to set forth the relevance of the requests or their specific issues with defendants' responses and objections. It is not the court's responsibility to independently review the requests and defendants' objections to determine relevancy and rule on defendants' objections when plaintiffs have not clearly addressed the issues. The motion is denied as to these requests.

### D. Specific Requests to Dr. Ramkumar

#### 1. Request for Admission ("RFA") Nos. 17, 21, and 26

Defendants disclosed a document, Bates number DEF117101-117102 (Exhibit Q to plaintiffs' motion) which is a medical record that includes William's name and information at the

4

top and another patient's name and information "lined out." (ECF No. 338-1 at 11.) Plaintiffs argue the document portrays "obvious copy and pasting" by Dr. Ramkumar, and that it was not disclosed by defendants until "after the Plaintiffs described the note in the 4AC." (Id.) Defendants indicate the issue was a scanning error and argue the document is irrelevant to the claims against Dr. Ramkumar in this action because it is not a medical record pertaining to William. (ECF No. 345 at 11-12; ECF No. 338-1 at 269.)

In RFA Nos. 17 and 21, plaintiffs requested Dr. Ramkumar to admit the contents of this document. (See ECF No. 338-1 at 266-67, 269.) Plaintiffs' motion is denied as to these requests. Defendants have admitted the medical records are true and correct copies of the originals, and admitting the fact of what the note says is not an issue for trial that needs to be eliminated through requests to admit. See, e.g., K.C.R. v. Cnty. of Los Angeles, No. CV 13-3806 PSG SSX, 2014 WL 3433772, at *4 (C.D. Cal. July 14, 2014) (citing collected cases holding a request for admission asking a party to admit that a document states a quoted sentence is objectionable when the responding party has already authenticated the entire document).Plaintiffs cite authority that it is impermissible to dodge a request by stating a document speaks for itself (ECF No. 338-1 at 8), but the court does not find the authority to be applicable to this situation.

In request No. 26, plaintiffs requested Dr. Ramkumar to "Admit that YOU directly copied and pasted the exact plan… for William… and a different patient…." (ECF No. 338-1 at 272.) Defendant's objection for lack of relevance is overruled in this instance and plaintiffs' motion is granted as to RFA No. 26.

### 2.  RFA No. 36, 38-44, 64-68

Plaintiffs' motion as to these requests states "See above arguments on expert opinion, document speaks for itself, and unduly burdensome and oppressive as the Bates number is provided." (ECF No. 338-1 at 14.) Defendants argue asking Dr. Ramkumar to review records made by other medical providers, and to interpret the note, is improper. (ECF No. 345 at 12-13.) Plaintiffs argue they are asking for defendant's opinion based on defendant's treatment of plaintiff. (ECF No. 338-1 at 8.)

////

The court sustains defendant's objections that the documents speak for themselves in these instances. Defendants have admitted the medical records are true and correct copies of the originals and nothing more is required. These requests do not ask about Dr. Ramkumar's treatment of William. As set forth above, admitting the fact of what a specific note by another medical provider says is not an issue for trial that needs to be eliminated through requests to admit. See K.C.R. v. Cnty. of Los Angeles, 2014 WL 3433772, at *4.

### 4. RFA No. 56

RFA No. 56 states "Admit that YOUR work as a psychiatrist while at MCSP never went through a peer review analysis." (ECF No. 338-1 at 285.) Plaintiffs argue defendants have not provided a privilege log for any peer review documents in prior discovery responses indicating Dr. Ramkumar never had a peer review. (Id. at 14.) Defendants argue the request is vague and ambiguous as to what is meant by undergoing a peer review analysis.

Plaintiffs have not presented any argument that they provided a definition for the phrase peer review analysis. Nevertheless, the party objecting to a term or phrase used in a discovery request as vague or ambiguous has the burden to show such vagueness or ambiguity. Defendants do not meet this burden. It is not ground for objection that a request is "ambiguous" unless it is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. U.S. ex rel. Englund v. Los Angeles Cnty., 235 F.R.D. 675, 685 (E.D. Cal. 2006).  In responding further to this RFA, defendants may include any reasonable definition of "peer review analysis" necessary to clarify the response. See generally Pulsecard, Inc. v. Discover Card Servs., Inc., 168 F.R.D. 295, 310 (D. Kansas 1996) (a party responding to a discovery request "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized"). Thus, plaintiffs' motion as to this request is granted.

### 5. RFA No. 72 and 74

RFA No. 72 concerns defendant's own note and use of a specific term. (See ECF No. 338-1 at 292.) Thus, defendant's "expert opinion" objection is overruled as to RFA No. 72 and plaintiffs' motion is granted as to this request.

////

RFA No. 74 concerns defendant's opinion whether defendant met the standard of care for the medical care provided to William. (ECF No. 338-1 at 292-93.) Defendant's "expert opinion" objection is sustained as to RFA No. 74. See Cnty. of Los Angeles v. Superior Ct., 224 Cal. App. 3d 1446, 1455 (2nd Dist. 1990) ("the present expert opinions of a party physician concerning the care given are irrelevant unless the physician is designated as an expert witness").

### E. Specific Requests to Dr. Rudas

#### 1. Interrogatory Nos. 1, 2, 4, 5, 6, and 7

Plaintiffs' motion states as to the dispute over these interrogatories: "Most of these are included to emphasize the need to identify and then produce the relevant documents within CDCR possession. Plaintiffs are skeptical that Defendant Rudas can not acquire the information to identify who and when William was placed as on the End Stage Liver Disease (ESLD) Registry." (ECF No. 338-1 at 15.) Defendants argue plaintiffs fail to explain why they consider the responses inadequate or deficient, except as to their skepticism about the responses provided. (ECF No. 345 at 13.)

Plaintiffs' skepticism is not a basis for compelling further responses. See Garcia v. Almieda, No. 1:03-cv-06658-OWW-SMS, 2007 WL 1395338, at *1 (E.D. Cal. May 10, 2007) ("Absent evidence to the contrary, which has not been offered, the court and plaintiff must accept defendant's response that she does not have access to the information needed to respond to this interrogatory.") The motion to compel is denied as to these requests.

#### 1. Interrogatory No. 9

Interrogatory No. 9 states "Identify all documents relating to the use of "Correspondence" section in the electronic medical record. (Example of the section is Bates number DEF007887)." Defendant objects to the interrogatory as vague, ambiguous, and unintelligible as phrased. (ECF No. 338-1 at 302-03.) Defendants argue Dr. Rudas has not been disclosed as an expert or person most knowledgeable on the electronic medical records system and that it is unclear what documents plaintiffs are requesting to be identified. (ECF No. 345 at 13-14.) Plaintiffs argue "there must be some type of information on when to use the correspondence section in the electronic medical record or rules/memos that guide its use." (ECF No. 338-1 at 15.)

7

Plaintiffs' motion is granted, in part, as to this request. Defendant shall provide a supplemental response indicating any extent to which defendant has personal knowledge about any formal, written "rules/memos" containing "information on when to use the correspondence section in the electronic medical record." Otherwise, the motion is denied as to this request.

### F. Specific Requests to Dr. M. Smith

RFA Nos. 22, 23, 24, and 25 seek to have Dr. Smith admit to the content of medical records not prepared by Dr. Smith. (ECF No. 338-1 at 236-38.) Defendants have admitted the medical records are true and correct copies of the originals and these requests do not ask about Dr. Smith's treatment of William. Thus, the motion is denied as to these requests. See, e.g., K.C.R., 2014 WL 3433772, at *4.

### G. Specific Requests to Officer Asman

#### 1. Requests for Production of Documents ("RFP") No. 6

RFP No. 6 requests "All unit log book pages for the dates William Schmitz was assigned to Building 8 Floor #2." (ECF No. 338-1 at 16.) Defendants produced only the log book pages for the date of William's death and argue plaintiffs are engaged in a fishing expedition. (Id.) Plaintiffs argue prior log book pages are relevant to show whether there was a custom of "simply signing in and out at the end of each shift" because defendant Asman has claimed he was reassigned on the date of William's death but has not produced any documents to show the reassignment. (Id.) The motion is denied as to this request. Plaintiffs do not adequately articulate the relevance of log book pages for dates prior to William's death.

#### 2. RFP No. 8

RFP No. 8 seeks any and all documents relating to Asman's activities on the date of William's death. Plaintiffs argue Asman identifies no documents and does not identify any documents withheld due to privilege. (ECF No. 338-1 at 18.)

Defendants argue the request is overly broad and unduly burdensome because documents related to Asman's activities outside of his work shift are irrelevant. (ECF No. 345 at 16.) They further argue the response is adequate because it states no unprivileged responsive documents are being withheld and because plaintiffs were notified in meet and confer that no privileged

documents relevant to Officer Asman's redirection from his post on the day in question are being withheld, except for attorney-client communications identified in the responses to RFP No. 3. (Id.) The motion is granted in part, only to the extent that defendant shall produce a privilege log specific to this request with the information conveyed in meet and confer.

Otherwise, the motion is denied. Plaintiffs' skepticism is not a basis for compelling further responses. See Garcia, 2007 WL 1395338, at *1.

### H. Specific Requests to Dr. Toche

Plaintiffs have agreed to limit the scope of responses to RFPs (Set Three) to Dr. Toche to MCSP (rather than CDCR). (ECF No. 338-1 at 18.) As to these requests, plaintiffs argue, generally, the requested discovery could show the supervisory defendants failed to correct known deficiencies. (Id. at 18-19.)

#### 1. RFP Nos. 44-45, 49

RFP Nos. 44-55 seek documents relating to continuity of care, requirements for primary care clinicians, and clinician placement from August 30, 2012, to the present. RFP No. 49 seeks recommendations and/or changes proposed or implemented to policies and procedures relating to continuity of care, including primary clinician placement.

Defendants argue the requests are overbroad and irrelevant because there is no claim William was not being seen by his primary care clinician and no claim that they prescribed medications to him. (ECF No. 345 at 16.) Defendants argue responsive documents have been produced including the Duty Statements of primary clinicians, the full Program Guides in effect at the relevant time, and the training records of the primary clinician defendants. This production suffices for RFP Nos. 44-45. See Nevis v. Rideout Mem'l Hosp., No. 2:17-CV-02295-JAM-AC, 2019 WL 5596938, at *5 (E.D. Cal. Oct. 30, 2019) (holding that producing "the relevant manuals, as they are kept in the ordinary course of business, is an appropriate and proportionate response" to a request for policies and procedures).

As to RFP No. 49, the overbroad objection is sustained. The discovery is not proportional to the needs of the case. The motion is denied as to these requests.

////

### 2. RFP No. 46

The motion is denied as to RFP No. 46, which seeks documents relating to every procedure and policy in effect at MCSP from August 30, 2012, to the present. The overbroad objection is sustained. The discovery is not proportional to the needs of the case.

### 3. RFP Nos. 47-48

RFP No. 47 seeks procedures, policies, and trainings related to the provision of Health Care Services. RFP No. 48 seeks documents relating to recommendations and/or changes proposed.

Defendants argue responsive documents including the Health Care Policies and Procedures CCHCS and Mental Health Services Program Guide containing the relevant policies, procedures, and memoranda have been produced or are available online via hyperlink which was provided. (ECF No. 345 at 17.) This production suffices for RFP No. 47. See Nevis v. Rideout Mem'l Hosp., 2019 WL 5596938, at *5.

As to RFP No. 48, the request is overbroad and the discovery is not proportional to the needs of the case. Accordingly, the motion is denied as to these requests.

### 4. RFP Nos. 50-58, 62-66, 69-72, 75-76, 83-85, 87-91

The motion is denied as to these requests. Plaintiffs do not adequately articulate the relevance of the information sought and do not explain why the defendant's objections and responses are deficient. Therefore, the overbroad objections are sustained. The discovery is not proportional to the needs of the case.

### 5. RFP No. 67-68

The motion is denied as to RFP Nos. 67-68, which seek documents relating to inmate safety and welfare checks in effect from August 30, 2012, to the present. Copies of the CDCR Department of Operations Manual for 2017-2019 have been produced. Production of the relevant manuals, as they are kept in the ordinary course of business, is an appropriate and proportionate response. See Nevis v. Rideout Mem'l Hosp., 2019 WL 5596938, at *5. The overbroad objections are sustained. The discovery is not proportional to the needs of the case. Plaintiffs do not meet their burden to explain why the defendants' objections and responses are improper or deficient.

**6. RFP No. 74**

The motion is denied as to RFP No. 74, which seeks the work schedules and shift logs of all staff at MCSP from August 30, 2017, through January 22, 2019. The overbroad objection is sustained. The discovery is not proportional to the needs of the case. Plaintiffs do not adequately articulate the relevance of the information sought, except as to defendant Asman, for whom the responsive documents have been produced, and do not meet their burden to explain why the defendants' objections and responses are deficient.

**7. RFP Nos. 82, 92**

These requests seek the personnel files and training records for all individuals identified in defendants' initial disclosures and the personnel files and training records of any staff that interacted with William from August 30, 2017, through January 21, 2019. Plaintiffs argue they should at least receive training records of all the named defendants. (ECF No. 338-1 at 19.)

Defendants respond that training records have been produced for defendant Asman as well as the physician defendants and primary clinician defendants. (ECF No. 345 at 20.) Thus, Dr. Toche's training records have already been provided. Plaintiffs fail to show how any other information in defendant's personnel file, or the personnel files of other individuals, is relevant to any claim or defense. See Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."). Moreover, a request for the entire personnel record of Dr. Toche (and the other individuals) is impermissibly overbroad. See Reed v. CSP LAC, No. CV12-10727-VAP (AS), 2019 WL 4316237, at *2 (C.D. Cal. May 30, 2019).

Further production would be overbroad in relation to plaintiffs' claims. The motion is denied on that basis.

**8. RFP No. 86**

RFP No. 86 seeks "control and/or custody logs and/or reports" for MCSP for August 30, 2017, through January 22, 2019. Plaintiffs argue they should at least receive "log book copies starting August 30, 2017 for Williams's housing assignment… to establish the customs and

general practice patterns at MCSP in regards to monitoring of inmates and officers following their post orders and other required duties." (ECF No. 338-1 at 19.)

The motion is denied as to this request. As set forth above, plaintiffs do not adequately articulate the relevance of log book pages for dates prior to William's death.

### IV. Conclusion and Order

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. The hearing set for March 20, 2024, is vacated.

2. Plaintiffs' motion to determine the sufficiency of responses to discovery requests (ECF No. 338) is GRANTED IN PART, as set forth above, as to the following disputes:

   a. RFA Nos. 26, 56, and 72 to Dr. Ramkumar

   b. Interrogatory No. 9 to Dr. Rudas

   c. RFP No. 8 Officer Asman

3. Otherwise, the motion is denied.

Dated: March 18, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.schmitz20cv195.mtc.338