UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al,, | No. 2:20-cv-00195-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | |
| Defendants. | |

Plaintiffs Dianne Mallia and Thomas Schmitz proceed without counsel under 42 U.S.C. § 1983. The motion presently before the court is filed by defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborogh, Ceballos, Heatley, J. Johnson, R. Johnson, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Waine. (ECF No. 346.) The moving defendants seek to compel third party Joseph Schmitz, M.D., to comply with a subpoena for production of documents.

This matter is appropriate for decision without oral argument. See Local Rule 230(g). The court vacates the hearing noticed to take place on April 10, 2024. The motion to compel production of documents in response to the third-party subpoena is granted.

**I.     Background**

This action arises from the January 2019 death of William Schmitz ("William"), during his incarceration at Mule Creek State Prison ("MCSP"), under the authority of the California

1

1  Department of Corrections and Rehabilitation ("CDCR"). William died in his prison cell of a
2  methamphetamine overdose after ingesting large quantities of the substance on January 21, 2019.
3  His father and mother bring this action individually and as successors in interest to the estate. In
4  the operative fourth amended complaint ("4AC"), plaintiffs allege constitutionally inadequate
5  medical and mental health treatment and/or negligence by various defendants caused harm and
6  injuries, including William's death.
7       On September 6, 2023, the moving defendants gave notice of service of a subpoena for
8  document production to Rose Swift and Joseph Schmitz, M.D. (See ECF No. ECF No. 346-1,
9  Exhs. A, B, & C.) Dr. Schmitz is the brother of plaintiff, Thomas Schmitz. (ECF No. 346-1 at
10 41.) Dr. Schmitz responded, objecting to all requests and indicating he did not have any
11 documents responsive to request numbers 11-17. (Id., Ex. D.) Dr. Schmitz objected on the
12 following grounds: (1) he is a licensed medical doctor and therefore an expert; (2) it is harassing
13 to request from him documents that can be obtained from the medical file; (3) he had no reason to
14 save correspondences he sent; and (4) he does not believe William would want him to disclose
15 medical information to defendants' attorneys. (Id.)
16      Prior to filing this motion, defendants' counsel sent meet and confer letters to Dr. Schmitz.
17 No further communication was received from Dr. Schmitz.
18      Defendants filed the present motion on February 22, 2024, seeking to compel Dr. Schmitz
19 to provide responsive documents to request numbers 1-10. (ECF No. 346.) Plaintiff Mallia filed a
20 written opposition to the motion. (ECF No. 355.) Defendants filed a reply. (ECF No. 359.)
21     **II.**    **Applicable Law**
22      Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to
23 command a nonparty to "produce designated documents, electronically stored information, or
24 tangible things in that person's possession, custody, or control...." Fed. R. Civ. P. 45(a)(1)(A)(iii).
25 In response to the subpoena, the nonparty must serve objections to the request before the earlier
26 of the time specified for compliance or fourteen days after the subpoena is served. Fed. R. Civ. P.
27 45(d)(2)(B.) An objection to a Rule 45 subpoena must demonstrate with adequate specificity that
28 compliance presents an undue burden or would require the disclosure of privileged or protected

information. See, e.g., Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409 (C.D. Cal. 2005) (objections that are not sufficiently specific, such as statements that requests are overly broad, burdensome, or oppressive, are waived). If an objection is made, the serving party may move for an order compelling compliance. Fed. R. Civ. P. 45(d)(2)(B)(i).

### III. Discussion

#### A. The Subpoena and the Parties' Arguments

Defendants seek to compel Dr. Schmitz to produce documents responsive to subpoena requests 1-10. These requests seek correspondence exchanged between Dr. Schmitz and CDCR employees, between Dr. Schmitz and the plaintiffs, and other documents relating to William's medical and mental health care and treatment at MCSP. (See ECF No. 346-1 at 9-11.) Defendants argue the requested documents are relevant to plaintiffs' allegations about the medical and mental health care treatment William received at MCSP, including allegations that Dr. Schmitz sent communications to CDCR regarding William's care and treatment. (ECF No. 346 at 5.)

Plaintiff Mallia opposes the motion, arguing it is harassing to seek emails from Dr. Schmitz when the CDCR controlled email accounts allow for defendants to search their own email accounts for emails from Dr. Schmitz. (ECF No. 355 at 3-5.) She argues plaintiffs requested these documents from defendants and only defendant Ashe produced any responsive documents in response to those requests. (Id. at 3.) Plaintiff argues plaintiffs already provided to defendants the email communications quoted in the operative fourth amended complaint and referenced in defendants' motion. (Id. at 5-6.)

Plaintiff Mallia also argues private communications between family members deserve protection from disclosure. (ECF No. 355 at 7.) She argues Dr. Schmitz is a potential expert or consultant and that defendants should not be able to "block plaintiff's potential consultation and expert resource with their requests or to attain… free reign on any communications between plaintiffs and Dr. Joseph Smith." (Id. at 7.)

In reply, defendants argue the requests are not unduly burdensome or harassing and plaintiff lacks standing to object on claimed burden. (ECF No. 359 at 2-3.) Defendants argue the plaintiffs' allegations including their allegations about many unanswered communications to

3

MCSP make the requested discovery necessary. (Id. at 3.) They argue they are entitled to know if further documents exist to investigate plaintiffs' claims and avoid surprise at trial. (Id.) Defendants also argue the plaintiffs' requests that would cover the documents currently at issue were grossly overbroad, calling for emails from "all [CDCR] employees related to William Schmitz's healthcare and death investigation" and "all documents relating to… plaintiffs' claim[.]" (Id. at 4.)

Defendants argue plaintiffs disclosed Dr. Schmitz, who is an Ophthalmologist, as a fact witness regarding William's alleged concern for end stage liver disease. They argue the requests do not seek any expert opinion from Dr. Schmitz, who is expected to testify at trial as a percipient witness. (ECF No. 359 at 4-5.)

### B. Requests 1-10

Plaintiff's objections on the ground of harassment and undue burden are overruled. See Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) ("a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."). Plaintiff's additional arguments that defendants did not respond adequately to plaintiff's requests are also unconvincing as a basis for denying the motion to compel. The subpoena for documents seeks relevant and discoverable information. The requests do not subject Dr. Schmitz to undue burden or significant expense. See Fed. R. Civ. P. 45(d)(2)(b)(ii) (court order must protect non-party from significant expense resulting from compliance).

### C. Requests 3-10

Plaintiff's additional objections regarding their communications with Dr. Smith are also overruled. Although the court may consider legitimate privacy interests that might be implicated in the disclosure of documents and information, privacy concerns must be weighed against other competing interests. See Ramirez v. Cnty. of Los Angeles, 231 F.R.D. 407, 411 (C.D. Cal. 2005). In the present case, any legitimate privacy concerns are outweighed by interests favoring disclosure.

Plaintiff's objection on the ground that Dr. Schmitz is a potential expert witness is

1  overruled. Dr. Schmitz is a fact witness. (See ECF No. 346-1 at 41 (declaration of Dr. Schmitz).)
2  Plaintiff does not identify any subject matter on which Dr. Schmitz might give expert opinions.

3      In addition, to the extent plaintiff's arguments are read as claiming protection for their
4  work product on the basis that Dr. Schmitz is their potential consultant, courts have held there is
5  "no such thing as 'pro se plaintiff work product[.]'" E.g., Simmons v. Adams, No. 1:10-CV-
6  01259-LJO, 2013 WL 2995274, at *2 (E.D. Cal. June 14, 2013). Other courts have allowed a pro
7  se party to assert work product protection so long as the assertion meets the requirements of Rule
8  26(b)(3) of the Federal Rules of Civil Procedure. See Kannan v. Apple Inc., No. 17-CV-07305-
9  EJD-VKD, 2019 WL 5589000, at *2 (N.D. Cal. Oct. 30, 2019) (recognizing courts have differed
10 regarding whether or to what extent materials prepared by a pro so litigant are protected); see also
11 U.S. v. Richey, 632 F.3d 559, 567-68 (9th Cir. 2011) (to qualify for work-product protection,
12 documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or
13 for another party or by or for that other party's representative).

14     Dr. Schmitz is not the plaintiffs' representative within the meaning Rule 26(b)(3)(A). See
15 Ocean Beauty Seafoods LLC v. Alaska, No. C19-6173 BHS, 2022 WL 16532799, at *3 (W.D.
16 Wash. Oct. 28, 2022) (communications to and from pro se litigant's non-attorney friends and
17 informal advisors are not protected work product). Even if the court were to afford some
18 protection to documents claimed by the plaintiffs to be work product, communications to and
19 from Dr. Schmitz would not qualify. See id.

20     **IV.**    **Conclusion and Order**
21     For the reasons set forth above, IT IS HEREBY ORDERED as follows:
22     1.    The court hearing noticed to take place on April 10, 2024, is VACATED.
23     2.    The defendants' motion to compel third party Joseph Schmitz, M.D., to comply
24 with the subpoena for production of documents (ECF No. 346) is GRANTED.
25     3.    Within thirty (30) days of the date of this order, third-party Joseph Schmitz, M.D.,
26 shall produce documents responsive to the requests numbered 1-10 in the subpoena for
27 documents dated September 5, 2023, and served to him by the moving defendants.
28 ////

4. Counsel for the moving defendants shall serve a copy of this order on Dr. Schmitz at his last known address forthwith.

Dated: April 7, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
schmitz20cv195.r45

6