UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | |
| Defendants. | |

     Plaintiffs Thomas Schmitz and Dianne Mallia proceed without counsel under 42 U.S.C. § 1983. On February 23, 2024, several of the defendants filed a notice of diminished mental capacity as to plaintiff, Dr. Thomas Schmitz. (ECF No. 348.) Along with the notice, the defendants submitted a letter apparently authored by plaintiff Schmitz's primary care provider and addressed "To Whom It May Concern[.]" (Id. at 6.)

     On March 22, 2024, the same defendants filed an administrative motion under Local Rule 233 seeking to stay the proceedings in this case pending a determination whether a substantial question exists regarding plaintiff Schmitz's competency to proceed pro se. (ECF No. 364.) Plaintiff Mallia has opposed the motion to the extent it requests a stay of all proceedings. (ECF No. 366.) Plaintiff Mallia does not oppose a limited stay of discovery or an extension of the discovery deadline. (See id. at 1.)

Rule 17(c) of the Federal Rules of Civil Procedure provides "[t]he court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." Rule 17 itself provides "no guidance regarding the circumstances that warrant a competency inquiry, or whether a pro se plaintiff should receive special consideration under the rule." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2nd Cir. 2003), cert. denied, 540 U.S. 1195 (2004). The Ninth Circuit has held a party "is entitled to a Rule 17 competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).

The procedure for determining competency is set by federal law, but the court looks to state law for competency standards. See Fed. R. Civ. P. 17(b)(1); In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015). Under California law, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding or is unable to assist counsel in the preparation of the case. In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001).

"[If] the court determines that a pro se litigant is incompetent, the court generally should appoint a guardian ad litem under Rule 17(c)." Davis v. Walker, 745 F.3d 1303, 1310 (9th Cir. 2014). However, "[i]f another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." Id.

Here, the court has before it a letter authored by plaintiff Schmitz's nurse practitioner primary care provider. (ECF No. 348 at 6.) The letter states Dr. Schmitz has had a deterioration in mental function over the last year, increasing memory loss, and multiple episodes of acute mental status change requiring hospitalization. (Id.) He has been referred to a geriatric psychiatrist for further testing. (Id.) The author of the letter does not believe Dr. Schmitz would be able to adequately represent himself in a legal case at this time. (Id.)

Sufficient evidence of incompetence has been presented to trigger a competency inquiry. See Allen, 408 F.3d at 1152 (finding a "substantial question" regarding competence where a pro se prisoner litigant submitted declarations explaining he was mentally ill and did not understand the court's instructions along with a letter from the prison psychiatrist setting forth a

1  Schizophrenia diagnosis and the plaintiff's treatment with psychotropic medications); see also
2  Ferrelli, 323 F.3d at 201 ("if the court received verifiable evidence from a mental health
3  professional demonstrating that the party is being or has been treated for mental illness of the type
4  that would render him or her legally incompetent, it likely would be an abuse of the court's
5  discretion not to consider whether Rule 17(c) applied").

6  The Rule 17 competency inquiry may implicate a litigant's due process rights. See
7  Ferrelli, 323 F.3d at 203; Thomas v. Humfield, 916 F.2d 1032, 1034 (5th Cir. 1990).
8  Accordingly, "[f]ederal courts have generally concluded that notice and a hearing are the
9  minimum [procedure] required." AT & T Mobility LLC v. Yeager, No. 2:13-CV-0007-KJM-
10 DAD, 2015 WL 4751185, at *3 (E.D. Cal. Aug. 11, 2015) (citing Sturdza v. United Arab
11 Emirates, 562 F.3d 1186, 1188 (D.C. Cir. 2009)).

12 The court will hold a competency hearing. At the hearing, Dr. Schmitz will have an
13 opportunity to make a statement addressing whether he feels he lacks the capacity to understand
14 the nature or consequences of the proceeding. The court may also briefly question Dr. Schmitz. If
15 he wishes, Dr. Schmitz may submit documentary evidence which may consist of sworn
16 declarations and/or letters from treating psychiatrists, psychologists, or medical professionals.

17 In accordance with the above, IT IS ORDERED as follows:

18 1. A competency hearing is set for to take place on May 15, 2024, at 10:00 a.m., via
19 Zoom. Dr. Schmitz shall appear and be prepared to answer the court's questions regarding his
20 competence to proceed. Other parties may also appear at the hearing.

21 2. The moving defendants' motion to stay (ECF No. 364) is granted in part, to the extent
22 that the court stays discovery requiring responses or testimony by Dr. Schmitz, pending a
23 determination of his competency to proceed pro se.

24 ////
25 ////
26 ////
27 ////
28 ////

     3. By May 8, 2024, Dr. Schmitz shall file any optional documentary evidence of his competency. Any request to seal must comply with Local Rule 141.

Dated: April 25, 2024

                                      */s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
schmitz20cv195.r17

4