PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
639 Kentucky Street,
Fairfield, CA 94533
Telephone: (707) 427-3998
Facsimile: (707) 427-0268

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ,
GIBSON, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN,
PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CDCR Correctional Officer ADAM ASMAN; et al.,<br><br>Defendants. | Case No. 2:20-CV-0195 DJC CKD (PS)<br><br>**DEFENDANTS' THIRD *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO COMPLY WITH COURT ORDER ECF NO. 344; DECLARATION OF MARIA ZHURNALOVA-JUPPUNOV**<br><br>Action Filed: 1/27/2020 |

### *EX PARTE* APPLICATION

Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, GIBSON, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE ("Defendants") respectfully apply *ex parte* for an order

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

1 extending the time to comply with the Court's Order of February 16, 2024, ECF No. 344 which required Dr. Golding to submit to the Court, for in camera review, the non-privileged documents responsive to the Requests For Production Nos. 5, 6, and 7 as limited, and any privilege log(s).

Good cause exists for the relief requested. Defendants have made two (2) prior requests of this nature before, on or about March 6, 2024 (see, ECF 353) and again April 4, 2024 (see ECF 369.) Defendants' through their attorneys have now screened the emails received as result of the eDiscovery performed by CDCR upon there request of Dr. Golding's counsel.

Defendants' counsel are still working on a redaction/privilege log for all emails and email attachments. Defendants' counsel needs additional time to review and ascertain whether an assertion of privilege is warranted regarding some of the emails and additional time to carefully review draft redactions. Defendants respectfully request a final extension of three weeks, up to and including May 22, 2024 to finalize review and preparation of privilege log for submission to the Court. Defendants believe that the reasonable extension requested would not be to the prejudice of plaintiffs in view of the Court's granting the stipulated request for extension of fact discovery in this case. (ECF 378.)

This Application is based on this Application and attached Memorandum of Points and Authorities, the accompanying declaration of counsel, and the file in this matter.

A proposed order is submitted for the Court's consideration.

Dated: May 2, 2024          MCNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP

By:    /s/ Maria Zhurnalova-Juppunov
Peter J. Hirsig
Maria Zhurnalova-Juppunov
Daniel R. Mayer
Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, GIBSON, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 6(b) authorizes a court, for good cause, to enlarge the time within which a party may or must do an act within a specified time. If a request for an extension is made before the expiration of the time originally prescribed, the request may be made without motion or notice. Fed. R. Civ. P. 6(b)(1)(A). Additionally, a court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Moving Defendants, through their counsel, have diligently worked to screen all emails that resulted from the search performed by CDCR eDiscovery, have converted into pdf the 313 potentially responsive emails, and are in the process of delivering to Dr. Golding's counsel for review those emails responsive to her search request. (Zhurnalova-Juppunov Decl., ¶ 6.)

Defendants' counsel has been and continues to work on a redaction/privilege log for all emails and email attachments. Defendants' counsel has prepared a draft redaction/privilege log for the majority of emails, and attachments which is revised and being finalized. There are a few remaining emails which defendants' counsel need additional time to review and ascertain whether an assertion of privilege is warranted, and if so to prepare the documents needed to assert it, such as the deliberative process privilege. (Zhurnalova-Juppunov Decl., ¶ 7.)

Despite the diligence of all parties and non-parties involved, given the volume of potentially responsive emails that needed to be screened for privileged and confidential information, the volume of personal data of third parties needed to be marked for redaction, defendants' counsel obligation to respond to other extensive written discovery propounded by plaintiff Mallia in the meantime, and the fact that Defendants' counsel are assigned to other state and federal matters, defense counsel's previously estimated time to complete review and prepare privilege/redaction log proved impracticable and impossible to meet. (Zhurnalova-Juppunov Decl., ¶ 8.)

Defendants respectfully request a final extension of approximately three weeks, up to and including May 22, 2024 to finalize review and prepare a privilege log for submission to the Court.

Defendants believe that the reasonable extension requested would not be to the prejudice of plaintiffs in view of the Court's granting the stipulated request for extension of fact discovery in

DEFS' THIRD EX PARTE APP FOR EXT 3
Case No.: 2:20-CV-0195 DJC CKD

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

this case. (ECF 378.) On the other hand, defendants' counsel inability to properly and carefully prepare the privilege/redaction log could lead to disclosure of third party private information and/or other privileged information to the prejudice of defendants and non-parties. (Zhurnalova-Juppunov Decl., ¶ 9.)

Moving defendants have reached out to Dr. Golding's attorney, Wendy Musell, Esq. who has indicated that has no objection and leaves the scheduling to the Court and the parties. (Zhurnalova-Juppunov Decl., ¶ 10,)

Moving Defendants' counsel was not reasonably able to meet and confer with both Plaintiffs due to Plaintiff Dianne Mallia's email to the parties regarding doubts about Plaintiff Thomas Schmitz's ability to litigate pro se (ECF No. 348.) Plaintiff Dianna Mallia notified via email of the relief defendants will be seeking from the Court on an *ex parte* basis. (Zhurnalova-Juppunov Decl., ¶ 11.)

This application and its supporting documents will promptly be served via U.S. Mail on Plaintiffs at the address designated for service.

For all of the foregoing reasons, moving Defendants respectfully request that the Court grant this *ex parte* application and extend the current deadline for compliance regarding Requests For Production Nos. 5, 6, and 7, up to and including May 22, 2024.

Dated: May 2, 2024

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP

By: /s/Maria Zhurnalova-Juppunov
Peter J. Hirsig
Maria Zhurnalova-Juppunov
Daniel R. Mayer
Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROUGH, CEBALLOS, DIAZ, GIBSON, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

## DECLARATION OF MARIA ZHURNALOVA-JUPPUNOV

1. I am an attorney duly licensed to practice law before all courts in the State of California, and I am an associate in the law firm of McNamara, Ambacher, Wheeler, Hirsig & Gray LLP, attorneys of record for the California Department of Corrections and Rehabilitation and for defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborogh, Ceballos, Diaz, Gibson, Heatley, J. Johnson, R. Johnson, Kernan, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tiebrock, Toche and Waine in the above-captioned action.

2. I have personal knowledge of the facts set forth below. As to matters stated upon information and belief, I believe them to be true. If called as a witness, could and would testify competently thereto.

3. Defendants have made two (2) prior requests of this nature before, on or about March 6, 2024 (see, ECF 353) and again April 4, 2024. (see ECF 369.)

4. As to the first request, eDiscovery performed by CDCR Health Care Litigation Support via key word search at the request of Counsel for Dr. Golding and CDCR Office of Legal Affairs had returned approximately 20,000 emails potentially responsive to Requests For Production Nos. 5, 6, and 7. These emails needed to be screened and/or redacted for relevance, for privileged information, including but not limited to, information protected by the psychotherapist privilege, constitutional privacy rights and HIPAA protection pertaining to third parties.

5. On April 3, 2024, Defendants were placed in a similar, if less extreme, situation. On that day, a further tranche of approximately 313 potentially responsive emails obtained in the same manner. Obviously, this is many fewer emails than the last time, but these also require the same forms of processing which simply has not been feasible in the time available, as the last day for submissions to in-camera review is April 4, 2024. At time of submission of the request, they had not begun to be reviewed or even converted into .pdf format.

6. As of the signing of this declaration, defense counsel has screened all emails that resulted from the search performed by CDCR eDiscovery, have converted into pdf the 313 potentially responsive emails, and in the process of delivering to Dr. Golding's counsel for review those emails responsive to her search request.

7. Defendants' counsel has been and continues to work on a redaction/privilege log for all emails and email attachments. Defendants' counsel has prepared a draft redaction/privilege log for the majority of emails, and attachments which is revised and being finalized. There are a few remaining emails which defendants' counsel need additional time to review and ascertain whether an assertion of privilege is warranted, and if so to prepare the documents needed to assert it, such as the deliberative process privilege.

8. Despite the diligence of all parties and non-parties involved, given the volume of potentially responsive emails that needed to be screened for privileged and confidential information, the volume of personal data of third parties needed to be marked for redaction, defendants' counsel obligation to respond to other extensive written discovery propounded by plaintiff Mallia in the meantime, and the fact that Defendants' counsel are assigned to other state and federal matters, defense counsel's previously estimated time to complete review and prepare privilege/redaction log proved impracticable and impossible to meet.

9. I believe that in view of the agreed upon and approved by the Court approximate three month extension of the discovery deadline in this case, a reasonable extension to finalize compliance with this order would not prejudice plaintiffs. On the other hand, defendants' counsels' inability to properly and carefully prepare the privilege/redaction log could lead to disclosure of third party private information and/or other priveleged information to the prejudice of defendants and non-parties.

10. Defendants' counsel have reached out to Ms. Musell representing Dr. Golding, the subpoenaed party, regarding defendants' request for a further extension until May 22, 2024. Ms. Musell indicated she has no objection and leaves the scheduling to the parties and the Court.

11. I was not reasonably able to meet and confer with Plaintiffs due to Plaintiff Dianne Mallia's email to the parties regarding doubts about Plaintiff Thomas Schmitz's ability to litigate pro se. I sent email to Plaintiff Dianna Mallia advising of the relief defendants will be seeking from the Court on an *ex parte* basis.

12. I believe good cause exists for this Court to extend the current deadline for compliance regarding Requests for Production Nos. 5, 6, and 7, up to and including May 22, 2024.

I declare under penalty of perjury of the laws of California that the foregoing is true and correct and that this Declaration was executed on the 2nd day of May 2024, in Pleasant Hill, California.

                                        /s/ Maria Zhurnalova-Juppunov
                                        Maria Zhurnalova-Juppunov

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 3480 Buskirk Avenue, Suite 250, Pleasant Hill, CA 94523.

On this date I served the foregoing **DEFENDANTS' THIRD *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO COMPLY WITH COURT ORDER ECF NO. 344; DECLARATION OF MARIA ZHURNALOVA-JUPPUNOV** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Pleasant Hill, California, addressed as follows:

**Plaintiff Pro Per:**

Dianne Mallia
404 Atkinson Street
Roseville, CA 95678

E-Mail: deedmallia@gmail.com

**Plaintiff in Pro Per:**

Thomas J. Schmitz
404 Atkinson Street
Roseville, CA 95678

E-Mail: tsfoot49@gmail.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 2, 2024 at Pleasant Hill, California.

          /s/ Tami Martin
          Tami Martin