UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| ADAM ASMAN, et al., | |
| Defendants. | |

Plaintiffs Thomas Schmitz and Dianne Mallia proceed without counsel under 42 U.S.C. § 1983. On February 23, 2024, several of the defendants filed a notice of diminished mental capacity as to plaintiff, Dr. Thomas Schmitz. (ECF No. 348.) On March 22, 2024, the same defendants filed an administrative motion under Local Rule 233 seeking to stay the proceedings in this case pending a determination whether a substantial question exists regarding plaintiff Schmitz's competency to proceed pro se. (ECF No. 364.) On May 1, 2024, the court extended the fact discovery deadline to three months from the court's determination of plaintiff Dr. Schmitz's capacity to proceed pro se, and extended all subsequent deadlines in the scheduling order accordingly. (<u>See</u> ECF Nos. 286, 378.)

On May 15, 2024, the undersigned held a competency hearing via videoconference for the purpose of determining Dr. Schmitz's competency to proceed pro se. (ECF No. 381.) Plaintiff Dr.

1

Schmitz, plaintiff Mallia, and Rose Swift, Dr. Schmitz's daughter, were sworn in and gave testimony on the matter. The court took the matter under submission.

The procedure for determining competency is set by federal law, but the court looks to state law for competency standards. See Fed. R. Civ. P. 17(b)(1); In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015). Under California law, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding or is unable to assist counsel in the preparation of the case. In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001).

Courts have held that minor defects in a defendant's cognitive abilities do not render a litigant incapable of providing rational assistance to his attorney. See, e.g., United States v. Cote, No. 08-20712-CR, 2010 WL 1931002, at *2 (S.D. Fla. May 13, 2010). Here, though, Dr. Schmitz proceeds without the assistance of counsel. Upon due inquiry and the information gleaned at the competency hearing in this matter, it appears plaintiff Dr. Schmitz has become legally incompetent to prosecute his claims pro se.

Dr. Schmitz appeared at the competency hearing on May 15, 2024, having sustained a visible injury in a fall the previous night. According to the evidence taken at the hearing, Dr. Schmitz recently suffered a heart attack and has been in and out of the hospital for a couple of years with increasing frequency. Dr. Schmitz was responsive to the court's questioning at the competency hearing and was able to communicate in a logical and coherent manner. He indicated he can read documents and prepare documents with assistance. However, he also testified his ability to reason has become diminished, he has trouble retaining new information, gets lost in legal complexities, loses his train of thought, and has difficulty understanding documents he reads.

The court also has before it a letter authored by plaintiff Schmitz's nurse practitioner primary care provider. (ECF No. 348 at 6.) The letter states Dr. Schmitz has had a deterioration in mental function over the last year, increasing memory loss, and multiple episodes of acute mental status change requiring hospitalization. (Id.) Plaintiff Mallia's testimony and Rose Swift's testimony at the competency hearing was consistent with the information in the letter from Dr. Schmitz's primary care provider.

In Dr. Schmitz's own opinion, he has become unable to continue prosecuting the case without assistance due to his recent medical issues. He indicated he thought he could continue to do so if he had someone to assist him, such as one of his children who is familiar with the case.

The undersigned finds the evidence adduced at the hearing, including Dr. Schmitz's testimony, reflects that Dr. Schmitz has become legally incompetent to prosecute his civil rights action pro se. "A[n] incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

"[If] the court determines that a pro se litigant is incompetent, the court generally should appoint a guardian ad litem under Rule 17(c)." Davis v. Walker, 745 F.3d 1303, 1310 (9th Cir. 2014). However, "[i]f another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." Id. The appointment of a guardian ad litem pursuant to Rule 17(c) is committed to the sound discretion of the district court. See United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986).

Based on the evidence adduced at the hearing, Dr. Schmitz is "not otherwise represented" within the meaning of Rule 17(c) in that he currently has no "general guardian, committee, conservator, or other like fiduciary." Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 656 (2nd Cir. 1999). If the presiding district judge adopts the undersigned's recommendation to find Dr. Schmitz legally incompetent to prosecute this case pro se, the absence of a guardian ad litem will preclude him from taking any further action in this case on his claims. He will be unable to prosecute the case pro se and will be effectively precluded from entering into a binding contract of settlement. Under these circumstances, appointment of a guardian ad litem under Rule 17(c) is appropriate.

At the competency hearing, Rose Swift, daughter of Dr. Schmitz, indicated a willingness to help him with this case. Ms. Swift is Dr. Schmitz's representative payee in some capacity with the Department of Veterans Affairs and/or the Social Security Administration and takes care of payments for his necessities. Ms. Swift lives nearby and assists Dr. Schmitz with appointments

and other tasks. Ms. Swift is qualified and suitable for appointment as guardian ad litem for purposes of this case in that she is Dr. Schmitz's daughter, already serves as his representative in an administrative context, and has shown a dedication to his best interests.

A guardian ad litem is authorized to act on behalf of the incompetent party and make all appropriate decisions in the course of specific litigation. 30.64 Acres of Land, 795 F.2d at 805. "[N]otwithstanding the incompetency of a party, the guardian [ad litmem] may make binding contracts for the retention of counsel and expert witnesses and may settle the claim on behalf of his ward." Id.

However, a non-attorney guardian ad litem must have counsel in order to litigate a case. See Johns v. Cty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (holding that while a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others). As a non-attorney, Ms. Swift is not authorized to litigate pro se on Dr. Schmitz's behalf. See Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) (explaining the right to proceed pro se is personal to the litigant); Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2nd Cir. 2009) ("If the representative of the… incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation."). This means Dr. Schmitz's claims "will not go forward" if the recommendation to find him incompetent is adopted and there is no attorney to conduct the litigation. Berrios, 564 F.3d at 134.

A party in a civil case has no constitutionally guaranteed right to the assistance of counsel. Berrios, 564 F.3d at 134. Under 28 U.S.C. § 1915(e)(1), the court has authority to request an attorney to represent any person unable to afford counsel. Here, though, Dr. Schmitz does not proceed in forma pauperis, and the court has no indication he is unable to afford counsel such that the court is authorized to request the services of voluntary counsel under 28 U.S.C. § 1915(e)(1). See 30.64 Acres of Land, 795 F.2d at 804 (ordering district court to exercise discretion whether to appoint counsel only if the court first determined the plaintiff was indigent).

Dr. Schmitz's claims are brought under 42 U.S.C. § 1983. Congress has provided for recovery of attorney's fees and costs by the prevailing party for a suit brought pursuant to section

4

1983. See 42 U.S.C. § 1988(b). This is the primary and usual means by which private litigants who seek to vindicate important constitutional rights are able to gain access to assistance of counsel. Under this scheme, private attorneys are provided incentive to take up representation in cases they feel are meritorious, but the court has no role in securing counsel for the unrepresented plaintiff.

Although Ms. Swift cannot prosecute the case for Dr. Schmitz without obtaining counsel, appointment of a guardian ad litem is nevertheless necessary to protect Dr. Schmitz given the undersigned's determination that he is legally incompetent to prosecute the case pro se. See Fed. R. Civ. P. 17(c). As guardian ad litem, Ms. Swift will be authorized to act on behalf of Dr. Schmitz and make decisions such as for binding contracts for the retention of counsel or settlement of his claims. See 30.64 Acres of Land, 795 F.2d at 805. In light of the undersigned's determination that Dr. Schmitz is legally incompetent to proceed pro se, this is now the only possible way forward for his claims. See Berrios, 564 F.3d at 134.

Finding the record reflects that Dr. Schmitz has become unable to continue prosecuting this case pro se, the undersigned will recommend the court declare him legally incompetent to do so and appoint Rose Swift as his guardian ad litem for purposes of this case.[1] In the event Ms. Swift or a party to this case believes another individual would be more suitable to act as Dr. Schmitz's guardian ad litem under the present circumstances, Ms. Swift or the party may so inform the court in objections to these findings and recommendations and request the court to issue a different order than that recommended below.

For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff, Dr. Schmitz, be found legally incompetent to prosecute this case pro se within the meaning of Rule 17(c) of the Federal Rules of Civil Procedure.

2. Rose Swift be appointed as guardian ad litem for plaintiff Dr. Schmitz in civil action No. 2:20-cv-00195-DJC-CKD (PS).

---

[1] Rule 17(c) of the Federal Rules of Civil Procedure deals only with the protection of incompetents in their status as parties. Nothing in the recommendation to find Dr. Schmitz incompetent to prosecute this action pro se would adjudicate his general competency.

5

    3. Dr. Schmitz's claims in civil action No. 2:20-cv-00195-DJC-CKD (PS) be stayed unless and until one of the following occurs: (1) a party or party's representative files a motion to lift the stay accompanied by evidence that plaintiff has been restored to competency; or (2) counsel enters an appearance on behalf of Dr. Schmitz to prosecute his claims.

    4. The Clerk of the Court be directed to serve any order adopting these findings and recommendations on Rose Swift electronically at rosedswift@gmail.com.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 7, 2024

                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

[8]
schmitz20cv195.r17.fr