UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ADAM ASMAN, et al., <br><br> Defendants. | No. 2:20-cv-00195-DJC-CKD (PS) <br><br> ORDER VACATING IN PART FINDINGS AND RECOMMENDATIONS <br><br> AMENDED FINDINGS AND RECOMMENDATIONS |

Plaintiffs Thomas Schmitz and Dianne Mallia proceed without counsel under 42 U.S.C. § 1983 with claims brought as individuals and successors in interest to the estate of William Schmitz. For the reasons set forth below, the undersigned vacates, in part, the findings and recommendations filed on June 7, 2024. Specifically, the undersigned vacates the recommendation that Rose Swift be appointed guardian ad litem for plaintiff, Dr. Thomas Schmitz, and the recommendation that a stay of an indefinite length be entered as to Dr. Schmitz's claims only. In place of those vacated recommendations, the undersigned issues these amended findings and recommendations.

**I.      Background**

On February 23, 2024, several of the defendants filed a notice of diminished mental capacity as to plaintiff, Dr. Thomas Schmitz. (ECF No. 348.) On March 22, 2024, the same

1

1  defendants filed an administrative motion under Local Rule 233 seeking to stay the proceedings
2  in this case pending a determination whether a substantial question existed regarding plaintiff
3  Schmitz's competency to proceed pro se. (ECF No. 364.) On April 26, 2024, the court granted, in
4  part, a motion to stay filed by several of the defendants and stayed discovery requiring responses
5  or testimony by Dr. Schmitz pending a determination of his competency to proceed pro se. (ECF
6  No. 376.) On May 1, 2024, pursuant to the parties' stipulation, the court extended the fact
7  discovery deadline to three months from the court's determination of plaintiff Dr. Schmitz's
8  capacity to proceed pro se and extended other subsequent deadlines in scheduling order
9  accordingly. (ECF No. 378; see also ECF No. 286.)

10  On May 15, 2024, the undersigned held a competency hearing via videoconference for the
11  purpose of determining Dr. Schmitz's competency to proceed pro se. (ECF No. 381.) Plaintiff Dr.
12  Thomas Schmitz, plaintiff Dianne Mallia, and Dr. Schmitz's daughter, Rose Swift, were sworn in
13  and testified.

14  On June 7, 2024, the undersigned issued findings and recommendations recommending
15  that Dr. Thomas Schmitz be found legally incompetent to prosecute this case pro se, that Rose
16  Swift be appointed as his guardian ad litem, and that his claims in this case be stayed unless and
17  until one of the following occurs: (1) a party or party's representative files a motion to lift the stay
18  accompanied by evidence that plaintiff has been restored to competency; or (2) counsel enters an
19  appearance. (ECF No. 384.) The court invited objections from Ms. Swift or a party suggesting
20  other individuals believed to be more suitable to serve as guardian ad litem under the present
21  circumstances. (Id. at 5.)

22  Several of the defendants filed objections regarding the details of the recommended stay
23  of claims. (ECF No. 385.) In reply to the defendants' objections, plaintiff Mallia indicated no
24  objection to a stay to last for up to a year if she could proceed with continued written discovery
25  during any stay. (ECF No. 387.) Ms. Swift objected to the recommendation that she be appointed
26  guardian ad litem and suggested the court appoint, instead, Dr. Joseph Schmitz, M.D., for that
27  purpose. (ECF No. 386.)
28  ////

## II. Applicable Law

The procedure for determining competency is set by federal law, but the court looks to state law for competency standards. See Fed. R. Civ. P. 17(b)(1); In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015). Under California law, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding or is unable to assist counsel in the preparation of the case. In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001).

"A[n] incompetent person who does not have a duly appointed representative may sue by a next friend or by guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Such appointment is committed to the sound discretion of the district court. See United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir. 1986). "[I]f the court determines that a pro se litigant is incompetent, the court generally should appoint a guardian ad litem under Rule 17(c)." Davis v. Walker, 745 F.3d 1303, 1310 (9th Cir. 2014). "If another order would sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an order." Id.

"[N]otwithstanding the incompetency of a party, the guardian [ad litem] may make binding contracts for the retention of counsel and expert witnesses and may settle the claim on behalf of his ward." 30.64 Acres of Land, 795 F.2d at 805. However, a non-attorney guardian ad litem must have counsel in order to litigate a case. See Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2nd Cir. 2009) ("If the representative of the… incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation."); Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007) (explaining the right to proceed pro se is personal to the litigant).[1]

---

[1] Under Federal Rule of Civil Procedure 25(b), which is referenced by both Ms. Swift and Dr. Joseph Schmitz, if a party becomes incompetent while an action is pending, the court may allow the action to be continued by or against the party's representative upon motion by the "real party in interest[.]" Rule 25(b) does not apply where one suing as guardian ad litem seeks to substitute themselves as plaintiff individually suing in their own right where the guardian ad litem is not the real party in interest.

3

### III. Discussion

For the reasons set forth in the order and findings and recommendations filed on June 7, 2024, the undersigned finds Dr. Thomas Schmitz has become legally incompetent to prosecute his claims pro se. (See ECF No. 384 at 2-3.) The recommendation that he be found incompetent to proceed pro se within the meaning of Rule 17 of the Federal Rules of Civil Procedure is not vacated. As set forth, the undersigned previously recommended that Rose Swift, daughter of Dr. Thomas Schmitz, be appointed to act as his guardian ad litem for purposes of this case. Ms. Swift objected and requested, instead, that her brother, Dr. Joseph Schmitz, be appointed. (See ECF No. 386.) Ms. Swift submitted a declaration by Dr. Joseph Schmitz indicating he is willing to serve as guardian ad litem. (See ECF No. 386-1.) Dr. Joseph Schmitz is the son of Dr. Thomas Schmitz and a percipient witness regarding the mental state of the decedent, William Schmitz. (See ECF No. 359 at 5.) If appointed guardian ad litem, Dr. Joseph Schmitz requests a stay of nine months, described as six months to review discovery and contact experts and three additional months to communicate with attorneys and to attempt to settle the case. (See ECF No. 386-1 at 2.)

Considering the objections filed by Rose Swift, the accompanying declaration, and the lack of response by any party objecting to the suggestion, the undersigned vacates the recommendation that Rose Swift be appointed guardian ad litem. Instead, the undersigned recommends the court appoint Dr. Joseph Schmitz as guardian ad litem for Dr. Thomas Schmitz for purposes of this case.

The recommendation to stay only Dr. Thomas Schmitz's claims is also vacated. Several of the defendants object to a stay of only those claims which could last indefinitely if competency is not restored and counsel is not secured. (ECF No. 385.) Defendants argue having no time limit for such a stay risks staggered, piecemeal litigation which causes prejudice and inefficiently uses judicial resources. (Id. at 5.) These defendants request, instead, the court stay the entire case for 5 months to give a fair opportunity for the guardian ad litem to retain an attorney prior to resuming with the entire case. (Id. at 6.) Plaintiff Mallia indicated no objection to a stay of the case for up to a year if allowed to proceed with continued written discovery during the stay. (ECF No. 387.)

////

Good cause appearing, the undersigned issues an amended recommendation that the entire case be stayed for six (6) months from the date of any order adopting these findings and recommendations, with the exception that the court allow continued written discovery to proceed on plaintiff Mallia's claims while the case is otherwise stayed. Under this recommendation, the stay will be lifted at the expiration of the six-month period even if Dr. Thomas Schmitz's claims are unable to proceed and even though his claims may become subject to dismissal for lack of prosecution.

### IV. Conclusion, Order, and Recommendation

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court shall serve a copy of this order and these findings and recommendations on Rose Swift electronically at rosedswift@gmail.com, and on Dr. Joseph Schmitz by mail at 1856 Plaza Palo Alto, Chula Vista, CA, 91914.

2. The findings and recommendations filed June 7, 2024 (ECF No. 384), are vacated in part, to the extent it was recommended that Rose Swift be appointed guardian ad litem for plaintiff, Dr. Thomas Schmitz, and to the extent it was recommended that a stay of an indefinite length be entered as to Dr. Thomas Schmitz's claims only.

As amended recommendations, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff, Dr. Thomas Schmitz, be found legally incompetent to prosecute this case pro se within the meaning of Rule 17(c) of the Federal Rules of Civil Procedure.

2. Dr. Joseph Schmitz be appointed as guardian ad litem for plaintiff, Dr. Thomas Schmitz, in civil action No. 2:20-cv-00195-DJC-CKD (PS).

3. With the exception of written discovery pertaining to plaintiff Mallia's claims and motion practice on that written discovery, the case be stayed for a period of six (6) months from the date of any order adopting these findings and recommendations unless one the of the following occurs: (1) restoration of Dr. Thomas Schmitz's competency as demonstrated by a motion to lift the stay with supporting evidence; or (2) appearance of counsel.

4. The stay be lifted at the conclusion of the six-month period set forth above.

////

5. The Clerk of the Court be directed to serve a copy of any order adopting or rejecting these findings and recommendations on Rose Swift electronically at rosedswift@gmail.com, and on Dr. Joseph Schmitz by mail at 1856 Plaza Palo Alto, Chula Vista, CA, 91914.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 18, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
schmitz20cv195.r17.fr.amnd