UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195 DJC CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | |
| Defendants. | |

Plaintiff, Dianne Mallia, proceeds without counsel and moves the court to determine the sufficiency of responses to discovery requests served to defendants Dr. Diana Toche and Dr. John Rekart. (ECF No. 389.) Plaintiff also requests the court allow her to propound additional interrogatories to defendants Sujatha Ramkumar, M.D. and Jacob Adams, M.D. (Id.) The parties' joint statement on the discovery dispute is before the court. (Id.) This matter was deemed suitable for decision without appearance and oral argument under Local Rule 230(g). (ECF No. 390.) For the reasons set forth below, the motion to compel is denied in part, as to the request to propound additional interrogatories. Within 21 days of the date of this order, the parties shall file a further joint statement on the remaining portion of the discovery dispute.

**I.      Background**

This action arises from the January 2019 death of William Schmitz ("William"), during his incarceration at Mule Creek State Prison ("MCSP"), under the authority of the California

1

Department of Corrections and Rehabilitation. William died in his prison cell of a methamphetamine overdose after ingesting large quantities of the substance on January 21, 2019. William's father and mother filed this action individually and as successors in interest to the estate. In the operative fourth amended complaint ("4AC"), plaintiffs allege constitutionally inadequate medical and mental health treatment and/or negligence by various defendants caused harm and injuries, including William's death. (ECF No. 173.)

On July 19, 2024, the undersigned recommended that plaintiff, Dr. Thomas Schmitz, be found incompetent to proceed pro se in this case and that the case be stayed for six months from the date of any order adopting the recommendation. (ECF No. 388.)

On August 13, 2024, plaintiff Mallia filed the motion to compel presently before the court and the parties' joint statement on the disputed issues. (ECF No. 389.)

**II.   Applicable Legal Standards**

The Federal Rules of Civil Procedure provide as follows:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Fed. R. Civ. P. 33(a)(1).

The purpose of limiting the number of interrogatories to 25 is "to reduce the frequency and increase the efficiency of interrogatory practice" because "the device can be costly and may be used as a means of harassment." Safeco of Am. v. Rawstron, 181 F.R.D. 441, 443 (C.D. Cal. 1998) (quoting Fed. R. Civ. P. 33(a)(1) advisory committee note (1993 amendments)) (internal quotation marks omitted). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device[.]" Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.

**III.   Discussion**

**A. Leave to Propound Additional Interrogatories**

Plaintiff Mallia requests the court allow her to propound 35 additional interrogatories (for a total of 60 interrogatories) to defendants Sujatha Ramkumar, M.D. and Jacob Adams, M.D.

2

(ECF No. 389 at 7-12.) Plaintiff proceeds against these defendants with claims for wrongful death, deprivation of familial relationship, and deliberate indifference and/or supervisory liability under 42 U.S.C. § 1983. (See ECF No. 174.)

Plaintiff Mallia argues that defendant Ramkumar was William's primary treating psychiatrist at multiple times over the last few years of his life, while defendant Adams also treated William as a psychiatrist and was the acting Chief psychiatrist at MCSP. (ECF No. 389 at 8-9.) Mallia states she seeks specific information relevant to the claims and no other purpose. (Id.) Mallia argues the previous interrogatories to these defendants were relevant and related to the claims. (Id.) Plaintiff argues allowing up to 35 additional interrogatories "will allow leeway to create interrogatories that may be spurred by further discovery responses and unpredictable document releases by Defendants." (Id. at 9-12.)

A party seeking leave to serve additional interrogatories must ordinarily make "'a particularized showing of why the discovery is necessary.'" Masters v. Boston Scientific Corp., 2008 WL 2397461 at *2 (N.D. Cal. June 11, 2008) (quoting Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999)). A party proceeding pro se may be held to a somewhat lesser standard and, if so, need only show "good cause." See Forster v. Clendenin, No. 1:22-CV-01191-NODJ-CDB-PC, 2024 WL 1021985, at *2 (E.D. Cal. Mar. 8, 2024).

Plaintiff Mallia has described the subject matter of some of the additional interrogatories she seeks to serve. (ECF No. 389 at 9-12.) Plaintiff did not, however, submit the proposed interrogatories with the motion, which hinders the court from determining whether they are relevant and proportional and otherwise satisfy Rule 26(b)(1) and (2) of the Federal Rules of Civil Procedure. See Forster, 2024 WL 1021985, at 3 (holding that even a pro se litigant should include the proposed interrogatories and state why they are necessary in order to make a good cause showing). The claims and issues in this case are not complex, and plaintiff fails to provide a good cause basis for the court to permit 60 interrogatories against defendants Ramkumar and Adams. Accordingly, the request for leave to serve additional interrogatories is denied.

////

### B. Requests to Dr. Toche and Dr. Rekart

Plaintiff served the discovery requests underlying this motion to defendants Toche and Rekart on October 7, 2023. (ECF No. 389 at 56-59 [Exhibit C].) According to plaintiff's motion, plaintiff initially allowed extensions of time for responses to December 15, 2023, due to illness of defendants' counsel and hospitalization of a family member of defendants' counsel. (Id. at 6.) On December 14, 2023, defendants Toche and Rekart served responses consisting solely of objections. (Id. at 15-42 [Exhibit A].) The parties met and conferred about the lack of responses and plaintiff agreed to further extensions of time until July 9, 2024. (Id. at 43-55 [Exhibit B].)

Plaintiff filed the present motion and the parties' joint statement on the discovery dispute on August 13, 2024. (ECF No. 389.) Plaintiff argues defendants knowingly responded only with invalid objections in order to meet the response deadline. (Id. at 13.) Plaintiff argues generic objections are insufficient. (Id.)

Counsel for defendants Toche and Rekart "do not dispute that amended responses are warranted at least as to some of [their] responses[.]" (Id. at 3.) According to defendants, "[c]ounsel requested a last extension due to personal issues and will be working to provide such responses to obviate the need of a hearing as to such responses." (Id. at 3.) Good cause appearing, the parties will be ordered to submit a further joint statement on the status of defendants' amended responses to the discovery requests at issue.

### IV. Conclusion and Order

In accordance with the above, IT IS HEREBY ORDERED as follows:

1   Plaintiff Mallia's motion to compel (ECF No. 389) is denied in part as to the request to serve additional interrogatories.

2.   Within 21 days of the date of this order, the parties shall submit a further joint statement addressing the status of defendants' amended responses to plaintiff Mallia's outstanding discovery requests served to defendants Toche and Rekart on October 7, 2023.

Dated:  September 3, 2024

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
schmitz20cv195.mtc.389