UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | <u>ORDER</u> AND |
| ADAM ASMAN, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiffs Dianne Mallia and Thomas Schmitz proceed without counsel under 42 U.S.C. § 1983, individually and as successors of interest to the estate of their son, William Schmitz. This matter is before the undersigned pursuant to Local Rule 302(c)(21). <u>See</u> 28 U.S.C. § 636(b)(1).

In the motion presently before the court, plaintiff Mallia seeks partial judgment on the pleadings against defendants Ceballos, Lizarraga, Kuich, Kernan, Diaz, Toche, Gipson, Tebrock, Brizendine, Brockenborough, and Ponciano. (ECF No. 363, 367.) The court took this matter under submission pursuant to Local Rule 230(g). (ECF No. 375.) For the reasons set forth below, plaintiff Mallia's motion should be denied. However, within 14 days, defendants Tebrock and Ponciano shall show cause in writing why they did not timely file a written opposition or statement of non-opposition to the motion for judgment on the pleadings.

////

////

**BACKGROUND**

This action arises from the January 2019 death of William Schmitz ("William") during his incarceration at Mule Creek State Prison ("MCSP") under the authority of the California Department of Corrections and Rehabilitation ("CDCR"). William died in his prison cell of a methamphetamine overdose after ingesting large quantities of the substance on January 21, 2019. Plaintiffs filed the operative fourth amended complaint ("4AC") on February 23, 2022. (ECF No. 173.) Plaintiffs allege constitutionally inadequate medical and mental health treatment and/or negligence by various defendants caused harm and injuries, including William's death. (ECF No. 173.)

On August 22, 2022, defendants Lizarraga and Kuich filed their operative amended answer to the 4AC. (ECF No. 210.) On April 17, 2023, defendants Brizendine, Brockenborough, Ceballos, Diaz, Gipson, Kernan, Ponciano, Tebrock, Toche, and other defendants filed their operative amended answer to the 4AC. (ECF No. 271.)

Plaintiff Mallia filed the motion for judgment on the pleadings presently before the court on March 21, 2024. (ECF No. 363; see also ECF No. 367, Notice of Errata.) Plaintiff Mallia seeks partial judgment on the pleadings against eleven defendants on plaintiff's deliberate indifference claims.

Plaintiff claims these defendants were deliberately indifferent to William's serious medical need to receive adequate mental health treatment by failing to provide competent mental health staff in adequate numbers to identify and treat inmates who suffered from serious mental disorders. (See ECF No. 367 at 25-26.) Plaintiff argues defendants admitted knowledge of their responsibilities to correct deficiencies in policies and practices but failed to do so. (Id. at 2, 13-14-21.) Plaintiff argues defendants knew that by failing to comply with court orders in Coleman v. Newsom, No. 2:90-cv-0520-KJM-SCR ("Coleman"), they were exposing inmates including William to constitutionally deficient care, including by not meeting minimal standards for the frequency of psychiatric appointments. (Id. at 2, 13, 21.) Plaintiff argues the harm William suffered is documented in his medical records. (Id. at 21-25.) Plaintiff argues none of the affirmative defenses are viable against the deliberate indifference claims. (Id. at 3, 25.)

2

Plaintiff's motion requests the court to take judicial notice of the Bench order findings and Special Master's reports in Coleman and the content of William's medical records. (ECF No. 367 at 3-6.) Plaintiff argues William's serious mental illness, and not just his death, was the harm and that defendants' deliberate indifference and causation are proved based on the failure to meet objective standards set by CDCR's Mental Health Services Delivery System Program Guide ("Program Guide") and findings in the Coleman case, along with William's medical records and the defendants' admission of their knowledge and responsibilities. (ECF No. 373 at 3, 7-10.)

Defendants Brizendine, Brockenborough, Ceballos, Diaz, Gipson, Kernan, and Toche opposed plaintiff's motion for judgment on the pleadings on April 4, 2024. (ECF No. 368.) Defendants Kevin Kuich M.D. and Joe A. Lizarraga opposed the motion on April 4, 2024. (ECF No. 370.)

Defendants argue the motion improperly asks the court to enter a judgment based on plaintiff's resolution of contested issues, including causation, knowledge, and whether they acted with deliberate indifference toward William. (ECF No. 368 at 2-10; ECF No. 370 at 4-8.) Defendants argue information from the Coleman case is irrelevant because the facts and circumstances of William's death were never before the court in Coleman. (ECF No. 368 at 4-5; ECF No. 370 at 4.)

Defendants Brizendine, Brockenborough, Ceballos, Diaz, Gipson, Kernan, and Toche additionally argue plaintiff fails to establish that William was not seen by psychiatrists in accordance with the Program Guide. (ECF No. 368 at 6-8.) They argue that even if plaintiff had established such a failure or omission, a jury could find he sustained no damage and/or that defendants were not deliberately indifferent. (ECF No. 368 at 6-8.) These defendants also argue expert testimony is required to establish the alleged fact of William's suffering and any causal chain. (Id. at 9.)

Defendants Lizarraga and Kuich separately assert plaintiff brought the instant motion in bad faith. (ECF No. 370 at 2.) They ask the court to award them their reasonable attorney's fees and expenses incurred in defending the motion under the court's inherent power to sanction. (Id. at 8.) The opposition argument requesting such an award is a "request made to the Court for an

order or other judicial activity" and is therefore a "motion" under Local Rule 101. To the extent defendants are requesting relief from the court, their motion does not comply with Local Rule 230 and is deficiently filed. The court declines to consider the request.

Plaintiff Mallia filed a reply. (ECF No. 373.) Defendants Brizendine, Brockenborough, Ceballos, Diaz, Gipson, Kernan, and Toche objected to plaintiff's submission of additional evidence in reply. (ECF No. 374.)

**LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings[.]" Morgan v. County of Yolo, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), aff'd, 277 F. App'x 734 (9th Cir. 2008).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought under Rule 12(c). See Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Marshall Naify Revocable Trust v. United States, 672 F.3d 620, 623 (9th Cir. 2012) (quoting Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999)); see also Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) ("judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. See Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005). The court limits its review to the content of the pleadings and matters properly subject to judicial notice. See Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007).

**DISCUSSION**

To prove that a defendant violated William's Eighth Amendment rights, plaintiff must show the following: (1) an objectively serious medical need, (2) defendant was deliberately indifferent to that need, and (3) defendant's purposeful act (or failure to act) was the actual and

proximate cause of the claimed injuries. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 & 1081 (9th Cir. 2013); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). In the present motion, the parties dispute whether plaintiff proved causation for harm suffered and deliberate indifference on the part of the defendants.

Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Deliberate indifference is a high legal standard under which "the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person "must also draw the inference." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Farmer, 511 U.S. at 837). The "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). "Causation is generally a question of fact for the jury[.]" Lies v. Farrell Lines, Inc., 641 F.2d 765, 770 (9th Cir. 1981). Plaintiff does not establish deliberate indifference on the part of any defendant and does not establish causation.

Plaintiff argues William's serious mental illness was the harm and defendants' deliberate indifference and causation is proved based on the failure to meet objective standards set by the Program Guide, findings in the Coleman case, defendants' admissions of knowledge of certain matters, including their responsibilities, and William's medical records. (ECF No. 373 at 3, 7-10.) As defendants argue, however, their operative pleadings denied a substantial portion of plaintiff's allegations and denied wrongdoing. (See ECF Nos. 210, 271.) Taken as true, defendants' pleadings create material issues of fact that prevent plaintiff from prevailing on the motion for judgment on the pleadings.

Plaintiff's argument for judgment on the pleadings as to the deliberate indifference claims necessarily relies on material for the accuracy of matters recited therein of which the court cannot take judicial notice, including documents filed in the Coleman case and plaintiff's interpretation

1  of William's medical records. (ECF No. 373 at 7-10.) Plaintiff argues the court should "heed" in
2  this case to the findings in Coleman which meet the requirements of deliberate indifference. (ECF
3  No. 367 at 4.) Specifically, plaintiff's motion requests the court to take judicial notice of Bench
4  order findings in Coleman that defendants have violated and continue to violate the court's
5  October 10, 2017, order as modified. (Id. at 3.) In addition, plaintiff's motion requests the court to
6  take judicial notice of the information within "all of over 30 Coleman Special Master's
7  monitoring reports," including "the repeated findings of inadequate care of individual inmates,
8  including at MCSP." (Id. at 6 & fn. 5.) Plaintiff argues "[t]he care was repeatedly found
9  inadequate based on many of the similar acts as occurred in William's care and proven by the
10 contents of William's medical records." (Id.)

11      The docket and case files in a federal court case are matters of public record which are
12 capable of accurate and ready determination and thus are a proper subject of judicial notice. See
13 Rico v. Ducart, 980 F.3d 1292, 1295 n. 2 (9th Cir. 2020) (taking judicial notice of a report to
14 explain why officers at the Pelican Bay State Prison were conducting welfare checks in a manner
15 that allegedly deprived inmates of sleep). Here, though, plaintiff does not ask the court to take
16 judicial notice of the existence of the court orders or other docket items or their contents. Instead,
17 plaintiff asks the court to accept as true the contents and conclusions set forth therein.

18      Judicial notice does not extend to the veracity of factual findings in the docket items for
19 the Coleman case. See Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) ("On a Rule
20 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may
21 do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not
22 subject to reasonable dispute over its authenticity." (internal quotation marks and citation
23 omitted)); Robinson v. Brown, No. 18-CV-00121-BAS-RBB, 2018 WL 4951965, at *4 (S.D. Cal.
24 Oct. 12, 2018) (taking judicial notice of a Coleman court order "without accepting as true the
25 contents of the document"). The court declines to take judicial notice of any Coleman material for
26 the truth of the facts recited therein.

27      Plaintiff also requests the court to consider the contents of William's medical records as if
28 they were attached to the 4AC. (ECF No. 367 at 4-5.) Even if the existence of the medical records

6

1  is appropriate for judicial notice, however, interpretation of the medical records is not. See Lee,
2  250 F.3d at 690; Sigler v. Am. Honda Motor Co., 532 F.3d 469, 476-77 (6th Cir. 2008) (declining
3  to take judicial notice of "medical notations" from a treating physician). Thus, the court declines
4  to take judicial notice of the contents of William's medical records for the truth of any content
5  recited therein or inferences therefrom.

6  Plaintiff's reply argument confirms the motion for partial judgment on the pleadings relies
7  on material of which the court cannot take judicial notice, including documents filed in the
8  Coleman case for the truth of the matter asserted and plaintiff's interpretation of William's
9  medical records. (ECF No. 373 at 7-10.) Based on the content of the pleadings and matters
10 properly subject to judicial notice, plaintiff fails to establish deliberate indifference on the part of
11 any defendants and causation for harm suffered.

## CONCLUSION, ORDER, AND RECOMMENDATION

13 In accordance with the above, IT IS ORDERED THAT within fourteen (14) days of
14 service of this order, defendants Tebrock and Ponciano shall show cause in writing why they did
15 not timely file an opposition or statement of non-opposition to plaintiff Mallia's March 21, 2024,
16 motion for partial judgment on the pleadings.

17 In addition, IT IS RECOMMENDED that plaintiff Mallia's motion for partial judgment
18 on the pleadings (ECF Nos. 363, 367) be denied.

19 These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)
21 days after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties. Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
24 shall be served on all parties and filed with the court within seven (7) days after service of the
25 /////
26 /////
27 /////
28 /////

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 24, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8-schmitz20cv195.jop