

THOMAS J. SCHMITZ
DIANNE MALLIA
404 Atkinson St,
Roseville, CA 95678
(707) 694-8158
tsfoot49@gmail.com
deedamallia@gmail.com
PRO SE

FILED

OCT 31 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al.,<br><br>           **Plaintiffs,**<br><br>   vs.<br><br>A ASMAN, et al.,<br><br><br>          **Defendants.** | **NO. 2:20-cv00195-DJC-CKD**<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER AGAINST ENFORCEMENT OF PLAINTIFF'S' SUBPOENA TO MELANIE GONZALEZ, M.D., ANDREW SCHULTZROSS, M.D., NAVREET MANN, M.D., M.D. BY CALIFORNIA DEPARTMENTOF CORRECTIONS AND REHABILITATIONS AND DEFENDANTS ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M.SMITH, C. SMITH, TEBROCK, TOCHE, AND WANIE**<br><br>**Date: December 4, 2024**<br>**Time: 10:00 a.m.**<br>**Dept.: 24, 8th Floor**<br>**Judge: Hon. Carolyn K. Delaney** |

**I.**

**Introduction**

William Schmitz was severely mentally ill. William was a *Coleman* member. William was locked in a California Department of Corrections and Rehabilitation ("CDCR") prison and completely reliant on CDCR's care and protection. William suffered for years and lost his life in part due to the failure of Defendants to correct the deficiencies order by the *Coleman* court. Those identified deficiencies led to violations of William's individual constitutional rights. Still, nearly 5 years after William's death, Defendants refuse to take any responsibility and acknowledge their failures.

Defendants continue to lament that this case is not *Coleman* in an attempt to impede discovery. Tragically, *Coleman* has been litigated for years and orders excoriating *Coleman* Defendants and their disregard for the lives of the mentally ill in their care continue to this day. Mentally ill continue to be tortured and die from *Coleman* Defendants failing to provide adequate mental health care. Unfortunately, even though *Coleman* has been thoroughly litigated with repeated and well-explained findings in Court orders, this Court is not bound to those findings.[1] [2] Therefore, rather than simply allowing the *Coleman* findings to be fact for this litigation, Plaintiffs must proceed in discovery seeking out all information that shows Defendants' knowledge of customs and practices, such as failing to sufficiently staff Mule Creek State Prison ("MCSP") with mental health providers, that put William at serious risk of harm.

**II. Argument**

1.    **Specific Requests for Production of Documents in Plaintiff's Subpoena to MELANIE GONZALEZ, M.D**

**Requests for Production No. 1, 2,** Defendants argue that the information should apply to MCSP "only" and argue that information pertaining to CDCR as a whole, even though MCSP is

---

[1] Plaintiff Mallia welcomes a stipulation by Defendants to the findings of the *Coleman* court as that would greatly reduce needed discovery.

[2] This Court has previously declined to take judicial notice of any Coleman material for the truth of the facts recited therein. (See ECF 392). **It would greatly simplify discovery if this Court finds the matters already litigated and settled in *Coleman* as undisputed facts and can clearly state the facts for all parties. This would alleviate all concerns by Defendants of having to relitigating issues from *Coleman*.**

one of the institutions of CDCR, should not be included.  This is nonsensical.  For example, prior to William's death, on October 24 , 2018, Melanie Gonzalez, M.D., who held the position of Senior Psychiatrist Specialist at Headquarters- Elk Grove, with CDCR at the time, filed a Whistleblower Complaint Regarding Patient Care and Safety.[3]  In her report, Dr. Gonzalez includes:

> I am coming forward at this time, at significant risk to my career, because I am concerned that mental health treatment of patient/inmates is not being accurately reported and **certain practices place patient/inmates at significant risk of injury or death. These issues are preventable,** in my medical opinion, with accurate monitoring, reporting and policy changes with implementation of such changes. I am also concerned about retaliation for my whistleblowing, but feel that my oath to patients and my profession require me to come forward at this time.   (Emphasis added)

Dr. Gonzalez does not specifically, exclude MCSP, from her statement.  **MCSP was not immune from the systemic problems effecting CDCR as a whole** and the relevant documents should be produced. William was one of the patient/inmates at significant risk of injury or death that Dr. Gonzalez tried to help by whistleblowing.

**Requests for Production No. 5:**

As discussed *supra*, the systemic problems involved all of CDCR not all CDCR institutes except MCSP. Psychiatrists concerns that they could not meet a community standard of care while working within CDCR is quite relevant to this case.

**Requests for Production Nos. 6 - 7**

As discussed *supra*, the systemic problems such as "CDCR non-physicians practicing medicine" and "CDCR non-physicians overruling physician's decisions", involved all of CDCR institutions, not all CDCR institutes except MCSP. "CDCR non-physicians practicing medicine"

---

[3] If desired by the Court the declaration is available DECLARATION OF MELANIE GONZALEZ, M.D. Case 2:90-cv-00520-KJM-DB Document 6363 Filed 10/23/19

and "CDCR non-physicians overruling physician's decisions" while working within CDCR is quite relevant to this case.

**Requests for Production Nos. 8, 9, 10, 11, 12:**

Plaintiffs do not attempt to create a second forum to litigate and re-litigate CDCR compliance with *Coleman* remedial orders. However, the overlap between William's individual mental health care and established by the Constitution and the context of the *Coleman* case are undeniable. Regardless of the relationship the information has to *Coleman*, **Plaintiffs should not be precluded from discovering information that shows the knowledge of individual Defendants to conditions that created the environment in which William was treated for his mental illness.** Defendants knowledge of "Coleman mandate violations" and knowledge of inability to meet Program Guide requirements, and knowledge of inadequacies of communication between medical and custodial staff, attempts or lack of attempts to correct identified violations of Coleman mandates are not over broad and are proportional to the needs of this case.

**Requests for Production Nos. 14 and 15:**

As argued *supra*, these are not overboard and are proportional and MCSP is a CDCR institution that should be included

**3.    Specific Requests for Production of Documents in Plaintiff's Subpoena to NAVREET MANN, M.D.[4]:**

**Requests for Production Nos. 1 ,3, and 4, 5:**

These requests pertain to Dr. Mann's statement in her declaration in *Coleman* and these are all relevant and proportional to the needs of this case. Dr. Mann in her declaration does not exclude MCSP. She declared under penalty of perjury that "This points to the biggest flaw in our system, which is that our non-medical leadership is attempting to dictate what they think is appropriate care, without having the appropriate knowledge of the subject." The "system" includes MCSP- **she does not exclude MCSP.** These are systemic problems that were

---

[4] If desired by the Court the declaration is available at DECLARATION OF DR. NAVREET MANN, M.D. IN SUPPORT OF AMICUS BRIEF OF UNION OF AMERICAN PHYSICIANS AND DENTISTS Case 2:90-cv-00520-KJM-DB Document 6165 Filed 05/28/19

identified and ignored by Defendants. Plaintiffs have a right to this discovery. Plaintiffs have a right to know what the leadership knew they were deliberately subjecting our mentally ill son too. Dr. Mann made extremely serious claims under oath and undoubtedly she has documents to back up these claims.

**Request for Production No. 6:**

The only area of dispute is whether CDCR as a whole includes MCSP. As argued *supra*, it certainly does and those documents should be included.

**Requests for Production Nos. 7, 11, 15, and 16:**

Request No. 7

Dr. Navreet Mann was a Chief Psychiatrist at MCSP.   She has already expressed her expert opinions in her declaration in *Coleman*. She should not be prevented from producing documents relating to a failure of Mule Creek State prison to meet standard of care in mental health treatment. This is relevant to the current case as Defendants failed to correct the deficiencies that led to the failure of William to receive standard of care mental health treatment. At minimum, she should produce documents that she determined and presented to others in the past that related to a failure of MCSP to meet standard of care in mental health treatment prior to January 21, 2019.

Request No. 11, 15, and 16

Dr. Navreet Mann declared under penalty of perjury that "CDCR MH leadership has failed to correct the misunderstanding amongst other medical (Primary Care, and Nursing) staff who seem to think that Psychology and Psychiatry are interchangeable. This has led to nursing staff contacting non-medical clinicians in psychiatric emergencies." Defendants claim this seeks information that is not even remotely relevant to the Fourth Amended Complaint. This is incorrect. This is relevant to the tragic custom of CDCR to fail to adequately staff mental health providers and use non-physicians inappropriately and interchangeably in a way that injures mentally ill as it did with William. These documents should be produced.

Request No. 8

Plaintiff agrees to limit executive leadership to the following positions Secretary, Undersecretaries, Assistant Secretaries, Directors of Operations, Director of Health Care, Deputy Directors of Operations, Deputy Directors of Health Care, Associate Directors of Operations, Assistant Deputy Directors of Operations, and Executive officers.

**Request Nos. 9, 10, 12, 13, and 14:**

The only area of dispute is whether CDCR as a whole includes MCSP. As argued *supra*, it certainly does and those documents should be included.

### 4.    Specific Requests for Production of Documents in Plaintiff's Subpoena to ANDREW SCHULTZ-ROSS, M.D:

**Requests Nos. 1, 2, 3, 4:**

The only area of disputes are whether CDCR as a whole includes MCSP and the time period. As argued *supra*, CDCR as a whole should certainly does include MCSP and those documents should be included. As for timeline, there should no restriction and Dr. Shultz -Ross should produce the documents to support his very serious claims about the care within CDCR. The same care that led to the suffering and death of William.

**Request No. 6:**

If the Court finds the request too broad, at minimum the Court should follow its prior order on the Golding subpoena protective order. (see ECF 344 RFP Nos. 3, 4,  5, 6, 7 8, 9, 12, 13, 16,  17, 27  14, 15 , 26, 28)

-  Consistent with the prior order would be allowing  any communication by, from, or copied to Dr. Andrew Schultz-Ross:

-  re William Schmitz

-   re: staffing of mental health staff,

-  Re: INDIVIDUAL DEFENDANTS knowledge of COLEMAN mandate violations

- Re: INDIVIDUAL DEFENDANTS knowledge of inability to meet Program Guide requirements

- Re: INDIVIDUAL DEFENDANTS attempts or lack of attempts to correct identified violations of Coleman mandates

- Re: documents related to "any potential pressure felt by individuals to transfer of mentally ill inmates from EOP to CCCMS"

- Re: documents related to "mentally ill individuals being removed from psychiatric medicines due to communication error"

- Re: communications with individual defendants relating to the vacancy rates of psychiatrists within CDCR

- Re: the procedures, policies, practices, and/or trainings RELATING TO the requirements for CDCR psychiatrists and psychologists, INCLUDING but not limited to licensure, scope of practice, and ability to prescribe medication, from August 30, 2015 to January 22, 2019.

- Re: Any and all DOCUMENTS RELATING TO the procedures, policies, practices, and/or trainings RELATING TO the continuity of care for CDCR inmates, INCLUDING but not limited to the number of placements and/or primary care clinicians, from August 30, 2015 to January 22, 2019.

- RE: Any and all DOCUMENTS RELATING TO the procedures, policies, practices, and/or trainings RELATING TO the transfer of mentally ill inmates from EOP to CCCMS.

- RE:Any and all DOCUMENTS RELATING TO the procedures, policies, practices, and/or trainings RELATING TO classification and/or housing placement for individuals booked into or incarcerated in CDCR facilities from August 30, 2015 to January 22, 2019.

- RE: Any and all DOCUMENTS RELATING TO recommendations and/or changes proposed, considered, and/or implemented to policies, procedures, practices, and/or trainings RELATING TO classification and/or housing placement of individuals booked into or incarcerated in CDCR facilities from August 30, 2015 to January 22, 2019.

1

## III. CONCLUSION

Plaintiffs have a right to broad discovery and Plaintiff requests the protective order is limited as argued in this opposition.

Dated: 10/31/24                           Respectfully submitted,


Dianne Mallia