1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-00195 DJC CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | |
| Defendants. | |

Defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborough, Ceballos, Heatley, J. Johnson, R. Johnson, Kernan, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Waine ("defendants") previously moved the court for a protective order under Federal Rule of Civil Procedure 26(c) limiting the scope of the third-party subpoena issued to Dr. Michael Golding. (ECF No. 323.) The court granted the motion in part and denied it in part, and ordered documents be submitted for in camera review. (ECF No. 344.)

The court has preliminarily reviewed the documents submitted for in camera review. For all categories of documents, defendants object based on physician-patient privilege and HIPAA.

HIPPA creates a procedure for obtaining authority to use medical records in litigation and does not create substantive rights that act as a bar on discovery. See Nw. Mem'l Hosp. v.

1

Ashcroft, 362 F.3d 923, 925-26 (7th Cir. 2004) (holding HIPAA does not create an evidentiary privilege in federal question suits). HIPAA regulations provide that a covered entity may provide protected patient records pursuant to a court order. See 45 C.F.R. 164.512(e)(1)(i). There is, further, no physician-patient privilege under federal law. See Hutton v. City of Martinez, 219 F.R.D. 164, 166 (N.D. Cal. 2003). Accordingly, defendants' assertion of HIPAA and physician-patient privilege are overruled.[1]

As to categories 3 and 4, documents Bates Stamped IC005517-005529 and IC005530-005559, defendants also assert attorney-client privilege and attorney work product. "The party asserting the privilege bears the burden of proving each essential element." United States v. Ruehle, 583 F.3d 600, 608 (9th Cir. 2009); see also United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010) (setting forth an eight-part test for attorney-client privilege); see also United States v. 22,80 Acres of Land, 107 F.R.D. 20, 22 (N.D. Cal. 1985) (the party claiming work product bears the burden of establishing that documents claimed as work product were prepared in anticipation of litigation).

Particularly as to IC005533, IC005535, IC005557, IC005543, and IC005557- IC005557, it is not readily apparent from the face of the materials that they were created in anticipation of litigation. Defendants will have an opportunity to submit evidence in support of the attorney-client privilege and work product assertion for the documents Bates Stamped IC005517-005529 and IC005530-005559.

In addition, defendants shall file a supplemental statement regarding the following (a) who made the redactions pertaining to unrelated medical providers and irrelevant contact information such as email addresses, and (b) when those redactions were made.

In accordance with the above, IT IS HEREBY ORDERED that within 14 days of the date of this order, defendants shall file a supplemental statement as set forth above and may optionally

---

[1] However, a patient's constitutional right of privacy in receiving medical treatment may be an alternative source of protection to the physician-patient privilege. See Caesar v. Mountanos, 542 F.2d 1064, 1067 (9th Cir. 1976) (discussing a conditional right of privacy in the doctor-patient relationship). In this instance, redaction of identifiable information for inmate-patients whose medical conditions are not at issue in this case is warranted to protect their privacy.

submit evidence in support of their attorney-client privilege and work product assertions for the documents Bates Stamped IC005517-005529 and IC005530-005559.

Dated:  April 17, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, schmitz20cv195.icr.supp

3