UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ[1], et al., | No. 2:20-cv-0195 DJC CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | |
| Defendants. | |

Plaintiffs Thomas Schmitz[1] and Dianne Mallia proceed without counsel with civil rights claims brought under 42 U.S.C. § 1983. This case is before the court for a further order on the motion for protective order filed by defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborough, Ceballos, Diaz, Heatley, J. Johnson, R. Johnson, Kernan, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Waine ("defendants") as to a third-party subpoena issued by plaintiff Mallia to non-party Dr. Michael Golding. (ECF No. 323.) On February 16, 2024, the court granted in part and denied in part the motion for a protective order and ordered documents relevant to Request for Production No. 26, relating to communications sent or received by Dr. Golding, be submitted for in camera review. (ECF No. 344.) Having reviewed the documents responsive to Request for Production No. 26

---

[1] Plaintiff Dr. Thomas Schmitz has been found legally incompetent to prosecute this case pro se within the meaning of Rule 17(c) of the Federal Rules of Civil Procedure. (ECF No. 399.)

1

along with defendants' privilege log and supplemental statement (see ECF No. 410), the court orders further production for the following reasons.

Defendants' assertions of HIPAA and physician-patient privilege for all documents are overruled for the reasons previously stated. (See ECF No. 408 at 1-2.) However, a patient's constitutional right of privacy in receiving medical treatment is an alternative source of protection to the physician-patient privilege in this instance. See Caesar v. Mountanos, 542 F.2d 1064, 1067 (9th Cir. 1976) (discussing a conditional right of privacy in the doctor-patient relationship). In this instance, defendants will be ordered to redact identifying information for inmate-patients whose medical conditions are not at issue in this case in the documents Bates Stamped IC005208-005483.

As to categories 3 and 4 as designated in defendants' privilege log, documents Bates Stamped IC005517-005529 and IC005530-005559, defendants additionally assert attorney-client privilege and attorney work product. In support of these claimed privileges, defendants assert the following:

> The grounds for asserting attorney-work production and client privilege regarding the documents identified by the Court by Bates Stamp Nos. IC005517-005529 and IC005530-005559 based on the fact that the data analysis/collection contained as an attachment to Defendant PONCIANO's underlying email dated April 10, 2018 was sent to CDCR attorneys, Nicholas Weber, Esq. and co-counsel. At that time, CDCR considered multiple projects, approaches and litigation strategies to address the issues identified in the Court's October 10, 2017 Order in the Coleman litigation (ECF No. 5771) and evaluation of those required strategies by the legal team required gathering underlying data on staffing fill rates, appointments, timeliness of care, medication management, etc. data analysis/collection contained as an attachment to Defendant PONCIANO's underlying email was used by CDCR counsel in consideration of potential litigation strategies and approached in responding to the Court's October 10, 2017 Order in the Coleman litigation.

(ECF No. 410 at 2.)

Defendant fail to meet their burden to demonstrate that all the documents Bates Stamped IC005517-005529 and IC005530-005559 are protected by the attorney-client privilege or work product privilege. "The party asserting the privilege bears the burden of proving each essential element." United States v. Ruehle, 583 F.3d 600, 608 (9th Cir. 2009). "A privilege log might

serve to substantiate privilege assertions; so too might briefs, declarations and other proof or in camera review." Apple Inc. v. Samsung Elecs. Co., 306 F.R.D. 234, 239 (N.D. Cal. 2015).

The attorney-client privilege protects confidential communications between attorneys and clients made for the purpose of giving legal advice. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). Whether information is covered by the attorney-client privilege is determined by an eight-part test: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010). The attorney-client privilege is strictly construed, and a party claiming the privilege "must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted." United States v. Martin, 278 F.3d 988, 999-1000. (9th Cir. 2002), as amended on denial of reh'g (Mar. 13, 2002). "[T]he communication must be between the client and lawyer for the purpose of obtaining legal advice." Id. at 1000.

Here, the court invited defendants to submit evidence in support of their claimed attorney client privilege. (See ECF No. 408 at 2.) Defendants submitted their additional explanation set forth above but did not submit any evidence such as declarations or affidavits. Cf. Kintera, Inc. v. Convio, Inc., 219 F.R.D. 503, 515-516 (S.D. Cal. 2003) (sustaining privilege after consideration of a declaration by in-house counsel submitted as additional evidence in support of privilege claim). Taken together, defendants' privilege log, their argument, and the in camera review do not clearly show the documents Bates Stamped IC005517-005529 and IC005530-005559 were communications made in confidence relating to the purpose of obtaining legal advice from CDCR counsel. Defendants assert the information in the attachment to defendant Ponciano's underlying email dated April 10, 2018 was sent to CDCR counsel among others, but the specific communications at issue occurred subsequently, and are emails between and among multiple individuals not identified by defendants, none of whom appear to be CDCR counsel.[2] See Ayers

---

[2] Some of the email communications are displayed under a banner with the name of counsel for this case, Maria Zhurnalova-Juppunov. E.g., Document Bates Stamped IC005541. Defendants do

3

v. Lee, No. 14CV542-BGS (NLS), 2018 WL 6589834, at *6 (S.D. Cal. Dec. 14, 2018) (burden not met to show attorney-client privilege for communications between defendants based on blanket statement that the communications were for the purpose of legal advice provided by their mutual attorney and without a absence of a sworn declaration). Defendants' assertion of attorney-client privilege for these documents is overruled.

Defendants also assert documents Bates Stamped IC005517-005529 and IC005530-005559 are protected work product. "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." United States v. Richey, 632 F.3d 559, 567 (9th Cir. 2011) (internal quotation marks omitted). In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the court considers whether the document can be fairly said to have been prepared or obtained because of the prospect of litigation. Id. at 567-68. In making this determination, a court considers whether a document "would not have been created in substantially similar form but for the prospect of litigation." Id.

Defendants have not met their burden to show that all the documents Bates Stamped IC005517-005529 and IC005530-005559 are protected work product. First, the court considers that their position is unsupported by any evidence such as declarations or sworn affidavits. See generally Richey, 632 F.3d at 568 ("the district court erred by concluding the entire work file was prepared in anticipation of litigation" with a lack of evidence in the record); Evanston Ins. Co. v. Murphy, No. CV-19-04954-PHX-MTL, 2020 WL 4429022, at *3 (D. Ariz. July 31, 2020) ("Conclusory statements of [work product protection], without affidavits or other competent support, are not enough..."); cf. Kintera, 219 F.R.D. at 516 (upholding work product assertion based on in-house counsel's declaration stating the documents were authored at the behest of attorneys in anticipation of litigation).

////

---

not assert Ms. Zhurnalova-Juppunov was the author or recipient of any of the communications, and it does not appear that was the case based on the "From" and "To" fields for those emails.

4

  Second, even defendants' unsworn supplemental statement fails to clearly assert each document was created or prepared solely because of litigation, or in anticipation of litigation, stating generally instead that the attachments to the underlying Ponciano email were sent to and used by CDCR counsel in consideration of potential litigation strategies. The court already informed defendants it was not readily apparent from the face of all documents for which work product was claimed that those documents were created in anticipation of litigation. (ECF No. 408 at 2.) In response, defendants submitted a vague and general blanket claim of work product protection. (ECF No. 410 at 2.) The court understands defendants' supplemental statement as indicating all the documents Bates Stamped IC005517-005529 and IC005530-005559 were prepared because of ongoing litigation in the Coleman case.[3] However, in camera review does not support such a conclusion for all documents.

  The email communications Bates Stamped IC005517-IC005529 relate specifically to the decedent in this case, William Schmitz, as evidence by the subject line with his name. These email communications occurred in 2017, prior to his death on January 21, 2019. The court is unable to conclude based on in camera review and defendants' general assertions that these documents would not have been prepared but for the prospect of litigation. See Richey, 632 F.3d at 568-69.

  In addition, defendants do not clearly state why the data analysis/collection located at documents Bates Stamped IC005531-IC00540, IC005543-IC0053, and IC005555-59 was originally created or prepared. The general assertion that this data was sent to and used by CDCR counsel for the purpose of litigation does not suffice to show it is protected work product. Defendants' argument merely implies these documents were prepared because of ongoing litigation in Coleman, and that is insufficient to meet their burden. See United States v. 22.80 acres of Land, 107 F.R.D. 20, 22 (N.D. Cal. 1985) ("The work-product doctrine is… narrowly construed…. The party seeking to invoke the work product doctrine bears the burden of establishing all the elements that trigger the protection; doubts must be resolved against the party

---

[3] See Coleman v. Newsom, et al., 2:90-cv-00520-KJM-SCR (PC).

asserting the privilege."). In sum, even considering the information in defendants' supplemental statement, the court is unable to conclude the documents Bates Stamped IC005531-IC00540, IC005543-IC0053, and IC005555-59 would not have been prepared in substantially similar form but for the prospect of litigation. See Richey, 632 F.3d at 568-69.

For the reasons set forth above, IT IS ORDERED that within 14 days of the date of this order, defendants shall redact identifying information only for inmate-patients whose medical conditions are not at issue in this case in the documents Bates Stamped IC005208-005483, and shall produce those documents to plaintiff Mallia along with the documents Bates Stamped IC005517-IC005529, IC005531-IC00540, IC005543-IC0053, and IC005555-59, as responsive to Request No. 26 in the third-party subpoena issued to non-party Dr. Michael Golding.

Dated: May 14, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, schmitz20cv195.mpo.323.icr