UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM ASMAN, et al.,<br><br>Defendants. | No.  2:20-cv-0195-DJC-CKD (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiffs Dianne Mallia and Thomas Schmitz proceed without counsel under 42 U.S.C. § 1983, individually and as successors of interest to the estate of their son, William Schmitz. In the motion presently before the court, defendants Adams, Andaluz, Ashe, Asman, Bradley, Branman, Brizendine, Brockenborogh, Ceballos, Diaz, Gibson, Heatley, J. Johnson, R. Johnson, Kernan, Kuich, Lizarraga, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Wanie ("defendants") move to dismiss all claims brought by plaintiff Thomas Schmitz under Federal Rule of Civil Procedure 41(b). (ECF No. 409.) The court finds this matter appropriate for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for June 4, 2025, is vacated. For the reasons set forth below, the undersigned recommends defendants' motion be denied without prejudice.

////

1

**BACKGROUND**

This action arises from the January 2019 death of William Schmitz ("William") during his incarceration at Mule Creek State Prison ("MCSP") under the authority of the California Department of Corrections and Rehabilitation ("CDCR"). William died in his prison cell of a methamphetamine overdose after ingesting large quantities of the substance on January 21, 2019. Plaintiffs filed the operative fourth amended complaint ("4AC") on February 23, 2022. (ECF No. 173.) Plaintiffs allege constitutionally inadequate medical and mental health treatment and/or negligence by various defendants caused harm and injuries including William's death. (ECF No. 173.)

On August 22, 2022, defendants Lizarraga and Kuich filed their operative amended answer to the 4AC. (ECF No. 210.) On April 17, 2023, defendants Brizendine, Brockenborough, Ceballos, Diaz, Gipson, Kernan, Ponciano, Tebrock, Toche, and other defendants filed their operative amended answer to the 4AC. (ECF No. 271.) On June 20, 2023, the court set a schedule for this case. (ECF No. 286.)

On February 23, 2024, several of the defendants filed a notice of diminished mental capacity as to plaintiff, Dr. Thomas Schmitz. (ECF No. 348.) On March 22, 2024, defendants filed an administrative motion under Local Rule 233 seeking to stay the proceedings in this case pending a determination whether a substantial question exists regarding plaintiff Schmitz's competency to proceed pro se. (ECF No. 364.) On May 1, 2024, the court re-set the case schedule to extend the fact discovery deadline to three months from determination of plaintiff Dr. Schmitz's capacity to proceed pro se and extended all subsequent deadlines in the scheduling order accordingly. (See ECF No. 378.)

On October 15, 2024, the district judge assigned to this case found plaintiff Schmitz legally incompetent within the meaning of Rule 17(c) of the Federal Rules of Civil Procedure to continue prosecuting his claims pro se. (ECF No. 399.) With the exception of written discovery pertaining to plaintiff Mallia's claims and motion practice on that written discovery, this case was stayed for a period of six (6) months for one of the following to occur: (1) restoration of Dr. Thomas Schmitz's competency as demonstrated by a motion to lift the stay with supporting

2

evidence; or (2) appearance of counsel for Dr. Thomas Schmitz. (Id. at 2.) The court ordered that at the conclusion of the six (6) month period, the stay would be lifted. (Id.) The court appointed Dr. Joseph Schmitz, a non-attorney, as guardian ad litem for plaintiff Schmitz in this civil action. (Id.)

The six-month period ended with no motion to restore Dr. Thomas Schmitz's competency and no appearance of counsel filed.[1] Defendants filed the motion to dismiss presently before the court on April 28, 2025. (ECF No. 409.) Plaintiff Mallia opposed the motion and provided a declaration by Dr. Joseph Schmitz, guardian ad litem. (ECF No. 412.) Defendants filed a reply. (ECF No. 414.)

## LEGAL STANDARD

A "plaintiff is charged with the exercise of 'reasonable diligence' in prosecuting the action." Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967 (9th Cir. 1978) (quoting Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962) (noting that district court's authority to dismiss with prejudice for lack of prosecution with or without a motion is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars).

When considering dismissal for failure to prosecute under Rule 41(b), this court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Not all factors must cut in favor of dismissal in order for a case to be dismissed for lack of prosecution. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("We may affirm a dismissal where at least four factors support dismissal, ... or where at least three factors strongly support dismissal." (internal quotation marks omitted)).

---

[1] A further scheduling order resetting deadlines for this case will be separately filed.

Generally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

### DISCUSSION

Defendants argue all five factors pertinent to the Rule 41(b) inquiry weigh in favor of dismissing plaintiff Schmitz's claims for failure to prosecute. (ECF No. 409 at 4-7.) Plaintiff Mallia argues none of the five factors weigh in favor of dismissing plaintiff Schmitz's claims. (ECF No. 412 at 3-5.) Upon considering the factors, the undersigned finds they do not favor dismissal at this time.

**Public's Interest in Expeditious Resolution of Litigation**

The public's interest in expeditious resolution of litigation generally weighs in favor of dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, 191 F.3d at 990)). Plaintiff Mallia argues dismissal of Dr. Schmitz's claims will not resolve the underlying litigation because her own claims based on the same facts and theories will remain pending. (ECF No. 412 at 3.) However, those claims are in a position to move forward while plaintiff Schmitz will still be unable to prosecute his claims pro se. The general rule that the public's interest in expeditious resolution of litigation applies. This factor favors dismissal.

**Court's Need to Manage its Docket**

The court's need to manage its docket likewise weighs supports dismissal. A court may consider whether a particular case has consumed time that could have been devoted to other cases on the docket. See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("resources [may] continue to be consumed by a case sitting idly on the court's docket"). Allowing plaintiff Schmitz's claims to remain pending, instead of dismissing them, may result in further court time spent on issues relating only to those claims or issues or further motions caused by further delay or lack of prosecution. This factor favors dismissal.

**Risk of Prejudice to Defendants**

Prejudice is presumed where there is unreasonable delay, but that presumption can be rebutted through evidence showing the reason for the delay was not frivolous. In re Eisen, 31 F.3d

4

at 1452-53; see also Pagtalunan, 291 F.3d at 642 (courts "relate[ ] the risk of prejudice to the plaintiff's reason for defaulting") Where rebutted, the burden shifts to the defendant to show at least some actual prejudice. In re Eisen, 31 F.3d at 1453.

Defendants argue plaintiff Schmitz's failure to retain counsel during and after the six-month stay has caused an unreasonable delay of the case. (ECF No. 409 at 5.) They note plaintiff's guardian ad litem does not specify in his declaration that he has made efforts to retain counsel such as making phone calls, sending emails, or meeting with attorneys. (ECF No. 414 at 5.) They also argue the matters discussed in the declaration are not factors likely to be determinative of whether any counsel would take the case, and that the time period already allowed for this purpose suffices. (Id. at 3-4.)

Plaintiff Schmitz's incapacitation was unforeseen and unavoidable and so the reason for the delay was not frivolous. Thus far, the delay far falls short of unreasonable when "judged with reference to the strength of the plaintiff's excuse for the default." Kang-Shen Chen v. Pelosi, No. SACV 12-2182 R AJW, 2013 WL 4239626, at *3 (C.D. Cal. Aug. 13, 2013).

Dr. Joseph Schmitz's declaration represents that he has been trying to fulfill his role as guardian ad litem and feels another six months would be adequate to thoroughly search for an attorney to represent Dr. Thomas Schmitz. (See ECF No. 412 at 6-7.) District courts have found delays shorter than the total delay now proposed to be unreasonable. See Lee v. Kijakazi, No. 2:20-CV-9929-MAR, 2022 WL 2316223, at *3 (C.D. Cal. June 28, 2022) (finding delay of nearly one year unreasonable); Kang-Shen Chen v. Pelosi, No. 2013 WL 4239626, at *4 (finding four-month delay in prosecution unreasonable where there was no indication any steps to secure appointment of guardian or counsel had been taken).

However, defendants fail to show "at least some actual prejudice" in the present motion. In re Eisen, 31 F.3d at 1453 (quoting Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1281 (9th Cir. 1980)). Because no presumption of prejudice arises from an unreasonable delay and defendants do not show actual prejudice, this factor does not favor dismissal. See Pope v. Spokane Sch. Dist. No. 81, No. C21-1079-JCC-SKV, 2023 WL 6448559, at *6 (W.D. Wash. Sept. 11, 2023), report and recommendation adopted, No. C21-1079-JCC-

SKV, 2023 WL 6442517 (W.D. Wash. Oct. 3, 2023) (finding risk of prejudice to defendants did not weigh in favor of dismissal for eight-month delay to obtain guardian ad litem and new counsel where defendants failed to show actual prejudice).

### Public Policy Favoring Disposition on the Merits

The public policy favoring disposition of cases on their merits weighs against dismissal, as it ordinarily does. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).

### Availability of Less Drastic Alternatives

A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424. Dismissal should not be entered unless the plaintiff has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).

Here, the court has warned plaintiff Schmitz that his claims could become subject to dismissal for lack of prosecution if counsel was not retained. (ECF No. 388 at 5.) But the court did not give a deadline for the appearance of counsel. Setting a deadline for appearance of counsel before resorting to dismissal for failure to prosecute is an available less drastic alternative.

### ORDER AND RECOMMENDATION

In accordance with the above, IT IS ORDERED that the hearing set for June 4, 2025, is VACATED.

In addition, for the reasons set forth above, IT IS RECOMMENDED as follows:

1. Defendants' motion to dismiss plaintiff Thomas Schmitz's claims for failure to prosecute (ECF No. 409) be denied without prejudice.
2. The court warn plaintiff Thomas Schmitz that the six-month stay of his claims pursuant to the court's October 15, 2024 order has ended and that any appearance of counsel shall be filed within 30 days of any order adopting these findings and recommendations.

////

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 23, 2025

                                            CAROLYN K. DELANEY
                                            UNITED STATES MAGISTRATE JUDGE

8, schmitz20cv195.mtd.41b