UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-0195 DJC CKD (PS) |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| ADAM ASMAN, et al., | |
| Defendants. | |

This matter is before the court for a further order on document production pursuant to a subpoena issued to non-party Dr. Michael Golding by pro se plaintiff Dianne Mallia. The court is in receipt of a declaration by counsel for the defendants requesting clarification of the court's order filed on May 14, 2025.[1] (See ECF Nos. 413, 424.)

On February 16, 2024, the court granted in part and denied in part a motion for a protective order filed by defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborogh, Ceballos, Diaz, Gipson, Heatley, J. Johnson, R. Johnson, Kernan, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Waine ("defendants") in regard to the third-party subpoena to Dr. Golding and ordered that Dr. Golding

---

[1] This request, made solely within a declaration by counsel, was not a procedurally proper request for relief. Counsel also waited until the day on which production was due to file the declaration and defendants have not requested an extension of time to comply with the court's order filed on May 14, 2024.

1

submit non-privileged documents responsive to several of the requests, as limited by the court, for in camera review. (ECF Nos. 323, 344.) In ordering that Dr. Golding submit these non-privileged documents for review, the court noted plaintiff Mallia, the defendants, and Dr. Golding had all requested or welcomed the court's assistance to determine which records should be produced. (Id.) The court ordered, in relevant part, as follows:

> A hard copy of the materials bates stamped sequentially with the designation "IC001" shall be delivered to chambers. In addition, defendant shall scan the hard copy and submit the electronic version to CKDOrders@caed.uscourts.gov.

(ECF No. 344 at 11.)

In March of 2024, the defendants requested and were granted an extension of time to comply as to the production for Requests for Production Nos. 5, 6, and 7, as limited by the court's order. (ECF Nos. 353, 354, 358.) Counsel for defendants explained that CDCR litigation support was preparing the responsive materials and stated counsel for Dr. Golding, the subpoenaed non-party, agreed with the request. (ECF No. 353 at 6.)

On or about March 18, 2024, defendants submitted a privilege log dated March 14, 2024, titled "DEFENDANTS' PRIVILEGE LOG RELATED TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26 IN PLAINTIFFS' SUBPOENA TO MICHAEL GOLDING, M.D." and signed by attorney Maria Zhurnalova-Juppunov to the court by email to CKDOrders@caed.uscourts.gov.

On April 4, 2024, and on May 2, 2024, defendants requested further extensions of time up to and including May 22, 2024, to submit to the court for in camera review the non-privileged documents responsive to Requests for Production Nos. 5, 6, and 7, as limited, and any related privilege logs. (ECF Nos. 369, 379.)

On May 22, 2024, defendants submitted another privilege log titled "DEFENDANTS' PRIVILEGE LOG RELATED TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26 IN PLAINTIFFS' SUBPOENA TO MICHAEL GOLDING, M.D." signed by attorney Daniel Mayer to the court by email to CKDOrders@caed.uscourts.gov. This privilege log is dated May 22, 2024.

On November 21, 2024, following preliminary review of materials submitted electronically by Dr. Golding, the court ordered that a hard copy of Bates stamped materials be delivered to chambers by Dr. Golding or the defendants within 30 days as the court had originally ordered. (ECF No. 406.) Counsel for Dr. Golding and the defendants were instructed to meet and confer regarding production of the materials in hard copy. (Id.) On December 20, 2024, the court received hard copies of materials Bates stamped IC005208-IC005559, accompanied by a copy of the privilege log dated May 22, 2204, and titled "DEFENDANTS' PRIVILEGE LOG RELATED TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26 IN PLAINTIFFS' SUBPOENA TO MICHAEL GOLDING, M.D."

In summary, defendants, through different attorneys from the same law firm, submitted two privilege logs – one dated March 14, 2024, and another dated May 22, 2024 – both titled "DEFENDANTS' PRIVILEGE LOG RELATED TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26 IN PLAINTIFFS' SUBPOENA TO MICHAEL GOLDING, M.D." The two privilege logs are not the same, cannot be reconciled, and appear to address different batches of documents with inconsistent Bates stamp numbers.

To now clarify the court's order filed on May 14, 2025, the court based its order on the Bates stamped material delivered to the court on December 20, 2024, by defendants or on behalf of defendants, accompanied by the privilege log dated May 22, 2024.

In accordance with the above, IT IS ORDERED as follows:

1. With this clarification, on or before June 2, 2025, defendants shall make the production required by the court's order filed on May 14, 2025 (ECF No. 413).
2. On or before June 4, 2025, defendants shall explain in writing why they submitted two privilege logs with the same title addressing documents with different and inconsistent Bates stamp numbers.
3. Further, on or before June 4, 2025, defendants shall SHOW CAUSE why sanctions should not issue for wasting judicial resources expended by the court attempting to sort out this matter.

/////

4. The Clerk of the Court is DIRECTED to serve a copy of this order by mail to Wendy Musell at 66 Franklin Street, Suite 300, Oakland, California, 94607.

Dated: May 29, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, schmitz20cv195.logs