1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JAY M. GOLDMAN, State Bar No. 168141
   Supervising Deputy Attorney General
3  JENNIFER J. NYGAARD, State Bar No. 229494
   Deputy Attorney General
4  1515 Clay Street, 20th Floor
   P.O. Box 70550
5  Oakland, CA 94612-0550
   Telephone: (510) 879-0802
6  Fax: (510) 622-2270
   E-mail: Jennifer.Nygaard@doj.ca.gov
7  *Attorneys for Defendant Bradley*

8  MICHAEL TERHORST, State Bar No. 164679
   Beeson Terhorst, LLP
9  Bercut Drive, Suite V
   Sacramento, CA 95811
10 Telephone: (916) 444-3400
   *Attorney for Defendants Kuich and Lizarraga*

11
12 PETER J. HIRSIG (State Bar No. 197993)
   peter.hirsig@mcnamaralaw.com
13 DANIEL R. MAYER (State Bar No. 300077)
   daniel.mayer@mcnamaralaw.com
14 MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
   maria.zhurnalova-juppunov@mcnamaralaw.com
15 MCNAMARA, AMBACHER, WHEELER,
   HIRSIG & GRAY LLP
16 639 Kentucky Street,
   Fairfield, CA 94533
17 Telephone: (707) 427-3998
   Facsimile: (707) 427-0268

18 Attorneys for Defendants
   ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
19 BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ,
   GIBSON, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN,
20 PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M.
   SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| THOMAS J. SCHMITZ, et al. | Case No. 2:20-CV-0195 DJC-CKD (PS) |
| Plaintiffs, | **DEFENDANTS' REPLY TO JOSEPH SCHMITZ'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| A. ASMAN et al., | |

| | |
|---|---|
| Defendants. | **PLAINTIFF SCHMITZ'S CLAIMS FOR FAILURE TO PROSECUTE**<br><br>Judge: Hon. Daniel J. Calabretta<br>Trial Date: Not Scheduled<br>Action Filed: January 27, 2020 |

## INTRODUCTION

Defendants Adams, Andaluz, Ashe, Asman, Bradley, Branman, Brizendine, Brockenborogh, Ceballos, Diaz, Gibson, Heatley, J. Johnson, R. Johnson, Kernan, Kuich, Lizarraga, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Wanie ("Defendants") submit this reply to Guardian ad Litem Joseph Schmitz's Objections to the Order And Findings And Recommendations by Magistrate Judge Hon. Carolyn Delaney on Defendants' motion to dismiss Plaintiff Dr. Thomas Schmitz's claims (ECF No. 420). The Objections are an unauthorized filing because Dr. Joseph Schmitz as a non-attorney guardian ad litem is not allowed to submit legal arguments on behalf of Plaintiff Dr. Thomas Schmitz. The objections also are unpersuasive and unsupported by legal authority or evidence and should be disregarded as such.

## ARGUMENT

### I. DR. JOSEPH SCHMITZ AS THE GUARDIAN AD LITEM MAY NOT SUBMIT OBJECTIONS ON BEHALF OF PLAINTIFF DR. THOMAS SCHMITZ

It is settled law that "although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. [citation]. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987); *See also Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007). The sole reason for the stay in this case, and the order and recommendations issued by the Magistrate Judge is that Plaintiff Dr. Thomas Schmitz having become incapacitated to prosecute this action in *in propria persona,* must retain an attorney to represent him or his claims are subject to dismissal. (ECF No. 399.) The guardian ad litem may retain an attorney or expert witnesses and may settle the claim on behalf of his ward, but may not litigate the ward's claims. (ECF No. 399, citing cases.) The Eastern District of California's Local Rules mirror this rule by requiring that "[a]ny individual

1  who is representing himself or herself without an attorney must appear personally or by courtesy
2  appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any
3  other individual, including husband or wife, or any other party on the same side appearing without
4  an attorney." E.D. Cal. L.R. 183(a).

5  A non-attorney may not sign any document filed in this action on Plaintiff Dr. Thomas
6  Schmitz's behalf, regardless of the fact that he has been appointed a guardian ad litem or that he
7  signs with Plaintiff's knowledge or authorization. *See* Fed. R. Civ. P. 11(a), ("[e]very pleading,
8  written motion, and other paper must be *signed by at least one attorney of record* in the attorney's
9  name—or *by a party personally if the party is unrepresented*," emphasis added.) Thus, Dr. Joseph
10 Schmitz is his capacity as guardian ad litem of Plaintiff Thomas Schmitz may not file and sign
11 objections on behalf of Plaintiff Thomas Schmitz.

12 Dr. Joseph Schmitz is also not party in this action, thus he cannot file and sign objections
13 on his own behalf. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a
14 copy, *any party* may serve and file written objections to such proposed findings and
15 recommendations as provided by rules of court," emphasis added.); *See also*, ECF No. 420 (stating
16 that "any party may file written objections with the court and serve a copy on all parties.")

17 Dr. Joseph Schmitz's Objections to the Magistrate Judge's Findings and Recommendations.
18 (ECF No. 427) constitute an unauthorized submission to the Court and must be disregarded and/or
19 stricken as such.

20 Even if the Court were inclined to consider the submission by Dr. Joseph Schmitz, for the
21 reasons discussed below the submission fails to provide any ground upon which the Magistrate
22 Judge's Findings and Recommendations should be rejected or modified.

**II. GUARDIAN AD LITEM'S OBJECTION TO CHARACTERIZATION OF HIS DELAY IN RETAINING AN ATTORNEY IS WITHOUT MERIT**

25 Dr. Joseph Schmitz, guardian ad litem, argues that the "Court should explicitly recognize
26 that Dr. Thomas Schmitz's mental incapacity was unforeseen, medically substantiated, and not
27 within his or the guardian's control" and that it should distinguish this case from "other pro se
28 delays due to negligence or disregard for court orders." (ECF No. 427 at 1.) The Magistrate Judge

1  did find that Plaintiff Dr. Thomas Schmitz's delay was unforeseen and unavoidable. (ECF No. 420, p. 5.) This does not distinguish this case from other cases where claims of minor or incompetent plaintiffs have been dismissed for failure to prosecute when no attorney was retained. Defense counsel is unaware of cases where the court's dismissal of a case for failure to prosecute where no attorney substituted for a mentally incapacitated or minor plaintiff was based on a finding that the mental incapacity or the minority of the plaintiff was within their control or avoidable. Thus, this case is not distinguishable in that respect from any of the cases cited in the Findings and Recommendations or in defendants' Motion to Dismiss.[1]

The issue here is not whether the reason for the delay was reasonable. The issue is whether the delay by the Guardian ad Litem in retaining an attorney to represent the plaintiff was reasonable. Dr. Joseph Schmitz, after failing to retain an attorney for Plaintiff Dr. Thomas Schmitz for six months and after submitting no evidence identifying any efforts to do so, asserted that he needed another six months to "thoroughly search" for an attorney. (ECF No. 412 at 7.) The Magistrate Judge correctly found that district courts have found delays shorter than the delay proposed to be unreasonable. *See, Lee v. Kijakazi,* No. 2:20-CV-9929-MAR, 2022 WL 2316223, at *3 (C.D. Cal. June 28, 2022) (finding delay of nearly one year unreasonable); *Kang-Shen Chen v. Pelosi*, No. SACV 12-2182 R (AJW), 2013 WL 4239626, at *4 (C.D. Cal. Aug. 13, 2013) (finding four-month delay in prosecution unreasonable where there was no indication any steps to secure appointment of guardian or counsel had been taken), cited in ECF No. 420, p. 5. *See also e.*g. *Gray v. Demarco*, No. C. 97-3277 FMS, 1999 U.S. Dist. LEXIS 8845, at *13-14 (N.D. Cal. June 9, 1999) (claims of plaintiff who was incompetent to litigate pro se dismissed without prejudice after the court stayed the case for ninety days in order that counsel could be retained for that plaintiff, counsel was not secured in that period, and the Court found that further continuances would likely prejudice defendants, delay the administration of justice, and were unlikely to be fruitful); *Aviles v. LawA. Cty. Dep't of Children & Family Servs.*, No. 2:23-cv-07215-CBM-BFM, 2024 U.S. Dist. LEXIS

---

[1] There is no basis for the Court to find that Dr. Thomas Schmitz's incapacity was "medically substantiated." The only medical evidence submitted was a one paragraph note dated February 5, 2024 by Lauren Dryjanski, Primary Care Nurse Practitioner at the San Francisco VA health Care System. (ECF No. 348 at 6.) While the Court considered the note, the Court also held a competency hearing after which it found plaintiff Dr. Thomas Schmitz legally incompetent to prosecute the case pro se. (ECF No. 384 at 1-3.)

DEFS' REPLY TO J. SCHMITZ'S OBJ. F&R        4
MTN TO DISMISS – 2:20-cv-0195-DJC-CKD

74115, at *3-8 (C.D. Cal. Apr. 23, 2024) (report and recommendation adopted , 2024 U.S. Dist. LEXIS 97330, at *1) (C.D. Cal. May 31, 2024) (dismissing without prejudice claims of minor plaintiff after father failed to secure counsel, after less than a year delay); *Calabrese v. California.*, No. 22-cv-0524-JWH (KK), 2022 U.S. Dist. LEXIS 239205, at *5 (C.D. Cal. Oct. 11, 2022) (dismissing without prejudice claims of incompetent plaintiff after failing for six months to retain attorney).

### III. GUARDIAN AD LITEM'S OBJECTION TO THE 30-DAY DEADLINE FOR COUNSEL'S APPEARANCE IS WITHOUT MERIT

Guardian ad litem Dr. Joseph Schmitz objects to the Magistrate Judge's recommendation that any appearance of counsel be filed within 30 days of the order adopting the Findings and Recommendations, after warning that the six-month stay of Plaintiff's claims pursuant to the Court's October 15, 2024 order has ended. Dr. Joseph Schmitz argues that the deadline does not adequately take into account: the complexity of the case, the serious nature of Plaintiff's mental-health limitations, or the difficulty the guardian ad litem has encountered in retaining representation in this case. (ECF No. 427 at 2.) This objection is meritless.

First, a guardian ad litem was appointed precisely because the Court found that due to diminished mental capacity Plaintiff Dr. Thomas Schmitz was unable to prosecute in pro per this case (whose "complexity" is a creature of Plaintiffs' decision to needlessly name 25 individual defendants and engage in discovery disproportionate to the needs of the case). Thus, Plaintiff Dr. Thomas Schmitz's mental-health limitations have been duly taken into account by appointing Dr. Joseph Schmitz as guardian ad litem and are irrelevant to the guardian ad litem's delay in retaining an attorney.

Second, there is no evidence before the Court of any difficulty that Dr. Joseph Schmitz has encountered in seeking to retain an attorney. Dr. Joseph Schmitz' declaration filed in support of Plaintiff Mallia's opposition to the motion to dismiss, did not identify any efforts he made to retain counsel such as making phone calls, sending emails, or meeting any attorney. (ECF No. 412 at 6-7.) Instead, he took it upon himself to review all court filings (more than 400) and medical records, and wait for Plaintiff Mallia to obtain a letter with some preliminary opinions from an expert

1    retained five years ago, so that he could feel "comfortable" in his role. (ECF No. 412 at 7.)

2        Dr. Joseph Schmitz has not averred that any attorney he contacted requested that Dr. Joseph
3    Schmitz review over 400 filings in this case, or all 5,000 medical records, or secure a preliminary
4    expert opinion.  An experienced attorney is likely capable of assessing whether to take on a case
5    before receiving information from an expert witness.  An attorney, unlike Dr. Joseph Schmitz, has
6    both the qualifications and experience to review only the important court filings that are pertinent
7    to the current stage of the proceedings in order to make their evaluation of the case and decide
8    whether to take it on. Thus, the difficulties Dr. Joseph Schmitz averred to in his declaration are all
9    self-imposed, avoidable, and unreasonable.

10       Dr. Joseph Schmitz fails to provide any meritorious argument as to why he should be
11   afforded 90 days instead of 30 days after this Court issues an order to have an attorney substitute
12   in for Plaintiff Dr. Thomas Schmitz.  The Court's Order appointing Dr. Joseph Schmitz and
13   partially staying the action was issued on October 15, 2024 (ECF No. 399.) Nearly eight months
14   have passed. The Magistrate Judge has recommended extending an additional thirty-day deadline
15   by which an attorney for Plaintiff Dr. Thomas Schmitz to substitute in. Any further extension would
16   be prejudicial to Defendants in causing unreasonable delay and interfering with the parties' ability
17   to comply with the Further Pre-Trial Scheduling Order as discussed below. (ECF No 421.)

18       Moreover, this Court in its July 19, 2024 Order has *already reviewed and rejected* the same
19   request by Dr. Joseph Schmitz: "If appointed guardian ad litem, Dr. Joseph Schmitz requests a stay
20   of nine months, described as six months to review discovery and contact experts and three
21   additional months to communicate with attorneys and to attempt to settle the case. (See ECF No.
22   386-1 at 2.)" (ECF No. 388 at 4, emphasis added.) Dr. Thomas Schmitz repeats this request again,
23   the only difference being that the case would not be stayed during the additional three months he
24   argues he should have to retain an attorney. Thus, there is even less ground to grant the request
25   now, than there was when it was originally made.

26       Finally, Dr. Joseph Schmitz's request that the 30-day deadline be transformed into a status
27   update deadline has no basis in law and would be highly prejudicial to Defendants. The partial stay
28   on this case has already been lifted and the Magistrate Judge has issued a Further Pre-Trial

1  Scheduling Order. (ECF No. 421.) Defendants are entitled to complete discovery as to Plaintiff Dr.
2  Thomas Schmitz's claims and take deposition of fact witnesses, but will be unable to do so if
3  Plaintiff Dr. Thomas Schmitz is unrepresented and unable to respond to discovery, propound
4  discovery of his own, or take depositions. Likewise, Defendants are entitled to have dispositive
5  motions timely heard as to all claims in this action, but will be unable to do so if Plaintiff Dr.
6  Thomas Schmitz's claims are not dismissed and at the same time are not being prosecuted.

### IV. GUARDIAN AD LITEM'S REMAINING OBJECTIONS ARE WITHOUT MERIT

#### A. Public Policy Considerations

The guardian ad litem's objection to the Magistrate Judge's consideration of public policy is surprising, given that the Magistrate Judge found that "The public policy favoring disposition of cases on their merits weighs against dismissal, as it ordinarily does." (ECF No. 420 at 6.) However, this public policy is one of several factors that a Court weighs on ruling on a motion to dismiss for failure to prosecute. Were this this the only factor, no claims would ever be dismissed no matter how unreasonable the delay, and how significant the prejudice to the defendants.

Guardian ad litem Dr. Joseph Schmitz argues that a "premature dismissal due to temporary incapacity" would undermine this interest and may violate due process. No evidence has been submitted to this Court that Plaintiff Dr. Thomas Schmitz's incapacity is temporary. In fact, in the same objections, the guardian ad litem characterizes Plaintiff Dr. Thomas Schmitz's mental health limitations as being of "serious nature." (ECF No. 427 at 2.) Per the Court's Order, the partial stay in this action could have been lifted prior to the expiration of six-month deadline with the restoration of Plaintiff Dr. Thomas Schmitz's competency as demonstrated by a motion to lift the stay with supporting evidence. (ECF No. 399 at 2.) No such motion was filed and no such evidence has been submitted to the Court.

#### B. There is No Legal Ground for the Requested "Clarification" Regarding Accommodations for Cognitive Impairment

For the reason stated above, guardian ad litem Dr. Joseph Schmitz's request that the Court acknowledge that Dr. Thomas Schmitz may potentially regain capacity with "accommodations" lacks any basis in the evidence. First, the Court already held an evidentiary hearing, heard sworn

testimony, and determined that Plaintiff Dr. Thomas Schmitz lacks legal capacity to continue to prosecute his claim pro se. A party either has or does not have legal capacity to litigate pro se. No evidence has been submitted by Plaintiff Dr. Thomas Schmitz that his legal capacity has been restored. There is no evidence before the Court that absence of legal capacity to sue due to mental health decline can be regained by any of the accommodations proposed by the guardian ad litem Dr. Joseph Schmitz.

Guardian ad litem Dr. Joseph Schmitz lists as a possible accommodation "ongoing support from the guardian ad litem to assist in communication and comprehension." (ECF No. 427 at 2.) Dr. Joseph Schmitz has already been appointed as guardian ad litem and nothing prevents him to provide ongoing support to Plaintiff.

The proposal for "structured, simplified instructions from the court" does not make any sense and is unsupported by authority. It would be inappropriate for the Court to tailor its orders and rulings with the specific purpose of assisting a party in a case to prosecute their claims. Moreover, the rulings of this Court cannot be subject to potential appeal because the court bound itself to issue "structured and "simplified" instructions, but arguably failed to comply with that unspecified criteria regarding its own rulings. Nor may defendants be ordered to file motions that are structured and implied to accommodate a litigant's legal incapacity to proceed pro se.

The proposal for "coordination with medical professionals to monitor improvements in cognitive status" is likewise ungrounded in law or reason. What would the "coordination" entail? How often would this monitoring take place and for how long? How would this "coordination" assist Plaintiff in regaining capacity? Most importantly, what is the legal authority providing that it is proper for the Court to engage in this "coordination"? No such authority has been provided.

The proposal for appointment of counsel for specific litigation likewise lacks in specificity and is not supported by authority. While a court may appoint counsel for indigent civil litigants in exceptional circumstances pursuant to 28 U.S.C. § 1915(e)(1), there has been no finding that Plaintiff Dr. Thomas Schmitz is an indigent litigant.

**C.  Dismissal Prior to Completion of Discovery is Not Premature**

The partial state necessitated due to the incapacity of Plaintiff Dr. Thomas Schmitz to

1  prosecute this case in pro se is the very reason why discovery is not completed yet. Discovery
2  cannot be completed while a party to the action is not participating in the discovery process. The
3  only way discovery can be completed is after an attorney substitutes in for Plaintiff Dr. Thomas
4  Schmitz and participates in discovery or after Plaintiff Dr. Thomas Schmitz's claims are dismissed
5  and no longer subject to discovery.  Thus, in order for the discovery to be completed in accordance
6  with the Further Pre-Trial Scheduling Order (ECF No 421), the Magistrate Judge's
7  Recommendation that a substitution of attorney for Plaintiff Dr. Thomas Schmitz must be filed
8  within 30 days of the Court's order must be adopted.

9  Moreover, the guardian ad litem's argument that closure of fact discovery, in which only
10 Plaintiff Mallia participates, will increase the likelihood of an attorney taking the case on behalf of
11 Plaintiff Schmitz is devoid of common sense. Any attorney would likely prefer to have input in the
12 fact discovery if they were to take on a case, rather than come into the case where fact discovery
13 has already closed.

**CONCLUSION**

15 Based on the above, including that the "objections" by guardian ad litem Dr. Joseph Schmitz
16 are an unauthorized submission, and that they provide no basis in the law or in the evidence upon
17 which to question the Magistrate Judge's thorough analysis and to reject or modify the Findings
18 and Recommendations, Defendants respectfully request that the Court adopt these Findings and
19 Recommendations in full.

21 Dated:  June 9, 2025           ROB BONTA
                                   Attorney General of California
22                                 JAY M. GOLDMAN
                                   Supervising Deputy Attorney General

23                                  /s/ Jennifer J. Nygaard
                                   JENNIFER J. NYGAARD
24                                 Deputy Attorney General
                                   Attorneys for Defendant Bradley
25
26 Dated:  June 9, 2025           BEESON TERHORST LLP

27                                  /s/ Michael A. Terhorst
                                   Michael A. Terhorst, Esq.
                                   Attorneys for Defendants
28                                 Kuich and Lizzarga

DEFS' REPLY TO J. SCHMITZ'S OBJ. F&R          9
MTN TO DISMISS – 2:20-cv-0195-DJC-CKD

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

| | |
|---|---|
| Dated: June 9, 2025 | MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP |
| | By: /s/ Maria Zhurnalova-Juppuno |
| | Peter J. Hirsig |
| | Daniel R. Mayer |
| | Maria Zhurnalova-Juppunov |
| | Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, GIBSON, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, LEIDNER, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE |

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 3480 Buskirk Avenue, Suite 250, Pleasant Hill, CA 94523.

On this date I served the foregoing **DEFENDANTS' REPLY TO JOSEPH SCHMITZ'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF SCHMITZ'S CLAIMS FOR FAILURE TO PROSECUTE** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Pleasant Hill, California, addressed as follows:

**Plaintiffs in Pro Per:**

Thomas J. Schmitz
Ms. Dianne Mallia
404 Atkinson Street
Roseville, CA 95678

E-Mail: deedamallia@gmail.com
       tsfoot49@gmail.com

Joseph Schmitz
1856 Plaza Palo Alto
Chula Vista, CA 91914

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 9, 2025 at Pleasant Hill, California.

/s/ Tami Martin
Tami Martin