UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMITZ, et al., | No. 2:20-cv-0195 DJC CKD |
| Plaintiffs, | |
| v. | ORDER |
| ADAM ASMAN, et al., | |
| Defendants. | |

Plaintiffs bring claims under 42 U.S.C. § 1983 and state law arising out of the death of their son while incarcerated under the authority of the California Department of Corrections and Rehabilitation. Plaintiffs filed this action pro se but are now represented by counsel. This matter is before the undersigned for a further order on the motion for protective order filed by defendants Adams, Andaluz, Ashe, Asman, Branman, Brizendine, Brockenborough, Ceballos, Diaz, Heatley, J. Johnson, R. Johnson, Kernan, Ponciano, Ramkumar, Rekart, Robinson, Rudas, M. Smith, C. Smith, Tebrock, Toche, and Waine ("defendants") as to a third-party subpoena issued by plaintiff Mallia, proceeding pro se at the time, to non-party Dr. Michael Golding. (ECF No. 323.)

On February 16, 2024, the undersigned granted in part and denied in part defendants' motion for a protective order and ordered Dr. Golding to submit documents for in camera review. (ECF No. 344.) On May 28, 2025, the undersigned ordered Dr. Golding to produce some responsive documents to the defendants for preparation of defendants' further privilege log. (ECF

1

1    No. 423.) Defendants have submitted their further privilege log.[1]

2    As to the documents described as "Court Investigation File," the undersigned accepts defendants' assertions of privilege for the documents identified in the privilege log dated July 21, 2025. The motion for protective order is granted as to these privileged documents.

3    Defendants noted several documents in the "Court Investigation File" which contain confidential private information in the form of CDCR numbers under which non-party inmates are identifiable, as well as the mobile/cell phone numbers of current and former CDCR employees, both parties and non-parties. To the extent these documents are not privileged, defendants will be ordered to redact the non-party inmates' CDCR numbers and mobile/cell phone numbers prior to production of the documents to plaintiffs. In addition to or in the alternative, the parties may consider proposing a stipulated protective order.[2]

4    As to the remaining documents and issues, the undersigned grants the motion for protective order. There is no remaining dispute as to production of the "First Golding Report." (See ECF No. 422 at 2.) A redacted version of the "Second Golding Report" is now publicly available. The undersigned finds the documents described as "Communications" are not responsive documents following the Court's order narrowing the requests at issue (see ECF No. 344). The documents described as "CDCR provided documents and subpoena" were the subject of prior court orders and defendants indicated they have produced the responsive documents as ordered by the Court. (See ECF Nos. 413, 425, 428.) That leaves the documents described as "Docket Entries" which include many publicly available docket entries from Coleman v. Newsom, et al., 2:90-cv-0520-KJM-DB. The undersigned grants the motion for protective order as to the Docket Entries.

---

[1] The Court's efforts at in camera review of the documents have been hampered by defendants' submission of materials with different and overlapping Bates Stamp numbers and privilege logs with inconsistent and overlapping Bates Stamp numbers. Should any issues arise stemming from the confusion caused by these errors, the Court expects defendants' counsel to meet and confer, in person if necessary, with plaintiffs' counsel and the hard copies of the documents to resolve the matter.

[2] Plaintiffs formerly proceeded without counsel which prevented entry of a stipulated protective order for production of any documents for "attorney eyes only."

1    In another pending motion for protective order filed on October 25, 2024 (ECF No. 400), defendants seek a protective order against enforcement of plaintiffs' subpoena to Melanie Gonzalez, M.D., Andrew Schultz-Ross, M.D., and Navreet Mann, M.D., issued by plaintiffs proceeding pro se at the time. Counsel for plaintiffs and defendants shall meet and confer on the remaining issues of dispute in the October 25, 2024, motion for protective order and shall file an updated joint statement on the dispute.

Good cause appearing, IT IS ORDERED as follows:

1. Within 21 days of the date of this order, defendants or Dr. Golding shall produce to plaintiffs the Court Investigation File documents not identified as privileged in defendants' July 21, 2025 privilege log; before producing the documents defendants shall redact non-party inmates' CDCR numbers and mobile/cell phone numbers of current and former CDCR employees; in addition or in the alternative, the parties may propose a stipulated protective order.

2. Otherwise, the undersigned grants the motion for protective order (ECF No. 323) as to the remaining documents and issues.

3. Counsel for plaintiffs and defendants shall meet and confer further regarding the October 25, 2024, motion for protective order (ECF No. 400) and shall file an updated joint statement on that motion for protective order within 30 days of the date of this order.

Dated:  August 27, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, schmitz20cv195.mpo.323.final

3