ELISE R. SANGUINETTI (SBN: 191389)
JAMIE G. GOLDSTEIN (SBN: 302479)
KELSEY L. CAMPBELL (SBN: 324015)
**ARIAS SANGUINETTI WANG & TEAM LLP**
2033 N. Main Street, Suite 1000
Walnut Creek, CA 94596
Telephone: (510) 629-4877
Facsimile: (510) 291-9742
elise@aswtlawyers.com
jamie@aswtlawyers.com
kelsey@aswtlawyers.com
*For electronic service, also include:*
ncservice@aswtlawyers.com

Attorneys for Plaintiffs
SCHMITZ

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually, <br><br> Plaintiffs, <br><br> -vs.- <br><br> ADAM ASMAN, et al., <br><br> Defendants. | Case No.: 2:20-CV-00195-JAM-CKD <br><br> *Hon. John A. Mendez; Chief Magistrate Judge Carolyn K. Delaney* <br><br> **PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER** |

Plaintiffs Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually (hereinafter, collectively "Plaintiffs") hereby submit the following points and authorities in support of their motion to modify the operative scheduling order.

## I.    INTRODUCTION

New counsel for Plaintiffs, Jamie Goldstein of Arias Sanguinetti Wang & Team LLP, filed her appearance in this matter on July 16, 2025 (ECF 443). See, Declaration of Jamie Goldstein, filed

-1-
**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

concurrently herewith, at Par. 2. Since that time, Plaintiffs' counsel has been diligently participating in discovery in this matter, including meeting and conferring with defendants concerning the third-party subpoenas that this Court is aware of. *Id.* While meet and confer efforts between the parties on the subject matter of these third-party subpoenas has been fruitful, the parties have experienced a delay due to new counsel for the subpoenaed third parties entering the case. *Id.* Former counsel retired in February 2026, and new counsel was substituted in shortly thereafter. *Id.* While the parties had come to close to finalizing an agreement on the subpoenas, that could not be accomplished along with the production prior to the change of counsel. *Id.*

An agreement was reached on the scope of the subpoenas on March 6, 2026. On March 8, 2026, counsel for the third parties, Deann Rivard of Burke, Williams & Sorensen LLP, advised she would need approximately 60 to 90 days to provide the production. See, Declaration of Jamie Goldstein, at Par. 3. Specifically, she advised that she anticipated needing an additional 30 to 60 days from the April 9, 2026, discovery deadline. *Id.* Once the documents are received Plaintiffs' counsel anticipates needing an additional 60 days to review and schedule depositions given it is unknown what will be produced or who may or may not need to be deposed at that time, as well as the availability of witnesses and counsel. *Id.*

While Plaintiffs' counsel has only recently appeared in this matter, from a review of the docket it appears that the scheduling order in this case has been modified approximately three times to date. Plaintiffs' counsel participated in a stipulation for the last modification of the scheduling order requested in August 2025, which was entered into shortly after appearing in the case. See, Declaration of Jamie Goldstein, at Par. 4. At this juncture, Plaintiffs' counsel is fully familiar with the case and is working diligently to move the case forward. *Id.* Several depositions have been taken, and additional depositions are scheduled throughout March and early April. *Id.* The additional time will also allow for remaining depositions to be taken in addition to the document production and any outstanding depositions related to the documents. Accordingly, good cause exists to modify the operative scheduling order (ECF 446, Filed 8/25/25) as set forth in the proposed scheduling order filed concurrently herewith.

///

**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

**Meet and Confer Efforts**

Prior to the filing of this motion, Plaintiff's counsel met and conferred extensively with defense counsel, and they would not agree to moving the scheduling deadlines. Meet and confer consisted of more than one conversation over Zoom, with the last one occurring in the week prior to this filing. See, Declaration of Jamie Goldstein at Par. 5.

## II.    ARGUMENT

### A.    THERE IS GOOD CAUSE TO MODIFY THE SCHEDULING ORDER

Motions to Modify Scheduling Orders are permitted under FRCP 16(b) which provides:

"(b) Scheduling and Planning. Except in categories of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order ... that limits the time:

(1) to join other parties and to amend the pleadings;

(2) to file motions; and

(3) to complete discovery.

The scheduling order also may include

(4) modifications of the times for disclosures under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

(5) provisions for disclosure or discovery of electronically stored information;

(6) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production;

(7) the date or dates for conferences before trial, a final pretrial conference, and trial; and

(8) any other matters appropriate in the circumstances of the case.

A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate."

*Zivkovic v. Southern California Edison Co.,* (9th Cir. 2002) 302 F.3d 1080, 1087, (quoting *Johnson v. Mammoth Recreations, Inc.,* (9th. Cir. 1992), 975 F.2d 604, 608) states: "when a plaintiff

seeks to continue the dates set by the court at a scheduling conference, it must first show "good cause" for modification of the scheduling order under Rule 16(b). This "good cause" standard "primarily considers the diligence of the party seeking the amendment... A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order."

This '...good cause' standard primarily considers the diligence of the party seeking the amendment.'' (Johnson v. Mammoth Recreations, Inc. (9th Cir. 1992) 975 F.2d 604, 609.) To establish diligence, the movant may be required to show (1) diligence in assisting the court in creating a workable scheduling order, (2) that any anticipated noncompliance resulted from circumstances not reasonably anticipated at the time of the scheduling conference, (3) a prompt request for modification was made once it became apparent that compliance was not possible, (*internal citations omitted*) (Jackson v. Laureate. Inc. (E.D. Cal. 1999) 186 FRD 605, 608.)

In this case, good cause exists for modification of the operative scheduling order. Plaintiffs' counsel has been diligent with regard to getting up to speed with the voluminous amount of records and prior filings in this case and in conducting necessary discovery. See, Declaration of Jamie Goldstein, at Par. 2-4. Plaintiffs' counsel has been diligently participating in discovery in this matter, including meeting and conferring with defendants concerning the third-party subpoenas. *Id.* Additionally, the parties have taken several depositions and have depositions set throughout March and into early April. *Id.* The additional time will allow for the production and review of documents as well as any related depositions. *Id.* The time will also allow for further depositions to be scheduled and taken that have not been possible due to time constraints including trial schedules. *Id.*

Plaintiffs' counsel respectfully requests the following modifications (see, column two of the below table) to the Court's current scheduling order (see, column one of the below table):

///

///

///

///

///

**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

| Matter | Currently Existing Deadline (ECF 446) | New Deadline |
|---|---|---|
| Completion of Fact Discovery | April 9, 2026 | August 7, 2026 |
| Initial Disclosure of Experts and Reports | June 9, 2026 | October 16, 2026 |
| Disclosure of Rebuttal Experts with Reports | July 9, 2026 | November 16, 2026 |
| Completion of Expert Discovery | September 9, 2026 | January 8, 2027 |
| Dispositive Motions | Filed by November 20, 2026

And noticed for hearing before Judge Calabretta on January 7, 2027, at 1:30 p.m. | March 12, 2027

And noticed for hearing before Judge Calabretta on _____ at 1:30 pm. |
| Final Pre-Trial Conference | April 22, 2027 at 1:30 p.m.

With Joint Pretrial Statement Due 7 days before conference. | No modification requested. |
| Jury Trial | June 21, 2027
8:30 a.m. | No modification requested. |

Respectfully submitted,

Dated: March 11, 2026                  **ARIAS SANGUINETTI WANG & TEAM LLP**

By: _____
      ELISE R. SANGUINETTI
      JAMIE G. GOLDSTEIN
      KELSEY CAMPBELL
      *Attorneys for Plaintiffs*

**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

**PROOF OF SERVICE**
**Schmitz, et al. v. Adam Asman, et al.**
USDC Eastern - Case No: 34-2022-00327504-CU-PO-GDS

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2033 N Main Street, Suite 1000, Walnut Creek, CA 94596. On March 11, 2026, I served the within document(s):

**PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER**

I, Christina Summers, certify that this document, filed through the court's ECF system, will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing (NEF) and an email will be sent to those indicated as non-registered participants from christina@aswtlawyers.com.

*Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, GIBSON, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, and WAINE*

PETER J. HIRSIG
MARIA ZHURNALOVA-JUPPUNOV
DANIEL R. MAYER
**MCNAMARA, AMBACHER, WHEELER, HIRSIG&GRAY LLP**
639 Kentucky Street
Fairfield, CA 94533
Telephone: (707) 427-3998
Facsimile: (707) 427-0268
maria.zhurnalova-juppunov@mcnamaralaw.com
peter.hirsig@mcnamaralaw.com
daniel.mayer@mcnamaralaw.com
tami.martin@mcnamaralaw.com
liesl.swartwood@mcnamaralaw.com
HHammond@mcnamaralaw.com

*Attorney for Defendants Kevin Kuich and Joe A. Lizarraga:*
David W. Tyra
Alec D. Tyra
**KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD**
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, CA 95833
Tel: (916) 321-4500
Fax: (916) 321-4555
dtyra@kmtg.com
atyra@kmtg.com

*Attorneys for Defendants Eric Bradley:*

Jennifer Nygaard
**California Dept. of Justice**
**Office of the Attorney General**
1515 Clay Street, 20th Floor
Oakland, CA 94612
Phone: 510-879-0802
Fax: 510-622-2270
jennifer.nygaard@doj.ca.gov
jay.goldman@doj.ca.gov
lucille.santos@doj.ca.gov

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the US Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed March 11, 2026, at Walnut Creek, California.

_____
Christina Summers