UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS SCHMITZ, et al.,

Plaintiffs,

v.

ADAM ASMAN, et al.,

Defendants.

2:20-cv-0195-DJC-CKD

ORDER

Plaintiffs seek to modify the operative scheduling order to allow time for completion of discovery related to outstanding document production on third-party subpoenas. (ECF No. 470.) The district judge assigned to this case referred the motion to the undersigned. (ECF No. 472.) The undersigned finds the matter appropriate for decision without oral argument. See Local Rule 230(g). For the reasons set forth below, plaintiffs' motion to modify the case schedule is granted to the extent that the court modifies the dates plaintiffs requested to be extended as requested. However, the court limits the additional discovery to be undertaken during the extended period to that addressed in plaintiffs' good-cause reasons stated for the extension. In addition, the court further modifies the schedule for this case by vacating and re-setting the dates previously set for the final pretrial conference and trial, both of which will place before the assigned district judge.

"[G]ood cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

1

party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While the focus of the inquiry is upon the moving party's reasons for seeking modification, a demonstration of prejudice to the party opposing the modification may support denial of the motion. (Id.)

Plaintiffs state they have been diligently participating in discovery in this matter since their new counsel appeared, including meeting and conferring with defendants concerning the third-party subpoenas which are the subject of a long-pending motion for protective order filed by some of the defendants on October 25, 2024. Plaintiffs state the parties have had fruitful meet and confer efforts, and came close to finalizing an agreement, but experienced a delay due to new counsel for the subpoenaed third parties entering the case. (ECF No. 470.)

Defendants are not opposed to modifying the scheduling order to complete outstanding written discovery and any depositions reasonably related to relevant documents obtained through outstanding discovery. (ECF No. 473 at 2.) However, defendants oppose extending the fact discovery cut off for purposes of propounding new written discovery or new subpoenas to third parties. (Id.) If the court modifies the schedule, defendants request (1) an order that no new written discovery be propounded unless permitted by stipulation of the parties or further leave of court; (2) that any new depositions noticed be limited to those on which the parties are already meeting and conferring and witnesses whose testimony is reasonably related to information from newly obtained documents, absent stipulation of the parties or leave of court; and (3) that all deadlines including the deadlines for the pre-trial conference and trial be extended by four months respectively. (Id. at 2-3.)

Plaintiffs request the additional discovery time specifically to allow for "remaining depositions to be taken in addition to [completing] the document production and any outstanding depositions related to the documents." (ECF No. 470 at 2.) Plaintiffs show good cause to modify the schedule for these purposes and defendants do not assert any prejudice. The court will modify the case schedule for the stated purposes accordingly. Since plaintiffs do not assert any good cause reasons for extending discovery for the purpose of propounding new discovery requests or noticing new depositions unrelated to information from newly obtained documents (or

depositions the parties are already meeting and conferring about), the court will limit discovery during the extended period accordingly.

In addition, the court will vacate the dates previously set for the final pretrial conference and trial and re-set those dates before the district judge assigned to this case as set forth below.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiffs' motion to modify the scheduling order (ECF No. 470) is GRANTED in part and the court modifies the case schedule as set forth below. The court also orders that absent stipulation of the parties or leave of court, no new written discovery shall be propounded and new depositions to be noticed are limited to those for which the parties are already meeting and conferring and witnesses whose testimony is reasonably related to information from newly obtained documents.

2. The court VACATES the previously set final pretrial conference and trial dates previously set for April 22, 2027, and June 21, 2027, respectively.

3. The case schedule is modified as follows:

Completion of Fact Discovery: **August 7, 2026**

Initial Disclosure of Experts and Reports: **October 16, 2026**

Disclosure of Rebuttal Experts with Reports: **November 16, 2026**

Completion of Expert Discovery: **January 8, 2027**

Dispositive Motions Filed by: **March 12, 2027**

Final Pre-Trial Conference: **August 19, 2027**, at 1:30 p.m., before Hon. Judge Daniel J. Calabretta, to take place via videoconference, with a Joint Pretrial Statement Due 7 days before.

Jury Trial: **October 18, 2027**, at 8:30 a.m., before Hon. Judge Daniel J. Calabretta, in Courtroom 7, 14th Floor.

/////

/////

/////

/////

3

4.   In all other respects, the terms of the amended scheduling order issued on August 25, 2025 (ECF No. 446) remain in effect.

Dated:  March 31, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 schm20cv0195.dso.470