JAMIE G. GOLDSTEIN (SBN: 302479)
KELSEY L. CAMPBELL (SBN: 324015)
**ARIAS SANGUINETTI WANG & TEAM LLP**
2033 N. Main Street, Suite 1000
Walnut Creek, CA 94596
Telephone: (510) 629-4877
Facsimile: (510) 291-9742
jamie@aswtlawyers.com
kelsey@aswtlawyers.com
*For electronic service, also include:*
ncservice@aswtlawyers.com

Attorneys for Plaintiffs
SCHMITZ

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM ASMAN, et al.,<br><br>Defendants. | Case No.: 2:20-CV-00195-DJC-CKD<br><br>**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL FOR PLAINTIFFS**<br><br>Date: September 10, 2026<br>Time: 9:30 a.m.<br>Location: Courtroom 7<br>Sacramento Courthouse<br>501 "I" Street<br>Sacramento, CA 95814 |

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 10, 2026, at 9:30 a.m., at the Robert T. Matsui United States Courthouse, Courtroom 7, 14th Floor at 501 "I" St # 4200, Sacramento, CA 95814, or as soon they may be heard, counsel for Plaintiffs Estate of WILLIAM SCHMITZ, deceased, by and through JOSEPH SCHMITZ as guardian ad litem of THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ by and through is guardian ad litem JOSEPH SCHMITZ, individually; and DIANNE MALLIA, individually, will request the Court for an order permitting them to withdraw as counsel of record in this case. This motion is supported by the attached Memorandum of Points and Authorities and the Declaration of Counsel Jamie Goldstein.

Dated: July 20, 2026

**ARIAS SANGUINETTI WANG & TEAM LLP**

By: /s/Jamie G. Goldstein
JAMIE G. GOLDSTEIN
KELSEY L. CAMPBELL
*Attorneys for Plaintiffs*

//

//

//

//

//

//

//

//

//

//

//

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action relates to claims by Plaintiffs Estate of WILLIAM SCHMITZ, deceased, by and through JOSEPH SCHIMITZ as guardian ad litem of THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ by and through is guardian ad litem JOSEPH SCHMITZ, individually; and DIANNE MALLIA, individually, alleging that Defendant California Department of Corrections and Rehabilitation, as well as the individually named Defendants, violated decedent William Schmitz's civil rights and that their deliberate indifference led to decedent's death while he was incarcerated at Mule Creek State Prison.

## II. STATEMENT OF FACTS

### A. Background

Plaintiffs initially filed this matter in pro se, naming over twenty defendants. Plaintiffs later retained as counsel Arias Sanguinetti Wang & Team LLP. Jamie Goldstein of Arias Sanguinetti Wang & Team LLP substituted into the matter on July 16, 2025 (Notice of Appearance, ECF 443).

During the course of depositions, Plaintiffs' counsel discovered an incurable conflict of interest impeding Plaintiffs' counsel's ability to continue representing Plaintiffs in this action. The conflict involved the fact that Arias Sanguinetti Wang & Team LLP is representing one of the named Defendants in the Schmitz action as a Plaintiff in an unrelated mass civil action. Plaintiffs' counsel immediately informed Plaintiffs of the previously unknown conflict of interest, providing Plaintiffs with an opportunity to seek other counsel. Discovery in the instant case was halted among the parties. Plaintiffs are currently in the process of seeking new counsel, and Plaintiffs' counsel cannot continue representation and must seek the Court's permission to withdraw.

Given that the Plaintiffs will need time to retain new counsel and due to upcoming deadlines in the case, current Plaintiffs' counsel respectfully requests that the Court order a stay of all future deadlines until Plaintiffs are able to find new counsel, for a period of 120 days. Should the Plaintiffs require additional time, they will seek further relief with the Court. Prior to discovery of the conflict there were several depositions noticed by Plaintiffs' counsel that had to be taken off calendar. Once

new counsel is retained, further discovery will need to be conducted issues will require additional time to be handled beyond the parameters of the Court's current scheduling order.

**B. An Incurable Conflict of Interest Has Been Discovered Between the Plaintiffs and Counsel**

As stated in the Declaration of Jamie Goldstein, concurrently filed herewith, and discussed in detail above, there is an incurable conflict of interest that has been newly discovered, which makes it impossible for Plaintiffs' counsel to continue to carry out effective representation.

## III. APPLICABLE LEGAL STANDARDS AND ARGUMENT

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California, provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." Local Rule 182(d).

Lawyers, however, are unable to represent clients in matters involving a direct conflict of interest. California Rules of Professional Conduct Rule 1.7(a) prohibits a lawyer from representing a client if the representation involves a concurrent conflict of interest. While Plaintiffs' counsel was not aware of the concurrent conflict at the time they were retained by the Schmitz plaintiffs, there is now a direct conflict, which must be addressed. The only appropriate means to ensure the conflict is not detrimental to any party is for Plaintiffs' counsel to be relieved from representation and permitted to withdraw from this case.

**A. Permissive Withdrawal**

Courts maintain the discretion to grant or deny a motion to withdraw as counsel. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. City of Fresno,* 562 F.Supp.3d 1032, 1035 (E.D. Cal. 2021) (citations omitted). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d).

**B. Counsel Should Be Permitted to Withdraw**

Counsel has been diligent in litigating this case and informed Plaintiffs of the conflict upon discovery. If counsel is permitted to withdraw and the Court is inclined to grant a 120-day stay of proceedings, Plaintiffs will have the opportunity to secure new counsel to continue the case on their behalf.

## IV. CONCLUSION

Plaintiffs' counsel Jamie Goldstein, Kelsey Campbell, and the law firm Arias Sanguinetti Wang & Team LLP respectfully request that the Court grant counsel and its firm to entirely withdraw from their representation of Plaintiffs this matter.

Dated: July 20, 2026

**ARIAS SANGUINETTI WANG & TEAM LLP**

By: /s/Jamie G. Goldstein
JAMIE G. GOLDSTEIN
KELSEY L. CAMPBELL
*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

**Schmitz, et al. v. Adam Asman, et al.**

USDC Eastern District of California - Case No: 2:20-CV-00195-DJC-CKD

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2033 N Main Street, Suite 1000, Walnut Creek, CA 94596. On July 20, 2026, I served the within documents from the email assal@aswtlawyers.com:

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL**

(x) ONLY BY ELECTRONIC TRANSMISSION: By emailing the document(s) to the persons at the email addresses listed herein, after having previously confirmed the service email addresses with counsel. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

***Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, GIBSON, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, and WAINE***

PETER J. HIRSIG
MARIA ZHURNALOVA-JUPPUNOV
DANIEL R. MAYER
**MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP**
639 Kentucky Street
Fairfield, CA 94533
Telephone: (707) 427-3998
Facsimile: (707) 427-0268
maria.zhurnalova-juppunov@mcnamaralaw.com
peter.hirsig@mcnamaralaw.com
daniel.mayer@mcnamaralaw.com
tami.martin@mcnamaralaw.com
liesl.swartwood@mcnamaralaw.com
HHammond@mcnamaralaw.com

***Attorney for Defendants Kevin Kuich and Joe A. Lizarraga:***

David W. Tyra
Alec D. Tyra
**KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD**
1331 Garden Hwy, 2nd Floor
Sacramento, CA 95833
Tel: (916) 321-4500
Fax: (916) 321-4555
dtyra@kmtg.com
atyra@kmtg.com

**Plaintiffs Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually**

deedamallia@gmail.com
thomas.f.schmitz@gmail.com
s5jschmitz@yahoo.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed July 20, 2026, at Walnut Creek, California.

*/s/ Assal Badrkhani*