JAMIE G. GOLDSTEIN (SBN: 302479)
KELSEY L. CAMPBELL (SBN: 324015)
**ARIAS SANGUINETTI WANG & TEAM LLP**
2033 N. Main Street, Suite 1000
Walnut Creek, CA 94596
Telephone: (510) 629-4877
Facsimile: (510) 291-9742
jamie@aswtlawyers.com
kelsey@aswtlawyers.com
*For electronic service, also include:*
ncservice@aswtlawyers.com

Attorneys for Plaintiffs
SCHMITZ

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>ADAM ASMAN, et al.,<br><br>        Defendants. | Case No.: 2:20-CV-00195-DJC-CKD<br><br>**PLAINTIFFS' *EX PARTE* APPLICATION FOR ORDER STAYING DISCOVERY WHILE PLAINTIFFS OBTAIN NEW COUNSEL** |

## *EX PARTE* APPLICATION

Plaintiffs Estate of WILLIAM SCHMITZ, deceased, by and through JOSEPH SCHIMITZ as guardian ad litem of THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ by and through is guardian ad litem JOSEPH SCHMITZ, individually; and DIANNE MALLIA, individually, (collectively "Plaintiffs"), respectfully apply *ex parte* for an order staying all discovery, including but not limited to written discovery responses, document productions, depositions, expert disclosures, and all associated deadlines, pending resolution of current counsel's motion to withdraw. Plaintiffs request that all existing discovery deadlines be vacated, and that the stay remains in effect for 180 days.

Good cause exists for the relief requested.  Plaintiffs' counsel filed a Motion to be Relieved as Counsel on July 20, 2026. The motion is set for hearing on September 10, 2026. The motion has requested a stay of 120 days from the hearing date. The additional 60 days of the stay requested here, takes into consideration the time between the filing of the motion to withdraw and the hearing date. The parties have met and conferred concerning Plaintiff's request. While all parties are generally in agreement that there should be a stay on discovery of 180 days, the parties will seek the court's assistance on determining the scope of discovery once the requested stay is ultimately lifted. The parties request further guidance from the court on this issue on September 10, 2026, at the hearing on Plaintiff's motion to withdraw.

This *ex parte* application is based on this application, the attached Memorandum of Points and Authorities, the Declaration of Jamie G. Goldstein, and the record in this case.

Dated: July 24, 2026          **ARIAS SANGUINETTI WANG & TEAM LLP**

By:   /s/Jamie G. Goldstein
         JAMIE G. GOLDSTEIN
         KELSEY L. CAMPBELL
         *Attorneys for Plaintiffs*

//

//

//

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs initially filed this matter as pro se litigants. Plaintiffs later retained as counsel Arias Sanguinetti Wang & Team LLP. Jamie Goldstein of Arias Sanguinetti Wang & Team LLP substituted into the matter on July 16, 2025 (Notice of Appearance, ECF 443).

After Plaintiffs' counsel appeared in the matter, the parties moved forward with discovery working on several subpoena and witness issues. Plaintiffs and several family members were deposed. Several Defendant depositions were scheduled in order to mediate the matter. Ultimately, mediation was unsuccessful, and due to the conflict Plaintiffs' counsel has, no further discovery has been conducted and cannot be conducted pending the motion to withdraw and while Plaintiffs obtain new counsel. The motion to be relieved was filed on July 20, 2026 (ECF 481), and the hearing on the motion is set for September 10, 2026, at 1:30 p.m.  (ECF 482).

Based on the current scheduling order, Fact Discovery closes on August 7, 2026, and disclosure of experts and reports is on October 16, 2026.  Requiring Plaintiffs to respond to discovery or meet deadlines while the withdrawal motion is pending would be extremely prejudicial to Plaintiffs and risks irreparable harm.  A short stay of discovery will preserve the status quo, avoid unnecessary disputes, and promote judicial economy while Plaintiffs diligently secure new counsel. The parties have met and conferred concerning Plaintiff's request as explained further below.

This Application is brought *ex parte* given the rapidly approaching deadlines based on the current scheduling order.  This matter cannot be heard on a standard notice calendar as the hearing on the stay request would occur after the close of discovery per the current scheduling order.

### II. ARGUMENT

**A. The Court Has Broad Discretion to Control Discovery and Issue a Temporary Stay**

The Ninth Circuit has affirmed that district courts have "wide discretion in connection with discovery." (*Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).)  District courts may grant a motion to stay discovery for good cause. (*Id*.; Fed. R. Civ. P. 26(c).)

**B. Good Cause Exists for a Stay of Discovery Pending Resolution of the Withdrawal Motion**

Good cause exists for a short, tailored stay.  First, compelling Plaintiffs to respond to discovery

*EX PARTE* APPLICATION FOR ORDER STAYING DISCOVERY
WHILE PLAINTIFFS OBTAIN NEW COUNSEL

or appear for depositions while counsel's withdrawal motion is pending risks prejudice, including potential waiver of privileges, incomplete or inaccurate responses, and strategic disadvantage without the guidance of counsel. Second, a stay will conserve the parties and judicial resources. If the withdrawal motion is granted, new counsel will need time to review the record, confer with opposing counsel, and participate meaningfully in discovery. Third, the requested stay is narrowly circumscribed in duration. Plaintiffs request that the stay last for 180 days, ensuring progress resumes promptly after Plaintiffs have secured new counsel.

### C. Defendants generally agree to a discovery stay of 180 days

The parties have met and conferred concerning Plaintiff's request. While all parties are generally in agreement that there should be a stay on discovery of 180 days, the parties will seek the court's assistance in determining the scope of discovery once the requested stay is ultimately lifted. The parties request further guidance from the court on this issue on September 10, 2026, at the hearing on Plaintiff's motion to withdraw.

The stay preserves existing evidence, does not alter substantive rights, and avoids piecemeal disputes that may arise from attempting to proceed while counsel's status is unresolved. The requested relief promotes efficiency by allowing discovery to proceed once representation is found and deadlines are reset. Any minimal delay is outweighed by the benefits of accurate, counsel-led discovery and the avoidance of unnecessary motion practice.

### III.     REQUESTED RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Stay all non-expert and expert discovery and related obligations and deadlines, effective immediately.

2. Vacate all current discovery-related dates and deadlines set by rule, order, or stipulation.

3. Order that the stay shall remain in effect for 180 days or upon request for removal of the stay by new Plaintiffs' counsel.

4. Direct the parties to meet and confer and submit a joint proposed amended scheduling order within 14 days after the appearance of new counsel for Plaintiffs.

5. Grant such other and further relief as the Court deems appropriate.

Dated: July 24, 2026                    **ARIAS SANGUINETTI WANG & TEAM LLP**

By: __/s/Jamie G. Goldstein_____
        JAMIE G. GOLDSTEIN
        KELSEY L. CAMPBELL
        *Attorneys for Plaintiffs*

*EX PARTE* **APPLICATION FOR ORDER STAYING DISCOVERY
WHILE PLAINTIFFS OBTAIN NEW COUNSEL**

<u>**PROOF OF SERVICE**</u>
*Schmitz, et al. v. Adam Asman, et al.*
USDC Eastern District of California - Case No: 2:20-CV-00195-DJC-CKD

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2033 N Main Street, Suite 1000, Walnut Creek, CA 94596. On July 24, 2026, I served the within documents from the email assal@aswtlawyers.com:

***EX PARTE* APPLICATION FOR ORDER STAYING DISCOVERY**
**WHILE PLAINTIFFS OBTAIN NEW COUNSEL**

(x) ONLY BY ELECTRONIC TRANSMISSION: By emailing the document(s) to the persons at the email addresses listed herein, after having previously confirmed the service email addresses with counsel.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

| *Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, DIAZ, GIBSON, HEATLEY, J. JOHNSON, R. JOHNSON, KERNAN, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, and WAINE* | *Attorney for Defendants Kevin Kuich and Joe A. Lizarraga:* |
|---|---|
| | David W. Tyra |
| | Alec D. Tyra |
| PETER J. HIRSIG | **KRONICK, MOSKOVITZ,** |
| DANIEL R. MAYER | **TIEDEMANN & GIRARD** |
| MARIA ZHURNALOVA-JUPPUNOV | 1331 Garden Hwy, 2nd Floor |
| **MCNAMARA, AMBACHER, WHEELER,** | Sacramento, CA 95833 |
| **HIRSIG & GRAY LLP** | Tel: (916) 321-4500 |
| 639 Kentucky Street | Fax: (916) 321-4555 |
| Fairfield, CA 94533 | dtyra@kmtg.com |
| Tel: (707) 427-3998 | atyra@kmtg.com |
| Fax: (707) 427-0268 | |
| peter.hirsig@mcnamaralaw.com | **Plaintiffs Estate of WILLIAM SCHMITZ,** |
| daniel.mayer@mcnamaralaw.com | **deceased, by and through THOMAS J.** |
| maria.zhurnalova-juppunov@mcnamaralaw.com | **SCHMITZ and DIANNE MALLIA, as** |
| tami.martin@mcnamaralaw.com | **Successors in Interest; THOMAS** |
| liesl.swartwood@mcnamaralaw.com | **SCHMITZ, Individually; and** |
| HHammond@mcnamaralaw.com | **DIANNE MALLIA, Individually** |
| | |
| | deedamallia@gmail.com |
| | thomas.f.schmitz@gmail.com |
| | s5jschmitz@yahoo.com |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed July 24, 2026, at Walnut Creek, California.

*/s/ Assal Badrkhani*