DIANNE MALLIA, Plaintiff in Propria Persona
404 Atkinson Street
Roseville, CA 95678
Telephone: (707) 694-8158 Email: deedamallia@gmail.com

JOSEPH SCHMITZ, Court-Appointed Guardian ad Litem for Plaintiff Thomas J. Schmitz
1856 Plaza Palo Alto
Chula Vista, CA 91914
Telephone: (240) 498-2248 Email: s5jschmitz@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; <br><br> THOMAS SCHMITZ, by and through JOSEPH SCHMITZ, Guardian ad Litem, Individually; and <br><br> DIANNE MALLIA, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> ADAM ASMAN, et al., <br><br> Defendants. | Case No. 2:20-cv-00195-DJC-CKD <br><br> LIMITED OPPOSITION OF PLAINTIFF DIANNE MALLIA AND REQUEST FOR PROTECTIVE RELIEF BY JOSEPH SCHMITZ, GUARDIAN AD LITEM FOR THOMAS J. SCHMITZ, TO MOTION TO BE RELIEVED AS COUNSEL; REQUEST TO DEFER OR CONDITION WITHDRAWAL <br><br> Hearing Date: September 10, 2026 <br><br> Time: 1:30 p.m. <br><br> Courtroom: 7, 14th Floor <br><br> District Judge: Hon. Daniel J. Calabretta |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Dianne Mallia and Joseph Schmitz, the Court-appointed guardian ad litem for Plaintiff Thomas J. Schmitz, submit this limited opposition to the motion by Jamie G. Goldstein, Kelsey L. Campbell, and Arias Sanguinetti Wang & Team LLP to withdraw (ECF No. 481) from representation of all Plaintiffs. Dianne Mallia proceeds in propria persona for purposes of this response. Joseph Schmitz submits the response solely to request protective action for Thomas under Federal Rule of Civil Procedure 17(c); he does not purport to practice law or represent Thomas as an attorney. Plaintiffs do not question counsel's good faith in bringing the asserted conflict to the Court's attention, do not ask counsel to violate any ethical obligation, and appreciate the substantial work counsel has performed. The opposition concerns the timing and consequences of withdrawal and requests a limited process to determine whether the factual basis for the conflict can be eliminated.

Plaintiffs submit this opposition on their own behalf. Current counsel is assisting solely with the electronic filing of papers prepared and submitted by Plaintiffs. Current counsel does not join in, sponsor, adopt, or endorse this opposition or the relief requested in it.

The parties and counsel are aware of the identity of the defendant giving rise to the asserted conflict. Because that Defendant is identified by a pseudonym in the unrelated matter, Plaintiffs omit the Defendant's name from the substantive discussion and refer to the person as the "Affected Defendant." Dianne Mallia and Joseph Schmitz oppose withdrawal becoming immediately effective before the Court determines whether the asserted conflict can be eliminated or materially narrowed and before safeguards are established for Thomas Schmitz, whom the Court has determined is incompetent to prosecute this action pro se. (ECF No. 399.)

Based on information available to the guardian ad litem, the conflict concerns one Affected Defendant rather than all defendants. Existing discovery indicates the Affected Defendant was assigned to Building 8, Floor 2, was redirected elsewhere for much of the relevant shift, and has not identified who assumed his duties or responsibility for required safety checks. (Ex. A, Resp. to Interrog.

No. 2 and Resps. to Interrog. Nos. 3, 5–7, 22–24; Ex. B, Second Watch FLSA Sheet, DEF009082.)

Targeted discovery may determine whether Affected Defendant can be dropped or severed under Federal Rule of Civil Procedure 21, thereby potentially eliminating the direct adversity that prompted the motion.

Plaintiffs therefore request that the Court first determine whether the conflict can be resolved through targeted discovery, independent advice, and possible dismissal or severance of Affected Defendant.

Plaintiffs would prefer the existing representation to continue if the Court determines that doing so is ethically permissible. The period for locating replacement counsel should not begin until the Court determines that replacement is actually necessary.

## II. RELEVANT BACKGROUND

1. This action arises from the January 21, 2019 death of William Schmitz while incarcerated at Mule Creek State Prison. The Estate proceeds through Thomas J. Schmitz and Dianne Mallia as successors in interest; Thomas Schmitz proceeds individually through Joseph Schmitz as guardian ad litem; and Dianne Mallia proceeds individually.

2. On October 11, 2024, the Court found Thomas Schmitz legally incompetent to prosecute this action pro se and appointed Joseph Schmitz as guardian ad litem. (ECF No. 399.)

3. Jamie G. Goldstein appeared as counsel for Plaintiffs on July 16, 2025. (ECF No. 443.)

4. On July 20, 2026, counsel filed the pending motion to withdraw from representation of all Plaintiffs. The motion is noticed for September 10, 2026, at 1:30 p.m. in Courtroom 7 before the Honorable Daniel J. Calabretta. (ECF No. 481.)

5. Counsel states that the firm discovered during depositions that its Southern California office represents one named defendant in this action as a plaintiff in an unrelated mass civil action. The public filings do not identify that defendant. The parties and counsel know the identity of the Affected Defendant, but Plaintiffs do not identify that person by name here because the person is identified by a pseudonym in the unrelated matter.

6. The Withdrawal Declaration states that discovery was halted, several depositions were removed from calendar, and the firm can no longer continue the representation. Counsel initially requested immediate withdrawal and a 120-day stay. On July 24, 2026, counsel filed Plaintiffs'

Ex Parte Application for Order Staying Discovery While Plaintiffs Obtain New Counsel, together with the Declaration of Jamie G. Goldstein in Support of the Ex Parte Application ("Ex Parte Declaration"), requesting a blanket 180-day stay of all written discovery responses, document production, depositions, expert disclosures, and associated deadlines. (ECF No. 483.)

7. Before that  Ex Parte Application was filed, Joseph Schmitz informed counsel in writing that he conditionally supported reasonable schedule relief, requested an opportunity to review the proposed papers, and asked that any stay preserve the limited Affected Defendant inquiry. The application was filed before he received the proposed papers for review and does not include the requested exception. This opposition does not contend that counsel lacked authority to seek procedural relief; it clarifies the guardian ad litem's actual position and the protections requested for Thomas.

8. The Withdrawal Declaration does not state that Plaintiffs consent to withdrawal. It states that defense counsel were notified and that, although only one defense office responded, counsel did not anticipate opposition "by any defendant."

9. Before Plaintiffs retained current counsel, Joseph Schmitz spent substantial time discussing this case with another attorney, including an in-person meeting. The attorney was prepared to accept the case on a contingency basis. Plaintiffs nevertheless selected current counsel. Based on the prior extensive discussions and that attorney's familiarity with this matter, Joseph did resume discussions with that one attorney regarding assuming the case for current counsel. The attorney is currently unable to accept the contingency representation. Plaintiffs therefore cannot simply return to the contingency representation opportunity they declined when selecting current counsel.

10. Joseph Schmitz devoted substantial time to considering mediation, preparing for and participating in mediation, and addressing how to proceed afterward. He undertook those efforts because, as guardian ad litem, he was concerned about Thomas Schmitz's age, health, and cognitive condition and about the delay that could result from withdrawal and substitution of counsel. This history is offered only to explain the practical prejudice and urgency confronting Thomas, not to disclose the substance of mediation.

11. On September 4, 2025, the Court entered a stipulated protective order governing

confidential discovery and requiring compliance with Local Rule 141 before protected material is publicly filed. (ECF No. 449.)

**A. The Affected Defendant states that he left his assigned post but cannot identify who assumed his duties.**

1. In response to Interrogatory No. 2, Affected Defendant stated that his shift began at 6:00 a.m. on January 21, 2019, that he interacted with William Schmitz at approximately 6:30 a.m., and that at approximately 8:00 a.m. he was redirected to another facility to assist with searches. (Ex. A, Affected Defendant Resp. to Interrog. No. 2.)

2. Affected Defendant stated that he returned at approximately 1:30 p.m. and that he could not perform the duties of his assigned post while absent. (Ex. A, Affected Defendant Resp. to Interrog. No. 2-3.)

3. Affected Defendant has not identified who ordered or approved his redirection, who replaced him, who assumed his Building 8, Floor 2 duties, who was responsible for William Schmitz's safety checks during the absence, or who ensured that those duties were completed. (Ex. A, Affected Defendant Resps. to Interrog. Nos. 3, 5–7, 22–24.)

4. Affected Defendant referred Plaintiffs to FLSA sheets DEF009081 through DEF009083. (Ex. A, Affected Defendant Resp. to Interrog. No. 2; Ex. B, FLSA Sheets DEF009081–DEF009083.) The Second Watch sheet lists Affected Defendant as assigned to Building 8, Floor 2 from 0600 through 1400 but does not appear to document his redirection, identify a replacement, or record a formal transfer of duties. (Ex. B, Second Watch FLSA Sheet, DEF009082.)

5. The absence of a replacement notation does not conclusively establish that no officer informally covered the post. It does establish that the cited records do not answer the interrogatories and that targeted follow-up discovery remains material.

**B. Contemporaneous records confirm that the chain of responsibility remains unresolved.**

The January 21, 2019 Building 8 logbook identifies Affected Defendant among officers listed earlier in the day and later records that William Schmitz was found unresponsive in Cell 202 at approximately 2:32 p.m. (Ex. C, DEF004936–DEF004937.) The continuation page records emergency response, scene preservation, investigative activity, cleaning of the cell, and handling of property. (Ex. C,

DEF004937–DEF004938.) The logbook does not identify who authorized Affected Defendant's departure, who relieved him, or who assumed responsibility for Cell 202 during his absence. (Ex. C, DEF004936–DEF004938.)

Affected Defendant's verified discovery responses state that he was redirected from his assigned post at approximately 8:00 a.m., returned at approximately 1:30 p.m., and could not perform the duties of that post while absent. The responses do not identify who authorized the redirect or who assumed his Building 8, Floor 2 duties. (Ex. A, Affected Defendant Resps. to Interrog. Nos. 2–3, 5–7, 22–24.)

**C. Limited discovery may determine whether Affected Defendant can be dropped or severed.**

The remaining focused inquiry concerns whether Affected Defendant's redirection was ordered and documented; who authorized it; who properly relieved him; what information was transferred; who assumed the Building 8, Floor 2 duties; whether responsibility for Cell 202 was transferred; whether Affected Defendant retained reporting or follow-up obligations; and whether the assigned duties were completed or left uncovered. Plaintiffs already possess the produced FLSA sheets, Building 8 logbook pages, Daily Program Status Report, Daily Activities Report, training records, and redacted post orders Those materials should not be requested again merely in duplicate. The remaining inquiry should focus on records not yet produced, missing portions, unredacted or privilege-reviewed versions where appropriate, authentication, and supplemental responses needed to identify the chain of responsibility.

If the evidence establishes that another identified officer assumed Affected Defendant's duties and that Affected Defendant retained no material responsibility, Plaintiffs may seek an order dropping or severing Affected Defendant under Rule 21 after independent legal review. If the evidence shows that no one assumed the duties or that Affected Defendant retained material responsibility, dropping him may not be appropriate.

### III. ARGUMENT

**A. The Court should accept this limited client response and protect Thomas Schmitz under Rule 17(c).**

The motion places current counsel and their clients in procedurally adverse positions. Because counsel seeks permission to terminate the representation, the clients must have a meaningful

6

opportunity to state whether withdrawal would prejudice them and what protections are necessary. Dianne Mallia therefore requests that the Court accept her opposition on her own behalf. Joseph Schmitz requests that the Court consider his declaration and protective requests in his guardian-ad-litem capacity.

Federal Rule of Civil Procedure 17(c) requires the Court to protect an incompetent person who is unrepresented. Joseph Schmitz is not licensed to practice law and cannot prosecute Thomas Schmitz's claims. Immediate withdrawal would therefore leave Thomas unable to conduct discovery, respond to motions, provide informed legal consent concerning dismissal of a defendant, or try the case.

**B. The chronology and scope of the asserted conflict require clarification before complete withdrawal.**

Plaintiffs do not allege, without further evidence, that Affected Defendant personally concealed the conflict or violated an ethical duty. The present record nevertheless does not establish when the overlapping representation began, when current counsel performed a conflict review, when Affected Defendant  or his counsel learned of the overlap, or why the issue was not identified before Plaintiffs selected current counsel and counsel appeared in this action.

After disclosure of the conflict, the parties participated in mediation. Plaintiffs do not disclose or rely on any mediation communication, negotiation, offer, demand, or substantive position. The Court may require an in camera or sealed explanation addressing whether current counsel may ethically perform preservation and transition functions, whether representation may continue against non-conflicted defendants, and whether dismissal or severance of Affected Defendant would eliminate the direct adversity.

**C. The Court should determine whether the Affected Defendant conflict can be eliminated before requiring a replacement-counsel search.**

Because of Thomas Schmitz's age, health, and cognitive condition, Joseph is concerned that a prolonged interruption could cause the case to conclude only after Thomas has passed away or after his condition has deteriorated to the point that he can no longer understand or meaningfully appreciate the result. That concern influenced Joseph's willingness to devote substantial time to considering mediation

and preparing for and participating in mediation.

The asserted conflict has already imposed substantial additional demands on Joseph in his guardian-ad-litem capacity. Since learning of it, he has had to communicate with counsel, review the withdrawal papers and relevant discovery, evaluate the possible dismissal or severance of Affected Defendant , consider the consequences of withdrawal, contemplate and participate in mediation, address the consequences when mediation did not resolve the case, and determine how to protect Thomas if current counsel is relieved. The principal burden of a replacement-counsel search would not be the direct cost of contacting attorneys, but the additional time, sustained attention, and emotional strain required to locate counsel willing to assume a complex, long-pending civil-rights action on a contingency basis and to educate that attorney about years of litigation. Joseph is a full-time ophthalmologist in Washington State with substantial patient-care obligations. Requiring an immediate search before the Court determines whether replacement is necessary would compound an already significant burden and create further delay for Thomas.

The appropriate sequence is: (1) defer withdrawal; (2) permit conflict-free or limited-purpose counsel to evaluate targeted discovery concerning Affected Defendant; (3) determine whether Affected Defendant can be dropped or severed; (4) permit current counsel to remain only if the conflict is thereby eliminated and continued representation is ethically permissible; and (5) only if the conflict survives, begin a protected period for locating substitute counsel. This approach protects Thomas without asking current counsel to act contrary to professional obligations.

**D. Targeted discovery is necessary before any informed decision concerning Affected Defendant.**

Plaintiffs request a limited period of approximately 60 days, subject to the Court's supervision, to obtain and evaluate only the following additional or supplemental material. Plaintiffs do not seek duplicate production of the FLSA sheets, Building 8 logbook pages, Daily Program Status Report, Daily Activities Report, training records, or redacted post orders already in their possession:

1. the complete Internal Affairs investigation concerning William Schmitz's death, safety checks, staffing, supervision, or related events, subject to privilege review and the protective order;

2. the nonprivileged exhibits, witness statements, interview materials, reports, findings,

recommendations, assignment records, and communications associated with that investigation;

3. any missing pages, attachments, higher-quality copies, native-format records, or authenticated versions of the Building 8 logbook at DEF004936-DEF004938, the Daily Program Status Report at DEF115207, and the Daily Activities Report at DEF115208, but only to the extent the versions already produced are incomplete, illegible, unauthenticated, or omit associated material;

4. the CDCR Form 115 identified in Affected Defendant's response to Interrogatory No. 5, or a verified supplemental statement concerning whether it was located;

5. documents identifying who ordered or approved Affected Defendant's redirection and the precise time of departure and return;

6. daily assignment changes, watch-commander and sergeant logs, post-coverage and relief records, radio logs, movement logs, control-booth logs, unit logbooks, modified-program staffing plans, and related records;

7. documents identifying the supervisor who authorized Affected Defendant's redirect, the officer who  properly relieved him, the information transferred at relief, and the person responsible for Building 8, Floor 2 and Cell 202 during the absence;

8. any unredacted or appropriately privilege-reviewed portions of Building 8, Floor 2 Post Order 222005 not already produced, together with any temporary, modified-program, amended, or superseding instructions effective January 21, 2019;

9. verified supplemental interrogatory responses identifying the specific FLSA entries on which Affected Defendant  relies, the supervisor who directed the redirect, the relieving or covering officer, the new assignment performed, and the person or persons who performed each material Building 8 duty; and

10. limited follow-up testimony or discovery necessary to authenticate and explain the records. This discovery is directly tied to a potential resolution of the conflict. Plaintiffs do not presently ask the Court to drop Affected Defendant  and should not be required to relinquish a potentially responsible defendant solely to preserve counsel on an incomplete record.

The produced records narrow the inquiry rather than eliminate it. They confirm Affected Defendant's

assigned post and document the institutional activity reflected in the attached records, but they do not identify who authorized the redirect, who relieved or covered Affected Defendant, or who assumed responsibility for Building 8, Floor 2 and Cell 202. Because Plaintiffs already possess those records, the requested discovery should not duplicate them. The remaining discovery is limited to the missing chain-of-responsibility evidence: the authorizing supervisor, the relieving or covering officer, the scope and timing of the redirect, the information transferred, and the officer or officers who assumed responsibility for Building 8, Floor 2 and Cell 202. That is the focused discovery needed before any informed Rule 21 decision.

Because these limited facts bear directly on whether the asserted conflict can be eliminated, Plaintiffs further request that Affected Defendant and his counsel be directed to appear at the hearing prepared to address, to the extent known after reasonable inquiry: who authorized the redirect; when and how authorization was communicated; who relieved or covered Affected Defendant ; who assumed responsibility for Building 8, Floor 2 and Cell 202; what information was transferred at relief; and what records document the authorization, reassignment, coverage, or handoff. Plaintiffs do not request sanctions or an evidentiary determination at the withdrawal hearing. They request a focused factual presentation so the Court can determine whether additional process is necessary before ruling on withdrawal.

If complete and reliable answers cannot be provided at the hearing, Plaintiffs request a short, narrowly tailored order requiring verified supplemental responses, identification of persons with knowledge, production of the associated nonprivileged records, and a description of the search performed, with the withdrawal determination deferred until that limited inquiry is completed or the Court otherwise determines that the conflict cannot be eliminated.

**E. The requested 180-day blanket stay mitigates deadlines but does not eliminate the prejudice from withdrawal.**

The July 24, 2026 ex parte application requests a 180-day blanket stay. If granted, that relief would reduce the immediate risk that discovery and expert deadlines expire while Plaintiffs are unrepresented. It would not, however, eliminate the underlying prejudice from withdrawal. Replacement counsel would still need to evaluate the case, review years of filings, discovery,

deposition work, expert issues, confidential prison records, and the protective order, understand the conflict and interrupted discovery, and then complete the remaining work. The attorney who previously was prepared to accept the case on contingency is currently unable to do so. There is no assurance another qualified attorney will accept this advanced, complex civil-rights case on contingency even within 180 days. Plaintiffs therefore request that any broader search for replacement counsel begin only if and when the Court determines that withdrawal is necessary and grants the motion, after first considering the conflict-resolution measures addressed in this opposition.

The guardian ad litem has separately requested that the record be clarified because his support was conditional and did not extend to an unconditional suspension of the limited inquiry that may determine whether the conflict can be eliminated. The requested clarification is not an objection to reasonable scheduling protection and is not consent to withdrawal. If withdrawal is ultimately granted, Plaintiffs do not oppose reasonable schedule protection. Any stay should preserve the limited Affected Defendant inquiry, evidence-preservation duties, voluntary supplementation, and the ability to seek earlier modification if withdrawal is denied, the conflict is eliminated, or successor counsel appears. A status conference should occur before any automatic resumption of deadlines, and a new scheduling order should be entered only after substitute counsel has a reasonable opportunity to review the file and identify the discovery and expert work still required.

**F. Any withdrawal should be prospective and conditioned to prevent foreseeable prejudice.**

If the Court concludes that substantive continued representation is ethically prohibited, the withdrawal order should still preserve the status quo and require ethically permissible transition measures. Withdrawal should become effective only upon appearance of substitute counsel or further order after a status conference, rather than automatically and immediately. Current counsel should remain responsible, to the extent ethically permissible, for receiving service, preserving the file, identifying deadlines and outstanding discovery, transferring materials promptly, and cooperating with successor or limited-purpose counsel.

The order should also prevent dismissal, default, waiver, or sanctions caused solely by the

absence of counsel; preserve pending discovery and the right to seek further responses; require preservation of relevant evidence; and identify all asserted costs, liens, deadlines, settlement-related procedural obligations, and protective-order obligations. Before withdrawal becomes effective, current counsel should advise Plaintiffs whether the firm anticipates asserting any attorney lien, quantum-meruit fee claim, or right to reimbursement of advanced costs, and should provide a current accounting of costs incurred or advanced. Plaintiffs do not ask the Court to adjudicate the validity or amount of a fee dispute in this proceeding.

**G. Alternative referral for volunteer or limited-purpose counsel is appropriate.**

If the conflict cannot be eliminated and substitute contingency counsel cannot promptly be secured, Plaintiffs request referral to the Court's volunteer pro bono program or appointment of limited-purpose counsel if available. Thomas Schmitz is incompetent, his guardian ad litem is not a lawyer, the action involves numerous defendants and complex discovery, and the case is at an advanced procedural stage. This request is alternative relief and does not replace the primary request to determine first whether current counsel can remain after resolution of the Affected Defendant issue.

**IV. CONCLUSION AND REQUESTED RELIEF**

Dianne Mallia and Joseph Schmitz respectfully request that the Court:

1. accept and consider this limited opposition and the accompanying declarations notwithstanding that current counsel remains counsel of record;

2. defer ruling on withdrawal for approximately 60 days, or deny the motion without prejudice to renewal after the limited conflict-resolution process;

3. maintain the stay of discovery and substantive deadlines while the Court determines whether the conflict can be eliminated;

4. require an in camera or sealed submission, if necessary, addressing the chronology, scope, and practical alternatives to complete withdrawal;

5. permit conflict-free or limited-purpose counsel to evaluate matters involving Affected Defendant and determine whether current counsel may continue regarding non-conflicted defendants;

6. permit the targeted discovery identified above and require a privilege log for responsive material withheld on privilege or protection grounds;

7. direct Affected Defendant and his counsel to appear at the hearing prepared, after reasonable inquiry, to address the authorization, timing, coverage, relief, handoff, and records concerning Affected Defendant's asserted redirect, and, if complete answers cannot be provided, require prompt verified supplemental responses and production of associated nonprivileged records;

8. preserve Plaintiffs' ability to seek an order dropping or severing Affected Defendant under Rule 21 after informed independent review;

9. direct that the replacement-counsel search period not begin until the Court determines that replacement is necessary;

10. if withdrawal is ultimately granted, provide at least a 180-day protected period, set a status conference after approximately 120 days, and prohibit automatic resumption of deadlines before further order;

11. make withdrawal effective only upon appearance of substitute counsel or further order after a status conference, while requiring ethically permissible transition and file-transfer duties;

12. preserve all pending discovery rights and direct preservation of the Internal Affairs investigation and all assignment-related evidence;

13. prevent dismissal, default, waiver, or sanctions arising solely from Plaintiffs' lack of counsel;

14. refer the matter for volunteer pro bono or limited-purpose counsel if replacement remains unavailable;

15. require current counsel, before withdrawal becomes effective, to disclose whether the firm anticipates asserting any attorney lien, quantum-meruit fee claim, or right to reimbursement of advanced costs; provide a current accounting of costs incurred or advanced; and clarify that the Court is not adjudicating the validity or amount of any fee or lien claim in this proceeding; and

16. grant any other relief necessary to protect Thomas Schmitz under Rule 17(c) and prevent prejudice to all Plaintiffs.

/////

/////

/////

/////

13

Dated: [DATE]

Respectfully submitted,

/s/ Dianne Mallia

DIANNE MALLIA

Plaintiff in Propria Persona

/s/ Joseph Schmitz

JOSEPH SCHMITZ

Court-Appointed Guardian ad Litem for Thomas J. Schmitz

Joseph Schmitz submits this filing solely in his guardian-ad-litem capacity to request protective action and does not purport to act as licensed counsel.

**DECLARATION OF JOSEPH SCHMITZ**

I, Joseph Schmitz, declare:

1. I am the Court-appointed guardian ad litem for Plaintiff Thomas J. Schmitz. I have personal knowledge of the matters stated below, except where expressly stated on information and belief, and could testify competently to matters within my personal knowledge.

2. Thomas Schmitz has been determined to be incompetent and cannot manage or prosecute this litigation himself. I am not an attorney and cannot act as his legal counsel.

3. I understand that current counsel seeks to withdraw because of an asserted conflict involving Affected Defendant.

4. Before Plaintiffs retained current counsel, I spent substantial time discussing this case with another attorney, including an in-person meeting. The attorney was prepared to accept the case on a contingency basis. Plaintiffs selected current counsel instead. Based on the prior extensive discussions and that attorney's resulting familiarity with this matter, I resumed discussions with that attorney regarding assuming the case from current counsel. The attorney is currently unable to accept the contingency representation.

5. After current counsel disclosed the asserted conflict, Plaintiffs requested that counsel participate in a limited mediation effort because we hoped to obtain a timely resolution before counsel withdrew and the case was interrupted.

6. My verbal agreement concerning the conflict was limited to counsel's participation in that mediation effort. I did not agree that the conflict was incurable, consent to immediate withdrawal, or agree that a blanket stay would adequately protect Thomas without preserving the limited Affected Defendant inquiry and other transition protections.

7. Before the ex parte application was filed, I advised counsel in writing that I supported reasonable schedule relief only subject to review of the proposed papers and preservation of the limited Affected Defendant inquiry. I requested the proposed motion and order before filing. I did not receive those papers for review before the application was filed, and the filed application does not include the exception I requested.

15

8. I spent substantial time considering whether to mediate, evaluating the procedural issues, preparing for and participating in mediation, and considering the steps that would be necessary afterward.

9. I reviewed Affected Defendant's responses to Interrogatory Nos. 2, 3, 5, 6, 7, 22, 23, and 24, including the applicable verification. The copies attached as Exhibit A are true and correct copies of the responses and verification contained in the case materials I reviewed. Identifying references have been redacted from the substantive portions of the exhibit. The substantive discovery responses, pagination, and document sequence have not otherwise been altered. References appearing in the original case caption, attorney-representation lists, and other formal case-identification areas have been retained.

10. Affected Defendant stated that he was redirected from his assigned post at approximately 8:00 a.m., returned at approximately 1:30 p.m., and could not perform his assigned duties while absent. (Ex. A, Affected Defendant Resp. to Interrog. No. 2-3.)

11. Affected Defendant has not identified who directed him to leave, who assumed his duties, or who was responsible for ensuring completion of those duties. (Ex. A, Affected Defendant Resps. to Interrog. Nos. 3, 5–7, 22–24.)

12. I reviewed the January 21, 2019 FLSA sheets bearing Bates numbers DEF009081 through DEF009083, to which Affected Defendant referred in his response to Interrogatory No. 2. The copies attached as Exhibit B are true and correct copies of the sheets contained in the case materials I reviewed. Identifying references have been redacted from the substantive portions of the exhibit. References appearing in the original case caption, attorney-representation lists, and other formal case-identification areas have been retained. The substantive content and Bates numbering have not otherwise been altered. The Second Watch sheet lists Affected Defendant as assigned to Building 8, Floor 2 from 0600 through 1400. (Ex. B, Second Watch FLSA Sheet, DEF009082.)

13. I did not locate an entry on the Second Watch sheet identifying a replacement for Affected Defendant or documenting a transfer of his duties. (Ex. B, Second Watch FLSA Sheet, DEF009082.) I understand that the absence of such a notation does not necessarily establish that no officer informally covered the post.

14. I reviewed the January 21, 2019 Building 8 logbook pages bearing Bates numbers DEF004936 through DEF004938. The copies attached as Exhibit C are true and correct copies of

the pages contained in the case materials I reviewed. Identifying references have been redacted from the substantive portions of the exhibit. The substantive content and Bates numbering have not otherwise been altered. References appearing in the original case caption, attorney-representation lists, and other formal case-identification areas have been retained. The pages record that William Schmitz was found unresponsive in Cell 202 and document the emergency response and later scene handling. (Ex. C, DEF004936–DEF004938.) I did not locate an entry identifying who authorized Affected Defendant's departure, who relieved him, or who assumed responsibility for Cell 202. (Ex. C, DEF004936– DEF004938.)

15. I reviewed the Affected Defendant's verified discovery responses. Those responses do not identify the supervisor who authorized his redirect or the officer who assumed his assigned duties. (Ex. A, Affected Defendant Resps. to Interrog. Nos. 3, 5–7, 22–24.)

16. Additional records, including the Internal Affairs investigation and contemporaneous assignment, relief, coverage, log, radio, and communication records, are needed to determine what occurred.

17. I do not believe it would be responsible to authorize dismissal of Affected Defendant on the present incomplete record. If the evidence establishes that another officer assumed his duties and that he retained no material responsibility, it may be appropriate to seek an order dropping or severing him after independent legal review.

18. I request that the Court determine whether the asserted conflict can be eliminated before requiring Plaintiffs to search for replacement counsel. I do not question current counsel's good faith in disclosing the conflict, and I am not asking counsel to violate an ethical obligation. I value the work counsel has performed and would prefer the representation to continue if the conflict can lawfully be eliminated.

19. Since the conflict was disclosed, I have already devoted substantial additional time to determining how to proceed and how to protect my father's interests. I have communicated with counsel, reviewed the withdrawal papers and relevant discovery, investigated the circumstances concerning Affected Defendant, considered whether dismissal or severance would affect the claims, evaluated the consequences of withdrawal, and prepared to present these issues to the

Court.

20. I also spent substantial time considering whether limited mediation could avoid the delays associated with withdrawal and substitution of counsel, preparing for and participating in mediation, and addressing the procedural consequences after mediation did not resolve the action. These conflict-related demands have been time-consuming and emotionally draining.

21. I am concerned about the effect of further delay on my father. Because of his age, health, and cognitive condition, I am concerned that this case may not conclude during his lifetime or that his condition may deteriorate to the point that he can no longer understand or meaningfully appreciate the result. This concern influenced the time and effort I devoted to attempting to avoid further delay in the litigation.

22. I am a full-time ophthalmologist practicing in Washington State. My professional schedule includes patients whose appointments are arranged well in advance. Locating replacement counsel would require significant additional time and sustained attention to contact and evaluate attorneys, provide extensive case materials, explain years of litigation and discovery, and determine whether an attorney would accept the matter on a contingency basis. I respectfully request that I not be required to undertake that broader search unless and until the Court determines that the asserted conflict cannot be eliminated or narrowed and grants the motion to withdraw.

23. Prospective counsel would also need to complete conflicts review, evaluate the record and expert evidence, negotiate a representation agreement, obtain the files, and become prepared to proceed. The duration of that process cannot presently be known, but it would predictably interrupt progress in this already long-pending case.

24. I am also concerned that unresolved fees and litigation costs may make it more difficult to obtain replacement contingency counsel. I understand that substantial work has already been performed and that costs may have been incurred or advanced during the litigation. I do not presently know whether current counsel intends to assert an attorney lien, seek fees from a future recovery, or request reimbursement of advanced costs, or what the amount of any such claim would be. A prospective attorney would likely need that information when deciding whether to accept the case, assume the remaining risk,

and advance additional litigation expenses.

25. I respectfully request that current counsel clarify any anticipated lien, fee claim, or cost-reimbursement position and provide a current accounting of costs incurred or advanced before withdrawal becomes effective. I am not asking the Court in this proceeding to determine the validity or amount of any such claim.

26. I already have patients scheduled for September 10, 2026, the date of the hearing on counsel's motion to withdraw. Traveling from Washington State to Sacramento would require cancelling or rescheduling those patients and would disrupt their care. I respectfully request permission to appear remotely by video or telephone so that I may participate without unnecessarily disrupting scheduled patient care.

27. If current counsel withdraws immediately, Thomas will have no attorney and I cannot litigate the case for him. I request deferral or protective conditions, including sufficient time, preservation of discovery rights, clarification of anticipated fees, liens, and costs, and consideration of volunteer or limited-purpose counsel if necessary.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on [DATE], at [CITY, STATE].

 /s/ Joseph Schmitz
_____

JOSEPH SCHMITZ

Guardian ad Litem for Thomas J. Schmitz

19

**DECLARATION OF DIANNE MALLIA**

I, Dianne Mallia, declare:

1. I am a named Plaintiff in this action and have personal knowledge of the matters stated below.

2. I do not consent to current counsel's immediate withdrawal under the terms proposed in the motion.

3. I support having the Court first determine whether dismissal or severance of Affected Defendant would eliminate or materially narrow the asserted conflict and permit current counsel to remain.

4. I understand that current counsel has already reviewed the record and participated in substantial litigation activity. Replacement counsel would need to review years of proceedings and extensive discovery before completing the remaining work.

5. I am concerned that an attorney willing and able to accept this advanced case on a contingency basis may not be found even during a 180-day stay, particularly if unresolved predecessor fees, liens, or cost-reimbursement issues reduce the economic feasibility of the representation.

6. After disclosure of the conflict, Plaintiffs requested a limited mediation effort in the hope that the action could be resolved before counsel withdrew.

7. My agreement to participate in that process did not constitute agreement to immediate withdrawal, acknowledgment that the conflict was incurable, or agreement that a blanket stay would adequately protect Plaintiffs without preserving limited conflict-related discovery and appropriate transition protections.

8. The mediation did not resolve the remaining action.

9. I support the relief requested in the limited opposition, including deferral of withdrawal, targeted inquiry concerning Affected Defendant, preservation of deadlines and discovery rights, and adequate time and transition protections only if replacement counsel ultimately becomes necessary.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on [DATE], at [CITY, STATE]

/s/ Dianne Mallia

_____

DIANNE MALLIA

20

**INDEX OF EXHIBITS FILED SEPARATELY IN SUPPORT OF THE DECLARATION OF**

**JOSEPH SCHMITZ**

**Exhibit A**

Redacted excerpts from the Affected Defendant's verified responses to Plaintiffs' interrogatories, including the applicable verification. Identifying references have been redacted from the substantive portions of the exhibit; formal case-identification references have been retained.

**Exhibit B**

Redacted January 21, 2019 Second Watch FLSA assignment sheets, Bates Nos. DEF009081–DEF009083. Identifying references have been redacted from the substantive portions of the exhibit; formal case-identification references have been retained.

**Exhibit C**

Redacted January 21, 2019 Building 8 logbook excerpts, Bates Nos. DEF004936–DEF004938. Identifying references have been redacted from the substantive portions of the exhibit; formal case-identification references have been retained.

# EXHIBIT A

PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS,
HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
M. SMITH, C. SMITH, TIEBROCK, TOCHE, WAINE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,

Plaintiffs,

vs.

ASMAN et al,

Defendants.

Case No. 2:20-CV-00195-JAM-CKD

**DEFENDANT ▋ RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE**

Action Filed:  7/16/2020

PROPOUNDING PARTY:    Plaintiff DIANNE MALLIA, individually

RESPONDING PARTY:    Defendant ▋

SET NUMBER:    ONE (Nos. 1-4)

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. ▋ RESPONSES TO PL'S
INTERROGATORIES, SET ONE

requests were asked for, or if any statement contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Responding party is responding to all of the requests to the extent that information has become known to her. However, responding party's discovery, investigation, and preparation for trial of this matter has not been completed as of the date of these responses and, therefore, responding party does not purport to state anything more than information currently known and discovered by her.

Responding party reserves the right to continue discovery and investigation in this matter regarding facts, witnesses and supporting data. Consequently, to the extent that the requests herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they are responded to fully and so far as information is currently available to responding party; and responding party is not precluded from presenting at trial information discovered after the date of these responses.

This Preliminary Statement is incorporated into each and every response set forth below.

### RESPONSES

**INTERROGATORY NO. 1:**

State the number of inmates that were housed in Building 8 on floor #2 on 1/21/2019.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. Defendant objects to the extent this request seeks information that is not relevant to any party's claim or defense and is not proportionate to the needs of this case. Subject to and without waiving those objections. Defendant further objects that the interrogatory requests information that is deemed confidential by the California Department of Corrections and Rehabilitation under California Code of Regulations title 15, § 3321(a) (2021), the disclosure of which could (1) endanger the safety of persons, or (2) jeopardize the security of the institution. Subject to and without waiving said objections, defendant responds: Defendant does not recall the number of inmates housed in Building 8 on floor #2 on 1/21/2019. Based in information and belief 139 inmates were housed in Building on 1/21/2019. See DEF120166.

DEF. ███████ RESPONSES TO PL'S          2
INTERROGATORIES, SET ONE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**INTERROGATORY NO. 2:**

Describe in detail YOUR activities while at Mule Creek State Prison on 1/21/2019.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. Vague and ambiguous as to "activities." Defendant further objects that the interrogatory requests information that is deemed confidential by the California Department of Corrections and Rehabilitation under California Code of Regulations title 15, § 3321(a) (2021), the disclosure of which could (1) endanger the safety of persons, or (2) jeopardize the security of the institution. Subject to and without waiving said objections, defendant responds:

On January 21, 2019, ▮▮▮▮▮▮ shift started at 6:00 a.m. During his first walk, he had interaction with William Schmitz around 6:30 a.m. ▮▮▮▮▮▮ saw a small puddle of water, approximately a foot wide and long, outside Mr. Schmitz's cell door. ▮▮▮▮▮▮ reprimanded Mr. Schmitz out of concern for a fall hazard. Mr. Schmitz apologized and said he had taken a bird bath and would clean it up. ▮▮▮▮▮▮ saw Mr. Schmitz inside his cell mopping around. Soon thereafter, the cells were opened for breakfast and ▮▮▮▮▮▮ saw Mr. Schmitz come out. ▮▮▮▮▮▮ did not observe anything out of the ordinary. At about 8:00 a.m. ▮▮▮▮▮▮ was redirected to another facility to assist with institutional needs – searches at the minimum security facility. ▮▮▮▮▮▮ returned to the housing at about 1:30 p.m., when he had some lunch and was relieved from his shift at about 2:00 p.m.

**INTERROGATORY NO. 3:**

Describe in detail any of YOUR General Duties and responsibilities, as listed in Post Order 222005 (BATES DEF009144-DEF009147), that were not performed on 1/21/2019.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. Vague and ambiguous. Subject to and without waiving said objections, defendant responds: Defendant was not in Building 8 floor 2, from about 8 pm until about 1:30 pm and could not perform duties as it pertains to his post because he was not at that post.

**INTERROGATORY NO. 4:**

Describe in detail any of YOUR responsibilities contained within the General Duties and Responsibilities Handbook that YOU did not perform on 1/21/1019.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**RESPONSE TO INTERROGATORY NO. 4:**

See response to interrogatory No. 2.

Dated:  July 19, 2023                    McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP

By: _____
Peter J. Hirsig
Maria Zhurnalova-Juppunov
Daniel R. Mayer
Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE, WAINE, and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR)

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

DEF. ▮▮▮▮▮ RESPONSES TO PL'S INTERROGATORIES, SET ONE                    4

**VERIFICATION**

I, the undersigned, declare that:

I am a Defendant in the above-entitled action; I have read the foregoing **DEFENDANT** ██████████ **RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES , SET ONE** and know the contents thereof; the same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July _____, 2023 at _____, California.
                  (Date)              (City/State)



McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
639 KENTUCKY AVENUE, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

*SCHMITZ v. ASMAN, ET AL.*

PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS,
HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
M. SMITH, C. SMITH, TIEBROCK, TOCHE, WAINE

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE:  (925) 939-5330

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ASMAN et al,<br><br>Defendants. | Case No. 2:20-CV-00195-JAM-CKD<br><br>**DEFENDANT ▮▮▮▮▮ RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO**<br><br>Action Filed:  7/16/2020 |

PROPOUNDING PARTY:   Plaintiff DIANNE MALLIA, individually

RESPONDING PARTY:   Defendant ▮▮▮▮▮

SET NUMBER:   TWO (Nos. 2-15)

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. ▮▮▮▮▮ RESPONSES TO PL'S
INTERROGATORIES, SET TWO

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

requests were asked for, or if any statement contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Responding party is responding to all of the requests to the extent that information has become known to him. However, responding party's discovery, investigation, and preparation for trial of this matter has not been completed as of the date of these responses and, therefore, responding party does not purport to state anything more than information currently known and discovered by him.

Responding party reserves the right to continue discovery and investigation in this matter regarding facts, witnesses and supporting data. Consequently, to the extent that the requests herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they are responded to fully and so far as information is currently available to responding party; and responding party is not precluded from presenting at trial information discovered after the date of these responses.

This Preliminary Statement is incorporated into each and every response set forth below.

**RESPONSES**

**INTERROGATORY NO. 5:**

Identify ALL documents RELATING TO YOUR redirection to another facility at about 8:00 a.m. on 1/21/2019 as claimed in YOUR response to INTERROGATORY No. 2.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. Defendant objects that there request seeks information protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objection defendant responds: After conducting diligent search and a reasonable inquiry, Defendant identifies the following documents already produced this litigation: DEF004937, DEF115207, DEF115208. (Log Book, Daily Program Status Report, Daily Activities Report.) Defendant also recalls preparing a CDCR Form 115 discipline report for rules violation established during search conducted at the Minimum Support Facility. Defendant is conducting a diligent search of documents and reasonable inquiry and if located, this document will be produced with the necessary redaction to preserve the

DEF. ████ RESPONSES TO PL'S                    2
INTERROGATORIES, SET TWO

privacy right of non-parties.

Without waiving said objections and subject thereto: Pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, defendant identifies the following responsive documents which have been withheld from production:

| Description | Grounds for Non-Disclosure |
|---|---|
| Attorney client email communications with ███████████ attorneys of record after the commencement of litigation. | Fed. R. Civ. 26(3)(A) and Fed R. Civ. 26(5)(A) - Attorney Client Privilege and Work Product Doctrine: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." |

**INTERROGATORY NO. 6:**

Identify WHO redirected YOU to another facility at about 8:00 a.m. on 1/21/2019 as claimed in YOUR response to INTERROGATORY No. 2.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant does not have a specific recollection and refers plaintiff to the following documents already produced DEF009081-009083. (FLSA Sheets.)

**INTERROGATORY NO. 7:**

Identify WHO, if anyone, was fulfilling YOUR duties as described in POST ORDERs (BATES 009144) while YOU were absent from Building 8, Floor 2.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant does not have a specific recollection and refers plaintiff to the following documents already produced: DEF009081-009083. (FLSA Sheets.)

**INTERROGATORY NO. 8:**

Identify ALL mechanisms available to William Schmitz on 1/21/2019 while locked in his cell to communicate to individuals outside his cell.

///

///

///

DEF. ███████ RESPONSES TO PL'S INTERROGATORIES, SET TWO

3

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**RESPONSE TO INTERROGATORY NO. 8**

Objection. The interrogatory is vague and ambiguous as to "mechanisms." Subject to and without waiving said objection, Defendant responds: inmates can bang and/or knock on their cell door; call out; flash their cell light.

**INTERROGATORY NO. 9:**

Identify ALL Mule Creek State Prison employees present in Building 8 from 6:00 am to 2:00 on 1/21/2019.

**RESPONSE TO INTERROGATORY NO. 9**

Defendants objects to the extent the interrogatory seeks information of which Defendant does not have personal knowledge as not being present at the specified location during the entire period of time indicated in the interrogatory. Subject to and without waiving said objection, defendant responds: Defendant does not have a specific recollection and refers plaintiff to the following documents already produced: DEF009081-009083; DEF004937. (FLSA Sheets, Log Book.)

**INTERROGATORY NO. 10:**

Identify ALL individuals responsible for YOUR redirection YOU to another facility at about 8:00 a.m. on 1/21/2019 as described in YOUR response to INTERROGATORY No. 2.

**RESPONSE TO INTERROGATORY NO. 10:**

See response to Interrogatory No. 6.

**INTERROGATORY NO. 11:**

Identify ALL Documents relating to monitoring of inmates when floor officers are redirected from their assigned posts.

**RESPONSE TO INTERROGATORY NO. 11:**

After conducting diligent search and a reasonable inquiry, Defendant identifies the following documents already produced: DEF009144-009147 (Post Order).

**INTERROGATORY NO. 12:**

Identify ALL information YOU received about William Schmitz upon YOUR claimed return at approximately 1:30 PM on 1/21/2019

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

DEF.        RESPONSES TO PL'S                 4
INTERROGATORIES, SET TWO

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. The interrogatory is argumentative as phrased. Subject to and without waiving said objection, defendant responds: Defendant does recall anything out of the usual when he returned and was not told any information specifically about William Schmitz.

**INTERROGATORY NO. 13:**

Identify ALL video recordings in and around Building 8 on 1/21/2019.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. The interrogatory is overbroad and vague and ambiguous. Subject to and without waiving said objection, defendant responds: After conducting diligent search and a reasonable inquiry, defendant is unable to identify any video recordings of Building 8 or the area around Building 8 from 1/21/2019 and upon information and belief such do not exist.

**INTERROGATORY NO. 14:**

Identify ALL video recordings in and around Building 8 on 1/21/2019.

**RESPONSE TO INTERROGATORY NO. 14:**

See Response to Interrogatory No. 13.

**INTERROGATORY NO. 15:**

Identify all documents pertaining to documentation of YOUR movements to various areas of Mule Creek State Prison on 1/21/2019.

**RESPONSE TO INTERROGATORY NO. 15:**

See Response to Interrogatory No. 5.

Dated: October 9, 2023                McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP


By: _____
Peter J. Hirsig
Maria Zhurnalova-Juppunov
Daniel R. Mayer
Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

DEF. ███████ RESPONSES TO PL'S                5
INTERROGATORIES, SET TWO

## VERIFICATION

I, the undersigned, declare that:

I am a Defendant in the above-entitled action; I have read the foregoing **DEFENDANT** ██████████ **RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET TWO** and know the contents thereof; the same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October _____, 2023 at _____, California.
(Date)

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY AVENUE, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

*SCHMITZ v. ASMAN, ET AL.*

VERIFICATION

PETER J. HIRSIG (State Bar No. 197993)
peter.hirsig@mcnamaralaw.com
MARIA ZHURNALOVA-JUPPUNOV (State Bar No. 319004)
maria.zhurnalova-juppunov@mcnamaralaw.com
DANIEL R. MAYER (State Bar No. 300077)
daniel.mayer@mcnamaralaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
639 Kentucky Street
Fairfield, CA 94533-5530
Telephone: (707) 427-3998
Facsimile:  (707) 427-0268

Attorneys for Defendants
ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN,
BRIZENDINE, BROCKENBOROGH, CEBALLOS,
HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER,
PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS,
M. SMITH, C. SMITH, TEBROCK, TOCHE and WAINE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; THOMAS SCHMITZ, Individually; and DIANNE MALLIA, Individually,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ASMAN et al,<br><br>　　　　Defendants. | Case No. 2:20-CV-00195-JAM-CKD<br><br>**DEFENDANT ████████<br>RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET FOUR**<br><br>Action Filed:  7/16/2020 |

PROPOUNDING PARTY:   Plaintiff DIANNE MALLIA

RESPONDING PARTY:   Defendant ████████

SET NUMBER:   FOUR

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements herein, if any

DEF. ████████ RESPONSES TO PL'S
INTERROGATORIES, SET FOUR

requests were asked for, or if any statement contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Responding party is responding to all of the requests to the extent that information has become known to him. However, responding party's discovery, investigation, and preparation for trial of this matter has not been completed as of the date of these responses and, therefore, responding party does not purport to state anything more than information currently known and discovered by him.

Responding party reserves the right to continue discovery and investigation in this matter regarding facts, witnesses and supporting data. Consequently, to the extent that the requests herein ask for "all facts" or the names of "all persons" or the identity of "all documents," etc., they are responded to fully and so far as information is currently available to responding party; and responding party is not precluded from presenting at trial information discovered after the date of these responses.

This Preliminary Statement is incorporated into each and every response set forth below.

<strong>RESPONSES</strong>

**INTERROGATORY NO. 22:**

In response to Interrogatory 20, based on information and belief, YOU claim that while YOU were assigned to "perform duties outside of Building 8, Floor 2 during [YOUR] shift from time to time as needed" during the time YOU were assigned to work Second Watch in Building 8, floor 2 between 9/29/2018- 1/21/2019 that someone would be performing the duties of Second Watch in Building 8, floor 2.

On 1/21/2019, who was the person performing these duties?

**RESPONSE TO INTERROGATORY NO. 22:**

See Response to Special Interrogatory No. 7.

**INTERROGATORY NO. 23:**

If YOU were unable to identify the person in response to Interrogatory 22, or acquire the information, identify the individual responsible for knowing information.

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY STREET, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-0268

**RESPONSE TO INTERROGATORY NO. 23:**

Objection. Vague and ambiguous as to "responsible." Defendant further object to this interrogatory on the ground that it call for a legal conclusion. Subject to and without waiving said objections, defendant responds: See Response to Special Interrogatory No. 7. On information and belief, the individuals who could have information the requested information are identified on the FLSA Sheets.

**INTERROGATORY NO. 24:**

Identify all individuals responsible for ensuring that all duties of Building 8, floor 2 second watch were completed on 1/21/2019.

**RESPONSE TO INTERROGATORY NO. 24:**

Objection. Vague an ambiguous as to "responsible" and "ensure." Defendant further object to this interrogatory on the ground that it call for a legal conclusion. Subject to and without waiving said objections, defendant responds: See Response to Special Interrogatory No. 7. The FLSA Sheets identify the corrections officers and correctional sergeants on duty on 1/21/2019.

Dated: June 20, 2024

MCNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP


By: _____
Peter J. Hirsig
Maria Zhurnalova-Juppunov
Daniel R. Mayer
Attorneys for Defendants ADAMS, ANDALUZ, ASHE, ASMAN, BRANMAN, BRIZENDINE, BROCKENBOROGH, CEBALLOS, HEATLEY, J. JOHNSON, R. JOHNSON, LEIDNER, PONCIANO, RAMKUMAR, REKART, ROBINSON, RUDAS, M. SMITH, C. SMITH, TIEBROCK, TOCHE and WAINE

DEF. ██████ RESPONSES TO PL'S                3
INTERROGATORIES, SET FOUR

**VERIFICATION**

I, the undersigned, declare that:

I am a Defendant in the above-entitled action; I have read the foregoing **DEFENDANT** ████████████**RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET FOUR** and know the contents thereof; the same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June _____, 2024 at _____, California.
                      (Date)                    (City/State)

McNAMARA, AMBACHER, WHEELER, HIRSIG & GRAY LLP
ATTORNEYS AT LAW
639 KENTUCKY AVENUE, FAIRFIELD, CA 94533-5530
TELEPHONE: (707) 427-3998

*SCHMITZ v. ASMAN, ET AL.*

VERIFICATION

# EXHIBIT B

# MCSP - Mule Creek State Prison

2W Facility B 1629 (1)

**Monday, January 21, 2019**

| Rank | Post Description | Name | PERNR | Start | Signature Start | End | Signature End | Lunch | Code |
|------|-----------------|------|-------|-------|-----------------|-----|---------------|-------|------|
| Sergeant | 220300 B PROGRAM SGT | Dobler, T. P | 62338 | 0600 | | 1400 | | | W_VAC |
| Sergeant | 220305 RS203 B YARD SGT | Baskerville, E. C | 62609 | 0600 | | 1400 | | | |
| | | I. SNYDER | 77844 | 0600 | | 14° | C.S | | SSW |
| Sergeant | 220310 RS206 B PROGRAM SGT EOP | Reynoso, J. L | 56817 | 0700 0600 | J. Ry | 1500 1400 | J. Ry | | |
| Officer | 221855 B 6 CNTRL | Lee, L. C | 94608 | 0600 | | 1400 | | | |
| Officer | 221875 RO222 B 6 FLR 1 | Gilbert, J. | 91604 | 0600 | | 1400 | | | |
| Officer | 221885 RO249 B 6 FLR 2 | Geen, L. A | 97607 | 0600 | | 1400 | | | |
| Officer | 221915 RO220 B 7 CNTRL | Abukalam, M. | 91856 | 0600 | | 1400 | | | |
| Officer | 221935 B 7 FLR 1 | Rutherford, D. | 68048 | 0600 | | 1400 | | | |
| Officer | 221945 B 7 FLR 2 | Sysouvanh, C. K | 101770 | 0600 | | 1400 | | | |
| Officer | 221975 B 8 CNTRL | Gonzales, D. G | 54550 | 0600 | | 1400 | | | |

**Comments:**

RECEIVED JAN 3 0 2019

Supervisor Check-In Print / Signature: x

Supervisor Check-Out Print / Signature: x

Final Review Print / Signature: x

Administrator Review Print / Signature: x

Date & Time Printed:   01/21/2019    04:26

Page 1 of 4

Version Revised 6/26/2014

DEF009081

# MCSP - Mule Creek State Prison
2W facility b 1629 (1)
**Monday, January 21, 2019**

| Rank | Post Description | Name | PERNR | Start | Signature Start | End | Signature End | Lunch | Code |
|------|------------------|------|-------|-------|-----------------|-----|---------------|-------|------|
| Officer | 221995 RO235 B 8 FLR 1 | Joyce, J. B | 56197 | 0600 | | 1400 | | | |
| Officer | 222005 B 8 FLR 2 | ███████ | ████ | 0600 | ████████████ | 1400 | ████████ | | |
| Officer | 222020 B 9 CNTRL | Saxton, E. | 110750 | 0600 | | 1400 | | | |
| Officer | 222040 RO221 B 9 FLR 1 | Salmond, K. J | 101670 | 0600 | | 1400 | | | |
| Officer | 222050 B 9 FLR 2 | Tsui, D. | 91749 | 0600 | | 1400 | | | |
| Officer | 222065 RO253 B 10 CNTRL | Castaneda, G. G | 90098 | 0600 | | 1400 | | | |
| Officer | 222085 B 10 FLR 1 | Mclelland, C. J | 61782 | 0600 | | 1400 | | | |
| Officer | 222095 B 10 FLR 2 | Espana, J. | 105398 | 0600 | | 1400 | | | |
| Officer | 222155 B SEC PAT 1 | Smith, A. | 91659 | 0600 | | 1400 | | | |
| Officer | 222160 B SEC PAT 2 | Parks IV, S. W | 50011 | 0600 | | 1400 | | | |

DEF009082

**Comments:**

RECEIVED JAN 3 0 2019

Supervisor Check-In Print / Signature: x

Supervisor Check-Out Print / Signature: x

Final Review Print / Signature: x

Administrator Review Print / Signature: x

Date & Time Printed: 01/21/2019    04:26

Page 2 of 4

Version Revised 6/26/2014

# MCSP - Mule Creek State Prison
2W facility b 1629 (1)
## Monday, January 21, 2019

| Rank | Post Description | Name | PERNR | Start | Signature Start | End | Signature End | Lunch | Code |
|------|-----------------|------|-------|-------|-----------------|-----|---------------|-------|------|
| Officer | 222165 RO228 B SEC PAT 3 | McKinnon, K. S | 54864 | 0600 | | 1400 | | | |
| Officer | 222170 RO208 B SEC PAT 4 | Radu, D. | 100826 | 0600 | | 1400 | | | |
| Officer | 222205 RO227 B YARD 1 | Mohr, B. | 115771 | 0600 | | 1400 | | | |
| Officer | 222215 B YARD 2 | Larsen, C. | 98758 | 0600 | | 1400 | | | |
| Officer | 222220 RO282 B YARD 3 | Barajas, P. A | 92353 | 0600 | | 1400 | | | |
| Officer | 222230 B GYM SEC | Baker, S. P | 91982 | 0800 | | 1600 | | | |
| Officer | 224001 RO273 HCA B Clnc 1 | Landreth, R. | 88903 | 0600 | | 1400 | | | |
| Officer | 224011 HCA B ESCRT | Bell, S. T | 58663 | 0600 | S Bell | 1400 | S Bell | | |
| Officer | 224161 HCA B 6 ESCRT EOP 1 | Lundgren, M. J | 61862 | 0600 | | 1400 | | | |
| Officer | 224162 RO226 HCA B 6 ESCRT EOP 2 | Decker, R. | 88902 | 0600 | | 1400 | | | |

**Comments:**

RECEIVED FEB 2 6 2019

RECEIVED JAN 3 0 2019

| | |
|---|---|
| Supervisor Check-In Print / Signature: | x |
| Supervisor Check-Out Print / Signature: | x |
| Final Review Print / Signature: | x |
| Administrator Review Print / Signature: | x |

Date & Time Printed:   01/21/2019    04:26

Page 3 of 4

Version Revised 6/26/2014

DEF009083

# EXHIBIT C



DEF004936

1-20-19   Sunday   3rd w

| | | | |
|---|---|---|---|
| 1945 | Close Custody Recall, Pm Med Release | 1600 | Coun7 |
| 2000 | Close Custody Count | 1630 | Clear |
| 2014 | Close Custody Count Clear, Pm meds | 1700 | I.S.u |
| 2100 | Yard, Dayroom Recall | | O.I.G. |
| 2130 | Count | 1747 | CHou |
| 2200 | E.O.W | 1808 | Rotu |
| | | 1900 | ISu |
| | | 1913 | Bio |
| | t/w 1.21.2019  Monday | — | IN Co |
| 2200 | c/o M. Fernandez on Duty | 2000 | Clos |
| | Secr / No Man (Milk) | 2100 | Yard |
| 0230 | Count ↓ 66 ↑73 | — | Will |
| 0230 | Count ↓66 ↑73 | — | Tomor |
| 0440 | Dining Workers (3) | 2130 | Count |
| 0430 | Count ↓ 66 ↑70 | 2200 | E.O |
| 0600 | E.o.W. | | |

1/21/19   Monday   2/w

| | | | |
|---|---|---|---|
| 06.00 | c/o's ███, Juyce & Gonzalez on duty, secr & Equip/ ga | 2200 | c/o M. Fer |
| 0633 | CHow Release | | secr |
| Note # | No Program – Searching Minimum Facility | 0020 | Coun ↓ |
| 1045 | Med Release | 0230 | Count ↓ |
| 1200 | Count | 6400 | Dining W |
| 1400 | E.O.W | 0430 | Count ↓ |
| | | 0610 | Eow |

1-21-19   Monday   3rd/w

| | | | |
|---|---|---|---|
| 1400 | c/o's Burns, Bradley, Siddik on Duty Equip & Security CHeck  ·1432 | | 1/2: |
| | | 0600 | c/o |
| 1415 | Yard, 1st Tier dayroom, ✓ Inmate Schmitz | 0630 | CHo |
| | Cell 202 G 35384 found unResponsive in Cell medica | 0740 | Appeals |
| ESB | Code Called, Cpr started Cart Called & | 0800 | Yard |
| | 911 Activated via Institutional Radio. Cell | 1000 | Inlin |
| | booted & locked. Caution tape in place | 1045 | Me |
| | to Preserve the scene. Temp 73.9° | 1145 | Dayro |

DEF004937

Continued                                29

'w

Release

'm meds

1·21-19   Monday   3rd/w

1600  CounT
1630  Clear., Diabetic Release,
1700  I.S.U. enters Bldg to investigate crime scene,
      O.I.G. on scene as well.
1747  Chow Release
1808  Return
1900  ISU Clears Cell
1913  Bio Inmate in unit to clean BioHazzard
      in Cell
2000  Close Custody Count
2100  Yard Recall, Cell 202 cleaned and Booted
      will Be inventoried Later property sent to ISU
      Tomorrow
2130  Count
2200  E.O.W


Sec of Equip Gv

            1/w  1·22·2019  Tuesday
2210  C/O M. Fernandez on Duty
      Secu & Sorted Mail

'ty

0030  Count ↓ 66 ↑ 72
0230  Counts ↓ 66 ↑ 72
0400  Dining Workers (5)
0430  Count ↓ 66 ↑ 67
0600  Eow


Duty Equip

: Schmitz
'ell medical
Called &
idio. Cell
        plare

      1/22/19  Tuesday  2/w
0600  C/O Joyce and Copeland on Duty/ Secu Inv
0630  Chow
0740  Appeals box ② Strazdins
0800  Yard Release / Day Room
1000  Inline /out Line
1045  med Release

DEF004938

**[PROPOSED] ORDER**

The Court has considered the motion to withdraw, the limited opposition of Plaintiff Dianne Mallia, the request for protective relief by Joseph Schmitz as guardian ad litem for Thomas J. Schmitz, the accompanying declarations, the record, and any argument presented. Good cause appearing,

**IT IS HEREBY ORDERED:**

1. The motion to withdraw is DEFERRED until [DATE] / DENIED WITHOUT PREJUDICE to renewal after the limited conflict-resolution process described below.

2. Discovery and related deadlines affecting Plaintiffs are STAYED until further order, except that the stay shall not prohibit the limited Affected Defendant inquiry described below, evidence-preservation obligations, voluntary supplementation, or discovery specifically authorized by further order. The stay may be modified earlier if withdrawal is denied, the conflict is eliminated or narrowed, or successor counsel appears.

3. The parties shall appear for a status conference on [DATE AND TIME] concerning the chronology and scope of the asserted conflict, limited-purpose or conflict counsel, continued representation regarding nonconflicted defendants, and targeted discovery concerning Affected Defendant.

4. Affected Defendant  and his counsel shall appear at the hearing prepared, after reasonable inquiry, to address who authorized Affected Defendant's asserted redirect, when and how authorization was communicated, who relieved or covered him, who assumed responsibility for Building 8, Floor 2 and Cell 202, what information was transferred at relief, and what records document the authorization, reassignment, coverage, or handoff. If complete answers cannot be provided, Affected Defendant shall serve verified supplemental responses, identify persons with knowledge, produce associated nonprivileged records, and describe the search performed by [DATE].

5. Current counsel may submit an in camera or sealed statement, consistent with applicable privilege and confidentiality obligations, addressing whether dismissal or severance of Affected Defendant would eliminate the conflict and what limited preservation, transition, or nonconflicted representation may ethically continue.

23

6. The parties shall meet and confer regarding the targeted discovery identified in the opposition and file a joint status report by [DATE]. Responsive confidential material shall be handled under the protective order and applicable sealing rules.

7. Defendants shall preserve the Internal Affairs investigation and all assignment, relief, coverage, post, modified-program staffing, watch-commander, sergeant, logbook, radio, movement, control-booth, communication, and electronically stored records relevant to Affected Defendant's claimed redirection and Building 8, Floor 2 duties on January 21, 2019. The parties need not reproduce duplicate copies of records already produced unless a more complete, legible, authenticated, native-format, unredacted, or privilege-reviewed version is responsive to the limited discovery authorized by the Court.

8. The period for Plaintiffs to locate replacement counsel shall not begin until the Court determines that the asserted conflict cannot be eliminated or adequately narrowed.

9. If withdrawal is later granted, Plaintiffs shall receive a protected period of 180 days, subject to a status conference approximately 120 days after withdrawal. No stayed deadline shall resume automatically without further order.

10. Any withdrawal shall become effective upon appearance of substitute counsel or further order after a status conference. Until then, current counsel shall perform ethically permissible file-preservation, service-receipt, deadline-identification, and transition duties.

11. No dismissal, default, waiver, or sanction shall be imposed against Plaintiffs based solely on the absence of counsel while the protective stay remains in effect.

12. Plaintiffs' pending discovery requests and rights to seek supplemental responses are preserved.

13. If substitute counsel remains unavailable, the matter may be referred to the Court's volunteer pro bono program or for limited-purpose counsel, subject to availability and further order.

14. Before withdrawal becomes effective, current counsel shall advise Plaintiffs whether the firm anticipates asserting any attorney lien, quantum-meruit fee claim, or right to reimbursement of advanced costs and shall provide Plaintiffs with a current accounting of costs incurred or advanced. The Court does not adjudicate the validity or amount of any fee or lien claim in this order.

24

15. The Court retains jurisdiction to impose additional conditions necessary to prevent prejudice and protect Thomas Schmitz under Federal Rule of Civil Procedure 17(c).

16. Joseph Schmitz may appear remotely by video or telephone at the September 10, 2026 hearing, subject to instructions issued by the Courtroom Deputy.


IT IS SO ORDERED.

Dated: _____

_____

UNITED STATES DISTRICT JUDGE

25