JOSEPH SCHMITZ
Court-Appointed Guardian ad Litem for Plaintiff Thomas J. Schmitz
1856 Plaza Palo Alto
Chula Vista, CA 91914
Telephone: (240) 498-2248
Email: s5jschmitz@yahoo.com

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of WILLIAM SCHMITZ, deceased, by and through THOMAS J. SCHMITZ and DIANNE MALLIA, as Successors in Interest; | **Case No. 2:20-cv-00195-DJC-CKD** |
| THOMAS SCHMITZ, by and through JOSEPH SCHMITZ, Guardian ad Litem; DIANNE MALLIA, individually; | **GUARDIAN AD LITEM'S LIMITED CLARIFICATION REGARDING PLAINTIFFS' EX PARTE APPLICATION TO STAY DISCOVERY** |
| Plaintiffs, | **Related Hearing: September 10, 2026** |
| | **Time: 1:30 p.m.** |
| v. | **Courtroom: 7** |
| | **Judge: Hon. Daniel J. Calabretta** |
| ADAM ASMAN, et al., | |
| Defendants. | |

**GUARDIAN AD LITEM'S LIMITED CLARIFICATION REGARDING PLAINTIFFS' EX**

**PARTE APPLICATION TO STAY DISCOVERY**

Joseph Schmitz, court-appointed guardian ad litem for Plaintiff Thomas J. Schmitz, respectfully submits this limited clarification concerning Plaintiffs' Ex Parte Application for Order Staying Discovery While Plaintiffs Obtain New Counsel and the accompanying Declaration of Jamie G. Goldstein in Support of that Ex Parte Application (collectively, ECF No. 483). He submits this clarification solely to request protective action for Thomas under Federal Rule of Civil

1

Procedure 17(c) and does not purport to act as licensed counsel.

Joseph Schmitz submits this clarification on his own behalf in his capacity as court-appointed guardian ad litem. Current counsel is assisting solely with the electronic filing of this paper. Current counsel does not join in, sponsor, adopt, or endorse this clarification or the relief requested in it.

The parties and counsel are aware of the identity of the Defendant giving rise to the asserted conflict. Because that Defendant is identified by a pseudonym in the unrelated matter, the guardian ad litem omits the Defendant's name from the substantive discussion and refers to the person as the "Affected Defendant." The official case caption remains unchanged.

The guardian ad litem supports reasonable scheduling relief to prevent existing discovery and expert deadlines from prejudicing Thomas while the motion to withdraw (ECF No. 481) remains pending. That support does not constitute consent to counsel's withdrawal, waiver of opposition to the withdrawal motion, or agreement that withdrawal is inevitable.

Before the application was filed, the guardian ad litem advised counsel in writing that his support was conditional, requested an opportunity to review the proposed papers, and expressly requested that any stay preserve a limited inquiry concerning who authorized the Affected Defendant's asserted redirection, who relieved or covered him, who assumed responsibility for Building 8, Floor 2 and Cell 202, and what records document those matters. The application was filed before the proposed papers were provided to him for review and does not contain the requested exception. That limited inquiry may bear directly on whether the asserted conflict can be eliminated or narrowed and may also provide information material to any search for successor counsel.

The guardian ad litem therefore requests that any stay permit that limited inquiry, or alternatively permit the guardian ad litem to seek focused authorization from the Court for that limited inquiry without waiting for expiration of the stay. Any stay should also preserve evidence-preservation duties, voluntary supplementation of discovery responses, and the parties' ability to seek earlier modification if withdrawal is denied, the conflict is eliminated or narrowed, or successor counsel appears before expiration of the stay.

The guardian ad litem further clarifies that the requested scheduling relief does not resolve

the separate transition issues presented by any anticipated attorney lien, fee claim, or request for reimbursement of advanced costs. Those matters remain relevant to the practical ability to secure successor contingency counsel. This clarification is not a request for sanctions and does not accuse current counsel of bad faith.

Dated: [DATE]

Respectfully submitted,

/s/ Joseph Schmitz

**JOSEPH SCHMITZ,** Court-Appointed Guardian ad Litem for Thomas J. Schmitz

Joseph Schmitz submits this filing solely in his guardian-ad-litem capacity to request protective action and does not purport to act as licensed counsel.

3