UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS SCHMITZ, et al.,

Plaintiffs,

v.

ADAM ASMAN, et al.,

Defendants.

No.  2:20-cv-0195 DJC CKD (PS)

ORDER

Plaintiffs Thomas Schmitz and Dianne Mallia filed this action pro se and are presently represented by counsel. A motion to withdraw as attorney by their counsel is currently pending before the presiding district judge. (ECF No. 481.) On July 30, 2026, plaintiffs, along with Joseph Schmitz as guardian ad litem to Thomas Schmitz, filed a limited opposition to their counsel's motion to withdraw as attorney which the presiding district judge construed as a motion for discovery and referred to the undersigned. (See ECF Nos. 485, 491.)

Separately, through their counsel, on July 24, 2026, plaintiffs filed an ex parte application for an order staying discovery. (ECF No. 483.) In the ex parte application, plaintiffs request the court vacate all existing discovery deadlines and enter a stay of discovery for 180 days. (Id. at 1.) Plaintiffs indicate they will "seek the court's assistance on determining the scope of discovery once the requested stay is ultimately lifted." (Id.) Plaintiffs' counsel notes that prior to counsel's discovery of the conflict involving one of many defendants in this case which prompted the

1

motion to withdraw, counsel had noticed several depositions which had to be taken off calendar and accordingly asserts further time for discovery will be needed once new counsel is retained. (Id. at 3-4.)

Several defendants filed a response to plaintiffs' ex parte application, indicating those defendants do not oppose a discovery stay for a total of no more than 180 days, so long as the stay preserves the status quo regarding the scope of remaining permissible discovery. (ECF No. 484 at 2.) Good cause appearing, the court will grant plaintiffs' ex parte request and stay discovery for 180 calendar days from the date of this order.[1] The court notes that presently, fact discovery remains open solely for the purpose of conducting depositions (see ECF No. 475 at 3) and the scope of permissible discovery is not modified by the stay being entered.

Plaintiffs' limited opposition construed as a motion for discovery (ECF No. 485) requests the court to additionally conduct "a limited process to determine whether the factual basis for the conflict [asserted by counsel in the motion to withdraw as attorney] can be eliminated." (ECF No. 485 at 2.) As to discovery in particular, plaintiffs request a 60-period to conduct targeted discovery. (Id. at 8-10.) Plaintiffs request the additional time to conduct this discovery as part of a broader sequence in which the court does all of the following: "(1) defer withdrawal; (2) permit conflict-free or limited-purpose counsel to evaluate targeted discovery concerning Affected Defendant; (3) determine whether Affected Defendant can be dropped or severed; (4) permit current counsel to remain only if the conflict is thereby eliminated and continued representation is ethically permissible; and (5) only if the conflict survives, begin a protected period for locating substitute counsel." (ECF No. 485 at 8.)

The court does not find good cause to modify the discovery deadline for the requested purpose. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") Plaintiffs seek limited discovery to determine whether a particular defendant can be dropped or severed. (ECF No. 485 at 6.) However, plaintiffs have already had ample time to propound discovery to determine the strength of their claims against all defendants.

---

[1] Prior to this stay, pursuant to the court's order filed on March 31, 2026, fact discovery was set to close on August 7, 2026. (ECF No. 475 at 3.)

2

Accordingly, the court does not find good cause to modify the case schedule to permit additional written discovery at this time.

Good cause appearing, IT IS ORDERED as follows:

1. Plaintiffs' ex parte application for an order staying discovery (ECF No. 483) is GRANTED to the extent that discovery is stayed for 180 days from the date of this order with no modification to the scope of permissible discovery.

2. To the extent plaintiffs seek to modify the case schedule to conduct additional targeted discovery to help them determine whether their counsel's asserted conflict can be eliminated (ECF No. 485), the request is DENIED.

Dated: August 6, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 schmitz20cv195.483+485

3